# DEED OF TRUST

THIS DEED OF TRUST, made and executed this ___ day of _____, 2006, by Travis L. Colette as Trustor, whose address is _____ and Anna J. Colette as Trustor, whose address is _____; and Clerk of the District Court, as Beneficiary, whose address is 101 12th Ave., Room 332, Fairbanks, Alaska, 99701.

WITNESSETH:

Trustor hereby grants, bargains, sells and conveys to Trustee, in trust, with power of sale, the following described real property situated in the Fairbanks Recording District, State of Alaska:

Mooreland Acres, Block 6, Lot 16

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and all fixtures now or hereafter a part of the property. All replacements and additional shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as "Property."

This Deed of Trust is for the purpose of securing performance of each agreement of Trustor herein contained and payment of the principal sum of One Hundred Thousand and no/100 Dollars ($100,000.00), plus interest, in accordance with the terms of a Deed of Trust Note of even date herewith, payable to Beneficiary or order and made by Trustor, and all renewals, modifications and extensions thereof, together with interest thereon at such rate as shall be agreed upon.

To protect the security of this Deed of Trust, Trustors covenant and agree:

1. To keep the subject property in good condition and repair; to permit no waste thereof; to complete any building, structure, or improvements being built or about to be built thereon; to restore promptly any building, structure or improvement thereon which may be damaged or destroyed; and, to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the subject property.

2. To pay, before delinquent, all lawful taxes, assessments, encumbrances, and liens, including any future taxes, assessments, encumbrances, and liens, upon the subject property having priority over this Deed of Trust and to keep the subject property free and clear of all other taxes, assessments, charges, liens or encumbrances impairing the security of this

Deed of Trust. Failure to pay such taxes, assessments, encumbrances, and liens shall constitute a default under this Deed of Trust.

3. To keep all buildings now or hereafter erected on the subject property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. If there are to be no improvements or structures located on the subject property this paragraph shall not apply. All policies shall be held by Beneficiary and be in such companies as Beneficiary may approve, and have loss payable first to Beneficiary, as its interest may appear, and then to Trustor. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as Beneficiary shall determine, or, at the option of Beneficiary, the entire amount so collected, or any part thereof, may be released to Trustor. Such application or release by Beneficiary shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Such application by Beneficiary shall not cause discontinuation of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of trustor in insurance policies then in force shall pass to the purchaser at the foreclosure sale. Insurance proceeds applied to the loan shall reduce the loan debt by that amount, but shall not relieve Trustor of the requirement to make any payment or fulfill any other obligation required by the Deed of Trust Note or this Deed of Trust.

4. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including the cost of evidence of title and attorneys' fees in a reasonable amount, in any such action or proceeding in which Beneficiary or Trustee may appear and in any suit brought by Beneficiary or Trustee to foreclose this Deed of Trust.

5. To pay all costs, fees and expenses in connection with this Deed of Trust, including the expenses of Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorneys' fees actually incurred, as provided by statute.

6. If Trustors fail to perform the covenants and agreements contained in this Deed of Trust or the conditions set forth in the Note, or there is a legal proceeding that may significantly affect Beneficiary's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation, or to enforce laws or regulations), then Beneficiary may do and pay for whatever is necessary to protect the value of the Property and Beneficiary's rights in the Property. Beneficiary's actions may include paying any sums secured by a lien which has priority over this Deed of Trust, paying insurance premiums for the protection of the property, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Beneficiary may take action under this paragraph 6, Beneficiary does not have to do so.

Any amounts disbursed by Beneficiary under this section shall become additional debt of Trustor secured by this Deed of Trust. Unless Trustor and Beneficiary agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Beneficiary to Trustor requesting payment.

IT IS MUTUALLY AGREED THAT:

1. In the event any portion of the subject property is taken or damaged in an eminent domain proceeding, the entire amount of the award, or such portion thereof as may be necessary to fully satisfy the obligation secured hereby, is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by it in the same manner and with the same effect as provided herein above for disposition of proceeds of fire and other insurance.

2. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

3. At any time or from time to time, without liability therefor and without notice, upon the written request of Beneficiary and presentation of this Deed of Trust and note of indorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey all or any part of the subject property, consent to the making of any map or plat thereof, join in granting any easement thereon or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4. Upon the written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and the Deed of Trust Note secured hereby to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder. The recital of any matters or facts in any reconveyance executed under this Deed of Trust shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled hereto."

