M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JASON SCOTT COLETTE and<br>KAREN KRISTINA KOCH,<br><br>               Defendant. | Case No. F05-cr-0042-RRB<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS DEFENDANT'S STATEMENTS** |

I.    Statement of Facts[1]

On November 28, 2005, Jason Colette's residence was searched by the Fairbanks Police Department, A.B.A.D.E., and the Drug Enforcement Administration. While the search was being executed, Investigators Barnett and Pugh arrived at Mr. Colette's place of business, Arctic Alarm and Audio. When Barnett and Pugh arrived, Mr. Colette was standing behind the counter. The investigators informed Mr. Colette that

---

[1] The following facts are based on the discovery received to date and documents filed in 4FA-05-2624 CIV, City of Fairbanks v. Property Found at 1915 South Cushman.

his residence was in the process of being searched and that law enforcement was in the process of obtaining a search warrant for his business.

Mr. Colette was advised of his <u>Miranda</u> rights and stated that he would like to call his attorney. Barnett allowed Mr. Colette to place a telephone call. While on the telephone, Mr. Colette advised the investigators that his attorney had informed him that he must be released if the officers were not going to make an arrest. Barnett responded by telling Mr. Colette that he was being detained while other officers applied for a search warrant for the business. Again, based on his conversation with counsel, Mr. Colette repeated the advice of his lawyer that if he was not under arrest, he must be free to leave. At that time, Barnett informed Mr. Colette that he was under arrest for misconduct involving a controlled substance in the sixth degree. Mr. Colette subsequently was transported to the Fairbanks Police Department. At some point following his arrest, Mr. Colette was interrogated by law enforcement and allegedly made statements concerning cash found at his residence.

II.   Argument: All Statements Following Mr. Colette's Unequivocal Request for Counsel Must be Suppressed

Since 1966, police officers who question a person in custody have been required to recite a prophylactic warning designed to alert the person to his or her Fifth and Sixth Amendment rights.

> Prior to any questioning, the person must be warned that he has the right to remain silent, that any statement he does make may be used against him, and that he has the right to the presence of an attorney, whether retained or appointed.

Miranda v. Arizona, 384 U.S. 436 (1966). If at any time during the interrogation, the person elects to assert his or her right to counsel, all questioning must cease and the person may not be subjected to further interrogation without an attorney present unless the person initiates further police contact. Edwards v. Arizona, 451 U.S. 477 (1981).

These long-standing rules have been regularly reiterated and reinforced by courts. See, e.g., Dickerson v. United States, 530 U.S. 428 (2000); United States v. Cheely, 36 F.3d 1439, 1448 (9th Cir. 1994); United States v. de la Jara, 973 F.2d 746 (9th Cir. 1992); Desire v. Attorney General of California, 969 F.2d 802, 804 (9th Cir. 1992). "The merit of the Edwards decision lies in the clarity of its command and the certainty of its application. We have confirmed that the Edwards rule provides 'clear and unequivocal' guidelines to the law enforcement profession." Minnick v. Mississippi, 498 U.S. 146 (1990) (citations omitted).

The clear and unequivocal rule is that all custodial interrogation must cease whenever a person asks to deal with the authorities through counsel. "[W]aiver cannot be found from a suspect's continued response to questions even if he is again advised of his rights." Smith v. Endell, 860 F.2d 1528, 1529 (9th Cir. 1988), citing Edwards v. Arizona, 451 U.S. at 484-85.

This case presents a textbook application of the Miranda/Edwards rules. From the outset of Mr. Colette's encounter with law enforcement, he expressed his desire to only deal with them through counsel. His request was unequivocal. Because his requests to deal with the authorities only through counsel was not scrupulously honored, all statements made following his request to contact his attorney must be suppressed.

DATED this 17th day of March, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on March 17, 2006, a copy of the
foregoing document was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden