IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
AT FAIRBANKS

JASON S. COLETTE,               )
Petitioner                      )
vs.                             )
SHARON C. POWERS,               )
               Respondent       )        ORDER OF DISMISSAL/DENIAL
_____ )
CASE NO. 4FA-04-818 CI

A hearing on the petitioner's request for a protective order was held and the following person(s)
appeared:        ☐   Petitioner      ☐   Respondent   ☒   Neither Party

IT IS HEREBY ORDERED THAT:

☒    The petition for 6 month protective order is **DISMISSED** for the following reason:
         ☒    lack of prosecution of this matter by the petitioner.
         ☐    request of the petitioner at this hearing.

☒    **THIS ORDER DOES NOT CHANGE ANY CONDITIONS OF RELEASE
ORDERED IN A CRIMINAL CASE OR IN OTHER CIVIL CASE. THIS ORDER DOES
NOT PRECLUDE THE PETITIONER FROM COMING TO COURT TO FILE A
REQUEST FOR A NEW ORDER USING THE SAME INCIDENT AS WAS USED IN
THIS CASE.**

**THE PRIOR EX PARTE ORDER IN THIS CASE REMAINS IN FORCE AND EFFECT
FOR 20 DAYS AFTER THE DATE IT WAS ISSUED.**

<u>March 31, 2004 AT 2 PM</u> _____
Effective Date and Time

                                        Judge/Magistrate
                                        WM. RONALD SMITH

I certify that on ___4-1-04___
a copy of this order was given or mailed to:
☑  petitioner       ☑  respondent  — no address
☐  AST              ☐  local police
                    _____ Clerk: _____

DV-114wp (9/91)                                          AS 25.35.010
ORDER OF DISMISSAL/DENIAL

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ~~Alaska the~~ Trial Courts
AT __FAIRBANKS__                         STATE OF ALASKA, FOURTH DISTRICT

Jason S. Colette ) ) )
_____
Petitioner      Date of Birth _6-2-73_ )                    MAR 1 2 2004
)
v.                                          )                    **Clerk of the Trial Courts**
)                    By_____Deputy
Sharon C. Powers )
_____
Respondent    Date of Birth _5-13-71_ )    CASE NO. _4FA- 04 - 818 Ci_
)
_____ )    PETITION FOR PROTECTIVE ORDER

I, petitioner, swear or affirm under penalty of perjury that all the information I provide in this petition is true to the best of my knowledge and belief.

1.  I am requesting (check all that apply)

    [✓] a 20-day protective order.  (This order, called an "ex parte" order, can take effect immediately without prior notice to the respondent.)

    I understand that I can get a 20-day order without prior notice to the respondent. However, the law requires that I tell the court about any efforts I have made to notify the respondent.  I certify that I

    [✓] have not tried to notify the respondent that I am filing this petition.

    [ ] notified or tried to notify the respondent as follows: _____
    _____
    _____

    [✓] a long-term protective order.  (This order can only be issued after notice after notice to the respondent and a court hearing.  Most provisions of this order will last for six months.  However, the provision that prohibits the respondent from committing domestic violence will last indefinitely (until the court terminates it).)

**NOTE:  If there is any chance you might need protection for more than 20 days, you should request both a long-term order and a 20-day order.  To do this, check both boxes.**

2.  The respondent is (check all that apply)

    [ ] my spouse  [ ] my former spouse  [ ] my parent  [ ] my grandparent

    [ ] my child  [ ] my grandchild  [ ] my brother  [ ] my sister

    [ ] my first cousin  [ ] my aunt  [ ] my uncle  [ ] my nephew  [ ] my niece

    [✓] a person with whom I presently have or previously had a dating or sexual relationship.

    [ ] someone who lives or has lived with me.

    [ ] a person related or formerly related to me by marriage (for example, stepparent, stepchild)

    [ ] other (specify relationship) _____

Page 1 of 6
DV-100 (12/99)(st. 4)                                    AS 18.66.100-.990
PETITION FOR PROTECTIVE ORDER                            Civil Rule 65.1

Exhibit B
Page 2 of 32

3. There are children in my household.    ☐ yes    ☑ no

4. I have been the victim of domestic violence by respondent as described below.  (Include date of incident, place where incident occurred and injuries suffered, if any.  List the most recent incident first and specify whether weapons or children were involved. Attach additional sheets if necessary.)

She has broke into my house on numerous occasions. Vandalized my property — she is threatening to burn down my house. She is running around saying ANYTHING that she thinks will damage my reputation. She is coming into my work and threatening customers. She calls my house (over until 2-3 AM and then starts calling again at 7am → 8mos) I am affraid to answer the phone at work cause I know it is going to be her. she has clothes and money of mine and wont give it back. All this has been taking place over

5. Has the respondent been involved in other instances of domestic violence?  The past 2 years. with
I am sure she has.                                                    some of it happening Daily.

6. I request an order from the court directing (check all that apply)

   ☑ a.  respondent not to threaten or commit acts of domestic violence, stalking, or harassment.

   ☑ b.  respondent not to be in my physical presence and not telephone, contact, or otherwise communicate directly or indirectly with me.  Exceptions (if any):

   ☑ c.  respondent to leave and stay away from my residence.  Exception: ☐ I  request  an order directing a peace officer to accompany the respondent to my residence to remove respondent's essential personal belongings including _____
   NO EXCEPTIONS

   This is also respondent's current residence. ☐ yes  ☑ no
   (If yes, answer the following.)

   (1) The address is: __1038 lakeview terrace__

   (2) The residence is also used for business purposes.  ☑ yes ☐ no
       If yes, describe: __I have my office at my house__

   (3) The title or lease for the residence is in the name of: __Jason S. Colette__
       (Note:  Temporary possession of the residence may be given to the petitioner regardless of ownership of the residence.  AS 18.66.100(c)(3))

respondent to stay away from and not telephone or contact the following additional locations:

☐ my school   ☑ my place of employment   *1915 So. Cushman*

☑ the following places frequented by me or by the member of my household listed below:

*363 Parkway No/Ply/My*

| Place | Name of Household Member |
|-------|--------------------------|
| My Parents house | Barbara & George Colette |
| my store ( Arctic Alarm & Audio | my job. |
| | |
| | |

Exceptions _____

☑ e.   respondent not enter or follow a vehicle in my possession or occupied by me.

