DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S OPPOSITION** |
| vs. | ) | **TO DEFENDANT COLETTE'S** |
| | ) | **MOTION TO REVEAL** |
| **JASON SCOTT COLETTE,** and | ) | **INFORMANTS** |
| KAREN KRISTINA KOCH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW  the United States of America, by and through counsel, and opposes defendant's motion to reveal informants.

Protecting the confidentiality of informants furthers the public interest in effective law enforcement.  As such, the Supreme Court has recognized a Government privilege from disclosing the identity of those who furnish

information on violations of the law to law enforcement officers: "[t]he privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Roviaro v. U.S., 353 U.S. 53, 59 (1957). However, the courts will balance the public interest in the flow of information against the defendant's right to prepare his defense. Id. at 62.

I.     IDENTITY

The intial burden is on the defendant to demonstrate the need for disclosure. U.S. v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986). The defendant must show more than a "mere suspicion" that the information is necessary for a fair trial. U.S. v. Henderson, 241 F.3d 638, 645 (9thCir. 2000).

Defendant's blanket request to disclose "all informants" in this case does not attempt to meet that threshold. The Defendant, in his motion to suppress evidence has identified two informants, those used by State of Alaska law enforcement officials to obtain a search warrant for the Defendant's residence on November 28, 2005. One of the informants has been previously identified as a potential witness in the Government's discovery. Thus, the Defendant knows the identity, as well as information on the evidence that witness can provide. It is unnecessary to identify the person as an informant in court documents that could potentially risk their safety.

The second informant discussed during the application for the search warrant appears to be only applicable for the determination of probable cause. A request for disclosure of an informant's identify on a determination of probable cause shifts the balance toward the government's protection of the informant

because it is a preliminary matter, not the final determination of guilt or innocence. <u>McCray v. State of Illinois</u>, 386 U.S. 300, 311 (1967). See also, <u>Fixen</u> at 1439. Because the Defendant has neither specifically identified any informant that has not already been disclosed, nor provided any showing of why these unidentified informants are needed for his defense, his motion to identify informants should be denied.

II.    "WHEREABOUTS"

In addition to requesting the identity of informants, the Defendant has also requested their "whereabouts." None of the cases cited by Defendant stand for the proposition that the government must provide the address of an informant, or other information that could be defined as "whereabouts." In fact, in both cases cited by the Defendant that discuss the issue of address, the appeals courts held that the trial courts appropriately withheld address information. <u>U.S. v. Hernandez</u>, 608 F.2d 741, 745 (9th Cir. 1979) and <u>U.S. v. Bower</u>, 575 F.2d 499, 503 (5th Cir. 1978).

The Defendant has made no showing that persons previously identified through discovery as potential witnesses in this case are unavailable to the Defendant through reasonable investigation. Requiring more information about potential witnesses is akin to requiring the Government to turn over advance witness lists to the defense, a practice that was rejected in <u>U.S. v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996). The court in Hicks analyzed the changes to Federal Rule of Criminal Procedure 16 that were proposed in Congress in 1975. <u>Id</u>. The House of Representatives proposed a witness list requirement that included providing addresses. The Senate specifically rejected that proposal: "making the names and

addresses of a party's witnesses nondiscoverable." <u>Id</u>.  The Conference Committee adopted the Senate position, specifically finding that is was not in the interest of "effective criminal justice to require that the government or the defendant be forced to reveal the names and addresses of witnesses before trial. <u>Id</u>.

III.    INFORMATION

The Defendant also requests significant information about about "any informants" in the instant case.  This overbroad request for information includes criminal histories, information on prior misconduct, consideration given to the informant by the government, and the catchall "any and all records and information which arguably could be helpful or useful to the defense...."

None of the cases cited by the Defendant stand for the proposition that this information is appropriately the subject of a motion to disclose informants.  The cases cited recognize that certain information can be valuable for defendants to use at trial, but does not address or support the Defendant's contention that a motion to identify informants is the appropriate procedure.

However, one of the cases cited by the Defendant does recognize that the information at issue is subject to the requirement of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  In <u>Bagley v. Lumpkin</u>, 719 F.2d 1462, 1463 (9th Cir. 1983), the Ninth Circuit Court of Appeals recognized that information about money received from the government by government witnesses should have been disclosed to the defense under <u>Brady</u>.  The appropriate method for requesting the information sought by the Defendant is a request to the Government under the provisions of <u>Brady</u> and <u>U.S. v. Giglio</u>, 405 U.S. 150 (1972).

Moreover, the Local Criminal Rules for the United States District Court for

the District of Alaska ("Local Rules"), specifically Local Rule 16.1(d), require that discovery motions include a certification that the issues set out for decision in the motion are genuinely in dispute between the parties.  The Government is prepared to respond to an appropriate request for discovery on these issues, which is the appropriate mechanism, vice a motion to the court.  Thus, the Government cannot agree that these issues are in dispute until given a chance to respond to an appropriate discovery request.  The Defendant's motion should be denied without prejudice pending an appropriate request to the Government.

IV.    CONCLUSION

The Defendant's request for the Government to reveal "all informants" does not provide sufficient identity information or a specific basis for the need for the informant.  Moreover, the identity of key witnesses has already been provided to the Defendant during discovery.  Thus, the motion to identify "any informant" should be denied.  The Defendant has cited no authority for the proposition that the Government should be required to provide the "whereabouts" of an informant, and providing address information on specific witnesses is not required.   Thus, the Defendants motion to provide information on the "whereabouts" of informants should be denied.  Finally, the Defendant has inappropriately used his motion to go around the discovery process to obtain information on informants.  The correct method to obtain available information, both by law and local rule, is to make an appropriate request to the Government.  Thus, his motion for information on

informants should also be denied.


RESPECTFULLY SUBMITTED this 31st day of March, 2006, at

Fairbanks, Alaska.

DEBORAH M. SMITH
United States Attorney

s/Bryan Schroder
BRYAN  SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov
WA #21146

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31st,  2006,
a copy of the foregoing **GOVERNMENT'S
OPPOSITION TO DEFENDANT COLETTE'S
MOTION TO REVEAL INFORMANTS,**
was served, via Electronic Filing, on:

**Rex Lamont Butler**
and
**Richard W. Wright**


s/Bryan Schroder