DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>**JASON SCOTT COLETTE,** and<br>**KAREN KRISTINA KOCH,**<br><br>               Defendant. | Case No.  4:05-cr-042-RRB<br><br>**GOVERNMENT'S COMBINED OPPOSITION TO DEFENDANT COLETTE'S MOTIONS TO SUPPRESS AND FOR A FRANKS HEARING** |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motions to suppress evidence, suppress statements, and for a hearing under Franks v. Delaware, 438 U.S. 154 (1978), hereinafter, a Franks hearing.

I.  INTRODUCTION

In his instant motions, consolidated for this government response, the Defendant moves: (1) to suppress evidence obtained during the execution of a Search Warrant issued by State magistrate on November 28, 2005 for the Defendant's home, (2) to suppress unidentified statements made by the Defendant after his arrest on November 28, 2005, and (3) for a <u>Franks</u> hearing for alleged omissions during the testimony leading to the issuance of the search warrant, The Government's response to Defendant's motion for disclosure of informants is filed seperately. In addition, the Defendant requests an evidentiary hearing on the motion to suppress statements. The Government opposes the motions to suppress evidence, and for the <u>Franks</u> hearing. As for the motion to suppress statements, the Defendant does not identify any specific statements, the Government has no documented statements made by the Defendant during the time frame addressed by the Defendant, and thus does not intend to use any such statements made by the Defendant in its case in chief. The government opposes an evidentiary hearing because none is required.

The magistrate heard more than sufficient information to support a finding of probable cause, including direct, detailed testimony from an identified informant who bought cocaine from the Defendant on a number of occasions, including in the days preceding his testimony. That testimony was supported by corroboration of a law enforcement officer and information from a past informant. A <u>Franks</u> hearing is not supported by the Defendant's allegations. The Defendant has made no showing that any alleged omissions were made intentionally or recklessly. Moreover, the omissions alleged by the Defendant would not have caused the Magistrate to alter his decision on probably cause, and are thus immaterial.

II.   FACTS

On November 28, 2005, law enforcement officials in Fairbanks applied for a search warrant for 1038 Lakeview Terrace, the home of Jason Colette. Docket 51, Defendant's Motion to Suppress Evidence, Exhibit A, p. 2.  In support of that application, an Assistant District Attorney (ADA) provided the testimony of two witnesses directly to the magistrate. Id.  The first witness was identified at the time by his designation as a confidential informant.  The Informant had been apprehended by law enforcement officers that morning. Id. at p.8-10.  The Informant agreed to provide information on a significant cocaine dealer in Fairbanks, in return for a lesser charge and testimony by the police about his cooperation. Id. at 8-9.  The Informant testified that he bought cocaine from Jason Colette at his residence on Lakeview Terrace.  He had bought cocaine from Colette for 1-2 years, and had bought cocaine from Colette in the past few days. Id. at 5-6.  He provided details on the Defendant's cocaine distribution operation, including the large amount of cocaine that he kept on hand, packaged in one ounce increments; that he kept the cocaine in a safe in his bedroom;  that he had weapons, including a machine gun, identified by the Informant as an "Uzi." Id. at 5-7. The ADA also identified that the Informant had no felony convictions, and went over his understanding of the terms of his agreement. Id. at 8-9.

Also testifying that day was Sergeant (Sgt.) Ronald Wall of the Alaska State Troopers. Sgt. Wall testified about the terms of the agreement with the Informant, testified about how he worked with the Informant to corroborate the location of the cocaine purchases, and his own use of computer databases to confirm that the residence was occupied by Jason Colette. Id. at 10-11.  Sgt. Wall also testified about

a past informant with knowledge of the Defendant's cocaine operation. The informant, who Sgt. Wall identified as residing with the Defendant at the time, had provided specific information about the Defendant's use of the residence to make cocaine deals, such as the significant amounts, and the use of the safe in his bedroom to store cocaine and large amounts of cash. Id. at 11. At the time, this informant had provided information to Sgt. Wall that he corroborated, leading to his conclusion that the informant was credible. Id. at 15.

