DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT KOCH'S** |
| | ) | **MOTION TO SEVER** |
| JASON SCOTT COLETTE, and | ) | |
| **KAREN KRISTINA KOCH**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel , and

opposes defendant Karen Koch's  motion to sever.

I.  INTRODUCTION

The Federal Rules of Criminal Procedure, supported by case law from the Supreme Court and the Ninth Circuit Court of Appeals, provides a preference for joint trials.  Severance of properly joined defendants is only granted if the defendant shows significant prejudice.  The courts have generally found that the prejudice must be of a significant trial right, not simply that there was more time between indictment and trial than the defendant believed was appropriate, or the defendant encountered personal difficulties that normally come with being a co-defendant in a joint trial.

The Defendant has provided no support for her contention that obtaining a trial more quickly is an appropriate basis for severance. Moreover, the Defendant has not made a sufficient showing that she has suffered significant prejudice. She is not confined, and the court and the Government has indicated a willingness to allow her to adjust her conditions of release to include work and other appropriate activities.  Thus, any prejudice due to the length of the delays requested by her co-defendant have been mitigated. Finally, she has not alleged any prejudice related to her right to a fair trial.

II.    FACTS

The Defendant was indicted on December 14, 2005, and arraigned on December 16, 2005. She was granted a hearing on bail and conditions of release on December 21, 2005, and released under conditions to her mother as a third party custodian. Her co-defendant, Jason Colette was indicted on the same day, arraigned on December 16, 2005, and remains in custody.

On December 16, 2005, Bill Bryson entered an order of appearance for Defendant Colette. On January 11, 2006, Mr. Bryson was unfortunately found deceased. At a status hearing on January 18, 2006, Defendant Colette indicated a continuing desire to employ a private attorney of his own choosing. Unfortunately, the attorney appointed as trustee to oversee Mr. Bryson's law practice indicated that none of the retainer provided by Defendant Colette's family was available to be returned. The court granted a continuance, and allowed time in the schedule of motions practice for Mr. Colette's family to attempt to raise funds for another private attorney. In the interim, the court assigned an attorney from the office of the Federal Public Defender.

On March 21, 2006, Rex Lamont Butler entered an appearance for Defendant Colette. In a status hearing on March 23, 2006, Defendant

Colette made a request for a second continuance to allow Mr. Butler to

properly litigate motions practice and prepare for trial.  Defendant Koch's

counsel did not appear at the status conference, but indicated that his client

would file the instant motion to sever.

III.    SEVERANCE SHOULD NOT BE GRANTED BECAUSE JOINT
        TRIALS ARE PREFERRED IN THE U.S. FEDERAL LEGAL
        SYSTEM, AND JUDICIAL ECONOMY AND EFFICIENCY IN
        THIS CASE WEIGH STRONGLY IN FAVOR OF A JOINT TRIAL

Federal Rule of Criminal Procedure 8(b) states that"[t]wo or more

defendants may be charged in the same indictment or information if they are

alleged to have participated in the same act or transaction or in the same

series of acts or transactions  constituting an offense or offenses."  The

Supreme Court has held that there is a preference within the federal system

for joint trials of defendants who are indicted together, stating that joint

trials "play a vital role in the criminal justice system."  U.S. v. Zafiro, 506

U.S. 534, 537 (1993), quoting Richardson v. Marsh, 481 U.S. 200, 209

(1987)).  The Court found that joint trials promote efficiency, and help

avoid the "scandal and inequity" of inconsistent verdicts. Id.  The Ninth

Circuit Court of Appeals has interpreted this preference as requiring that co-

defendants that are charged together should be, *prima facie*, tried together.

U.S. v. Baker, 10 F.3d 1374, 1387 (9th Cir. 1993).

However, the Federal Rules of Criminal Procedure, in Rule 14, also

allows a defendant's trial to be severed from that of a co-defendant if the

moving defendant makes a sufficient showing of prejudice. This requires

more than a showing of simple prejudice.  The prejudice must be of such significance that the defendant was denied a fair trial. U.S. v. Escalante, 637 F.2d 1197 (9th Cir. 1980).  As the Ninth Circuit Court of Appeals has held: "[c]learly, this is not an easy burden to meet."  Id.

The court must balance the alleged prejudice against the "obvious interest of judicial economy…."  The Ninth Circuit has instructed it's courts that "[s]erious consideration is properly to be given to the factor of judicial economy by the trial court in the exercise of its discretion when severance is sought."  U.S. v. Kennedy, 564 F.2d 1329, 1334 (9th Cir. 1977).

