Rex Lamont Butler
745 W. 4th Ave., Suite 300
Anchorage, Alaska, 99501
(907)272-1497
Attorney For Jason Scott Colette

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**JASON SCOTT COLETTE**, and )<br>KAREN KRISTINA KOCH, )<br>)<br>Defendants. )<br>_____ ) | Case No. 4:05-cr-042-RRB |

### DEFENDANT COLETTE'S REPLY TO GOVERNMENT'S OPPOSITION TO COLETTE'S MOTION FOR DISCLOSURE OF INFORMANTS

Comes Now, Jason Scott Colette, by and through his attorney, Rex Lamont Butler & Associates, Inc., and tenders his reply to the Government's opposition to his motion for disclosure of informants, as follows:

Although the Government has an interest in maintaining the confidentiality of its informants, disclosure of informants' identity should be permitted when it is helpful to the defense or is essential to a fair determination of the case. Roviaro v. U.S., 353 U.S. 53, 60-61 (1957). Such is the case here. It is vitally important in evaluating the search warrant to learn the identity of the hearsay

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Colette's Reply To Opposition**
**To Motion For Disclosure.**
                                        Page 1

informant.[1]  Moreover, both the hearsay informant and the informant who testified at the search warrant proceeding purport to be actual witnesses of the alleged crimes.  Accordingly, disclosure is required.  Lopez-Hernandez v. U.S., 394 F.2d 820 (9th Cir. 1968)("In light of the extent of the informant's participation in the events culminating in appellant's arrest and his presence as a witness, it cannot be said that disclosure of his identity would not have been 'relevant and helpful' to appellant's defense.").

The Government argues that it need not provide the informants' addresses.  Both of the principal informants in this case are witnesses and their identity must be disclosed.  The Ninth Circuit recognizes that address of a principal witness is an integral element of the witness' identity and that without an address little meaningful investigation can be made concerning that witness' credibility. Hernandez, infra., at 745.

The Government argues that, in U.S. v. Hernandez, 608 F.2d 741 (9th Cir. 1979), and U.S. v. Bower, 575 F.2d 499 (9th Cir. 1978), the Court held that addresses need not be disclosed. Hernandez, however, is distinguishable on the ground that there had been threats against the witness. Hernandez, at 744.   Bowler is distinguishable on the ground that the informant expressed concerns for his safety, and on the ground that the trial court entered an order permitting a pretrial interview of the informant.  Bowler, at 503.

The Government cites U.S. v. Hicks, 103 F.3d 837, 841(9th Cir. 1996), which held that trial court improperly ordered the parties to exchange witness lists and summaries of expected testimony. The Government then argues that Colette's request is akin to a request for the Government's witness list. The Government is incorrect, as providing the requested information to Colette is simply not tantamount to providing a witness list.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

---

[1]The identity of the other informant has been disclosed.

**United States v. Colette,
Colette's Reply To Opposition
To Motion For Disclosure.**
                                              Page 2

The Government suggests that Colette simply should make his own investigations. The Government should rest assured that Colette will be doing just that. However, investigations require starting points, and the Government, by not disclosing the requested information (such as names and addresses) deprives Colette of any possibility of making a reasonable investigation.

The Government characterizes Colette's request for information about "any informants" as overbroad. Such is not the case. Informants in addition Johnson, who testified at the search warrant proceeding, and the hearsay informant, may have information that is vital to preparing Colette's defense. The Government also argues that Colette's request is overbroad concerning the nature of the requested information. However, as recognized by the Government, the type of information requested falls within Brady v. Maryland, 373 U.S. 83 (1963). Notwithstanding that fact, the Government, perhaps somewhat petulantly, argues that *Colette filed the wrong piece of paper*. According to the Government, Colette should have tendered a discovery request. Colette, respectfully submits that the Government is simply elevating form over substance. Should this Court determine that a discovery request must be made or a discovery motion must be filed, Colette will happily comply.

In conclusion, for the reasons previously discussed, and for the reasons discussed herein, Colette respectfully submits that this Court should grant his motion to reveal informants.

Respectfully dated this 10th day of April, 2006 in Anchorage, Alaska.

    S/ Rex Lamont Butler
    745 W. 4th Avenue., Ste. 300
    Anchorage, Alaska, 99501
    (907) 272-1497
    (907) 276-3306
    lawoffices@gci.net
    ABN: 8310105

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

United States v. Colette
Colette's Reply To Opposition To Motion For Disclosure.
Page 3

**Certificate of Service**
I hereby certify that, on April 10, 2006, the foregoing document was served on Bryan Schroder, Assistant U.S. Attorney, 101 12th Avenue, Room 310, Fairbanks, Alaska, 99701 via electronic filing.

**S/ Rex Lamont Butler**

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Colette's Reply To Opposition**
**To Motion For Disclosure.**
                                    Page 4