IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br>vs.<br><br>JASON SCOTT COLETTE,<br><br>DEFENDANT. | CASE NO. 4:05-CR-00042-01-RRB<br><br>MEMORANDUM AND ORDER RE:<br>DEFENDANT'S MOTION TO REVEAL<br>IDENTITY OF INFORMANTS<br>(DOCKET NO.53-1). |

Defendant, Jason Scott Colette, has filed a Motion for Disclosure of Informants at Docket No. 53-1. Defendant wants to know the name and address of the informant who testified before the state magistrate in support of the police's efforts to obtain a warrant to search defendant's home. Defendant also wants the name and address of the informant police claim contacted them one year before and corroborated the testimony of the informant who appeared before the state magistrate. Finally, the defendant wants the Government to "produce" all informants so defendant may examine them prior to trial. The Government has opposed this motion at Docket No. 69. Oral arguments on the defendant's motion took place on April 20th, 2006.  Docket No. 83, Transcript of Proceedings.

### FACTS

Defendant's motion was originally premised upon the argument that "where an informant's testimony may be 'relevant and helpful to the defense of an accused' his identity must be disclosed". Docket No. 53-1, quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957). However, in his pleadings the defendant identifies, by name, both informants used by the police to obtain warrants to

1

search defendant's residence and business. During oral arguments on April 20th, 2006, defendant's attorney, referring to the informant who provided eye witness testimony regarding drug sales out of defendant's residence, stated: "If my colleague (AUSA) wants to publish it (informant's name) under seal so that no one else outside of those parties necessary to the proceedings know who it is we've got no objection to that either. We just need the Court to be able to be aware of who the informant is and in a position to adequately determine whether any weight should've been given to the alleged statements that the trooper gave to the Judge regarding the warrant." Docket No. 83, Tr. 11.

In response to defendant's demand for the name of the informant who testified in support of the warrant to search defendant's residence, and in light of the defense identifying that person, the Government stated: "The - I don't think it's a surprise to anyone that the defendant indeed knows who it is." Docket No. 83, Tr 11. The Government also stated: "The defense made a good guess, Your Honor." Docket No. 83, Tr. 12.

Moreover, during oral arguments on April 20th, 2006, this Court asked the defendant's attorney if he also knew the identity of the confidential informant who had spoken to the police the year before. Defendant's attorney responded to the Court's question as follows:

> Question: And you know the identity of both of those informants, right?.
>
> Answer: We believe we do, Judge.
>
> Docket No. 83, Tr. 13.

## DISCUSSION

The Government's privilege to withhold the identity of a confidential informant is a limited one. It must give way when

2

the disclosure of identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Rovario v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 627-28, 1 L.Ed. 2d 639 (1957); Sai Keung Wong, 886 F.2d 255 (9th Cir. 1989); United States v. Hernandez, 608 F.2d 741, 744 (9th Cir. 1979)  Under these criteria, a court must balance:

> [T]he public interest in protecting the flow of information against the individual's right to prepare his defense.  Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

Rovario, 353 U.S. at 62, 77 S.Ct. at 629; United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir. 1989).

The Defendant bears the burden of demonstrating the need for disclosure.  United States v. Alexander, 761 F.2d 1254, 1303 (9th Cir. 1985); United States v. Kelly, 449 F.2d 329, 330 (9th Cir. 1971).

Here, the defendant already knows the identity of the informants he wants the Government to reveal. Defendant names both informants in his pleadings, and also admitted he knows who they are during oral arguments on April 20th, 2006.  The government confirmed the identification of the confidential informant who testified before the state magistrate in support of the search warrant. The defendant has a transcript of that confidential informant's testimony.

In his pleadings the defendant identifies, by name, the corroborating informant who approached the police the year before the warrant to search defendant's residence was issued. Defendant admits the informant was his former girlfriend. By his

3

admissions, the defendant has shown there is no further need to disclose the identity of the confidential informants used by the police to obtain a warrant to search defendant's residence.

Defendant also wants to know "all" informants' "whereabouts", and wants them "produced" by the Government. Defendant provides no authority that would require the Government to "produce" a witness for examination prior to trial. Defendant has not established the Government must provide a potential witness's "whereabouts" (address) prior to trial. In light of defendant admitting he knows the name of the two informants referred to by the police, and because defendant has not shown he cannot locate those witnesses, his request regarding those two informants is unsupported. Finally, nothing in Federal Rule of Criminal Procedure 16 requires the Government to "produce" a witness, disclose their address, or provide the general type of discovery requested in defendant's motion.

The Government states it recognizes its duty of disclosure of information in accordance with Brady v. Maryland, 373 U.S. 83 (1963), Bagley v. Lumpkin, 719 F.2d 1462, 1463 (9th Cir. 1983), and U.S. v. Giglio, 405 U.S. 150 (1972). The Government says it will respond to "an appropriate discovery request" from the defendant. The Government is bound by their promise to produce discovery under Federal Rule of Criminal Procedure 16, Brady, and Giglio.

ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Reveal Identity of Informants is DENIED.

Dated at Fairbanks, Alaska this 26th day of May, 2006.

/S/Terrance W. Hall
TERRANCE W. HALL
U.S. MAGISTRATE JUDGE