IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )
**JASON SCOTT COLETTE**, and      )
KAREN KRISTINA KOCH,              )
                                  )
            Defendants.           )
_____) Case No. 4:05-cr-0042-RRB

**COLETTE'S OBJECTIONS TO MASTER'S
FINDINGS, RECOMMENDATIONS, AND ORDER
CONCERNING COLETTE'S MOTIONS TO
SUPPRESS AND FOR A FRANKS HEARING**

Comes Now, Jason Scott Colette, by and through his attorney, Rex Lamont Butler & Associates, Inc., and, pursuant to AK R USDCT LMR 6, Federal Rules of Criminal Procedure Rule 59, and 28 U.S.C.A. § 636, respectfully tenders his objections, as follows:

1. Regarding Motion To Suppress Statements:

The Court, on page 10 of its report noted that the Government states that it will not use Colette's statements in its case in chief and that the Government will be held to its promise not to use Colette's statements at trial. Accordingly, this Court denied Collette's motion to suppress, without prejudice, as premature.

Colette respectfully asserts that notice that is given mid-trial may give rise to a motion for a mistrial. Colette is entitled to *reasonable*, pretrial notice the contents of his statements and of the Government's intention to use those statements. Absent reasonable, pretrial notice, it will be impossible for Colette to prepare his case for trial.

2. Regarding Search Warrant:

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Colette objects to this Court's finding that the State magistrate had sufficient probable cause to issue the search warrant concerning the house. (Page 13). In support of this conclusion, the Court noted that JCL-05-09 testified believably and in detail about how and when he observed drugs, weapons, and money in Colette's bedroom safe.  In point of fact, JCL-05-09's testimony was tentative and uncertain. Even though the informant claimed to have been going to the residence over a lengthy period of time, he stated that he "believed" that the drugs were kept in a safe in Colette's bedroom. Under the circumstances, he should have *known*.

This Court based its conclusion regarding JCL-05-09's credibility on the fact that he testified against his penal interest. (p. 12). Such was not the case, as it was very much *in* his penal interest to testify. He had been promised a reduction in his charge if he could direct the police to a kilo of cocaine. (Tr. 10). JCL-05-09 had been caught red-handed. Since he believed the police had enough information to convict him, and since he had been promised a deal, his statements incriminating Colette gain no credibility from their self-incriminatory aspects. See United States v. Hall, 113 F.3d 157, 159 (9th Cir. 1997).

This Court based its conclusion concerning JCL-05-09's credibility on the fact that the police located contraband where JCL-05-09 said it would be found. (p. 12). This is an impermissible consideration. The validity of a warrant is dependant on the information given to the magistrate at the time it is issued— not information later acquired after the warrant is executed. The mere fact that a search proved to be successful can not serve to retroactively validate the underlying warrant.

This Court was able to give weight to JCL-05-09's testimony only by granting insufficient weight to the strong indication in the record that JCL-05-09 was either under the influence of some substance, or simply held the court in contempt. Right in the middle of the proceedings, he asked for a cup or a pitcher in which to urinate, and he repeatedly addressed the magistrate as "man". (Tr. 13-14).

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Objection To Findings and Recommendations Re Suppression/Franks.**
Page 2

This Court gives undue weight to the earlier informant's hearsay statements. Trooper Wall testified that the informant had given him information about Colette's associates that proved to be true. But, there is no indication as to whether the information consisted of wholly innocent, easily ascertained details about those persons. Such does not suffice to establish the credibility of hearsay informants. United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1983).

Furthermore, as discussed below, the warrant was improperly issued because the prosecutor and the police deliberately or recklessly failed to apprise the magistrate of relevant information that cast serious doubt on the credibility of the hearsay informant.

Under the totality of the circumstances, as required by Illinois v. Gates, 462 U.S. 213 (1983), there was insufficient evidence to establish probable cause.

3. Regarding Request For Franks Hearing:

Colette objects to the finding that JCL-05-09's arrest and conviction record did not compromise his ability to tell the truth. (p. 17). JCL-05-09's problem with alcohol had a direct bearing on his ability to perceive events accurately, and his understanding of the need to tell the truth when under oath. As discussed above, there were clear indications, based on the witness' behavior, that he was under the influence of something.

Colette objects to the finding that JCL-05-09's record would not have reasonably dissuaded the State magistrate from issuing a warrant. (p. 17). This omitted information can not be considered in the abstract. When it is coupled with the other omitted information, as well as with his behavior in court, the cumulative impact is such as to remove probable cause.

Although there was some indication in the record as to JCL-05-09's problem with chemical abuse, the extent of the problem was not apparent. JCL-05-09's record indicates that his problem with substances is of long-standing duration. This, in turn, increased his motivation to lie in order to avoid jail and continue to feed his habits.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Objection To Findings and Recommendations Re Suppression/Franks.**
Page 3

Colette objects to the finding that the agreement between the police and JCL-05-09 was clearly placed on the record; and, Colette objects to the finding that there was no signs of a misunderstanding about the terms of the agreement. (p. 18). Officer Wall testified that the agreement was that JCL-05-09 would be charged with a lesser crime. JCL-05-09 testified that he thought he would receive "zero to probation". This is a fundamental misunderstanding. If JCL-05-09 received a promise of no jail time, the state magistrate should have been so informed, as such a promise had a direct bearing on JCL-05-09's motive to lie.

Colette objects to the finding that Wall's testimony that the hearsay informant's credibility was believable. (p. 18). As noted above, Wall's testimony did not indicated whether the hearsay informant's prior corroborating statements were merely of innocent details.

Colette objects to the finding that the DV restraining orders did not indicate animus on the part of the hearsay informant. (p. 19). The mere fact that Colette obtained the orders indicates that Colette required protection from the hearsay informant. The fact that Colette permitted the orders to lapse does not indicate that there was no animus. It simply indicates that Colette, for one reason or another, did not seek to continue court protection.

Colette objects to the finding that the magistrate, had he known about the animus, nevertheless would have issued the warrant. (p. 19). It is necessary to look at the cumulative impact of all the omitted information. That information, when factored into the decision, yields the conclusion that, under the totality of the circumstances test, as required by Gates, there was no probable cause.

Colette objects to the finding that he failed to show that the omissions were deliberate or reckless. (p. 19). The information in question is so basic and fundamental to law enforcement that the failure to tender it to the magistrate could not be otherwise than deliberate and reckless.

Finally, Colette objects to the finding that he failed to demonstrate that the omitted information prevents a finding of probable cause. (p. 19). In the instant case, probable cause is

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Objection To Findings and Recommendations Re Suppression/Franks.**
Page 4

dependant on the credibility and reliability of the two informants.  There was significant information that was not given to the state magistrate that forecloses any determination that the two informants were reliable and credible.

Accordingly, Colette was entitled to an evidentiary hearing as provided for in <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

## Conclusion

For the reasons asserted in his prior pleadings, and for the reasons discussed herein, Colette's statements must be suppressed; evidence obtained as a result of the searches of his residence and his business premises must be suppressed; and, a <u>Franks</u> hearing is required.

Respectfully dated this 8th day of June, 2006 in Anchorage, Alaska.

/S/ Rex Lamont Butler
745 W. 4th Avenue Ste 300
Anchorage, AK. 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

**Certificate of Service**
**I hereby certify that, on June 8, 2006, the foregoing document was served on Bryan Schroder, Esq., via electronic filing, 222 w. 7th Avenue, Room 9 #253, Anchorage, Alaska, 99513-7567.**
**/S/ Rex Lamont Butler**

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)