```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,     )
                              )
           Plaintiff,         )
                              )
vs.                           )
                              )
JASON SCOTT COLETTE,          )
                              )
           Defendant.         )
_____)   Case Number 4:05-CR-42-RRB
```

**TRIAL BRIEF**

COMES NOW, the defendant, Jason Scott Colette, by and through his attorney of record, REX LAMONT BUTLER AND ASSOCIATES, INC., and hereby submits the following as its trial brief:

FACTS

On November 28, 2005, Jason Scott Colette was arrested and taken into custody. On December 13, 2005, a seven count indictment was returned against Mr. Colette. Counts three and four of said indictment allege Mr. Colette was in possession of a firearm in furtherance of a drug trafficking crime. Mr. Colette contests counts three and four and maintains he was not in possession of a firearm in furtherance of a drug trafficking crime. He further contests counts five and six regarding forfeiture. Colette was an avid gun collector and disputes the allegations in counts three and four of the indictment.

Trial Brief
Page 1

Furthermore, Mr. Colette maintains the government doesn't have sufficient evidence to prove beyond a reasonable doubt that he was in possession of a firearm in furtherance of a drug trafficking crime.  In this case, Colette allegedly stored cocaine, along with his gun collection and  other valuables, in his bedroom safe.   His gun collection included what is commonly described as a machine gun, which was unloaded with no ammunition in the house nor safe for that weapon.  The firearm was properly registered with federal authorities,  and it was legal for Colette to possess it.

A confidential informant allegedly purchased cocaine from Mr. Colette. Colette allegedly took the person to his bedroom, removed the cocaine from the safe, and tendered it to the informant.  The buyer paid for the cocaine,  either immediately before or immediately after he took possession of the cocaine.

After the transaction was complete, Colette removed the machine gun from the safe and invited the person to "look at my new toy".

Colette is charged with two counts of violating 18 U.S.C. 924(c)(1).  One count addresses the machine gun, and the second count addresses the remainder of his gun collection.  He is also charged with a drug trafficking crime.  Colette presently contemplates conceding the drug crime and going to trial on the

Trial Brief
Page 2

firearms counts.

The relevant statute states, in relevant part, as follows:

> **(c)(1)(A)** ...any person who, during and in relation to any crime of violence or drug trafficking crime...for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-**(i)** be sentenced to a term of imprisonment of not less than 5 years;**(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
> **(B)** If the firearm possessed by a person convicted of a violation of this subsection--
> **(i)** is a short-barreled rifle, short-barreled shotgun, the person shall be sentenced to a

Trial Brief
Page 3

term of imprisonment of not less than 10 years; or **(ii)** is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

**...(D)...(2)** For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).
...
**(4)** For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

Trial Brief
Page 4

Thus, an examination of the statute reveals that a *prima facie* case consists of the following:

(1) Colette committed a drug trafficking crime;

(2) Colette, <u>during</u> and <u>in relation to</u> the drug trafficking crime, either:

> A.  Carries or uses a firearm <u>in the furtherance</u> of the drug trafficking crime; or
>
> B. Possesses a firearm <u>in the furtherance</u> of the drug trafficking crime.

If the Government seeks enhanced penalties on the theory that a firearm was brandished it must also prove that Colette displayed a firearm or made its presence known for the purpose of intimidating the other person.

In <u>Smith v. U.S.</u>, 508 U.S. 223, *237-239, 113 S.Ct. 2050,**2058 - 2059 (U.S.Fla.,1993), the Court had occasion to construe the meaning of "uses or carries a firearm". In that case, the defendant offered to exchange a firearm for drugs. The issue on appeal was whether or not proposing to exchange a firearm for drugs constituted a "use" of the firearm for purposes of the statute. The Court resolved that issue in the affirmative. The Court reasoned that the statute was not ambiguous and that "uses" includes barter transactions. Thus,

Trial Brief
Page 5

there is no requirement for proof that a firearm was used in some offensive capacity.

The Smith Court clearly held that simply possessing a firearm during a predicate offense does not suffice to satisfy 924( c)(1).  In addition, the firearm must be used during and in relation to the predicate offense.  The Court, noting that the phrase "in relation to" is deliberately expansive, nevertheless stated that the phrase establishes boundaries.  The use or possession of the firearm must have some purpose or effect with respect to the predicate offense . As stated by the Court:

> The phrase "in relation to" thus, at a minimum, **2059 clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence. As one court has observed, the "in relation to" language "allay[s] explicitly the concern that a person could be" punished under § 924(c)(1) for committing a drug trafficking offense "while in possession of a firearm" even though the firearm's presence is coincidental or entirely "unrelated" to the crime. *United States v. Stewart,* 779 F.2d 538, 539 (CA9 1985) (Kennedy, J.). Instead, the gun at least must "facilitat [e], or ha[ve] the potential of facilitating," the drug trafficking offense. *Id.,* at 540. Accord, *United States v. Ocampo,* 890 F.2d 1363, 1371-1372 (CA7 1989); 957 F.2d, at 837.

