DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-00042-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S TRIAL** |
| | ) | **MEMORANDUM AND** |
| v. | ) | **MOTION IN LIMINE** |
| | ) | |
| JASON SCOTT COLETTE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.    **INTRODUCTION**

  The defendant is charged with one count of possession of cocaine with

intent to distribute, one count of distribution of cocaine, two counts of possession

of a firearm in furtherance of a drug trafficking crime, including a machine gun

with a silencer. The indictment also includes forfeiture counts for $38,848.00 and a number of firearms. The government's case in chief should take no longer than two days.

II.   **STATEMENT OF THE CASE**

   A.   **Case Summary**

On November 28, 2005, law enforcement officers from the Alaska Bureau of Alcohol and Drug Enforcement (ABADE), with assistance from the Fairbanks Police Department, the Drug Enforcement Administration (DEA), and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) executed a search warrant on the residence of the Defendant. In the Defendant's bedroom, the officers found a safe. The safe contained 23 one ounce packets of cocaine, a mixture and substance of cocaine greater than 500 grams. The packets were individually wrapped and ready for sale.

The safe also contained $38,848 in cash, and a number of guns, including a loaded pistol-grip 12 gauge shotgun and a fully automatic MAC 10 machine gun with a silencer. Among the documents in the safe were ATF forms and tax stamps identifying the Defendant as the owner of the machine gun and silencer. In the bedroom itself, the officers found other evidence of a drug distribution operation, including a scale, packaging material, and a currency counter.

The warrant was issued based upon the testimony of a confidential source (CS). During direct testimony in front of a state magistrate, the CS stated that he had purchased cocaine from the Defendant in the past, and purchased recently. The CS also stated that the Defendant packaged the cocaine in one-ounce packages, and kept the guns and cocaine in a safe in his bedroom. During his last purchase, when the Informant stepped into the bedroom the Defendant had the machine gun out of the safe on a dresser. The Defendant also commented about having recently purchased the machine gun. Defendant sold cocaine to a CS in the bedroom in his residence at 1038 Lakeview Terrace;

### B.  Summary of the Charges

Defendant, Jason Colette, is charged in the Indictment with one count of possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B), one count of distribution of cocaine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(B)(ii). There are also two criminal forfeiture counts, for $38,848.00 in U.S. currency found in the same safe as the cocaine, and for firearms found in the same safe as the cocaine.

### C. <u>Witnesses</u>

At trial, the government will call some or all of the following:

1. One or more of the law enforcement officers who were involved in the investigation of this case or who were involved in the search of the Defendant's residence, or the arrest of the defendant;

2. A chemist/laboratory technician employed by the DEA to testify about the nature and weight of the substance found packaged in the Defendant's safe;

3. A weapons expert employed by the ATF Laboratory to testify that the MAC 10 machine gun found in the Defendant's residence was capable of firing in a fully automatic mode and that the silencer used meets the statutory designation of a "firearm silencer";

4. The Confidential Source;

5. Chain of custody witnesses;

6. A DEA Agent to provide expert testimony on whether the evidence found in the Defendant's residence, in his bedroom, is consistent with a drug distribution operation. The agent will also provide expert testimony on the use of firearms by drug traffickers to protect their operations and supplies of drugs

7. An ATF Agent to provide expert testimony on the use of firearms by drug traffickers to protect their operations and supplies of drugs.

**D.  Exhibits**

The government will offer some or all of the following exhibits at trial:

1.  The cocaine seized from the Defendant's residence;

2.  Some or all of the weapons seized at the Defendant's residence, including the MAC 10 machine gun with silencer;

3.  Photographs of the Defendant's residence taken during the execution of the search warrant;

4.  The scale and packaging materials found inside the Defendant's bedroom during execution of the search warrant;

5. The currency counter found inside the Defendant's bedroom during execution of the search warrant;

6. Documentary evidence including the ATF Form 4's indicating the Defendant as the owner of the MAC 10 machine gun and silencer.

### III. LEGAL/EVIDENTIARY ISSUES

#### A. Expert Witness Testimony

##### General Standards

Expert opinions are admissible if they will assist the trier of fact to understand the evidence or determine a fact in evidence. Rule 702, Fed. R. Evid. Expert opinions, as opposed to testimony by summary witnesses, may be based on facts or data not admissible into evidence. Rule 703, Fed. R. Evid.

