DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:05-cr-00042-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **PROPOSED JURY** |
| vs. | ) | **INSTRUCTIONS** |
| | ) | |
| JASON SCOTT COLETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through its counsel, and requests that the Court instruct the jury in accordance with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the

Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover.

**Preliminary instructions**

| | | |
|---|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge - Presumption of Innocence |
| 1.3 | What is Evidence |
| 1.4 | What is Not Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |

**Instructions in the Course of Trial**

| | | |
|---|---|---|
| 2.1 | Cautionary Instruction - First Recess |
| 2.2 | Bench Conference and Recesses |

## Instructions at End of Case

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof |
| 3.3 | Defendant's Decision not to Testify |
| 3.4 | Defendant's Decision to Testify |
| 3.5 | Reasonable Doubt - Defined |
| 3.6 | What is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.11 | Activities Not Charged |
| 3.12 | Separate Consideration of Multiple Counts |
| 3.18 | Possession - Defined |

## Consideration of Particular Evidence

| | |
|---|---|
| 4.1 | Statements by Defendant |
| 4.13 | Government's Use of Undercover Agents |

**Responsibility**

    5.6    Knowingly - Defined (including the bracketed second sentence)

**Jury Deliberations**

    7.1    Duty to Deliberate

    7.2    Consideration of Evidence

    7.3    Use of Notes

    7.4    Jury Consideration of Punishment

    7.5    Verdict Form

    7.6    Communication With Court

**Specific Offense Instructions**

    Attached

//

//

//

RESPECTFULLY SUBMITTED this __25th__ day of July, 2006, at Fairbanks, Alaska.

        DEBORAH M. SMITH
Acting United States Attorney

s/Bryan Schoder
BRYAN SCHRODER
Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: Bryan.Schroder@usa.usdoj.gov
WA# 21146

I hereby certify that on July 25th, 2006, a copy of the foregoing Government's Proposed Jury Instructions was served electronically on Rex Butler.

s/ Bryan Schoder

<u>Government's Proposed Specific Offense Instruction 1</u>

The defendant is charged in Count 1 of the indictment with possession of cocaine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

<u>Authority</u>

Ninth Circuit Pattern Jury Instruction 9.13: Controlled Substance - Possession with Intent to Distribute.

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-cr-00042-RRB |
| | ) | |
| vs. | ) | <u>SPECIAL VERDICT</u> |
| | ) | |
| JASON SCOTT COLETTE, | ) | COUNT 1 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

We, the jury in the above-captioned case, unanimously find the defendant JASON SCOTT COLETTE [not guilty/guilty] _____ of possession with intent to distribute, as charged in Count 1 of the Indictment. We unanimously find beyond a reasonable doubt the amount of cocaine involved was [indicate below your factual findings for each of the following statements]

    a mixture or substance containing a detectable amount of cocaine.

          _____ [No/Yes]

    500 grams or more of a mixture or substance containing a detectable amount of cocaine.    _____ [No/Yes]

_____    _____
Jury Foreperson                                             Date

<u>Government's Proposed Specific Offense Instruction 2</u>

The defendant is charged in Count 2 of the indictment with distribution of cocaine in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly delivered cocaine; and

Second, the defendant knew that it was cocaine or some other prohibited drug.

<u>Authority</u>

Ninth Circuit Pattern Jury Instruction 9.15: Controlled Substance - Distribution.

Government's Proposed Specific Offense Instruction 3

The defendant is charged in Count 3 of the indictment with possessing a firearm in furtherance of a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession of cocaine with intent to distribute as charged in Count 1 of the indictment, or distribution of cocaine as charged in count 2 of the indictment;

Second, the defendant knowingly possessed a firearm, to wit an Ingram Model 10A1, .45cal/9mm machine gun, serial number A6041381, with a silencer, a Bowers 9mm suppressor, Model CAC9, serial number S927; and

Third, the defendant possessed the firearm in furtherance of the crime.

A person has possession of something if the person knows of its presence and has physical control over it, or if knows of its presence and has the power and intention to control it.

To prove that the firearm was possessed "in furtherance of" the drug trafficking crime, the Government must show that the Defendant intended to use the firearm to promote or facilitate the crime.  Mere possession of the firearm by an individual convicted of a drug crime is insufficient to convict the Defendant. Whether the firearm was possessed in furtherance of the drug trafficking crime may be shown by a number of factors, including the proximity of the weapon to the drugs, the accessability of the weapon during the drug transactions, and the strategic location of the firearms in relation to the drug activities.

