IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br> Plaintiff, )<br>v. )<br>  )<br>**JASON SCOTT COLETTE**, and )<br>KAREN KRISTINA KOCH, )<br>  )<br> Defendants. )<br>_____ ) | Case No. 4:05-CR-42-RRB |

**MOTION TO EXCLUDE EXPERT
OPINION TESTIMONY**

Comes Now, Jason Scott Colette, by and through his attorney, Rex Lamont Butler & Associates, Inc., and respectfully moves and petitions this Honorable Court to exclude from evidence the expert testimony of Eric Cohoon and Michael Foran. This motion is based on the following considerations:

On Friday, July 28, 2006, the Government gave notice that ATF Agent Coohon would testify as an expert concerning the use of firearms in drug trafficking offenses to protect operations and supply. It may be anticipated that Agent Cohoon will give an opinion that the firearms seized in this case was consistent with or indicative of the use of those firearms in the offense.

On Friday, July 28, 2006, the Government gave notice that DEA Special Agent Michael Foran will testify that the evidence is consistent with the use of firearms in the charged offense.

This Court should exclude Agent Chooon's and Agent Foran's opinion testimony for the following reasons:

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,
Motion To Exclude Expert Opinion Testimony**
Page 1

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court, in Daubert v. Merrill Dow Pharmaceuticals Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1973), established the standard by which trial courts should evaluate proffered expert testimony for admissibility.

In Daubert, supra., the United States Supreme Court held that ER 702 superceded Frye's general acceptance test. As explained by the Court, the trial judge acts as a gatekeeper to ensure that expert testimony is both reliable and relevant. Reliability is established by Rule 702's requirement that expert testimony pertain to "scientific knowledge". The word "scientific" implies a grounding in science's methods and procedures. The word "knowledge" denotes a body of known facts or of ideas inferred from such facts. As stated by the Court:

> But, in order to qualify as "scientific knowledge," an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation–i.e. "Good grounds," based on what is known. In short, the requirement that an expert's testimony pertains to "scientific knowledge" establishes a standard of evidentiary reliability. Daubert, supra., at 590.

As noted above, Daubert, supra., also requires trial courts, when acting as a Rule 702 gatekeeper, to evaluate the relevancy of proffered expert testimony. Rule 702 requires that proffered evidence be such as would "assist the trier of fact to understand the evidence or to determine a fact in issue." What this means is that there must be a "fit" between the evidence and

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Exclude Expert Opinion Testimony**
Page 2

the issue to be decided. Stated differently, there must be a "...valid scientific connection to the pertinent inquiry as a precondition to admissibility." Daubert, supra.,at 592.

Thus, the trial court's task is two-pronged. As gatekeeper, it must determine whether testimony is both reliable and relevant. As stated by the Court: "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." Daubert, supra.,592-593. This entails an examination of several factors, including the following:

> (1)Whether the theory or technique can and has been tested;
>
> (2)Whether it has been subjected to peer review and publication;
>
> (3) Its known or potential error rate;
>
> (4) The existence and maintenance of standards controlling its operation; and
>
> (5) Whether it has widespread acceptance in the relevant scientific community.

The Ninth Circuit added a sixth factor to the five factors articulated by the Supreme Court, as follows:

> (6) Whether the expert proposes "...to testify about matters growing naturally and directly out of research ...conducted independent of the litigation...", as opposed to opinions developed expressly for purposes of testifying. Daubert v. Merrell Dow Pharmaceuticals, Inc.,(on remand), 43 F.3d 1311, 1317 (9th Cir. 1995).

The above six factors are to be applied flexibly, Daubert, supra., and do not necessarily constitute an exhaustive list. Kumho Tire Co. Ltd. v. Carmichael, et al., 526 U.S. 137 (1999).

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Exclude Expert Opinion Testimony**
Page 3

In the instant case, <u>Daubert</u> is not satisfied. First, there is no indication in the record that Cohoon's and Foran's theories have ever been tested, peer reviewed, or published. Second, there is no evidence as to whether there is a known or potential error rate. Third, there is no evidence that their theories enjoy widespread acceptance in the community of drug offense investigators. Absent such evidence, their theories and conclusions violate <u>Daubert</u> and fall outside the scope of permissible expert testimony.

Furthermore, the evidence is far more prejudicial than probative under E R 403 and violates Mr. Colette's due process rights.

The evidence is designed by law enforcement for law enforcement to usurp the jury's duty and direct verdict for the government.

Many people are tried and convicted in this country of drug possession and distribution without the use or threatened use of violence and without guns. Given our community standards regarding possession rights and this precious constitutional right such testimony violates Mr. Colette's constitutional rights and misleads Alaskan jury.

Respectfully submitted this 28th day of July, 2006.

/S/ Rex Lamont Butler
745 W 4th Avenue Ste 300
Anchorage, Alaska 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

I hereby certify a true and accurate copy of the foregoing instrument was served via electronic filing to: Bryan Schroder, Assistant U.S. Attorney, Federal Building and U.S. Courthouse, 101 12th Avenue, Room 310, Fairbanks, Alaska, 99701, on this 28th day of July, 2006.

/R/ Rex Lamont Butler

**United States v. Colette,**
**Motion To Exclude Expert Opinion Testimony**
Page 4

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Exclude Expert Opinion Testimony**
Page 5