IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                          )<br>                    Plaintiff,              )<br>v.                                                    )<br>                                                          )<br>**JASON SCOTT COLETTE**, and      )<br>KAREN KRISTINA KOCH,             )<br>                                                          )<br>                    Defendants.         )<br>_____ ) | Case No. 4:05-CR-42-RRB |

**MOTION TO STRIKE GOVERNMENT'S NOTICE
OF EXPERT WITNESSES**

Comes Now, Jason Scott Colette, by and through his attorney, Rex Lamont Butler & Associates, Inc., and respectfully moves and petitions this Honorable Court to strike the Government's late-filed notice of experts and to exclude the proposed opinion testimony. This motion is based on the following considerations:

The Government, on the very eve of trial, served notice of its intent to call two expert witnesses to give opinion testimony.

Pursuant to this Court's order, the Government had a duty to comply with LR 39.2. Subsection (b)(4) of that rule requires parties to file trial briefs not less than 20 days prior to trial. Trial briefs must include a description of all anticipated evidence pertaining to liability. The Government's trial brief omitted all mention of the proffered expert witnesses, notwithstanding the fact that the proffered opinions go directly to liability. Now, with only a few days remaining prior

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

to trial, the Government gives notice of its experts. By implication, expert witness notices should occur atleast twenty days before trial.

The Government's notice is inadequate. Colette has a due process right to a fair trial. As noted by the Ninth Circuit in U.S. v. Barrett, 703 F.2d 1076 (9th Cir. 1983), in quoting from United States v. Kelly, 703 F.2d 1076 (2nd Cir. 1969): "...[F]airness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts". In the instant case, the Government's tardy notices of expert witnesses does not satisfy this standard, as Colette has inadequate time remaining before trial to test the Government's opinion testimony and to seek rebuttal witnesses.

Colette is prejudiced. The proffered testimony (that the amount of cocaine that was seized is indicative of an intent to distribute; that the presence of firearms serves to protect the interests of drug dealers) goes to the very *heart* of the Government's case.

The Government is seeking to conduct a trial by ambush, an evil that pretrial orders and discovery rules are designed to eliminate.

There are no sources of statistical data to establish the reliability of this evidence as it relates to Alaska where gun ownership is commonplace. There is no opportunity to review this expert's testimony nor a report for the court to determine its relevance and reliability for Alaska. The evidence therefore also lacks relevance and should be subject to a pretrial hearing so the court can determine it's prejudicial impact coming this late with no expert report to establish its reliability and relevance.

Mr. Colette attempted to obtain a continuance on more than one occasion. Instead of opposing, the government should have joined in and let the court know it had not yet noticed the defense of all the experts it intended to call. Now that Mr. Colette has committed himself to trial, this late notice of expert abounds.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,
Motion To Strike Government's Notice
Of Expert/Opinion Testimony.**

The applicable sanction is an order striking the Government's notices of expert witnesses and excluding the proffered testimony. Colette has the right to a speedy trial. It would be unfair to Colette to permit the Government to put such evidence before the jury before he has an opportunity to evaluate and test that evidence, and before he has an opportunity to procure rebuttal experts. It also would be unfair to Colette to simply grant a continuance in light of his right to a speedy trial, and in light of the fact that Colette has borne the expense of preparing for a trial *at this time*. Any delay will unnecessarily increase Colette's expenses, and any delay will as subject him to unnecessary, prolonged anxiety and uncertainty regarding his future. It is the Government that should be made to bear the consequences of its own procrastination, rather than Colette.

Respectfully dated this 28th day of July, 2006 in Anchorage, Alaska.

> Rex Lamont Butler
> 745 W 4th Avenue Ste 300
> Anchorage, Alaska 99501
> (907) 272-1497
> (907) 276-3306
> lawoffices@gci.net
> ABN: 8310105

I hereby certify a true and accurate copy of the foregoing instrument has been served via electronic filing to: Bryan Schroder, Assistant U.S. Attorney, Federal Building & U.S. Courthouse, 101 12th Avenue, Room 310, Fairbanks, Alaska, 99701, on this 28th day of July, 2006.

/S/ Rex Lamont Butler

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Strike Government's Notice**
**Of Expert/Opinion Testimony.**
                                                              Page 3