DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-cr-00042-RRB |
| ) | |
| Plaintiff, ) | **GOVERNMENT'S OPPOSITION** |
| ) | **TO DEFENDANT'S MOTION TO** |
| vs. ) | **EXCLUDE EXPERT OPINION** |
| ) | **TESTIMONY** |
| JASON SCOTT COLETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW the United States, by and through counsel, and opposes

Defendant's Motion to Exclude Expert Opinion Testimony, filed at Docket 146.

Defendant misreads the standards of Daubert v. Merrill Dow

Pharmaceuticals Inc., 509 U.S. 579 (1993) and Kumho Tire Co. Ltd. V.

Carmichael, et al., 526 U.S. 137 (1999).  Federal Rule of Evidence 702 allows

expert testimony based on "technical, or other specialized knowledge...," not just scientific expertise. Expert testimony of a technical nature, such as the testimony of law enforcement officer proposed by the Government does not call for the same type of analysis as scientific testimony: "[t]he Daubert factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." U.S. v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000). In Hankey, the court allowed the testimony of a law enforcement officer with significant experience in the culture of street gangs.

In place of a scientific analysis, the court Hankey relied on more practical factors to determine whether the testimony was "relevant and reliable." Id. at 1168. These court focused on the qualifications of the proposed witnesses, whether the information would assist the trier of fact. In this case, the proposed witnesses are law enforcement officers with years of extensive experience specifically related to drug organizations and weapons. Moreover, the Defendant will be able to conduct voir dire prior to the expert testimony to test the qualifications of the witnesses.

The testimony will assist the trier of fact in determining a key issue in this case, whether the firearms found in the Defendant's residence were possessed in

furtherance of the drug trafficking crime.  The testimony is directly relevant to issue at hand.  While evidence that drug traffickers use firearms to further their drug crimes, standing alone, may not be sufficient to establish that a firearm was possessed in furtherance of a drug crime, this testimony is relevant and has been accepted by the courts.  U.S. v. Rios, 449 F.3d 1009; 2006 U.S. App. LEXIS 13765, 13-14 (9th Cir. 2006).

The court is given broad discretion in its role as the gatekeeper for expert testimony.  Kumho at 152.  However, in considering the admissibility of evidence based on "other specialized knowledge," Federal Rule of Evidence 702 is generally construed broadly.  Hankey at 1168.  The testimony offered by the Government is relevant to a key issue in the case, and based upon the extensive experience of the law enforcement agents, is reliable.

The Government requests that the court deny the Defendants Motion to

//
//
//
//

Exclude Expert Testimony.

RESPECTFULLY SUBMITTED this  31st  day of July, 2006, at Fairbanks, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/Bryan Schroder
>BRYAN SCHRODER
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>101 12th Avenue, Room 310
>Fairbanks, Alaska  99701
>Phone: (907) 456-0245
>Fax: (907) 456-0577
>Email: bryan.schroder@usdoj.gov
>Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on July  31 , 2006, that a true and correct copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT OPINION TESTIMONY**, was served, via Electronic Filing, on:

**Rex L. Butler**

s/Bryan Schroder