DEBORAH M. SMITH
Acting United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov


Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | Case No. 4:05-cr-00042-RRB |
| ) | |
| Plaintiff,   ) | **SUPPLEMENTAL PROPOSED** |
| ) | **JURY INSTRUCTIONS** |
| ) | **RE: FORFEITURE ON** |
| v.   ) | **SHORTENED TIME** |
| ) | |
| JASON SCOTT COLETTE,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

The United States of America, by and through counsel, submits the following

supplemental proposed jury instructions regarding Criminal Forfeiture Counts 6 and

7 of the Indictment.  These instructions are applicable in the event that the defendant

is  convicted of any or all of the predicate non-forfeiture counts of the Indictment.

Respectfully submitted this _31st_ day of July, 2006, in Fairbanks, Alaska.

    DEBORAH M. SMITH
    Acting United States Attorney

    s/Bryan Schroder
    BRYAN SCHRODER
    Assistant U.S. Attorney
    Federal Building & U.S. Courthouse
    101 12th Avenue, Room 310
    Fairbanks, Alaska  99701
    Phone: (907) 456-0245
    Fax: (907) 456-0577
    Email: bryan.schroder@usdoj.gov
    Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on July   31  , 2006, that a true and correct copy of the foregoing **SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS RE: FORFEITURE ON SHORTENED TIME** was served, via Electronic Filing, on:

**Rex L. Butler**

s/Bryan Schroder

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1**
**(General Forfeiture Instruction)**

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of Count(s) [ ], you have one more task to perform before you are discharged. I now must ask you to render one or more special verdicts concerning property the government alleges is subject to forfeiture to the United States. All of my previous instructions regarding credibility of witnesses and duty to deliberate apply with respect to the special verdict.

Under the federal drug laws, any person who is convicted of the offenses for which the defendant has been found guilty is required to forfeit to the United States the profits and instrumentalities of his illegal conduct. Specifically, the laws of the United States provide that the following interests are subject to forfeiture:

> (1) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of his participation in the drug offenses of which he has been convicted; and
>
> (2) any of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

Property subject to criminal forfeiture may include real property, and tangible or intangible personal property, whether or not the property has been seized by the

United States. The forfeiture counts in the Indictment charge that the $38,848 in cash and the firearms listed were obtained, directly or indirectly, as a result of the illegal drug trafficking charged in the Indictment, or were property used or intended to be used, in any manner or part, to commit or facilitate the commission of the drug trafficking charged in the Indictment.

---

21 U.S.C. §§ 853(a)(1); Fed.R.Crim.P. 32.2(b).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2**
**(Drug Proceeds – Presumption)**

Proceeds, which are subject to forfeiture, constitute any property that the defendant obtained, directly or indirectly, as the result of his drug trafficking violations. Money obtained in exchange for controlled substances is proceeds, as is property purchased with drug proceeds. There is a rebuttable presumption that any property of a person convicted of felony drug trafficking is subject to forfeiture if the United States proves by a preponderance of the evidence that the property was acquired during the period of illegal conduct or shortly thereafter, and there was no likely source for the property other than the drug trafficking conduct.

---

21 U.S.C. §§ 853(a)(1) and (d); <u>Russello v. United States</u>, 464 U.S. 16 (1983) (defining "proceeds").

# UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3
## (Burden of Proof)

I instruct you that your previous determination that the defendant is guilty of the offenses charged in Count(s) [ ] is binding in this part of the proceedings. You must not discuss or consider anew whether he is guilty or not guilty on those charges.

In this phase of the trial, the government has the burden of proving that the cash and firearms described in the Indictment are subject to forfeiture. The government has to prove these allegations by a preponderance of the evidence, a lesser burden than was the case with the criminal counts of the Indictment. A preponderance of the evidence, as that term is used in this instruction, simply means that which is more likely than not, or that which is more probable. Thus, my previous instructions to you regarding proof beyond a reasonable doubt do not apply to this portion of the government's case.

---

United States v. Garcia-Guizar, 160 F.3d 511, 517-18 (9th Cir. 1998).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4
### (Duty Not to Consider Certain Issues to be Decided By the Court)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the Court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

Your sole concern now is to determine whether property constituted the proceeds of drug trafficking, or was involved in an offense under 21 U.S.C. § 841(a).

