IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-00042-RRB |
| | ) | |
| Plaintiff, | ) | **PRELIMINARY ORDER OF** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| JASON SCOTT COLETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Federal Rule of Criminal Procedure 32.2(b) and based upon defendant JASON SCOTT COLETTE's August 3, 2006 conviction by jury trial to Counts 1 and 2 of the Indictment, the Court found as follows:

A. the defendant's interest, if any, in the approximately $38,848.00 IN UNITED STATES CURRENCY, described in Count 6, is property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation of 21 U.S.C. §§ 841, to which the defendant has been convicted, thereby rendering said currency subject to forfeiture under 21 U.S.C. § 853(a)(1); and

B. the defendant's interest, if any, in the following four firearms, included in Count 7, is property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, to which the defendant has been convicted, thereby rendering said firearms subject to forfeiture under 21 U.S.C. § 853(a)(2):

    1. Ingram Model 10A1, .45 cal/9mm Machine Gun, Serial Number A6041381;

  2.  Remington Woodmaster Model 740, 30-06 Rifle, Serial Number 83245;

  3.  Colt Sporter, 7.62x39 Rifle, Serial Number LH010714; and

  4.  Mossberg Model 500A, 12 Gauge Shotgun, Serial Number L986808.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The currency described in Count 6 of the Indictment is hereby condemned and forfeited to the United States of America pursuant to 21 U.S.C. § 853(a)(1), and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said currency.

The four firearms listed above, and included in Count 7 of the Indictment, are hereby condemned and forfeited to the United States of America pursuant to 21 U.S.C. § 853(a)(2), and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said firearms.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the United States Marshals Service is authorized to seize and take possession of the aforementioned currency and firearms and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said currency and firearms; and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the United States Marshals Service shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of

the currency and firearms in such manner as the Attorney General may direct. The notice shall be published once in each of three consecutive weeks in the Fairbanks Daily News–Miner or any other appropriate newspaper of general circulation. The notice shall state that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the currency or firearms that are the subject of this Preliminary Order of Forfeiture. Upon adjudication of all third-party interests, this Court shall enter a final order of forfeiture in which all interests will be addressed.

DATED this ____ day of _____, 2006.

_____
HON. RALPH R. BEISTLINE
United States District Judge