IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
)
                      Plaintiff, )
v. )
)
**JASON SCOTT COLETTE**, and )
KAREN KRISTINA KOCH, )
)
                      Defendants. )
_____ )   Case No. 4:05-cr-42-RRB

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

**I**
**Introduction**

Prior to trial, Colette moved to suppress all evidence garnered as a result of the execution of a search warrant on his residence. Colette argued that there was no probable cause supporting the warrant to search Colette's home and that, under the totality of the circumstances, as required by Illinois v. Gates, 462 U.S. 213 (1983), there was insufficient evidence to conclude that seizable evidence was then located at the place to be searched. In his motion to suppress, Colette asserted that probable cause for issuing the search warrant turned on the testimony of Eugene Johnson, who testified that he had purchased cocaine from Colette for the last 1-2 years; that he had observed large quantities of cocaine at Colette's residence in the past; that the last time he observed a large quantity at the residence was a week prior to his testimony; and, that he believed that Colette stored the cocaine in a safe located in his bedroom.

Colette argued in his motion to suppress that argued that the police improperly failed to inform the Magistrate that Johnson had a significant criminal history and that he was a drug and alcohol abuser.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**
                                          Page 1

The Government responded by asserting to this court as follows: "*None of the alleged violations of the informant involve crimes of dishonesty*". (Emphasis Added); (Government's Combined Opposition, p. 14).

This Court denied Colette's motion to suppress, as well as Colette's motion for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). Later, at trial, Colette was convicted based on evidence obtained from the search of his residence.

Mere days before trial, after this Court denied Colette's motions to suppress and for a Franks hearing, the Government tendered discovery which contained information clearly bearing on the suppression issue. This information, which heretofore was unknown to Colette, demonstrates that the officers made material omissions in securing the search warrant. Had the information in question been given to the Magistrate there would have been no probable cause for issuing the warrant.

## II
### New Facts

1. At the time of the search warrant hearing in this case, Johnson was under investigation for Armed Robbery. (Ex. A);

2. Johnson previously was adjudicated a delinquent based on a charge of Robbery and sent to juvenile hall. (Ex. B);

3. On November 25, 2005, a search warrant was served on Johnson's residence. No drugs were located. Johnson admitted that he has been tipped off about the warrant and that he had moved his drugs. He refused to tell the police who tipped him. Johnson also told the officers that he had been buying cocaine several ounces at a time. (Ex. C). Johnson told the officers that had multiple sources of cocaine, but refused to disclose his sources. (Testimony at trial, and reasonable inferences therefrom);

4. Prior to the issuance of the November 25, 2005 warrant concerning Johnson's house, Johnson sold cocaine to an undercover agent. Immediately prior to the sale, Johnson traveled to his

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

parent's house and went into the backyard. He then immediately traveled back to his own house and consummated the sale. ( Ex. D);

5. Johnson owned automatic weapons and had stated, in the past, that he was willing to shoot officers. (Ex. D).

(6) Johnson was charged with felony vehicle theft, but not prosecuted. (Ex. E);

(7) Johnson was charged with Larceny, but not prosecuted. (Ex. F). In addition, Johnson was investigated concerning Larceny From a Building, Residential Burglary, No Force Burglary, and Vehicle Theft. (Ex. G).

(8) Trooper Wall testified at trial that Johnson had lied to him during the interview that very morning on more than one issue.

(9) While the police reports indicate that the interview with Johnson was recorded, troopers later asserted that it wasn't which is a violation of state law.

All the aforementioned information was known by the police during the warrant hearing in this case. None of the aforementioned information was given to the Magistrate. Furthermore, none of the aforementioned information was given to the defense or to this Court by the Government until long after this Court denied Colette's motions to suppress and for a Franks hearing.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

### III
### Dismissal Is Required

The new information was material to probable cause. Under the totality of the circumstances, as required by Illinois v. Gates, 462 U.S. 213 (1983), there was insufficient evidence to conclude that seizable evidence was then located at the place to be searched. This conclusion is mandated by the fact that there was strong evidence that at the very time the warrant was obtained *the police were investigating Johnson for armed robbery, a crime involving dishonesty.* There was evidence that on at least one previous occasion Johnson was charged with vehicle theft, which again is a crime

**United States v. Colette,**
**Motion To Dismiss.**
                                        Page 3

involving dishonesty. Moreover, Johnson was sent to juvenile hall for robbery, a crime involving dishonesty. In addition, he was investigated concerning many additional crimes involving dishonesty.

