IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,   )
                             )
             Plaintiff,      )
v.                           )
                             )
**JASON SCOTT COLETTE**, and )
KAREN KRISTINA KOCH,         )
                             )
             Defendants.     )
_____  )   Case No. 4:05-cr-42-RRB

**MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS**

**I
Introduction**

Prior to trial, Colette moved to suppress all evidence garnered as a result of the execution of a search warrant on his residence. Colette argued that there was no probable cause supporting the warrant to search Colette's home and that, under the totality of the circumstances, as required by Illinois v. Gates, 462 U.S. 213 (1983), there was insufficient evidence to conclude that seizable evidence was then located at the place to be searched. In his motion to suppress, Colette asserted that probable cause for issuing the search warrant turned on the testimony of Eugene Johnson, who testified that he had purchased cocaine from Colette for the last 1-2 years; that he had observed large quantities of cocaine at Colette's residence in the past; that the last time he observed a large quantity at the residence was a week prior to his testimony; and, that he believed that Colette stored the cocaine in a safe located in his bedroom.

In his motion to suppress, Colette argued that the police improperly failed to inform the Magistrate that Johnson had a significant criminal history and that he was a drug and alcohol abuser.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,
Motion To Suppress.**
                                          Page 1

The Government responded by asserting to this court as follows: "*None of the alleged violations of the informant involve crimes of dishonesty*". (Emphasis Added); (Government's Combined Opposition, p. 14).

This Court denied Colette's motion to suppress, as well as Colette's motion for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). Later, at trial, Colette was convicted based on evidence obtained from the search of his residence.

Mere days before trial, and after this Court denied Colette's motions to suppress and for a Franks hearing, the Government tendered discovery which contained information clearly bearing on the suppression issue. This information, which heretofore was unknown to Colette, demonstrates that the officers made material omissions in securing the search warrant. Had the information in question been given to the Magistrate there would have been no probable cause for issuing the warrant.

**II**
**New Facts**

1. At the time of the search warrant hearing in this case, Johnson was under investigation for Armed Robbery. (Ex. A);

2. Johnson previously was adjudicated a delinquent based on a charge of Robbery and sent to juvenile hall. (Ex. B);

3. On November 25, 2005, a search warrant was served on Johnson's residence. No drugs were located. Johnson admitted that he has been tipped off about the warrant and that he had moved his drugs. He refused to tell the police who tipped him. Johnson also told the officers that he had been buying cocaine several ounces at a time. (Ex. C). Johnson told the officers that he had multiple sources of cocaine, but refused to disclose his sources. (Testimony at trial, and reasonable inferences therefrom);

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

     4. Prior to the issuance of the November 25, 2005 warrant concerning Johnson's house, Johnson sold cocaine to an undercover agent. Immediately prior to the sale, Johnson traveled to his parent's house and went into the backyard. He then immediately traveled back to his own house and consummated the sale. ( Ex. D);

     5. Johnson owned automatic weapons, and he had stated, in the past, that he was willing to shoot officers. (Ex. D).

     (6) Johnson was charged with felony vehicle theft, but not prosecuted. (Ex. E);

     (7) Johnson was charged with Larceny, but not prosecuted. (Ex. F). In addition, Johnson was investigated concerning Larceny From a Building, Residential Burglary, No Force Burglary, and Vehicle Theft. (Ex. G).

     (8) Trooper Wall testified at trial that Johnson had lied to him during the interview that very morning on more than one issue.

     (9) While the police reports indicate that the interview with Johnson was recorded, troopers later asserted that it wasn't which is a violation of state law.

     All the aforementioned information was known by the police during the warrant hearing in this case. None of the aforementioned information was given to the Magistrate. Furthermore, none of the aforementioned information was given to the defense or to this Court by the Government until long after this Court denied Colette's motions to suppress and for a Franks hearing.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

### III
### Suppression Is Required

     The new information was material to probable cause. Under the totality of the circumstances, as required by Illinois v. Gates, 462 U.S. 213 (1983), there was insufficient evidence to conclude that seizable evidence was then located at the place to be searched. This conclusion is mandated by the fact that there was strong evidence that at the very time the warrant was obtained *the police were*

*investigating Johnson for armed robbery, a crime involving dishonesty.* There was evidence that on at least one previous occasion Johnson was charged with vehicle theft, which again is a crime involving dishonesty. Johnson was sent to juvenile hall for robbery, a crime involving dishonesty. Moreover, he was investigated concerning many additional crimes involving dishonesty.