5. As additional security, Trustor hereby gives to and confers on Beneficiary the right, power and authority, during the continuation of this trust, to collect rents, issues and profits of the subject property, reserving unto Trustor the right, prior to any default by Trustor in the payment of any indebtedness secured hereby or in the performance of any agreements hereunder, to collect and retain such rents, issues and profits as they become due and payable. On any such default, Beneficiary may, at any time and without notice, either in person, by agent or by a receiver to be appointed by the court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the subject

property, or any part thereof, and, in its own name, sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorneys' fees, on any indebtedness secured hereby and in such order as Beneficiary may determine. The entering upon and taking possession of the property, the collection of rents, issues and profits and the application thereof as set forth herein shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6. **Remedies.**

(a) *Upon written request therefor by Beneficiary*, specifying the nature of the default or the nature of the several defaults and the amount or amounts due and owing, Trustee shall execute a written notice of default and of its election to cause the subject property to be sold in order to satisfy the obligation hereof, and Trustee shall cause said notice to be recorded in the Office of the Recorder of each recording district wherein the real property, or some part thereof, is situated.

Notice of sale having been given as then required by law, and not less than the time then required by law having elapsed after recordation of said notice of default, Trustee, without demand on Trustors, shall sell the property at the time and place of sale fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest and best bidder for cash, in lawful money of the United States of America, payable at time of sale. Trustee may postpone the sale of all or any portion of the subject property by public announcement at the time and place of said sale and, from time to time thereafter, may postpone said sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person except Trustee may purchase at said sale.

After deducting all costs, fees and expenses of Trustee and of this trust, including the cost of evidence of title and reasonable attorneys' fees in connection with said sale, Trustee shall apply the proceeds of the sale (1) to the payment of all sums expended under the terms hereof not then repaid, with accrued interest at the rate set forth in the Deed of Trust Note secured hereby; (2) to all other sums then secured hereby: and, (3) the surplus, if any, to the person or persons legally entitled thereto.

(b) The power of sale conferred by this Deed of Trust and the laws of the State of Alaska is not an exclusive remedy. Beneficiary may cause this Deed of Trust to be foreclosed judicially. Beneficiary may also bring suit on the Deed of Trust Note secured hereby, and if execution does not satisfy the judgment, it may form the basis of judicial foreclosure of the collateral.

7. Beneficiary may, from time to time, as provided by statute, appoint another Trustee in the place and stead of Trustee herein named and, thereupon, the Trustee herein named shall be discharged and the Trustee so appointed shall be substituted as Trustee hereunder, and have the same effect as if originally named Trustee herein.

8. All payments made under the note or notes secured hereby shall be added together and the aggregate amount thereof shall be paid each month in a single payment to be applied by Beneficiary to the following items in the order set forth:

(a) Interest on the note or notes secured hereby; and

(b) Reduction of the principal of the said note or notes.

Any deficiency in the amount of such aggregate monthly payment, shall, unless made good within 30 days, constitutes an event of default under this Deed of Trust.

9. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on their heirs, devisees, legatees, administrators, executors, successors and assigns. The term "Beneficiary" shall mean the holder and owner of the Deed of Trust Note secured hereby, whether or not named as Beneficiary herein, or, if the Note has been pledged, the pledges thereof. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

10. Trustor requests that a copy of any notice of default and of any notice of sale hereunder to be mailed to Trustor at Trustor's address set forth hereinabove.

11. This Deed of Trust expressly secures the appearance of Jason Scott Colette to the United States District Court, for the District of Alaska. Whereas a judgment was rendered in the United States District Court, for the District of Alaska at Case No. F05-0049-01 CR (RRB), and cause against the Defendant Jason Scott Colette on the ___th day of February, 2006, whereby the above referenced Defendant was released on conditions of release, and having been duly admitted to bail in the sum of $100,000.00, now, therefore, if the Defendant shall in all respects appear as order by the U.S. District Court upon the Order Setting Conditions of Release to its final conclusion, then this Deed of Trust and the note it secures are to become void at the option of the holder; but if Defendant fails to do so, the amount of this Deed of Trust and the note it secures shall be due forthwith. The Defendant is not to depart the jurisdiction of the Court without first obtaining permission from the Court.