☐ f.   I be given temporary possession and use of the following, regardless of ownership:

    ☐   a vehicle and all keys to it.  Vehicle license number: _____
    Vehicle Description: _____

    ☐   essential personal items, including: _____

☐ g.   a peace officer to accompany me to my residence to ensure that I:

    ☐   safely obtain possession of the residence and any vehicle or personal items which the court gives temporary possession of to me.

    ☐   am able to safely remove a vehicle and personal items from my residence.

☑ h.   respondent not to possess or use controlled substances.

☐ i.   respondent to pay support to me. I understand that support cannot be awarded unless the respondent has an independent legal obligation to support me.

    (1)   My estimated monthly income from all sources   $_____
        My estimated monthly expenses   $_____

    (2)   Respondent's monthly income from all sources   $_____
        Respondent's monthly expenses   $_____

    (3)   I have been   ☐ completely   ☐ partly   supported by the respondent since _____.

☐ j.   other: _____
    _____
    _____
    _____

Page 3 of 6
DV-100 (12/99)(st. 4)
PETITION FOR PROTECTIVE ORDER

AS 18.66.100-.990
Civil Rule 65.1

Exhibit B
Page 4 of 32

7. I also request that the following be included in the long-term protective order. I understand that these requirements cannot be included in the 20-day order. I request that the court direct:

☑ a.   respondent not to use or possess a deadly weapon (including a firearm).

☐ b.   respondent to surrender any firearm owned or possessed by respondent.

☐ c.   respondent to reimburse me or the person named below for expenses associated with the domestic violence (such as medical expenses, counseling, shelter, and repair or replacement of damaged property) as described below:

| Pay to | Type of Expense | Amount |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

☐ d.   respondent to pay to _____ the costs and fees I have incurred in bringing this action, in the amount of $ _____.

☑ e.   respondent to enroll in and complete, at respondent's expense:

   ☑ a program for the rehabilitation of perpetrators of domestic violence that meets the standards set by the Department of Corrections under AS 44.28.020(b).

   ☐ treatment for the abuse of alcohol.

   ☐ treatment for the abuse of controlled substances.

8. Children.

   ☐ I request that the court enter the following orders concerning the child(ren).

   a.   I request the court to award me temporary physical custody of the minor child(ren) named below:

| (1) Child's Name | Date of Birth | How Long in Alaska | My relationship to child is: | Respondent's relationship to child is: |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

   (2)   The child(ren) and I have lived in Alaska for the past six months.
         ☐ yes   ☐ no

Page 4 of 6
DV-100 (12/99)(st. 4)
PETITION FOR PROTECTIVE ORDER

AS 18.66.100-.990
Civil Rule 65.1



☐ yes ☐ no ☐ do not know   If yes, describe each order below:

| Child's Name | State that issued order | Case No. (if known) | The order grants custody to: |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(4)   I   ☐   currently have the child(ren)

☐   request an order directing a peace officer to assist me to obtain the child(ren) from _____ who now has them.

b.   **Visitation.** I understand the court may only grant visitation to the respondent if my safety and the safety of the children can be protected. If the court considers visitation, these are my safety concerns: _____

_____
_____
_____
_____
_____

c.   **Child Support.** I request that the court order the respondent to pay child support to me for the child(ren) named in section (a)(1) during the period I have temporary physical custody of them.   ☐ yes   ☐ no

(1)   Financial Information About Respondent.
Respondent's Occupation: _____
Name of Employer: _____
Respondent's take-home pay:  $ _____  ☐ each week   ☐ monthly
☐ every 2 weeks   ☐ _____

(2)   Child support checks should be sent to: _____
(mailing address safe to reveal to respondent)

I understand that the above information is sufficient for the 20-day order. However, to get a long-term (6-month) child support order, I understand that I must complete form DV-101, Child Support Information, and bring it with me when I come back to court for the hearing on whether the long-term protective order will be granted.

9.   **Other Cases.**

a.   The following are all the <u>pending</u> civil (for example, divorce or child custody) cases or domestic violence criminal cases, in this or another state, involving either me or respondent (that I know of):

| Type of Case | Court Location | Petitioner or Respondent |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |



b. The following are other court cases (civil or criminal) involving the respondent that I want the court to know about:

| Type of Case | Court Location |
|---|---|
|  |  |
|  |  |
|  |  |

10. Respondent's Mailing Address: _____ ? _____ Jack st _____

   Respondent's Home Phone: _907-452-7994_   Work Phone: _452-5189 (DMV)_

11. Petitioner's Mailing Address. [The court needs your mailing address in order to send court papers, including notices of hearing, to you. If you believe you may endanger yourself by giving your mailing address, write a "message" address where you can be sure you will receive court papers. If you do not have an address that can safely be revealed to the respondent, ask the court clerk to let you provide your address on a form that will be kept confidential and not revealed to the respondent. Civil Rule 65.1]

   My mailing/message address is: _1915 S. Cushman____ Fairbanks__ AK_ 99701_
                     Street or Box No.         City     State  Zip

   My message phone: _456-7320_____

_3-12-04_____                    _____
Date                                      Petitioner's Signature

                                       _Jason Colette_____
                                       Print Name

( no I.D. available )

Subscribed and sworn to or affirmed before me at _____ Fairbanks _____, Alaska

on _____ March 12, 04 _____
        (date)

(SEAL)                           _____
                                 Clerk of Court, Notary Public or other person
                                 authorized to administer oaths

                                 My commission expires: ___ 4/4/thia ___

IN THE DISTRICT COURT FOR THE STATE OF ALASKA AT FAIRBANKS


CD: 4FA3204-14              **COLETTE**              Judge: Smith
Date: March 31, 2004           vs.               Clerk: Wilson
                            **POWERS**

Case: **4FA-04-00818CI**

PROCEEDINGS: Domestic Violence Hearing


PRESENT
Petitioner: Absent
Respondent: Absent

---

02:00:56    To this case

02:01:04    <u>COURT</u>: **Neither party appeared.  6-Month Order denied.  20-Day will
            remain in effect until it expires.**

02:01:17    Off record

REQUEST FOR SERVICE OF DOMESTIC VIOLENCE DOCUMENTS

MAR 15 2004

Clerk of the Trial Courts

By _____ Deputy

Court Case No. __4FA- O4 - 88 C.__
Court Location __FAIRBANKS__  Fax # __907-4__
Police Case No. _____

Petitioner's Full Name __Jason S. Colette__

Respondent's Full Name __Sharon C. Powers__

Please immediately serve the following documents on the respondent. ☒ The court hearing d
this is scheduled for ___March 31, 04  1:15 PM.__

☒ Petition and Ex Parte Protective Order  ☐ Notice of Hearing
(20-Day Order)
☐ Order Extending Ex Parte Protective Order  ☐ Protective Order (long-term)

☐ Petition and Notice of Hearing  ☐ _____

A return of service must be filed with or faxed to the court listed above before the hearing.