Based upon this information, the magistrate issued the search warrant. Id. at 18. As described in previous testimony before the court in the preliminary hearing, law enforcement officers served the search warrant later that day, and finding the scene as described by the informant, seized 23 one-ounce bags of cocaine, $38,848 in cash, and a number of guns, including handguns and a fully automatic MAC 10 machine gun with a silencer. The officers also found other evidence of a drug distribution operation, including a scale, packaging material, and a currency counter. After officers also found checks from Arctic Alarm and Audio, the Defendant's business, they sought and received a search warrant for the business. Docket 51, Defendant's Motion to Suppress Evidence, Exhibit C, p.4.

### III.   THE MAGISTRATE HAD A SUBSTANTIAL BASIS FOR FINDING PROBABLE CAUSE TO ISSUE A SEARCH WARRANT

    A.   Standards

        1.   Review of Magistrate

The courts apply a narrow standard of review for a magistrates determination of probable cause for a search warrant: "[t]he duty of a reviewing court is simply to

ensure that a magistrate had a 'substantial basis' for ... concluding that probable cause existed." U.S. v. Stanert, 762 F.2d 775, 779 (9th Cir. 1985) ( quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).  The court may not reverse the magistrates decision unless they determine it to be "clearly erroneous."  Stanert at 779.  See also, U.S. v. Estrada, 733 F.2d 683, 684 (9th Cir. 1984).

  2. Probable Cause

The Supreme Count in Gates, adopted a "totality of the circumstances test," replacing the existing two part test of Aguillar v. Texas, 378 U.S. 108 (1964) and Spinelli v. United States, 393 U.S. 410 (1969).  The Aguillar-Spinelli test, as it was known, required a two pronged examination of probable cause.  The magistrate had to find that there was a sufficient "basis of knowledge" and the source of the information had adequate "veracity."  Gates at 230, n. 6.  The Court found that this standard was too technically rigid for the determination of probable cause:  "In dealing with probable cause...as the very name implies, we deal with probabilities.  These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act."  Gates at 231, (quoting Brinegar v. United States, 338 U.S. 160 (1949)).

One of the most significant changes brought by the totality of the circumstances test was that while basis of knowledge and veracity were both important factors, a strong showing in one area could make up for lesser evidence of another.  U.S. v. Ayers, 924 F.2d 1468, 1478 (9th Cir. 1991). For example an informant's strong basis of knowledge, including firsthand observation , along with explicit and detailed descriptions of the wrongdoing, "entitles his tip to greater weight than might otherwise be the case."  Gates at 234.

B.   Informant Testimony at Hearing

In this case, the magistrate had more than sufficient information to find probable cause to search the Defendant's residence, certainly any review of the magistrates decision must find that he had a "substantial basis."

1.   Face to Face with Magistrate

The magistrate had the important advantage of seeing the informant testify, not just read the informant's information in a cold affidavit.  Courts have found that face to face witnesses that provide information to directly to the magistrate, under oath, provide a high level of reliability: "Rather, she appeared in person before the magistrate and testified under oath.  This action provides powerful indicia of veracity and liability." U.S. v. Elliot, 893 F.2d 220, 223 (9th Cir. 1990).  In this situation, the informant has another strong motive to tell the truth. When an informant testifies under oath at a search warrant application hearing, any false information given subjects them to perjury charges:  " 'independent corroboration of informant's reliability' unnecessary when 'the informant comes forward to give an eyewitness account regarding the crime under oath, and subjects himself to perjury if the information is false.' " Id. (quoting U.S. v. Hunley, 567 F.2d 822, 827 (8th Cir 1977).

2.   Eyewitness Account

The informant was providing personal knowledge of the Defendants cocaine distribution operation, not hearsay.  A first hand account of the crime bolsters the credibility and reliability of the person providing the information: "[a] detailed eyewitness report of a crime is self corroborating; it provides it's own indicia of reliability." Estrada at 686. (quoting U.S. v. Banks, 539 F.2d 14, 17 (9th Cir.), cert. denied, 429 U.S. 1024 (1976)).  See also, Elliot at 224 (quoting U.S. v. Pelham, 801

F.2d 875 (6th Cir. 1986)) ("When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence.").