Factors weighing in favor of the judicial economy and efficiency of a joint trial are strong in this case.  The charges in this case are centered around the execution of a search warrant on the residence of both defendants on November 28, 2005.  During the execution of the search warrant, law enforcement officers found 23 individually packaged ounces of cocaine; packing, weighing, and counting materials used in a cocaine distribution operation; and a fully automatic machine gun with a silencer. Defendant Koch's false statements were made at the time of the search warrant. Thus, the witnesses against both the defendants will mostly be the same, and will provide essentially the same testimony.  It would be a significantly inefficient use of the court's resources, as well as the time of the jury, the government, and the witnesses, to hold two trials.

IV.    DEFENDANT KOCH HAS NOT ALLEGED PREJUDICE OF THE
       TYPE OR SUFFICIENCY TO REQUIRE SEVERENCE

Rules 8(b) and 14 " 'are designed to promote economy and efficiency
and to avoid a multiplicity of trials, where these objectives can be achieved
without substantial prejudice to the right of the defendants to a fair trial.'"
Baker at 1387 (citing Bruton v. U.S., 391 U.S. 123, 131 (1968)(quoting
Daley v. U.S., 231 F.2d 123, 125 (1st Cir.), cert. denied 351 U.S. 963
(1956))).

The Supreme Court has focused on the rights that a defendant has at
trial when determining prejudice:

> We believe that, when defendants properly have been
> joined under Rule 8(b), a district court should grant a severance
> under Rule 14 only if there is a serious risk that a joint trial
> would compromise a specific trial right of one of the
> defendants, or prevent the jury from making a reliable
> judgment about guilt or innocence.

Zafiro at 539.

The Court specifically focused on examples of evidence in a multi-
defendant case that may be admissible against one, but would prejudice
another. Id. The Ninth Circuit Court of Appeals have also focused on
violations of "substantive rights" that would deny a defendant a fair trial.
Escalante at 1201.

The courts have found that a number of basis put forward by
defendants are not sufficient prejudice.  If a defendant alleges that separate
trials would increase their likelihood of acquittal, that is not sufficient
prejudice.  Baker at 1388.  Nor does the fact that a defendant is being tried

with a more culpable co-defendant require severance. Id. A simple allegation that the defendant would have gotten a faster trial is also insufficient; the defendant must show " 'prejudice greater than that which necessarily inheres whenever multiple defendants … are tried together." U.S. v. Casas, 425 F.3d 23, 37 (1st Cir. 2005) (citing U.S. v. LiCausi, 167 F.3d 36, 48-49 (1st Cir. 1999) (quoting U.S. v. Walker, 706 F.2d 28, 30 (1st Cir. 1983))).

Moreover, a defendant must allege prejudice with sufficient particularity; "broad and general" allegations are not enough for the court to grant severance. Id. at 1389.

The Defendant has not shown the type of "legally cognizable" prejudice that the courts have generally found to trigger severance. Zafiro at 541. The difficulties described by the Defendant related to the conditions of her release do not "compromise a specific trial right" as defined in Zafiro. An indicted defendant awaiting trial must expect a certain amount of disruption in their private life. That disruption will not prevent the defendant from getting a fair trial.

Moreover, the Defendant has not shown that her difficulties rise to the level of sufficiency of prejudice that might trigger severance. The Defendant is not in custody, having been released under conditions soon after her arraignment. In addition, at a recent hearing to modify those conditions, both the Government and the court have shown their willingness to appropriately modify her conditions to allow her to work. While the Defendant would certainly prefer to have her trial prior to the current date in July recently set by Judge Beistline for Defendant Colette, she has not

shown sufficient reasons why her right to a fair trail would be significantly prejudiced.

V.     CONCLUSION

The Federal Rules of Criminal Procedure show a preference for joint trials.  The courts have supported the principle that joint trials promote judicial efficiency and economy, along with consistency of outcomes.  In this case, where the charges against both defendants stem from the same event, and will entail evidence from many of the same witnesses, judicial economy and efficiency weigh strongly in favor of a joint trial.

The Federal Rules of Criminal Procedure only permit severance of defendants based on a showing of prejudice.  This showing must be made with particularity, and show significant prejudice.  When determining legally cognizable reasons for severance, the courts have focused on the trial rights of the defendant: whether the prejudice shown will prevent the defendant from getting a fair trial.  Defendant Kock has provided no support for her proposition that getting a trial sooner than a co-defendant is an appropriate basis for severance.  Moreover, the Defendant has not shown a significant level of personal prejudice.  The Defendant is not confined, and the court and the Government have indicated a willingness to modify her conditions of release.

//

//

//

//

Thus, the Defendant's motion for severance should be denied.

RESPECTFULLY SUBMITTED this 6th day of April, 2006, in Fairbanks, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Bryan Schroder
BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov
WA #21146

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2006,
a copy of the foregoing **GOVERNMENT'S
OPPOSITION TO DEFENDANT KOCH'S
MOTION TO SEVER,**
was served, via Electronic Filing, on:

**Rex Lamont Butler**
and
**Richard W. Wright**

s/Bryan Schroder