The Ninth Circuit previously held that a  firearm is carried if it is immediately available for use.  U.S. v. Lopez, 100 F.3d

Trial Brief
Page 6

98, 103 (9th Cir. 1996). But, the Supreme Court held that the phrase "carries a firearm" applied when the defendant's firearm was in a locked trunk of his vehicle. <u>Muscarello v. United States</u>, 424 U.S. 125 (1998). The use of a firearm requires active employment of the firearm. It must be an operative factor in the predicate offense. <u>Bailey v. United States</u>, 516 U.S. 137, 143 (1995).

A conviction for possessing a firearm <u>in furtherance of</u> a drug trafficking crime requires proof that the defendant possessed the weapon in order to promote or facilitate the offense. As explained by the Court in <u>U.S. v. Krouse</u>, 370 F.3d 965, 967 (C.A.9 (Cal.),2004):

> A conviction for possession of a firearm "in furtherance of" a drug trafficking offense or crime of violence under § 924(c) <u>requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime.</u> *See United States v. Lomax,* 293 F.3d 701, 705 (4th Cir.2002) ( "[Section] 924(c) requires the government to present evidence indicating that the possession of a firearm <u>furthered, advanced, or helped forward, a drug trafficking crime</u>."); *United States v. Mackey,* 265 F.3d 457, 461 (6th Cir.2001) ("[Under § 924(c),] the weapon must promote or facilitate the crime."); House Report at *12 ("[T]he government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity"). **In other words, this element of § 924(c) turns on the intent of the defendant**. *See United States v.*

Trial Brief
Page 7

>*Basham,* 268 F.3d 1199, 1208 (10th Cir.2001).
>(emphasis added).

The evidence in the instant case will fall short of establishing a prima facie case. First, there will be no evidence that Colette used the firearms in the furtherance of the predicate offense, because he did not possess any intent for the weapons to facilitate the offense. Second, even assuming arguendo that Colette carried or possessed a firearm, he did not do so in the furtherance of the drug crime because the weapons were not intended to facilitate the crime. Third, he did not possess, use, or carry the firearms in relation to the predicate offense. The firearms were entirely unrelated to the offense. The presence of the firearms was entirely coincidental and unrelated to the crime. Fourth, the only time that Colette even touched the machine gun (under a theory that he carried it) was after the offense had been completed. Thus, the carrying of the machine gun did not occur during the predicate offense.

## EXPECTED STIPULATIONS

The defendant will likely stipulate for trial purposes that the contraband was cocaine. This stipulation comes by way of Mr. Colette's review of the lab report from the Crime Lab. It is

Trial Brief
Page 8

unlikely he will contest the cocaine counts. The government has witnesses to establish chain of custody and the defense will not contest the government's chain of custody. This may eliminate those witnesses.

### ISSUE FOR THE JURY

The issue in this case is whether Colette knowingly possessed or attempted to posses a firearm in furtherance of a drug trafficking crime.

### EVIDENCE

Mr. Colette was an avid gun collector and disputes the allegations in counts three and four of the indictment. Furthermore, Mr. Colette maintains the government has insufficient evidence to prove beyond a reasonable doubt that he was in possession of a firearm in furtherance of a drug trafficking crime.

### TESTIMONY FROM MR. COLETTE

Mr. Colette has not yet decided whether he will testify.

### VOIR DIRE QUESTIONS

The court will likely identify and circulated to counsel questions that it intends to ask of the jury panel. Mr. Colette

further submits additional questions to propound to the jury that are filed herewith.

## JURY INSTRUCTIONS

The government will likely circulate boilerplate jury instructions for purposes of review by the defense and the court. Mr. Colette's attorney will review those instructions and at the appointed time offer any objections if appropriate.

## APPROXIMATE TIME FOR TRIAL

Mr. Colette's estimated time for trial will be three days, including jury impaneling and presentation of the government's case. Many of the government's witnesses are going to be brief and may not require cross examination. The defense expects that the case will go to the jury by Friday, August 4, 2006.

Respectfully submitted this 25th day of July, 2006, at Fairbanks, Alaska.

/S / Rex Lamont Butler
745 W. 4th Avenue, Ste. 300
Anchorage, Alaska, 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

Trial Brief
Page 10

I Hereby Certify on this 25th day of July, 2006, a true and accurate copy of the foregoing instrument was served electronically to Assistant U.S. Attorney, Bryan Schroder, Federal Building & U.S. Courthouse, 101 12th Avenue, Room 310, Fairbanks, Alaska, 99701.

/S/ Rex Lamont Butler

Trial Brief
Page 11