The court has broad discretion to determine whether to admit expert testimony. United States v. Andersson, 813 F.2d 1450, 1458 (9th Cir. 1987); United States v. Binder, 769 F.2d 595, 601 (9th Cir. 1985).

The government will give written notice to the defendant of its intention to elicit expert opinion testimony from a Chemist from the DEA Laboratory identify the substance found in the Defendant's safe, a firearms expert from ATF about the capability of the MAC 10 machine gun to fire in fully automatic mode, a DEA agent to testify about drug distribution operations, and DEA and ATF agents to testify about use of firearms by drug traffickers to protect their operations and supplies of drugs.

B. **Limits of Relevant Defenses**

Rule 403, Fed. R. Evid., provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See also, United States v. Brannon, 616 F.2d 413, (9th Cir. 1980), cert. denied, 447 U.S. 908. The trial court has broad discretion in determining admissibility under Rule 403. United States v. Moore, 552 F.2d 1068, 1079 (9th Cir. 1975), cert. denied, 423 U.S. 1049 (1976).

An area of common exclusion involves attempts to confuse the issues or mislead the jury by introducing evidence of matters that do not establish a defense to the charged crimes. See, United States v. Tidwell, 559 F.2d 262, 266-7 (5th Cir. 1977), cert. denied, 435 U.S. 942 [excluding evidence that defendant's manipulation of bank funds was beneficial to bank on grounds of danger of confusion of issues and misleading jury where belief in benefit to bank was not a defense to misapplication of funds]; United States v. Johnson, 558 F.2d 744, 746-47 (5th Cir. 1977), cert. denied, 434 U.S. 1065 [excluding evidence of purported overpayment of taxes in fraudulent tax return prosecution on grounds of confusion of issues and improper appeal to emotions of jury].

In addition, although the Ninth Circuit has long recognized that juries have the power to acquit a defendant regardless of the evidence of his guilt, (see, United States v. Simpson, 460 F.2d 515, 518-19 (9th Cir. 1972)), it has never recognized a right held by a defendant to seek such a verdict. United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1991). Thus, because a defendant has no right to seek nullification, he has no right to present evidence relevant only to such a defense. See, Zal v. Steppe, 968 F.2d 924, 930 (9th Cir.), Trott, J., concurring, cert. denied, 113 S.Ct. 656 (1992).

While the defendant obviously has a right to present relevant defenses to the charges, he has no right to seek jury nullification and thus no right to introduce evidence which would be relevant only to nullification. This includes any reference to the potential penalties which the defendant faces as a result of conviction. It is inappropriate for the jury to consider, or even be informed of the consequences of their verdict. U.S. v. Frank, 956 F.2d 872, 879 (9th Cir. 1991) The defendant may attempt to introduce evidence or make argument concerning the potential penalties he faces in this case, specifically the penalties stemming from the gun charges in counts 3 and 4. This should be excluded as irrelevant to the jury's mission here - to be the finders of fact. The Government requests a

motion in limine instructing the defense to refrain from any mention of the penalties resulting from any of the charges.

### C. Admissible Evidence

The discovery of cocaine at the residence of the Defendant on November 28, 2005, was base d on a search warrant issued by the State of Alaska.  It is essential to establish the proper intentions  of the law enforcement officers who searched the defendant's residence.  Therefore, the government does intend to establish the fact that the officers acted lawfully when they searched the defendant's residence on November 28, 2005.

The Supreme Court has recognized the Government's need to present a reasonable  picture of the events to the jury:

> Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault.

Old Chief v. United States, 519 U.S. 172, 188 (1997).

//

//

//

RESPECTFULLY SUBMITTED this _25th__ day of July, 2006, at Fairbanks, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/Bryan Schroder
>Assistant U.S. Attorney
>101 12th Avenue, Room 310
>Fairbanks, Alaska  99701
>Phone:  (907) 456-0245
>Fax: (907) 456-0577
>E-mail:Bryan.Schroder@usdoj.gov
>WA# 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25th, 2006,
a copy of the foregoing **GOVERNMENT'S
TRIAL MEMORANDUM AND MOTION IN LIMINE** ,
was served, via electronic filing, on:

Rex Lamont Butler

s/Bryan Schroder