Authority

Ninth Circuit Pattern Jury Instruction 8.65: Firearms — Using or Carrying in Commission of Drug Trafficking Crime or Crime of Violence

US v. Jason Scott Colette                3                    4:05-cr-00042-RRB

Ninth Circuit Pattern Jury Instruction  8.65: Possession - Defined

<u>U.S. v. Rios, 449 F.3d 1009 (9th Cir. 2006)</u>

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-cr-00042-RRB |
| | ) | |
| vs. | ) | SPECIAL VERDICT |
| | ) | |
| JASON SCOTT COLETTE, | ) | COUNT 3 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

We, the jury in the above-captioned case, unanimously find the defendant JASON SCOTT COLETTE [not guilty/guilty] _____ of possessing a firearm in furtherance of a drug trafficking crime, as charged in Count 3 of the Indictment. We unanimously find beyond a reasonable doubt the weapons involved were [indicate below your factual findings for each of the following statements]:

Ingram Model 10A1, .45cal/9mm machine gun, serial number A6041381;

_____ [No/Yes]

The silencer, a Bowers 9mm suppressor, Model CAC9, serial number S927;

_____ [No/Yes]

US v. Jason Scott Colette                                                4:05-cr-00042-RRB

Both the Ingram Model 10A1, .45cal/9mm machine gun, serial number A604138, and the silencer, a Bowers 9mm suppressor, Model CAC9, serial number S927.

_____ [No/Yes]

_____     _____
Jury Foreperson                                                  Date

<u>Government's Proposed Specific Offense Instruction 4</u>

The defendant is charged in Count 4 of the indictment with possessing a firearm in furtherance of a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession of cocaine with intent to distribute as charged in Count 1 of the indictment, or distribution of cocaine as charged in count 2 of the indictment;

Second, the defendant knowingly possessed a firearm, to wit:

    1) Remington Mohawk 48, 12 gauge shotgun, serial number 5279681,

    2) Harrington & Richardson Topper Model 48, 12 gauge shotgun, serial number AM250982

    3) American Arms, 10 gauge shotgun, serial number 0220016

    4) Remington Woodmaster Model 740, 30-06 rifle, serial number 83245

    5) Winchester Model 190, .22 rifle, serial number B1822823

    6) Stevens Model 67E, 12 gauge shotgun, serial number D395391

    7) Winchester Model 94, 30-30 rifle, serial number 4139992

    8) Colt Sporter, 7.62x39 rifle, serial number LH010714

    9) Armas Bost Eibar, 20 gauge double-barrel shotgun, serial number 1928

    10) Mossberg Model 500A, 12 gauge shotgun, serial number L100810

    11) Mossberg Model 500E, .410 gauge shotgun, serial number P317355

    12) Colt Super 38, 38 semi-auto pistol, serial number 126180

    13) Mossberg Model 500A, 12 gauge shotgun, serial number L986808,

Third, the defendant possessed the firearm in furtherance of the crime.

A person has possession of something if the person knows of its presence and has physical control over it, or if knows of its presence and has the power and intention to control it.

To prove that the firearm was possessed "in furtherance of" the drug trafficking crime, the Government must show that the Defendant intended to use the firearm to promote or facilitate the crime. Mere possession of the firearm by an individual convicted of a drug crime is insufficient to convict the Defendant. Whether the firearm was possessed in furtherance of the drug trafficking crime may be shown by a number of factors, including the proximity of the weapon to the drugs, the accessability of the weapon during the drug transactions, and the strategic location of the firearms in relation to the drug activities.

Authority

   Ninth Circuit Pattern Jury Instruction 8.65: Firearms — Using or Carrying in Commission of Drug Trafficking Crime or Crime of Violence

   Ninth Circuit Pattern Jury Instruction 8.65: Possession - Defined

   U.S. v. Rios, 449 F.3d 1009 (9th Cir. 2006)

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-cr-00042-RRB |
| | ) | |
| vs. | ) | SPECIAL VERDICT |
| | ) | |
| JASON SCOTT COLETTE, | ) | COUNT 4 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

We, the jury in the above-captioned case, unanimously find the defendant JASON SCOTT COLETTE [not guilty/guilty] _____ of possessing a firearm in furtherance of a drug trafficking crime, as charged in Count 4 of the Indictment. We unanimously find beyond a reasonable doubt the weapons involved were [indicate below your factual findings for each of the following statements]:

1) Remington Mohawk 48, 12 gauge shotgun, serial number 5279681

_____ [No/Yes]

2) Harrington & Richardson Topper Model 48, 12 gauge shotgun, serial number AM250982

_____ [No/Yes]

3) American Arms, 10 gauge shotgun, serial number 0220016

_____ [No/Yes]

4) Remington Woodmaster Model 740, 30-06 rifle, serial number 83245

_____ [No/Yes]

5) Winchester Model 190, .22 rifle, serial number B1822823

_____ [No/Yes]

6) Stevens Model 67E, 12 gauge shotgun, serial number D395391

_____ [No/Yes]

7) Winchester Model 94, 30-30 rifle, serial number 4139992

_____ [No/Yes]

8) Colt Sporter, 7.62x39 rifle, serial number LH010714

_____ [No/Yes]

9) Armas Bost Eibar, 20 gauge double-barrel shotgun, serial number 1928

_____ [No/Yes]

10) Mossberg Model 500A, 12 gauge shotgun, serial number L100810

_____ [No/Yes]

11) Mossberg Model 500E, .410 gauge shotgun, serial number P317355

_____ [No/Yes]

12) Colt Super 38, 38 semi-auto pistol, serial number 126180

       _____ [No/Yes]

13) Mossberg Model 500A, 12 gauge shotgun, serial number L986808

       _____ [No/Yes]


_____  _____
Jury Foreperson        Date