Similarly, you are not to consider whether the property is presently available. That matter also will be considered solely by the Court in imposing sentence.

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5
### (Unanimous Verdict)

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

Everyone must agree whether the preponderance of the evidence proves that such property constitutes the proceeds of the drug trafficking violation(s) of which the defendant was convicted, and whether the preponderance of the evidence proves that such property was involved in an offense under 26 U.S.C. § 841(a).

# UNITED STATES' PROPOSED SPECIAL VERDICT FORM
## Count 15 – $38,848.00 in United States currency
## Drug Proceeds

COUNT: 6

Did the defendant derive the $38,848.00 in United States currency, directly or indirectly, as a result of one or more of the violations alleged in [list drug trafficking conviction counts]?

YES_____

NO_____


Foreperson sign and date the completed verdict form.


_____        _____
Foreperson                            Date

# UNITED STATES' PROPOSED SPECIAL VERDICT FORM
## Count 7 – Firearms
## Drug Proceeds
## Property Involved in 21 U.S.C. § 841(a) Violation

COUNT: 7

Did the defendant derive the Ingram Model 10A1, .45cal/9mm machine gun, serial number A6041381, directly or indirectly, as a result of one or more of the violations alleged in [list drug trafficking conviction counts]?

YES_____

NO_____


Was the Ingram Model 10A1, .45cal/9mm machine gun, serial number A6041381 involved in the offense for which the defendant was convicted under Count [ ] of the Indictment?

YES_____

NO_____

Foreperson sign and date the completed verdict form.


_____        _____
Foreperson                                                         Date

## UNITED STATES' PROPOSED SPECIAL VERDICT FORM
### Count 7 – Firearms
### Drug Proceeds
### Property Involved in 21 U.S.C. § 841(a) Violation

COUNT: 7

Did the defendant derive the Bowers 9mm suppressor, Model CAC9, serial number S927, directly or indirectly, as a result of one or more of the violations alleged in [list drug trafficking conviction counts]?

YES_____

NO_____

Was the Bowers 9mm suppressor, Model CAC9, serial number S927, involved in the offense for which the defendant was convicted under Count [ ] of the Indictment?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____        _____
Foreperson                                                        Date

# UNITED STATES' PROPOSED SPECIAL VERDICT FORM
## Count 7 – Firearms
## Drug Proceeds
## Property Involved in 21 U.S.C. § 841(a) Violation

COUNT: 7

Did the defendant derive the Remington Woodmaster Model 740, 30-06 rifle, serial number 83245, directly or indirectly, as a result of one or more of the violations alleged in [list drug trafficking conviction counts]?

YES_____

NO_____

Was the Remington Woodmaster Model 740, 30-06 rifle, serial number 83245, involved in the offense for which the defendant was convicted under Count [ ] of the Indictment?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____        _____
Foreperson                                                           Date

# UNITED STATES' PROPOSED SPECIAL VERDICT FORM
## Count 7 – Firearms
## Drug Proceeds
## Property Involved in 21 U.S.C. § 841(a) Violation

COUNT: 7

Did the defendant derive the Colt Sporter, 7.62x39 rifle, serial number LH010714, directly or indirectly, as a result of one or more of the violations alleged in [list drug trafficking conviction counts]?

YES_____

NO_____

Was the Colt Sporter, 7.62x39 rifle, serial number LH010714, involved in the offense for which the defendant was convicted under Count [ ] of the Indictment?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____        _____

Foreperson                                                          Date

# UNITED STATES' PROPOSED SPECIAL VERDICT FORM
## Count 7 – Firearms
## Drug Proceeds
## Property Involved in 21 U.S.C. § 841(a) Violation

COUNT: 7

Did the defendant derive the Mossberg Model 500A, 12 gauge shotgun, serial number L986808, directly or indirectly, as a result of one or more of the violations alleged in [list drug trafficking conviction counts]?

YES_____

NO_____

Was the Mossberg Model 500A, 12 gauge shotgun, serial number L986808, involved in the offense for which the defendant was convicted under Count [ ] of the Indictment?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____          _____
Foreperson                                Date