In addition, there was information that Johnson *at the very moment that he testified* was continuing his criminal enterprise. He acknowledged to the police that he had possessed cocaine, but he refused to tell the police where he had secreted it. He acknowledged that he bought cocaine in sizable amounts from a variety of sources, but he refused to divulge the names of his sources. A reasonable inference is that Johnson intended to continue his drug trade without interrupting his supply.

Moreover, evidence indicating that Johnson left his house shortly before a buy, traveled to a location other than Colette's residence, and then immediately returned to Johnson's house to consummate a sale of cocaine suggested that Johnson obtained his drugs from persons other than Colette. This casts doubt on his claim that he recently obtained cocaine from Colette.

Had the aforementioned information been given to the Magistrate there would have been no basis for determining probable cause.

Obviously, Johnson can not be deemed the most credible of witnesses. There was good reason to suspect that he had committed several robberies and thefts. He had been arrested that very day, and he was attempting to extricate himself from a lengthy prison term. Officer Wall admitted that he had offered Johnson a reduced charge if he could direct the police to approximately a kilo of cocaine. Johnson lacked credibility and his statements to officers were guarded even though he had every incentive to give the officers what they wanted, even if the information he related was composed solely of conjecture, or hearsay in the drug community.

Indeed, based on the evidence given by Johnson, only one reasonable conclusion was permitted—Johnson was making it up as he went along to extricate himself from his own legal difficulties and to preserve his own ongoing criminal enterprise. First, Johnson, who supposedly had

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

been going to the residence for up to two years was not aware that there were outbuildings. Second, Johnson, who supposedly had observed large quantities of cocaine at the residence, stated that he "believed" that the drugs were kept in a safe in Colette's bedroom. If he had actually observed the drugs, he would have *known* where the drugs were kept. The tentativeness of his testimony bespeaks contrivance. Third, contrary to the testimony before the Magistrate, there was strong evidence that Colette was not Johnson's source of drugs. He had multiple suppliers (whose names he refused to divulge), and the police watched him travel to a *location other than Colette's residence* for a few minutes just prior to a controlled buy.

Furthermore, there is a strong indication that Johnson was under the influence of a substance when he testified. As indicated by his extensive criminal record, which was not disclosed to the Magistrate, Johnson obviously suffered from alcohol/substance abuse. He was confused as to the details of his "deal"; and he repeatedly stated that he had been promised "zero to probation", which makes absolutely no sense. Furthermore, he exhibited bizarre behavior that one normally associates with substance-caused confusion and substance-caused lack of inhibition. At one point, he announced to the Court that he had to "go" and that he had been "holding it" for 10 minutes. He then asked for a cup or a pitcher. The Magistrate attempted to make arrangements for Johnson to be taken to the facilities, and Johnson, who took umbrage at something, repeatedly told the *Magistrate* that "its not funny, man".

The prosecutor, knowing that Johnson was too frail a reed upon which to rest, attempted to corroborate Johnson's testimony by presenting the hearsay testimony of yet another informant. Officer Wall testified that, approximately a year ago, the informant told the police that she had lived with Colette; that she had personally observed 10-15 ounces of cocaine and cash in the bedroom safe; and that Colette was a high-level drug dealer.

Officer Wall testified that he believed the hearsay informant at the time and that she had given "other information about other individuals that associated with Mr. Colette that [he] knew to be true

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

from other informants as well as [his] own investigations". Officer Wall did not elaborate on the nature of the "other information", other than stating that it was information about the defendant's associates and his business. Based on the evidence, the issuing magistrate could conclude no more than that the "other information" concerned wholly innocent details. It is illogical to conclude that, because an informant provides innocent information which happens to be true it follows that the informant is credible concerning inculpatory information. The corroboration of innocent, easily ascertainable details, is an inadequate foundation upon which to infer reliability. See United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1983).

The above-articulated new information, which the Government recently disclosed, demonstrates that the State, at the very least, was reckless in its omissions. It also demonstrates that had the relevant information been given to the Magistrate, there would have been no finding of probable cause.

Essentially, the prosecutor presented two streams of evidence, both of which was inherently suspect. Moreover, no independent police corroboration of the two streams of evidence was presented.

The aforementioned information was in the possession of the police at the time the search warrant was obtained. In light of its obvious materiality, the officer's failure to disclose it had to have been deliberate, or at the very least reckless.