In addition, there was information that Johnson *at the very moment that he testified* before the Magistrate was *continuing his criminal enterprise*. He acknowledged to the police that he had possessed cocaine, but he refused to tell the police where he had secreted it. He acknowledged that he bought cocaine in sizable amounts from a variety of sources, but he refused to divulge the names of his sources. A reasonable inference is that Johnson intended to continue his drug trade without interrupting his supply. An additional inference is that Johnson, since he refused to identify his sources, did not regard Colette as a source, which casts doubt on his assertion that he recently obtained cocaine from Colette. Indeed, it casts doubt on whether he obtained cocaine from Colette at any time.

Moreover, evidence indicating that Johnson left his house shortly before a buy, traveled to a location other than Colette's residence, and then immediately returned to Johnson's house to consummate a sale of cocaine suggested that Johnson obtained his drugs from persons other than Colette. This casts doubt on his claim that he recently obtained cocaine from Colette.

Had the aforementioned information been given to the Magistrate there would have been no basis for finding probable cause.

See United States v. Hall, 113 F.3d 157 (9th Cir. 1997). In that case, the police caught the informant red handed with cocaine. Shortly thereafter, he testified in a search warrant proceeding as to his source of the drugs. Later the warrant was suppressed because the Trooper did not disclose information bearing on the informant's credibility, including a conviction for making a false report and a probation revocation involving a death threat to a police officer.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Suppress.**

In the instant case, Johnson reportedly said he would shoot police officers, and, in addition to being suspected in numerous crimes involving dishonesty (including at least one that was currently under investigation), Johnson had been convicted of a crime involving dishonesty.

Obviously, Johnson can not be deemed the most credible of witnesses. There was good reason to suspect that he had committed several robberies and thefts. He had been arrested that very day, and he was attempting to extricate himself from a lengthy prison term. Officer Wall admitted that he had offered Johnson a reduced charge if he could direct the police to approximately a kilo of cocaine. Johnson lacked credibility and his statements to officers were guarded even though he had every incentive to give the officers what they wanted, even if the information he related was composed solely of conjecture, or hearsay in the drug community.

The fact that Johnson testified to his own criminality does not enhance his credibility. The Hall Court cogently noted as follows:

> In this case, however, the police had already caught Dang red-handed, so his admission of what he knew the police already knew did not make what he said more credible. His claim that "Ron" was his supplier was more in the nature of trying to buy his way out of trouble by giving the police someone "up the chain," than a self-inculpatory statement which also implicated "Ron." Once a person believes that the police have sufficient evidence to convict him, his statement that another person is more important to his criminal enterprise than he gains little credibility from its inculpatory aspect.

Hall, at 159.

The same consideration pertains in the instant case.

Indeed, based on the evidence given by Johnson, only one reasonable conclusion was permitted—Johnson was making it up as he went along to extricate himself from his own legal difficulties and to preserve his own ongoing criminal enterprise. First, Johnson, who supposedly had been going to the residence for up to two years was not aware that there were outbuildings. Second, Johnson, who supposedly had observed large quantities of cocaine at the residence, stated that he "believed" that the drugs were kept in a safe in Colette's bedroom. If he had actually observed the

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Suppress.**

drugs, he would have *known* where the drugs were kept. The tentativeness of his testimony bespeaks contrivance. Third, there was strong evidence that Colette was not Johnson's source of drugs. He had multiple suppliers (whose names he refused to divulge), and the police watched him travel to a location *other than Colette's residence* for a few minutes just prior to a controlled buy.

Furthermore, there is a strong indication that Johnson was under the influence of a substance when he testified. As indicated by his extensive criminal record, which was not disclosed to the Magistrate, Johnson obviously suffered from alcohol/substance abuse. He was confused as to the details of his "deal"; and he repeatedly stated that he had been promised "zero to probation", which makes absolutely no sense.

Additionally, he exhibited bizarre behavior that one normally associates with substance-caused confusion and substance-caused lack of inhibition. At one point, he announced to the Court that he had to "go" and that he had been "holding it" for 10 minutes. He then asked for a cup or a pitcher. The Magistrate attempted to make arrangements for Johnson to be taken to the facilities, and Johnson, who took umbrage at something, repeatedly told the *Magistrate* that "its not funny, man".