If this Deed of Trust and the note it secures are in default due to any violation or nonperformance of the Defendant and if the default is not set aside or remitted, judgment may thereupon be entered upon motion in the United States District Court, for the District of Alaska, against each debtor jointly and severally for the amount stated in this Deed of Trust may be

foreclosed, and execution may issue thereon for said amount, with interest and costs, as provided by law. By entering into this undertaking, each and every obligor submits themselves to the jurisdiction of the court and irrevocably appoints the Clerk of the United States District Court, for the District of Alaska as their agent upon whom any papers affecting their liability may be served. This Deed of Trust and the note it secures are hereby declared to be a continuing Deed of Trust and Deed of Trust Note.

**IN WITNESS WHEREOF**, Trustors have executed this Deed of Trust on the day and year first above written.

_____  Travis L. Colette

_____  Anna J. Colette

| State of Alaska | |
|---|---|
| | ss. |
| Third Judicial District | |

   THIS IS TO CERTIFY that on this ____ day of February 2006, before me, the undersigned, a Notary Public in and for the state of _____, personally appeared, Travis L. Colette and Anna J. Colette, known to me to be the individuals named in and who executed the foregoing instrument and they acknowledged to me that they signed the same freely and voluntarily for the uses and purposes therein stated.

   WITNESS my hand and official seal the day and year in this certificate first above written.

                _____
                Notary Public in and for the state of _____
                My Commission Expires: _____

FEDERAL PUBLIC DEFENDER
DOE AA RIDGE 907 ANCHRG 00

# DEED OF TRUST NOTE

$100,000.00 to secure the                                    Fairbanks, Alaska
Appearance Bond                                                   February ___, 2006

      FOR VALUE RECEIVED, the undersigned hereby jointly and severally acknowledge that they and their personal representatives, heirs and assigns, are held and firmly bound to pay to the order of the **United States of America**, the total amount of One Hundres Thousand and no/100 Dollars ($100,000.00), the condition of this payment is that whereas an Order Setting Conditions of Release was rendered in the United States District Court, for the District of Alaska at Case No. F05-0042-01CR (RRB), and cause against the Defendant Jason Scott Colette on the ___ day of February, 2006 whereby the above referenced Defendant was released on conditions of release, and having been duly admitted to bail in the sum of $100,000.00, now, therefore, if the Defendant shall in all respects appear as ordered by the U.S. District Court, then this Note is to become void at the option of the holder; but if Defendant fails to do so, the amount of the Note shall be due forthwith.

      If the Note is in default due to the nonappearance of the Defendant and if the default is not set aside or remitted, judgment may be entered upon motion in the United States District Court, for the District of Alaska, against each debtor jointly and severally for the amount stated, and execution may issue thereon for said amount, with interest and costs, as provided by law. By entering into this undertaking, each and every obligor submits themselves to the jurisdiction of the court and irrevocably appoints the clerk of the United States District Court, for the District of Alaska as their agent upon whom any papers affecting their liability may be served. This Note is hereby declared to be a continuing Note.

      If default be made in the payment or any act or performance due under this Note, the entire principal sum shall at once become due and payable at the option of the holder of this Note. Failure to exercise any option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. If any suit or action is instituted to collect this Note, or any part hereof, the undersigned promise and agree to pay, in addition to the costs and disbursements provided by statute, a reasonable sum as attorneys' fees in such suit or action.

      The undersigned, whether as principals, sureties, guarantors, endorsers or other parties hereto, agree to be jointly and severally bound, waive demand, protest and presentment and expressly agree that this Note, or any payment hereunder, may be extended from time to time and consent to the acceptance of further security in the event of the extension of said debt, including other types of security, all without in any way affecting the liability of such parties. In the event the interest rate charged in this Note violates usury laws, said interest rate will be

reduced to the highest rate allowed by law.  Monthly payments shall continue to be due and payable as set forth above, and any excess shall be credited towards principal.

This Note is to be construed according to the laws of the state of Alaska and is secured by that certain Deed of Trust of an even date upon the following described real property:

Mooreland Acres, Block 6, Lot 16

in the Fairbanks Recording District, State of Alaska.

_____
TRAVIS L. COLETTE

_____
ANNA J. COLETTE