## RETURN OF SERVICE

I hereby certify that I

☒ served the above-listed documents on the respondent named above by handing to and
leaving a true and correct copy with  ☐ him  ☒ her; and

☐ turned custody of the minor child(ren) _____
_____ over to _____;
☐ evicted respondent from petitioner's residence at _____;
☐ _____

personally at __911  Cushman Street__
(address, street number, rural route, milepost, etc.)

in __Fairbanks__ , Alaska on __March 13, 2004__ , at __1150__ __a__.m.

☐ did not serve the above-listed documents on the respondent named above because

_____
_____
_____

__3-13-04__
Return Date

__Julie Ritchie for Sgt Dan Welborn__
Signature

__Julie Ritchie for Sgt Dan Welborn__
Print Name and Title

...ution:  1. Original to law enforcement agency with jurisdiction over place respondent is located.
2. Copy to court file.

(12/99)(st.2)
ST FOR SERVICE AND RETURN OF SERVICE

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT __FAIRBANKS_____

Jason S. Colette
_____)
Petitioner          DOB _6-2-73_____)
                                        )
v.                                      )
                                        )
Sharon C Powers
_____)     CASE NO. 4FA- _04-818 C₁_____
Respondent          DOB __5-13-71__)
_____)     **EX PARTE PROTECTIVE ORDER**
                                        )          **(20-DAY ORDER)**

The above-named petitioner has filed a petition requesting a 20-day ex parte protective order
under AS 18.66.110(a). This court makes the following findings and order based on:

☐     allegations in the petition.

☐     testimony of petitioner.     Tape #_____     Log #_____

## FINDINGS

1.     The court finds probable cause to believe that the relationship between petitioner and respondent is that of:

     ☐    a.    persons who are current or former spouses.

     ☐    b.    persons who live together or who have lived together.

     ☒    c.    persons who presently have or previously had a dating or sexual relationship.

     ☐    d.    persons who are related to each other up to the fourth degree of consanguinity, whether of the whole or half blood or by adoption, computed under the rules of civil law.

     ☐    e.    persons who are related or formerly related by marriage.

     ☐    f.    persons who have a child of the relationship.

     ☐    g.    minor child and a person in a relationship described in a. through g. above with the minor child's parent, or the minor children of persons in a relationship described in a. through g. above.

     [AS 18.66.990(5)]

2.    ☒    The court finds probable cause to believe that the respondent has committed a crime involving domestic violence against the petitioner. [AS 18.66.110(a) and 18.66.990(3)]

3.    ☒    An ex parte order is necessary to protect the petitioner from domestic violence. [AS 18.66.110(a)]

4.    ☒    Petitioner has certified in writing the efforts made to notify respondent of the petition. [AS 18.66.110(a)] Respondent   ☐ was   ☒ was not   notified.

5.    Other findings:_____
_____
_____
_____
_____
_____

### PROTECTIVE ORDER

**IT IS HEREBY ORDERED THAT:**

1.    Petitioner's request for an ex parte protective order is **GRANTED, and it is ordered that:**

☒ a.    respondent not threaten to commit or commit acts of domestic violence, stalking or harassment. [AS 18.66.100(c)(1)]

☒ b.    respondent not be in the physical presence of, telephone, contact or otherwise communicate directly or indirectly with petitioner, ~~except~~ _____
_____
[AS 18.66.100(c)(2) & (16)]

☒ c.    respondent leave and stay away from any residence of petitioner.
    ☒ Respondent is not to be within _1000_ feet/miles of petitioner's residence.
    [AS 18.66.100(c)(3) & (4)]

☒ d.    respondent stay away from and not telephone or contact the following additional locations:
    ☐ petitioner's school    ☒ petitioner's place of employment
    ☒ the following places frequented by petitioner or a member of the household:

Place                                         Name of Household Member
_Pacific Alarm + Audio_                       _employment_
_363 Parkway in N.P._                         _Barbara + George Colesh_
_____

Exceptions:_____
_____
[AS 18.66.100(c)(4) & (16)]

☒ e.    respondent not enter or follow a vehicle in the possession of or occupied by petitioner. [AS 18.66.100(c)(5) & (16)]

☐ f.    petitioner shall have possession and use of:
    ☐ the following vehicle and all keys to it: License #_____
        Description_____
    ☐ essential personal items, including:
_____
_____
_____
_____

[AS 18.66.100(c)(10)]

☐  g.  respondent not possess or use controlled substances.
        [AS 18.66.100(c)(11) & (16)]

☐  h.  respondent pay $_____ per month for the support of the
        petitioner while this order is in effect, beginning on _____.
        [AS 18.66.100(c)(12)]

☐  i.  respondent may return **once** to the residence located at _____
        _____ **only with a police escort** to pick up
        essential personal belongings, clothing, and _____

        _____
        _____
        [AS 18.66.100(c)(16)]

☐  j.  respondent not sell or dispose of any personal property of the petitioner, any
        property jointly held, or any disputed property. [AS 18.66.100(c)(16)]

☐  k.  other _____
        _____
        _____
        _____


2.    Child Custody/Visitation/Support. [AS 18.66.100(c)(9) & (12)]

      **It is further ordered that:**

      a.  _____*n/a*_____ shall have temporary custody of the child(ren)
          listed below  (name and date of birth):

          _____
          _____
          _____

      b.  _____ may not remove the child(ren) named in paragraph 2.a.
          from the State of Alaska, except _____
          _____

      c.  Visitation.  The court finds that the safety of the child(ren) and petitioner
          ☐  can be protected. Therefore, visitation shall be allowed per AS 25.20.061 as
             follows:

             _____
             _____
             _____
             _____
             _____
             _____
             _____
             _____

Page 3 of 6
DV-110 (12/02)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)                          AS 18.66.100-.990

_____
_____
_____
_____
_____
_____
_____

☐ cannot be protected.  Therefore, visitation will not be allowed.

d.  **Child Support.** The court finds that the obligor named below is legally obligated to support the following children named in paragraph 2.a.:_____

_____. Therefore,

_____ shall pay to _____
        (obligor)                   (obligee – custodian of the children)

$_____ per ☐ week ☐ month ☐ _____

beginning on _____ and continuing while this order is in effect.