   3.  Detailed knowledge

The informant's detailed description of how the Defendant did business in his residence significantly enhanced his credibility. The informant accurately described that the Defendant did business in his bedroom, that he often kept a significant amount of cocaine, from ½ kilogram to a full kilogram at a time, that he stored his cocaine and money in a safe in the bedroom, and that he had weapons, specifically hand guns and a machine gun. This type of detailed knowledge, especially when combined with direct eye-witness observations, create a strong case for credibility under a totality of the circumstances analysis. Estrada. at 685-86. Defendant alleges that the Informant was inconsistent or incorrect in some of his statements. The court's review of Docket 51, Exhibit A will show that the Defendant is incorrect in most of his allegations, and moreover, any differences would be minor. Minor differences do not lessen the impact of the Informant's detailed description of the key aspects of how the Informant bought cocaine from the Defendant for a period of 1-2 years.

   4.  Timely Knowledge

The informants information was timely. He had purchased cocaine from the Defendant just days before his testimony, and seen a significant amount of cocaine at the Defendant's residence

   5.  Statements Against Penal Interest

The informant's testimony also exposed him to significant criminal liability. The Supreme Court has held that statements against penal interest carry their own indicia of reliability:

> Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility-sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct. Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another.

United State v. Harris, 403 U.S. 573, 583-84 (1971). The Court in Harris found that the admissions of the informant that he had engaged in the illegal purchase of liquor from the same premises for 2 years, and had purchased recently, by itself provided probable cause. Id. At 584. In this case, the informant admitted purchases of cocaine from the Defendant for the past 1-2 years, not just the purchase immediately before his apprehension. This opened the informant to significant additional culpability, including possible conspiracy charges. Even in cases of lesser culpability for the informant, their statements against penal interest are still an important factor under the totality of the circumstances analysis of probable cause. U.S. v. Roberts, 747 F.2d 537, 544 (9th Cir. 1984).

The Defendant has provided citations to cases on the issue of informant corroboration. Cases like Florida v. J.L., 529 U.S. 266 (2000) are readily distinguishable. The informant in J.L. was a completely anonymous phone tip, with no indication of the source of the informant's knowledge. In this case, the Informant

is known, was presented to the magistrate, and demonstrated a clear basis for his knowledge of the Defendant's cocaine sales activity.

C.   Corroboration by Law Enforcement Officers

In addition to the testimony of the informant, Sgt. Wall corroborated the basic information available to him. He went with the informant to confirm which address on Lakeview Terrace was location identified by the informant, and he used a computer data base to confirm that Jason Colette was the listed resident. While these efforts do not themselves provide probable cause, they add support for probable cause under the totality of the circumstances analysis.

D.   Corroboration by Past Informant

The officer in this case was also able to corroborate the information provided by the testifying informant with information by a past informant. Sgt. Wall had information from a past informant that resided with the Defendant that closely tracked the details of the testimony heard by the magistrate. The past informant identified that the Defendant kept significant amounts of cocaine and cash in a safe in his bedroom. Moreover, Sgt. Wall reported that he had been able to corroborate information from the past informant, leading to his belief that the previous informant was credible. This is similar to the fact pattern in Harris, where the law enforcement officer had an informant who had bought illicit whisky from Defendant Harris for a two year period, and as recently as two weeks. The detailed information from the informant, when combined with corroborating information from the officer's other sources, which were not defined for the magistrate, was found by the Supreme Court to be sufficient probable cause. Harris at 575-580. The magistrate's substantial basis

in the instant case is even stronger because the main informant was known to him, and testified directly.

IV.   OFFICERS HAD GOOD FAITH TO BELIEVE THAT THE SEARCH WARRANT WAS VALID

Even if a court determines that there was insufficient probable cause to support the search warrant, the evidence should not be suppressed if the law enforcement officer relies in good faith on the warrant's validity. U.S. v. Leon, 468 U.S. 897, 920-921 (1984). Sgt. Wall proceeded in good faith in this instance. He had detailed, first-hand information about a significant cocaine dealer. His information was corroborated past information he had also obtained about the Defendant. He brought the informant to the magistrate, so the judicial officer could ask any questions he deemed appropriate and personally observe the informant.