Furthermore, the State's failure to disclose the aforementioned information to the Magistrate, and the Government's failure to disclose that information to Colette and this Court until after the suppression issue was resolved, violated due process. Due process includes fundamental concepts of justice that lie at the heart of our civil and political institutions. Mooney v. Holohan, 294 U.S. 103, 112 (1935). Due process implicates a community's sense of fair play and justice. Rochin v. California, 342 U.S. 165, 173 (1952). Due process is violated when a law runs afoul of a principle of justice that is "so rooted in the traditions and conscience of our people as to be ranked as

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

Page 6

fundamental." Patterson v. New York, 432 U.S. 197, 201-02 (1977). The primary guide for determining whether a rule is fundamental, and therefore protected by the due process clause, is historical practice. Montana v. Egelhoff, 518 U.S. 37 (1996)(Plurality opinion).

Colette submits that due process is violated when a warrant is secured through deliberate or reckless omissions by the police to the court. This rule is so firmly embedded into the history and customs of our people as to render it fundamental. To abandon the rule would run afoul our long-held notions of justice, privacy, and fair play. The rule indubitably lies at the heart of our civil and political institutions.

This rule, however, is but an empty shell absent some means of enforcing it. All the pretty platitudes in the world mean nothing absent some means of enforcement.

The enforcement of the constitutional rights of privacy and to be free from unreasonable searches and seizures is accomplished through suppression hearings. One recognized method of enforcing that right is to question the veracity of statements made in warrant affidavits. Franks, infra. Another method of enforcing that right is to demonstrate that, in securing a warrant, the police deliberately or recklessly failed to inform the Court about material information.

In the instant case, a warrant was issued after the police deliberately or recklessly failed to inform the magistrate about material information. The officer's failure prevented the Magistrate from making an informed decision about probable cause. Had the Magistrate been given the information in question, there would have been no probable cause.

The deliberate concealment of the information from the Magistrate, and the later failure to disclose the information from Colette and this Court until after this Court ruled on the suppression and Franks issues, constitute a violation of due process every bit as egregious as the destruction of exculpatory evidence. Indeed, the actions in this case are tantamount to, and closely parallel, a failure to disclose exculpatory evidence.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

Generally, Brady cases do not arise in the context of warrant suppression hearings. Accordingly, there is generally no need to reach the issue of whether due process requires the disclosure of evidence that is relevant for purposes of challenging search warrants. The Ninth Circuit, however, with respect to an alleged failure to preserve evidence claim, has resolved the issue in the affirmative.

In United States v. Barton, 995 F.2d 931 (9th Cir. 1993), officers went to the defendant's home and knocked on his door. When the defendant answered the door, the officers smelled marijuana. The defendant invited them into his home, and the officers, upon entry, noted that the odor of marijuana became stronger. The defendant denied the officers' request to search the residence, and accordingly a search warrant was obtained based on the officers' observations about the odor of marijuana. The subsequent search revealed a number of cultivating plants, which were seized. After the plants were seized, they were placed into unventilated garbage bags. As a result, the plants decomposed.

The Barton defendant moved to suppress the evidence on the ground that there was no probable cause to search. His theory was that only marijuana plants with glandular trichomes emit an odor, and that the plants seized from his home did not have glandular trichomes. The defendant further argued that the failure to preserve the plants "denied him access to evidence that would have supported his contention that the plants did not emit an odor, [thus demonstrating] that the allegations in the affidavit were false". Barton, at 933. The trial court held that suppression was not warranted because the officers did not act in bad faith.

On appeal, the Barton defendant argued that the "Government's failure to preserve the marijuana plants violated due process under Brady..., because it denied him access to evidence that could have been used to impeach allegations in the affidavit for a search warrant." Barton, at 933. The defendant's theory was that the evidence was exculpatory because it would have permitted him to suppress the evidence against him. The Ninth Circuit rejected this theory, noting that Brady and

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

Page 8

Youngblood pertain to exculpatory or potentially exculpatory evidence, which is defined as evidence that is material to guilt or punishment. As further noted by the Ninth Circuit, although the resolution of a suppression motion often determines the case's outcome, the successful suppression of evidence is unrelated to the culpability of the accused. Accordingly, the defendant's assertion that the evidence was at least potentially exculpatory was rejected by the Ninth Circuit.