The prosecutor, knowing that Johnson was too frail a reed upon which to rest, attempted to corroborate Johnson's testimony by presenting the hearsay testimony of yet another (anonymous) informant. Officer Wall testified that, approximately a year ago, the informant told the police that she had lived with Colette; that she had personally observed 10-15 ounces of cocaine and cash in the bedroom safe; and that Colette was a high-level drug dealer.

Officer Wall testified that he believed the hearsay informant at the time and that she had given "other information about other individuals that associated with Mr. Colette that [he] knew to be true from other informants as well as [his] own investigations". Officer Wall did not elaborate on the nature of the "other information", other than stating that it was information about the defendant's associates and his business. Based on the evidence, the issuing magistrate could conclude no more

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Suppress.**

than that the "other information" concerned wholly innocent details. It is illogical to conclude that, because an informant provides innocent information which happens to be true it follows that the informant is credible concerning inculpatory information.  The corroboration of innocent, easily ascertainable details, is an inadequate foundation upon which to infer reliability. See <u>United States v. Mendonsa</u>, 989 F.2d 366, 369 (9th Cir. 1983).

The Confidential Informant was Powers, with whom Colette used to reside.  Colette previously proffered evidence indicating that Powers was extremely hostile towards him.  See previous discussions.  Furthermore, Colette stands ready to prove the following:

(1) Officer Wall and Powers previously worked together as co-employees;

(2) Officer Wall and Powers were co-workers for a period of approximately five years;

(3) Officer Wall and Powers were personally acquainted with each other during that period of time;

(4) As a result of their relationship, Officer Wall knew that Powers was unreliable because she suffered from severe alcoholism and because she engaged in unstable behavior such as stalking Colette.

None of this information was related to the Magistrate.  The above-articulated new information, which the Government recently disclosed, when coupled with previously-discussed matters, demonstrates that the State, at the very least, was reckless in its omissions.  It also demonstrates that had the relevant information been given to the Magistrate, there would have been no finding of probable cause.

Essentially, the prosecutor presented two streams of evidence, both of which was inherently suspect. Moreover, no independent police corroboration of the two streams of evidence was presented.

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Suppress.**

The aforementioned information was in the possession of the police at the time the search warrant was obtained. In light of its obvious materiality, the officer's failure to disclose it had to have been deliberate, or at the very least, reckless.

In the instant case, a warrant was issued after the police deliberately or recklessly failed to inform the magistrate about material information. The information was of a type that officers typically collect in investigating a crime, and the information was so glaringly relevant that the officer's omission had to have been deliberate or reckless. The officer's failure prevented the Magistrate from making an informed decision about probable cause. Had the Magistrate been given the information in question, there would have been no finding of probable cause.

As previously noted, this Court denied Colette's initial motion to suppress. That denial was entered by this Court without having been advised of the aforementioned new information. This Court was told by the Government that none of Johnson's criminal cases that were addressed by Colette in his motion to suppress involved crimes of dishonesty. As it turns out, though, the only reason that Colette and this Court were not aware that Johnson had committed crimes involving dishonesty was because the Government hadn't disclosed pertinent information to Colette and this Court. This failure to act constituted a violation of Colette's right to due process and justifies the filing of the instant post-conviction motion to suppress.

The deliberate concealment of the information from the Magistrate, and the later failure to disclose the information to Colette and this Court until after this Court ruled on the suppression and Franks issues, constitute a violation of due process every bit as egregious as the destruction of exculpatory evidence. Indeed, the actions in this case are tantamount to, and closely parallel, a failure to disclose exculpatory evidence.

Generally, Brady cases do not arise in the context of warrant suppression hearings. Accordingly, there is generally no need to reach the issue of whether due process requires the disclosure of evidence that is relevant for purposes of challenging search warrants. The Ninth

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Suppress.**

Circuit, however, with respect to an alleged failure to preserve evidence claim, has resolved the issue in the affirmative.

In United States v. Barton, 995 F.2d 931 (9th Cir. 1993), officers went to the defendant's home and knocked on his door. When the defendant answered the door, the officers smelled marijuana. The defendant invited them into his home, and the officers, upon entry, noted that the odor of marijuana became stronger. The defendant denied the officers' request to search the residence, and accordingly a search warrant was obtained based on the officers' observations about the odor of marijuana. The subsequent search revealed a number of cultivating plants, which were seized. After the plants were seized, they were placed into unventilated garbage bags. As a result, the plants decomposed.