Support checks must be sent to: _____
                                                          (address)

---

3.  ☒  The petitioner has requested a long-term order. A hearing on this request will be held at:

Court Location: _101 Lacey St, Fairbanks_ ~~Judge~~ Magistrate: _Smith_

Date and Time: _March 31, 04     1:15. PM._  CT Rm: _#302_

**Respondent**: The court may issue a long-term protective order against you at this hearing <u>even if</u> you do not participate in the hearing.

**Petitioner**: If you do not participate in this hearing, there will be no long-term order issued and this ex parte order will expire after 20 days unless it is modified or dissolved by the court earlier.

**Both Parties**: If child support will be at issue (that is, if child support is requested on page 5 of the Petition), both parties must bring to the hearing a completed DV-101, Child Support Information form. This from is available at the court clerk's office.

##### \*\*\*\*\* <u>NOTICE TO RESPONDENT</u> \*\*\*\*\*

**Violation of this order may be a misdemeanor, punishable by up to one year of incarceration and up to a $5000 fine. [AS 18.66.130(d)(1) & AS 11.56.740]  If you violate this order, you can be arrested by a peace officer without a warrant. [AS 18.65.530 & AS 112.25.030(b)]**

**If you are convicted of assault in the fourth degree committed in violation of this order, you will be sentenced to at least 20 days in jail. [AS 12.55.135(c)]**

**If you are ordered to have no contact with the petitioner or to stay away from the petitioner's residence, vehicle, or other place designated by the court, an invitation by the petitioner to have the prohibited contact or to be present at or enter the residence, vehicle, or other place does not in any way invalidate or nullify the order. [AS 18.66.130(d)(2)]**

##### \*\*\*\*\* <u>NOTICE TO BOTH PARTIES</u> \*\*\*\*\*

**While this protective order is in effect, both petitioner and respondent**

1.   **must keep the court informed of a means of contacting you (address and phone) so the court can notify you should there be any further action in this case (ask for confidentiality if necessary); and**

2.   **have a continuing duty to inform the court in writing of pending civil actions or domestic violence criminal actions involving either the petitioner or the respondent. [AS 18.66.150(b)]**

#### <u>WRIT OF ASSISTANCE</u>

TO:    Any Peace Officer, State of Alaska
You are commanded to use every lawful means to enforce the above order. You shall:

☐   escort and assist petitioner to obtain possession of the residence at _____ _____ and remove respondent if necessary.

☐   escort and assist petitioner to safely obtain possession of the items listed in paragraph 1.f. of this order.

☐   assist respondent <u>once</u> to recover undisputed personal items, clothing or other property listed in paragraph 1.i. of this order. You shall notify the petitioner of the time and date you will accompany the respondent to the residence. The petitioner may be present. Any item the petitioner objects to respondent removing, you shall restrain the respondent from removing from the residence.

☐   assist _____ to obtain physical custody of the minor child(ren) named in paragraph 2.a. of this order from any other person. You may enter any location where you have probable cause to believe the child(ren) may be found.

You shall also: _____
_____
_____

## MODIFICATION

Either party may ask the court to change or end this order. A form for making this request (form DV-135) is available at the court clerk's office.

## EFFECTIVE DATES

This order and writ will be in effect for 20 days unless modified or dissolved earlier by court order.

_12 March 2004_
_____
Effective Date and Time

_____
Judge/Magistrate

_Mark I Wood_
_____
Type or Print Name

In-Court Distribution on above date:
☐ Petitioner
☐ Respondent

In-Court Clerk: _____

Other Distribution:
I certify that on _3.12.04_ a copy of this Order was given or mailed to:
☑ Petitioner
☐ Respondent
☑ Local police/AST at _Pbhr_ for their records
☑ Local police/AST at _Pbhr_ to serve respondent

Clerk: _____

State of Alaska        )
Fourth Judicial District )  SS

I, the undersigned, certify that this is a true and full copy of an original document on file in the Trial Courts, Fourth Judicial District, State of Alaska.
Witness my hand and the seal of the court this _12th_ of _March_, 20_04_ at Fairbanks, Alaska.

_____
Clerk of the Trial Courts

By_____
Deputy

Page 6 of 6
DV-110 (12/02)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)                    AS 18.66.100-.990

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
AT FAIRBANKS

JASON S. COLETTE,                              )
   Petitioner                                  )
vs.                                            )
SHANNON POWERS,                                )
          Respondent                    )    ORDER OF DISMISSAL/DENIAL
_____                )
CASE NO. 4FA-03-2047 CI

A hearing on the petitioner's request for a protective order was held and the following person(s)
appeared:    ☐    Petitioner    ☐    Respondent    ☒    Neither Party

IT IS HEREBY ORDERED THAT:

☒    The petition for 6 month protective order is **DISMISSED** for the following reason:
    ☒    lack of prosecution of this matter by the petitioner.
    ☐    request of the petitioner at this hearing.

**THIS ORDER DOES NOT CHANGE ANY CONDITIONS OF RELEASE ORDERED IN
A CRIMINAL CASE OR IN OTHER CIVIL CASE.  THIS ORDER DOES NOT
PRECLUDE THE PETITIONER FROM COMING TO COURT TO FILE A REQUEST
FOR A NEW ORDER USING THE SAME INCIDENT AS WAS USED IN THIS CASE.**

☐    The petition is DENIED and this case is closed because petitioner has failed to show
    sufficient evidence that:
    ☐    petitioner is within a class defined by AS 18.66.990(5).
    ☐    respondent has committed a crime involving domestic violence against the
        petitioner (AS 18.66.110(b) and 18.66.990(3)).
**THE PRIOR EX PARTE ORDER IN THIS CASE REMAINS IN FORCE AND EFFECT
FOR 20 DAYS AFTER THE DATE IT WAS ISSUED.**

   September 3, 2003 AT 1:57 PM .m.
     Effective Date and Time                    Judge/Magistrate
                                  WM. RONALD SMITH

I certify that on ____9-4-03____
a copy of this order was given or mailed to:
☑ petitioner    ☑ respondent  n/address
☑ AST           ☑ local police
☐               _____ Clerk: _____

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ___FAIRBANKS___

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

Jason S. Colette )
Petitioner    Date of Birth _06-02-73_ )

v. )

Sharon    Powers )
Respondent    Date of Birth _5-13-71_ )
                    32 y-s. old )

AUG 2 0 2003

Clerk of the Trial Courts
By_____Deputy

CASE NO. 4FA- _03-2047 Ci_

PETITION FOR PROTECTIVE ORDER

I, petitioner, swear or affirm under penalty of perjury that all the information I provide in this petition is true to the best of my knowledge and belief.