The defendant suggests that Sgt. Wall omitted certain facts from his testimony. However, some information will be omitted from all warrant applications. The officer, by necessity, must select the information he deems relevant and important. The officer cannot dump the contents of their files in front of the magistrate. By dredging up a handful of alleged omissions, the Defendant does not demonstrate bad faith. Sgt. Wall demonstrated his good faith by working with the ADA to assure that he was providing sufficient information. U.S. v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1993). Moreover, bringing the informant before the magistrate, allowing the judicial officer to ask his own questions, also shows that Sgt. Wall was making no attempt hide information.

V.   DEFENDANT'S ALLEGATIONS DO NOT MEET THE REQUIREMENTS FOR A FRANKS HEARING

   A.   STANDARDS

Franks requires a "substantial preliminary showing" to trigger an evidentiary hearing on the validity of the affidavit or testimony underlying a search warrant. To fulfill that requirement, the defendant must the defendant must: (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) contend that the false statements or omissions were deliberately or recklessly made; (3) make a detailed offer of proof, including affidavits, to accompany the allegations; (4) challenge only the veracity of the affiant; and (5) show that the challenged statements must be necessary to find probable cause. U.S. v. DeCesare, 765 F.2d 890, 894-95(9th Cir. 1985). The principles of Franks have also been applied to deliberate or reckless omissions that mislead the judicial officer, as well as false statements. Stanert at 780-781.

The requirement of a substantial preliminary showing is not lightly met. "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit or a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998). (internal citations omitted).

The defendant bears the burden of proving a Franks violation by a preponderance of the evidence. United States v. Dozier, 844 F.2d 701, 705 (9th Cir. 1988). The defendant must further demonstrate that the agent intentionally or recklessly made the false statement or omission. Mere negligence or inadvertence does not constitute a Franks violation. Id.; See also, United States v. Collins, 61 F.3d

1379, 1384 (9th Cir. 1995) (holding that agent's knowledge of a fact (a specific date) and his failure to include it in an affidavit constituted negligence or innocent mistake and did not justify a hearing); United States v. Hole, 564 F.2d 298, 302 (9th Cir. 1977) (holding that innocent misstatements that are not intentional or reckless, even if material, will not vitiate an otherwise sufficient affidavit); United States v. Botero, 589 F.2d 430, 433 (9th Cir. 1978) (holding that misstatements or omissions in the affidavit are fatal only if reckless and if made with intent to deceive court).

     Identifying intentional omissions and misstatements alone, however, is not enough to warrant a Franks hearing. The defendant has to show that the deceptions were material; that is he or she has to show that the issuing Magistrate Judge could not have found probable cause absent the omissions or false statements. Franks, 438 U.S. at 171-72. Courts have also denied a Franks hearing where the allegation is a failure to investigate, not a deliberate omission or falsity. See United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (Denying hearing in mail fraud case where allegation of omission in search warrant affidavit depended on claim agent should have probed facts further); United States v. Miller, 753 F.2d 1475, 1478 (9th Cir. 1985) ("It might have been prudent for the federal agents to check on [an informant's] background and criminal record, but their failure to do so is not reckless disregard.").

     B.    Allegations

     The Defendant makes no allegations that Sgt. Wall made false statements to the court, only that he made certain omissions. The defendant alleges that Sgt. Wall failed to notify the court (1) of the Informant's arrest and misdemeanor conviction record, (2) that the Informant has a history of drug and alcohol abuse, (3) that there was a "discrepancy" about cooperation arrangement between the Informant and the

police, and (4) that the past informant who provided information had a "hostile" relationship with the Defendant.  Only one of these allegations, the "hostile relationship," is supported by any documentation.  Thus, the Defendant has not met his first burden on three of the allegations of omissions.

    C.    Alleged Omissions Unsupported by Evidence of Intent to Deceive the Court

Most importantly, here is no specific contention that Sgt. Wall deliberately or recklessly omitted the information cited by the Defendant.  There are no supporting documents, including affidavits, for such a contention.  The Defendant appears to believe that a bald assertion about the omission of facts by itself triggers a <u>Franks</u> hearing, arguing that "whether or not" Sgt. Wall knew about the omitted information should be subject to a <u>Franks</u> hearing.  As cited above, mere allegations of omissions are not sufficient to cause a Franks hearing.  <u>Mathison</u> at 548.  Requesting a hearing without supported allegations of intent to deceive the court or reckless disregard for the truth is using <u>Franks</u> as a fishing expedition.