However, the Court then addressed the next logical issue. As stated by the Court: "We must decide the novel question whether the destruction of evidence which had the potential at a suppression hearing to impeach allegations in an affidavit for a search warrant violates due process." The Court resolved that issue in the affirmative. It noted that the Supreme Court, in Franks v. Delaware, 438 U.S. 154, 156 (1978), held that defendants have a right under the Fourth Amendment to challenge the truthfulness of statements made in search warrant affidavits and that the Franks Court reasoned that, unless that right was recognized, Fourth Amendment protections would be illusory. As stated by the Franks Court "…[P]robable cause would be reduced to a nullity if a police officer was able to use deliberately falsified allegations to demonstrate probable cause, and, having misled the magistrate, then was able to remain confident that the ploy was worthwhile." Barton, at 934-35, quoting from Franks, at 168.

Accordingly, the Barton Court concluded as follows:

> This rationale applies with equal force to the destruction of evidence which is necessary to impeach material allegations in an affidavit for a search warrant. By deliberately destroying impeaching evidence, an officer could feel secure that false allegations in his or her affidavit for a search warrant could not be challenged. Such a result would effectively deprive a criminal defendant of his Fourth Amendment right to challenge the validity of a search warrant. To protect the right of privacy, we hold that the due process principles announced in Brady and its progeny must be applied to a suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant.

Barton, at 935.

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

This Court is squarely confronted with almost the identical issue: Does Due process require the timely disclosure of evidence that arguably does not bear on culpability but which is necessary to impeach statements made in search warrant affidavits? For purposes of the Fourth Amendment, this Court must follow the Ninth Circuit's lead.

The search warrant was obtained only as a result of an egregious, intentional concealment of material evidence indicating that Johnson was not credible.

Subsequently, the Government failed to disclose said evidence when this Court was evaluating Colette's motion to suppress and his motion for a Franks hearing. Even worse, not only did the Government fail to disclose the information in question, it blithely assured this Court, when addressing Colette's itemization of Johnson's criminal record, that none of the alleged violations involved crimes of dishonesty. The Government was being only too cute. *The only reason that Colette referenced only crimes not involving dishonesty is because the Government did not disclose evidence of Johnson's crimes involving dishonesty until after this Court, based on incomplete information, denied Colette's motions to suppress and for a Franks hearing.*

Although the Government's statement to this Court was technically accurate, that statement nevertheless was incomplete. The issue at bar was whether Johnson's criminality gave reason to believe that he suffered from credibility problems. Yet, notwithstanding the obvious materiality of the concealed information, the Government simply assured the Court that none of the alleged offenses involved dishonesty. The Government's statement implied that Johnson did not involve himself in crimes involving dishonesty. As the Government well knew, this suggestion is manifestly incorrect. The evidence now is such that Johnson's credibility should not be trusted even as far as an honest man can expectorate. *Certainly*, probable cause can not be predicated on the word of such a person.

Colette submits that such game playing deprived him of any meaningful opportunity to challenge the search warrant. He further submits that, for the reasons discussed by the Court in Barton, supra., the Government's tactics deprived him of due process.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

This Court, even post-трial, retains jurisdiction to dismiss the indictment concerning the drug count. U.S. v. Ross, 372 F.3d 1097, 1107 (9th Cir. 2004). Dismissal is appropriate when outrageous law enforcement results in a deprivation of due process. Ross, supra., citing United States v. Simpson, 813 F.2d 1462, 1464-65 (9th Cir. 1987)(Simpson I). Furthermore, even absent a due process violation, this Court post-trial may dismiss an indictment pursuant to its supervisory power to ensure the establishment of civilized standards of procedure and evidence. Ross, supra., citing McNabb v. United States, 318 U.S. 322, 340 (1943).

In the instant case, as discussed above, due process was violated by both the police and the Government. The active concealment of material information both from the Magistrate and from this Court violated due process and ran afoul even the most minimal standards of civilized procedure. Accordingly, dismissal of the drug count is required. Indeed, this remedy is especially required in light of the fact that the Government not only concealed material information but also implied that such information did not exist. This Court should not permit itself or Colette to be toyed with in such a fashion.

## VI
## Conclusion

The State intentionally or recklessly concealed obviously material information from the Magistrate. The Government failed to disclose the same information to Colette until after this Court ruled on Colette's motions to suppress and for a Franks hearing. Colette's right to due process was violated. For the reasons discussed herein, the drug count must be dismissed.

Respectfully dated this 16th day of August, 2006 in Anchorage, Alaska.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

/S/ Rex Lamont Butler
745 W 4th Avenue Ste 300
Anchorage, Alaska, 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

**Certificate of Service**
I hereby certify that, on August 16, 2006, the foregoing document was served on Bryan Schroder, Esq., via electronic filing.
/S/ Rex Lamont Butler

**United States v. Colette,**
**Motion To Dismiss.**

Page 11

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Dismiss.**

Page 12