The Barton defendant moved to suppress the evidence on the ground that there was no probable cause to search. His theory was that only marijuana plants with glandular trichomes emit an odor, and that the plants seized from his home did not have glandular trichomes. The defendant further argued that the failure to preserve the plants "denied him access to evidence that would have supported his contention that the plants did not emit an odor, [thus demonstrating] that the allegations in the affidavit were false". Barton, at 933. The trial court held that suppression was not warranted because the officers did not act in bad faith.

On appeal, the Barton defendant argued that the "Government's failure to preserve the marijuana plants violated due process under Brady..., because it denied him access to evidence that could have been used to impeach allegations in the affidavit for a search warrant." Barton, at 933. The defendant's theory was that the evidence was exculpatory because it would have permitted him to suppress the evidence against him. The Ninth Circuit rejected this theory, noting that Brady and Youngblood pertain to exculpatory or potentially exculpatory evidence, which is defined as evidence that is material to guilt or punishment. As further noted by the Ninth Circuit, although the resolution of a suppression motion often determines the case's outcome, the successful suppression of evidence

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Motion To Suppress.**

is unrelated to the culpability of the accused. Accordingly, the defendant's assertion that the evidence was at least potentially exculpatory was rejected by the Ninth Circuit.

However, the Court then addressed the next logical issue. As stated by the Court: "We must decide the novel question whether the destruction of evidence which had the potential at a suppression hearing to impeach allegations in an affidavit for a search warrant violates due process." The Court resolved that issue in the affirmative. It noted that the Supreme Court, in Franks v. Delaware, 438 U.S. 154, 156 (1978), held that defendants have a right under the Fourth Amendment to challenge the truthfulness of statements made in search warrant affidavits and that the Franks Court reasoned that, unless that right was recognized, Fourth Amendment protections would be illusory. As stated by the Franks Court "…[P]robable cause would be reduced to a nullity if a police officer was able to use deliberately falsified allegations to demonstrate probable cause, and, having misled the magistrate, then was able to remain confident that the ploy was worthwhile." Barton, at 934-35, quoting from Franks, at 168.

Accordingly, the Barton Court concluded as follows:

> This rationale applies with equal force to the destruction of evidence which is necessary to impeach material allegations in an affidavit for a search warrant. By deliberately destroying impeaching evidence, an officer could feel secure that false allegations in his or her affidavit for a search warrant could not be challenged. Such a result would effectively deprive a criminal defendant of his Fourth Amendment right to challenge the validity of a search warrant. To protect the right of privacy, we hold that the due process principles announced in Brady and its progeny must be applied to a suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant.

Barton, at 935.

This Court is squarely confronted with almost the identical issue: Does Due process require the timely disclosure of evidence that arguably does not bear on culpability but which is necessary to impeach statements made in search warrant affidavits? For purposes of due process and the Fourth Amendment, this Court must follow the Ninth Circuit's lead. The only method of vindicating

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Colette's rights of due process and privacy under the Fourth Amendment is to grant the instant post-trial suppression motion. All material obtained as a result of the search warrant concerning Colette's residence, and all derivitive information, must be suppressed.

When evidence is deliberately or recklessly concealed from the Court in a search warrant proceeding, a reviewing court evaluates probable cause in light of both the disclosed and the concealed evidence. The previously concealed information, when considered with the evidence at the search warrant hearing, requires the conclusion that there was no probable cause to believe that seizable material was then located at Colette's residence.

## IV
## Conclusion

The State deliberately or recklessly concealed material information bearing on Johnson's and Powers' credibility. Subsequently, the Government concealed a vast amount of information material to Johnson's credibility until after this Court ruled on Colette's motions to suppress and for a <u>Franks</u> hearing. These acts of concealment violated Colette's right to due process and his right to be free of unlawful searches and seizures. Accordingly, post-trial suppression is mandated.

Respectfully dated this 16th day of August, 2006 in Anchorage, Alaska.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

/S/ Rex Lamont Butler
745 W 4th Avenue Ste 300
Anchorage, Alaska, 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

**Certificate of Service**
I hereby certify that, on August 16, 2006, the foregoing document was served on Bryan Schroder, Esq., via electronic filing.
/S/ Rex Lamont Butler

**United States v. Colette,**
**Motion To Suppress.**