1.  I am requesting (check all that apply)

☒ a 20-day protective order. (This order, called an "ex parte" order, can take effect immediately without prior notice to the respondent.)

I understand that I can get a 20-day order without prior notice to the respondent. However, the law requires that I tell the court about any efforts I have made to notify the respondent. I certify that I

☑ have not tried to notify the respondent that I am filing this petition.

☐ notified or tried to notify the respondent as follows: _____
_____
_____

☑ a long-term protective order. (This order can only be issued after notice after notice to the respondent and a court hearing. Most provisions of this order will last for six months. However, the provision that prohibits the respondent from committing domestic violence will last indefinitely (until the court terminates it).)

**NOTE: If there is any chance you might need protection for more than 20 days, you should request both a long-term order and a 20-day order. To do this, check both boxes.**

2.  The respondent is (check all that apply)

☐ my spouse  ☐ my former spouse  ☐ my parent  ☐ my grandparent

☐ my child  ☐ my grandchild  ☐ my brother  ☐ my sister

☐ my first cousin  ☐ my aunt  ☐ my uncle  ☐ my nephew  ☐ my niece

☑ a person with whom I presently have or previously had a dating or sexual relationship.

☐ someone who lives or has lived with me.

☐ a person related or formerly related to me by marriage (for example, stepparent, stepchild)

☐ other (specify relationship) _____

Page 1 of 6
DV-100 (12/99)(st. 4)
PETITION FOR PROTECTIVE ORDER

AS 18.66.100-.990
Civil Rule 65.1

Exhibit B
Page 17 of 32

3. There are children in my household.    ☐ yes  ☑ no

4. I have been the victim of domestic violence by respondent as described below.  (Include
   date of incident, place where incident occurred and injuries suffered, if any.  List the
   most recent incident first and specify whether weapons or children were involved.
   Attach additional sheets if necessary.)    *the past week she called 100 times/day*

   Miss Sharon Powers is me constantly calling my cell, pager
   home and work phone. She is harassing me and
   any of my friends who will listen to her. She is constantly
   making accusations that I am with someone sexually.
   She is trying to cause problems for me in life. Bad
   mouthing me to my customers & the police. She is
   threatening me with having the police "watch" me.
   and when asked for what she just states "anything"
   "they will always be watching. She has also broken into my house
   Erased phone messages and checked and erased my E-mails.

5. Has the respondent been involved in other instances of domestic violence?

   possibly - look up her history
   _____
   _____
   _____

6. I request an order from the court directing (check all that apply)

   ☑ a.  respondent not to threaten or commit acts of domestic violence, stalking, or
         harassment.

   ☑ b.  respondent not to be in my physical presence and not telephone, contact, or otherwise
         communicate directly or indirectly with me.  Exceptions (if any):
         _____
         _____

   ☐ c.  respondent to leave and stay away from my residence.  Exception: ☐ I  request  an
         order directing a peace officer to accompany the respondent to my residence to
         remove respondent's essential personal belongings including _____
         _____

         This is also respondent's current residence.  ☐ yes  ☑ no
         (If yes, answer the following.)

         (1) The address is: _____

         (2) The residence is also used for business purposes.  ☑ yes ☐ no
             If yes, describe: _____

         (3) The title or lease for the residence is in the name of:  - ask me -
             (Note:  Temporary possession of the residence may be given to the petitioner
             regardless of ownership of the residence.  AS 18.66.100(c)(3))

Page 2 of 6
DV-100 (12/99)(st. 4)                                          AS 18.66.100-.990
PETITION FOR PROTECTIVE ORDER                                 Civil Rule 65.1

☑ **d.** respondent to stay away from and not telephone or contact the following additional locations:

  ☐ my school   ☑ my place of employment   800 30th Av. Arctic Alarm

  ☐ the following places frequented by me or by the member of my household listed below:

| Place | Name of Household Member |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

  Exceptions _____

☑ **e.** respondent not enter or follow a vehicle in my possession or occupied by me.

☐ **f.** I be given temporary possession and use of the following, regardless of ownership:

  ☐ a vehicle and all keys to it. Vehicle license number: _____
    Vehicle Description: _____

  ☐ essential personal items, including: _____

☐ **g.** a peace officer to accompany me to my residence to ensure that I:

  ☐ safely obtain possession of the residence and any vehicle or personal items which the court gives temporary possession of to me.

  ☐ am able to safely remove a vehicle and personal items from my residence.

☑ **h.** respondent not to possess or use controlled substances.

☐ **i.** respondent to pay support to me. I understand that support cannot be awarded unless the respondent has an independent legal obligation to support me.

  (1) My estimated monthly income from all sources  $_____
      My estimated monthly expenses  $_____

  (2) Respondent's monthly income from all sources  $_____
      Respondent's monthly expenses  $_____

  (3) I have been ☐ completely ☐ partly supported by the respondent since _____.

☐ **j.** other: _____
  _____
  _____
  _____

Page 3 of 6
DV-100 (12/99)(st. 4)
PETITION FOR PROTECTIVE ORDER

AS 18.66.100-.990
Civil Rule 65.1

7. I also request that the following be included in the long-term protective order. I understand that these requirements cannot be included in the 20-day order. I request that the court direct:

☑ a.  respondent not to use or possess a deadly weapon (including a firearm).

☐ b.  respondent to surrender any firearm owned or possessed by respondent.

☐ c.  respondent to reimburse me or the person named below for expenses associated with the domestic violence (such as medical expenses, counseling, shelter, and repair or replacement of damaged property) as described below:

| Pay to | Type of Expense | Amount |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

☐ d.  respondent to pay to _____ the costs and fees I have incurred in bringing this action, in the amount of $ _____.

☐ e.  respondent to enroll in and complete, at respondent's expense:

☐ a program for the rehabilitation of perpetrators of domestic violence that meets the standards set by the Department of Corrections under AS 44.28.020(b).

☐ treatment for the abuse of alcohol.

☐ treatment for the abuse of controlled substances.