If anything, as discussed previously, Sgt. Wall took significant steps to assure that he would provide all the information that the court needed.  He presented the information through the ADA, and submitted the informant and himself for testimony in front of the magistrate.  Due to the failure to show, or even allege, deliberate deception or recklessness, the court should deny the Defendant's request for a <u>Franks</u> hearing on all four allegations.

    D.    Alleged Omissions not Material to the Magistrates Decision

The Defendant's request for a <u>Franks</u> hearing should also be denied because even if the information in the Defendant's allegations were provided to the

magistrate, a reasonable person would still find probable cause to issue the search warrant. U.S. v. DeLeon, 979 F.2d 761, 764 (9th Cir. 1992).

        1.      Criminal History

The criminal history alleged by the Defendant includes arrests and misdemeanor convictions. The offenses tend toward driving and alcohol, but also include domestic violence and assault offenses. Defendant makes much of the case of U.S. v. Hall, and Judge Kleinfeld's obvious concern about aspects of the informants criminal history that were not revealed to the magistrate. 113 F.3d 157 (9th Cir.) However, it is precisely the nature of the criminal offenses that significantly distinguish the the instant case. In Hall, the informant had an extensive criminal history including assault, burglary, and larceny. With full knowledge of those offenses, the magistrate believed the informant credible enough to issue a search warrant. However, the law enforcement officer failed to mention that the informant also had a conviction for falsely reporting a crime. Based on this significant omission, the court determined that suppression of the evidence was appropriate. Id. at 161.

In interpreting Hall, other panels in the Ninth Circuit have also focused on whether the informant's past offenses have been crimes of dishonesty. U.S. v. Reeves, 210 F.3d 1041 (9th Cir. 2000). None of the alleged violations of the informant involve crimes of dishonesty. Thus, they would not have reasonably deterred the magistrate from issuing a search warrant based upon the informants, detailed, eye-witness, corroborated information.

        2.      Alcohol/Drug Abuse

The Informant was brought before the Magistrate as a cocaine dealer.  Thus, any concern the magistrate might have had about the Informant's moral fiber based on alcohol or drug abuse would have paled by comparison.  As to whether alcohol or drug abuse were effecting his testimony, the Magistrate was observing him directly, and could make his own determination of any infirmities.  Additional information about alleged drug or alcohol abuse would not have effected the Magistrate's decision.

      3.      Cooperation Arrangement

The issue of the Informants cooperation agreement was explored on the record of the hearing.  While the Informant may have been expressed his understanding of the agreement in less technical terms than the ADA or Sgt. Wall, the basic terms of the agreement come through: in return for his cooperation, the Informant would receive a lesser charge, the officer agreed to testify about the informant's cooperation, and the informant hoped to receive no jail time.  Moreover, if this issue had any great effect on the magistrate's decision, he would have asked for additional clarification.  The fact that he did not make additional inquiry indicates that this was not a material issue.

      4.      Domestic Disturbance issues with past informant

The information provided by the Defendant only provides the baldest support for his allegations that he had a "hostile relationship" with the past informant.  The statements provided in the Defendant's motion are not facts, they are one-sided assertions from ex-parte applications for a restraining order.  Moreover, Courts have found that this type of motivation from an informant with a personal relationship to

the defendant is does not damage credibility, and in fact may heighten the informant's veracity. Elliot at 224 (citing Massachusetts v. Upton, 466 U.S. 727, 729 (1984)).

What is more telling from the documentation provided by the Defendant is that on both occasions where the Defendant filed for ex-parte restraining orders, the court scheduled hearings and the Defendant failed to appear. The Defendant's failure to appear and defend his allegations make his claims extremely suspect, then and now. The magistrate would not have paid serious regard to those unsupported allegations, and would have still found probable cause.

As for the Defendant's request for a Franks hearing, he has failed to meet his threshold burden of making a substantial preliminary showing of specific admissions, of the materiality of the alleged omissions, and most importantly, of any indication that Sgt. Wall acted deliberately or recklessly to mislead the court. The Defendant's motion for a Franks hearing should be denied.