8. Children.

☐ I request that the court enter the following orders concerning the child(ren).

a.  I request the court to award me temporary physical custody of the minor child(ren) named below:

| (1) | Child's Name | Date of Birth | How Long in Alaska | My relationship to child is: | Respondent's relationship to child is: |
|---|---|---|---|---|---|
| | _____ | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | _____ | _____ |

(2)  The child(ren) and I have lived in Alaska for the past six months.
☐ yes ☐ no

Page 4 of 6
DV-100 (12/99)(st. 4)
PETITION FOR PROTECTIVE ORDER

AS 18.66.100-.990
Civil Rule 65.1

(3)  There is a custody order over one or more of the children.
☐ yes    ☐ no    ☐ do not know    If yes, describe each order below:

| Child's Name | State that issued order | Case No. (if known) | The order grants custody to: |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(4)  I  ☐  currently have the child(ren)

☐  request an order directing a peace officer to assist me to obtain the child(ren) from _____ who now has them.

b.  Visitation.  I understand the court may only grant visitation to the respondent if my safety and the safety of the children can be protected.  If the court considers visitation, these are my safety concerns: _____
_____
_____
_____
_____
_____

c.  Child Support.  I request that the court order the respondent to pay child support to me for the child(ren) named in section (a)(1) during the period I have temporary physical custody of them.    ☐ yes    ☐ no

(1)  Financial Information About Respondent.
Respondent's Occupation: _____
Name of Employer: _____
Respondent's take-home pay:  $ _____    ☐ each week    ☐ monthly
                                               ☐ every 2 weeks    ☐ _____

(2)  Child support checks should be sent to: _____
                                          (mailing address safe to reveal to respondent)

I understand that the above information is sufficient for the 20-day order.  However, to get a long-term (6-month) child support order, I understand that I must complete form DV-101, Child Support Information, and bring it with me when I come back to court for the hearing on whether the long-term protective order will be granted.

9.  Other Cases.

a.  The following are all the pending civil (for example, divorce or child custody) cases or domestic violence criminal cases, in this or another state, involving either me or respondent (that I know of):

| Type of Case | Court Location | Petitioner or Respondent |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Page 5 of 6
DV-100 (12/99)(st. 4)                                              AS 18.66.100-.990
PETITION FOR PROTECTIVE ORDER                                     Civil Rule 65.1

b. The following are other court cases (civil or criminal) involving the respondent that I want the court to know about:

| Type of Case | Court Location |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

10. Respondent's Mailing Address: _____

   Respondent's Home Phone: 452-7954   Work Phone: DMV _____

11. Petitioner's Mailing Address.  [The court needs your mailing address in order to send court papers, including notices of hearing, to you.  If you believe you may endanger yourself by giving your mailing address, write a "message" address where you can be sure you will receive court papers.  If you do not have an address that can safely be revealed to the respondent, ask the court clerk to let you provide your address on a form that will be kept confidential and not revealed to the respondent.  Civil Rule 65.1]

   My mailing/message address is: 363 Park Way      North Pole      AK      99705
                                          Street or Box No.      City      State      Zip

   My message phone: 590-7467 _____

8-20-03
Date

Petitioner's Signature

Jason Colette
Print Name

no I.D. available - ADL a State I.D. (Concealed Handgun Permit)

Subscribed and sworn to or affirmed before me at _____Fairbanks_____, Alaska

on _____Aug 20, 03_____.
   (date)

(SEAL)

Clerk of Court, Notary Public or other person authorized to administer oaths

My commission expires: w/min _____

Page 6 of 6
DV-100 (12/99)(st. 4)
PETITION FOR PROTECTIVE ORDER

AS 18.66.100-.990
Civil Rule 65.1

IN THE SUPERIOR COURT AT FAIRBANKS, ALASKA


CD: 4FA3203-36          **COLETTE**              Date: September 3, 2003
Page: 1                    vs                  Judge: Smith
Case: **4FA-03-2047 CI**      **POWERS**              Clerk: Weckwerth

PROCEEDINGS: Domestic Violence Hearing

PRESENT
<u>Petitioner</u>: Absent
<u>Respondent</u>: Absent

01:55:07   To this case

          <u>COURT</u> - **Parties failed to appear.  Request for 6 month order is
                    DENIED.   20  day  order  to  remain  in  effect  until  it
                    expires.**

01:55:53   To next case


( )CC   ( )TO   ( )PTS   ( )BW   ( )BWQ   ( )Log Notes to:

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT

AUG 2 1 2003

Clerk of the Trial Courts
By _____ Deputy

**REQUEST FOR SERVICE OF DOMESTIC VIOLENCE DOCUMENTS**

Court Case No. __4FA-__ 03-2047 Ci

Court Location FAIRBANKS    Fax # 907-452-9216

Police Case No. _____ 03-65548

Petitioner's Full Name  Jason Scott Colette (A73518

Respondent's Full Name  Sharon Christine Powers (A83429

Please immediately serve the following documents on the respondent. ☒ The court hearing on this is scheduled for _____ Sept 3, 03 ____ 1:15 PM.

☒ Petition and Ex Parte Protective Order (20-Day Order)     ☐ Notice of Hearing

☐ Order Extending Ex Parte Protective Order     ☐ Protective Order (long-term)

☐ Petition and Notice of Hearing     ☐ _____

A return of service must be filed with or faxed to the court listed above before the hearing.

## RETURN OF SERVICE

I hereby certify that I

☒ served the above-listed documents on the respondent named above by handing to and leaving a true and correct copy with    ☐ him   ☒ her;  and

☐ turned custody of the minor child(ren) _____ _____ over to _____ ;

☐ evicted respondent from petitioner's residence at _____ ;

☐ _____

personally at _____ TS Courthouse _____
(address, street number, rural route, milepost, etc.)

in __Fairbanks__, Alaska on ___8-20-03___, at __1205__ ☒ .m.

☐ did not serve the above-listed documents on the respondent named above because

_____
_____
_____

_____          _Kevin W. Blue_
Return Date                              Signature
                                      Kevin W. Blue    Trooper
                              Print Name and Title

Distribution:    1. Original to law enforcement agency with jurisdiction over place respondent is located.
                 2. Copy to court file.