VI.  THE DEFENDANT"S MOTION TO SUPPRESS EVIDENCE FOUND AT THE DEFENDANT"S BUSINESS MUST BE DENIED BECAUSE THE DEFENDANT HAS NOT MADE A SUFFICIENT SHOWING THAT THE EVIDENCE SUPPORTING THE SEARCH WARRANT WAS IMPROPERLY OBTAINED.

As shown by the Government in sections III and IV above, the magistrate had a sufficient basis for finding probable cause to search the Defendant's residence. Moreover, even if the court finds that the evidence was not sufficient, the officers serving the search warrant on the Defendant's residence did so in good faith reliance on the validity of the warrant. Thus, the evidence obtained during the search of Defendant's residence on November 30, 2005 was properly used by the officers who

applied for and received the subsequent search warrant for the Defendant's business. The evidence obtained during the search of the business is admissible, and the Defendants motion should be denied.

VII. THE DEFENDANT"S MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED BECAUSE THE DEFENDANT HAS NOT SUFFICIENTLY IDENTIFIED THE STATEMENTS TO BE SUPPRESSED, AND THE GOVERNMENT DOES NOT INTEND TO INTRODUCE ANY STATEMENTS LIKE THE ONES DESCRIBED BY THE DEFENDANT.

In the Defendant's Motion to Suppress Statements, he asks the court to suppress statements he is "alleged" to have made after his arrest on November 28, 2005. The Government has no documented statements of the Defendant for the period after his arrest on November 28, 2005, and does not intend to introduce any such statements in its case in chief.

Government Counsel has conferred with the Federal law enforcement officers who arrested the Defendant on November 28, 2005. The officers advised the Defendant, who was in local custody, about his arrest, including the charges based on the earlier search of his residence. They conducted no interrogation of the Defendant.

Because the Defendant has not identified any statements with particularity, and the Government does not intend to introduce any statements as generally described by the Defendant, the Defendant's motion to suppress should be denied. If the Government's situation changes, we will petition the court before introducing any potentially related evidence.

Because the Government will not introduce any statements the Defendant is seeking to suppress, no evidentiary hearing is required. Any evidentiary hearing would simply be an attempt by the Defendant to conduct unauthorized discovery. The Government requests that the Defendant's request for an evidentiary hearing be denied.

VIII. CONCLUSION

Based upon detailed, timely, eye-witness information provided directly to Alaska State Magistrate by an informant, supported by corroboration by a law enforcement officer and one of the officer's past informants, the Magistrate had a substantial basis for finding probable cause to issue a search warrant for the Defendant's residence. Even if the court were to determine that the evidence was insufficient, the officers, who worked with the Assistant District Attorney to present the key witness directly to the Magistrate, reasonably and in good faith relied on the validity of the search warrant. Thus, the Defendant's motion for suppression of the evidence found in the Defendant's residence should be denied. Also, because the evidence found at the home was properly obtained, it was appropriately used to acquire a subsequent search warrant for the Defendant's business. Therefore, the Defendant's motion to suppress evidence found at the business should also be denied.

Moreover, because of Defendant's failure to support his allegations for three of the four alleged omissions, failure to provide any direct allegation or support that the law enforcement officers purposefully or recklessly omitted information to deceive the court, and failure to adequately show the materiality of the alleged omissions, the Defedant's motion for a <u>Franks</u> hearing should be denied.

Finally, because the Defendant has not sufficiently identified the statements to be suppressed, and the Government does not intend to introduce any statements like the ones described by the Defendant, the Defendant's motion to suppress statements should also be denied.

RESPECTFULLY SUBMITTED this **31st** day of March, 2006, in Fairbanks, Alaska.

DEBORAH M. SMITH
United States Attorney

s/Bryan Schroder
BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov
WA #21146

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31st, 2006, a copy of the foregoing **GOVERNMENT'S COMBINED OPPOSITION TO DEFENDANT COLETTE'S MOTIONS TO SUPPRESS AND FOR A FRANKS HEARING**, was served, via Electronic Filing, on:

**Rex Lamont Butler**
and
**Richard W. Wright**

s/Bryan Schroder