DV-125 (12/99)(st.2)
REQUEST FOR SERVICE AND RETURN OF SERVICE

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT FAIRBANKS

JASON S. COLETTE )
Petitioner          DOB 7/2/73 )
                                          )
v.                                      )
                                          )
SHARON POWERS          )
Respondent      DOB 5/13/71 )
_____)

CASE NO. 4FA-03-2047 CI

## EX PARTE PROTECTIVE ORDER
## (20-DAY ORDER)

The above-named petitioner has filed a petition requesting a 20-day ex parte protective order under AS 18.66.110(a). This court makes the following findings and order based on:

☒    allegations in the petition.
☒    testimony of petitioner.    CD # 4FA3303-57    Log # 9:30:53 AM

### FINDINGS

1.    The court finds probable cause to believe that the relationship between petitioner and respondent is that of:

☐    a.  persons who are current or former spouses.

☒    b.  persons who live together or who have lived together.

☒    c.  persons who are dating or who have dated or who are engaged in or who have engaged in a sexual relationship.

☐    d.  persons who are related to each other up to the fourth degree of consanguinity, whether of the whole or half blood or by adoption, computed under the rules of civil law.

☐    e.  persons who are related or formerly related by marriage.

☐    f.  persons who have a child of the relationship.

☐    g.  minor child and a person in a relationship described in a. through g. above with the minor child's parent, or the minor children of persons in a relationship described in a. through g. above.

[AS 18.66.990(5)]

2.    ☒    The court finds probable cause to believe that the respondent has committed a crime involving domestic violence against the petitioner. [HARASSMENT, TRESPASS]

[AS 18.66.110(a) and 18.66.990(3)]

Page 1
DV-110 wt (12/99)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)          AS 18.66.100-.990

3.    ☒    An ex parte order is necessary to protect the petitioner from domestic violence.

[AS 18.66.110(a)]

4.    ☒    Petitioner has certified in writing the efforts made to notify respondent of the petition.                                    [AS 18.66.110(a)]
        Respondent    ☐ was    ☒ was not        notified.

5.    Other findings:_____

## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1.    Petitioner's request for an ex parte protective order is GRANTED, and it is ordered that:

☒    a. respondent not threaten to commit or commit acts of domestic violence, stalking or harassment.    [AS 18.66.100(c)(1)]

☒    b. respondent not be in the physical presence of, telephone, contact or otherwise communicate directly or indirectly with petitioner except: IN COURT OR THROUGH AN ATTORNEY.  RESPONDENT SHALL NOT COMMUNICATE WITH PETITIONER BY E-MAIL. EXCEPT IN COURT, RESPONDENT NOT TO BE IN THE SAME BUILDING AS PETITIONER.

[AS 18.66.100(c)(2) & (16)]

☒    c. respondent leave and stay away from any residence of petitioner.
        ☒ Respondent is not to be within .5 MILE   of petitioner's residence.
        [ 1038 LAKEVIEW, Fairbanks, Alaska ]

[AS 18.66.100(c)(3) & (4)]

☒    d. respondent stay away from and not telephone or contact the following additional locations:
        ☐ petitioner's school
        ☒ petitioner's place of employment [ARCTIC ALARM AND AUDIO]
        ☐ the following places frequented by petitioner or a member of the household:

| Name of Household Member | Place |
| --- | --- |
| BARBARA COLETTE | 363 PARKWAY, North Pole, Alaska |
| PETITIONER | ALLEN THORNTON RESIDENCE 628 FRONT STREET APT B, Fairbanks, Alaska |
| PETITIONER | MICHAEL STARK RESIDENCE LOCATED OFF INA STREET, Fairbanks, Alaska |

Page 2
DV-110 wt (12/99)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)                        AS 18.66.100-.990

| TRAVIS COLETTE | COLETTE RESIDENCE NEAR EAGAN STREET, Fairbanks, Alaska |
| PETITIONER | LAMON WASHINGTON RESIDENCE NEAR AIH ON MARKET STREET, Fairbanks, Alaska |

Exceptions: NONE

[AS 18.66.100(c)(4) & (16)]

☒ e. respondent not enter or follow a vehicle in the possession of or occupied by petitioner. RESPONDENT NOT TO BE IN THE SAME PARKING LOT AS PETITIONER OR PETITIONER'S MOTOR VEHICLE. [AS 18.66.100(c)(5) & (16)]

☐ f. petitioner shall have possession and use of:
   ☐ the following vehicle and all keys to it:

| License # | |
| Description: | |

   ☐ essential personal items, including:
   _____

[AS 18.66.100(c)(10)]

☒ g. respondent not possess or use controlled substances unless prescribed for her.
[AS 18.66.100(c)(11) & (16)]

☐ h. respondent pay $_____ per month for the support of the petitioner while this order is in effect, beginning on _____.
[AS 18.66.100(c)(12)]

☐ i. respondent may return once to the residence located at _____ only with a police escort to pick up essential personal belongings, clothing, and _____
[AS 18.66.100(c)(16)]

☐ j. respondent not sell or dispose of any personal property of the petitioner, any property jointly held, or any disputed property.
[AS 18.66.100(c)(16)]

☒ k. other 1. RESPONDENT SHALL HAVE NO CONTACT OR COMMUNICATION WITH BARBARA COLETTE OR TRAVIS COLLETTE.
   2. ATTEMPTS BY RESPONDENT TO HAVE CONTACT OR COMMUNICATION WITH PETITIONER'S FAMILY MEMBERS OR FRIENDS MAY BE CONSTRUED AS ATTEMPTS BY RESPONDENT TO VIOLATE THIS ORDER AND MAY RESULT IN PENALTIES AS PROVIDED BY LAW.

Page 3
DV-110 wt (12/99)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)                    AS 18.66.100-.990

2.      Child Custody/Visitation/Support. [AS 18.66.100(c)(9) & (12)]

It is further ordered that:
_ shall have temporary custody of the child(ren) listed below

| Name | Date of birth |
|------|---------------|
|      |               |
|      |               |
|      |               |

b.      <u>NEITHER PARTY</u> may remove the child(ren) named in Paragraph 2.a. from the State of Alaska, except with a prior court order dated after the date of this order.

c.  Visitation.  The court finds that the safety of the child(ren) and petitioner
☐  can be protected. Therefore, visitation shall be allowed per AS 25.20.061 as follows:


☐ cannot be protected.  Therefore, visitation will not be allowed.


Child Support. The court finds that the obligor named below is legally obligated to support the following children named in paragraph 2.a.:_____. Therefore,

_____(obligor) shall pay to _____ (obligee – custodian of the children)

$_____ per  ☐ week   ☐ month   ☐ _____

beginning on _____ and continuing while this order is in effect.

Support checks must be sent to: _____ (address)


3.      ☒      The petitioner has requested a long-term order.  A hearing on this request will be held at:

| Court Location: 101 Lacey Street, Fairbanks, Alaska | Courtroom: _____302 |
|------------------------------------------------------|----------------------|
| Date and Time: September 3, 2003 1:15 P.M. | Judge: SMITH |


<u>Respondent</u>: The court may issue a long-term protective order against you at this hearing <u>even if</u> you do not participate in the hearing.

**Petitioner:** If you do not participate in this hearing, there will be no long-term order issued and this ex parte order will expire after 20 days unless it is modified or dissolved by the court earlier.

**Both Parties:** If child support will be at issue (that is, if child support is requested on page 5 of the Petition), both parties must bring to the hearing a completed DV-101, Child Support Information form. This from is available at the court clerk's office.

##### ***** NOTICE TO RESPONDENT *****

Violation of this order may be a misdemeanor, punishable by up to one year of incarceration and up to a $5000 fine. [AS 18.66.130(d)(1) & AS 11.56.740]   If you violate this order, you can be arrested by a peace officer without a warrant. [AS 18.65.530 & AS 112.25.030(b)]

If you are convicted of assault in the fourth degree committed in violation of this order, you will be sentenced to at least 20 days in jail. [AS 12.55.135(c)]

If you are ordered to have no contact with the petitioner or to stay away from the petitioner's residence, vehicle, or other place designated by the court, an invitation by the petitioner to have the prohibited contact or to be present at or enter the residence, vehicle, or other place does not in any way invalidate or nullify the order. [AS 18.66.130(d)(2)]

##### ***** NOTICE TO BOTH PARTIES *****

While this protective order is in effect, both petitioner and respondent

1.    must keep the court informed of a means of contacting you (address and phone) so the court can notify you should there be any further action in this case (ask for confidentiality if necessary); and

2.    have a continuing duty to inform the court in writing of pending civil actions or domestic violence criminal actions involving either the petitioner or the respondent. [AS 18.66.150(b)]

#### WRIT OF ASSISTANCE

TO:    Any Peace Officer, State of Alaska
You are commanded to use every lawful means to enforce the above order. You shall:

☐    escort and assist petitioner to obtain possession of the residence at _____ and remove respondent if necessary.

☐    escort and assist petitioner to safely obtain possession of the items listed in paragraph 1.f. of this order.

Page 5
DV-110 wt (12/99)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)                    AS 18.66.100-.990

☐   assist respondent <u>once</u> to recover undisputed personal items, clothing or other property listed in paragraph 1.i. of this order. You shall notify the petitioner of the time and date you will accompany the respondent to the residence. The petitioner may be present. Any item the petitioner objects to respondent removing, you shall restrain the respondent from removing from the residence.

☐   assist _____ to obtain physical custody of the minor child(ren) named in paragraph 2.a. of this order from any other person. You may enter any location where you have probable cause to believe the child(ren) may be found.

You shall also: _____

## MODIFICATION

Either party may ask the court to change or end this order. A form for making this request (form DV-135) is available at the court clerk's office.

## EFFECTIVE DATES

This order and writ will be in effect for 20 days unless modified or dissolved earlier by court order.

_____ 8/20/2003 9:49 AM _____
Effective Date and Time

Alicemary L. Closuit, Magistrate

Page 6
DV-110 wt (12/99)(st.4)
EX PARTE PROTECTIVE ORDER (20-DAY ORDER)       AS 18.66.100-.990

Exhibit B
Page 30 of 32

IN THE SUPERIOR COURT AT FAIRBANKS, ALASKA


CD: 4FA3303-57       **JASON S. COLETTE**      Date: August 20, 2003
Page: 1                 vs               Judge: Closuit
Case: **4FA-03-2047 CI**    **SHARON C. POWERS**      Clerk: Brees

PROCEEDINGS: Ex Parte DV Hearing


PRESENT
Petitioner: pro se

| Time | |
|---|---|
| 09:30:49 | On record<br>Court calls case |
| 09:31:01 | **Witness Sworn:  Jason S. Colette**<br>        Fairbanks, AK<br>        self-employed |
| 09:31:25 | **Voir Dire by Court** |
| | We lived together about a year ago. |
| 09:31:52 | I've been trying to live my own life by myself.  She doesn't understand I don't want to be w/her.  She calls me constantly. |
| 09:32:13 | I won't even answer my phones anymore.  She's broken into my home. |
| 09:32:57 | **COURT - Probable cause to believe respondent has committed harassment and trespass.** |
| 09:34:15 | **Grant request for Ex-Parte Order.**<br>**No threats, acts of DV, stalking, or harassment.** |
| 09:34:24 | **No contact/communication except through attorneys, in court, or by U.S. mail.** |
| 09:34:38 | This morning I was going to print out e-mails to present to you.  She left foul messages on my computer. |
| 09:35:04 | **COURT - No contact/communication through e-mail.**<br>**Not to be in same building.** |
| 09:38:55 | **Not to be within 1/2 mile of residence: 1038 Lakeview.**<br>**Not to be at/call place of employment: Arctic Alarm.**<br>**Not to be at/call Barbara Collette's residence: 363 Parkway, NP.**<br>**Not to be at/call Allen Thornton's residence: 628 Front Street, Apt. B.** |
| 09:42:07 | **Not to be at/call Michael Stark's residence: Ina Street.**<br>**Not to be at/call Travis Collette's residence: Eagan Street.**<br>**Not to be at/call Lamon Washington's residence: Market Street.** |
| 09:43:45 | **Not to enter/follow vehicle.** |

_____

( )CC   ( )TO   ( )DOC   ( )PTS   ( )BW   ( )BWQ   ( )Log Notes to:

09:44:48            **Not to possess/use controlled substances.**
                    **Attempts by respondent to have contact or communication**
                    **w/family or friends may be construed as attempts by**
                    **respondent to violate the order.**

√                   **Six-month DV hearing 9/3/03 @ 1:15 pm w/WRS, crtm. 302.**

09:51:05    Clerk places phone call to probate department

09:51:46    Court discusses order, warns to be careful, and to report
            violations.

09:52:42    Respondent -
                    She is trying to slander me at her employment at DMV.
                    She drove by my place of employ and took plate numbers
                    of the cars at my shop and she ran the plates at work.

            Court - Talk to the troopers about that.

09:54:08    Off record