IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,     )
                                     )
        Plaintiff,       )
v.                           )
                                     )
**JASON SCOTT COLETTE**, and    )
KAREN KRISTINA KOCH,       )
                                     )
        Defendants.      )
                                     )
_____)    Case No. 4:05-CR-42-RRB

**MOTION FOR RECONSIDERATION OF
PRELIMINARY ORDER OF FORFEITURE**

Comes Now, Jason Colette, by and through his attorney, Rex Lamont Butler & Associates, Inc., and respectfully moves and petitions this Honorable Court to reconsider its preliminary order of forfeiture, dated August 18, 2006, wherein this Court condemned and forfeited to the United States Colette's currency in the amount of approximately $38,848, and four itemized firearms.  This motion is based on the following considerations:

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, this Court has inherent authority to decide motions for reconsideration in criminal cases.  U.S. v. Aquirre, 214 F.3d 1122 (9th Cir. 2000).  In addition, LR 59.1 permits motions for reconsideration.

21 U.S.C. 853(a)(1) permits the forfeiture of proceeds (direct or derivative) of drug crimes.  21 U.S.C. 853(a)(2) permits the forfeiture of property that is used or intended to be used to commit

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,
Motion For Reconsideration.**
                Page 1

or facilitate a drug crime.  Thus both subsections require a nexus between the property and the crime.

In the instant case, the required nexus is not present.  With respect to the currency, the required nexus is not present because Mr. Colette operated a legitimate business that generated proceeds. The evidence was not such as to make it probable that the seized funds, either in their entirety or any portion thereof, are the proceeds of a drug crime, as opposed to being the proceeds of Mr. Colette's legitimate business.  Similarly, the required nexus is absent with respect to the firearms.  Indeed, the jury, in returning a verdict of not guilty concerning the two firearms counts, necessarily found that there was no connection between the firearms and the drug counts. There is no basis for concluding that the firearms were used, or were intended to be used, to commit or facilitate the drug crimes.

Accordingly, absent a requisite nexus to the drug offenses, the preliminary order condemning the funds and the firearms runs afoul Criminal Rule 32.2(b)(1) and 21 U.S.C. 853.

Colette has a due process right to proof beyond a reasonable doubt concerning all elements of the offense.  He has a corresponding right to a jury trial concerning all elements of the offense. Colette submits that Criminal Rule 32.2 and 21 U.S.C. 853, to the extent that they permit judges to find the requisite nexus by the preponderance standard, violate his right to due process and his right to a jury trial.

**United States v. Colette,**
**Motion For Reconsideration.**
                                          Page 2

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

In <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court found that facts, other than recidivism, which increase the permissible range of punishment for an offense must be submitted to a jury and proven beyond a reasonable doubt. As noted by the Court: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (<u>Apprendi</u>, <u>supra</u>., at 490).

In <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), the Supreme Court addressed <u>Apprendi</u>'s principle that facts which increase the penalty for a crime beyond the "statutory maximum", other than prior convictions and admissions, must be submitted to the jury and proven beyond a reasonable doubt. In so doing, the Court defined the term "statutory maximum" as the maximum sentence that may be imposed without making additional findings. <u>Blakely</u>, <u>supra</u>., at 2537.

There are permissible sentencing ranges for Count I and Count II, that may not be exceeded if there is no factual finding of a nexus between the underlying drug offense and property subject to forfeiture. Absent a finding of such a nexus, this Court can not impose a sentence beyond the maximum of the sentencing ranges. However, the sentencing range may be exceeded if there is a factual finding of a nexus. This is a factual finding that must be made before the Court can sentence Colette beyond the normal maximum sentence. Accordingly, this finding must be made by a jury, *and it must be made beyond a reasonable doubt.*

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**<u>United States v. Colette,</u>**
**Motion For Reconsideration.**

Page 3

But, see <u>U.S. v. Garcia-Guizar</u>, 160 P.2d 511 (9th Cir. 1998)(preponderance of the evidence is applicable standard for forfeitures because criminal-forfeiture provision does not describe a separate offense). <u>Garcia-Guizar</u>, however, predates <u>Apprendi-Blakely</u>; and, pursuant to <u>Apprendi</u>-<u>Blakely</u>, Section 853(a)(1) and (2) describe separate offenses. See also <u>Libretti v. United States</u>, 516 U.S. 29, 39 (1995)(Forfeiture is an aspect of sentencing following conviction on the substantive offense). <u>Libretti</u>, though, like <u>Garcia-Guizar</u>, predates <u>Apprendi</u>-<u>Blakely</u>.

The Government should not be suffered to argue that Colette waived his right to a jury trial concerning the requisite nexus by failing to articulate a Rule 32.2(b)(4) demand. To be effective, a waiver of the right to a jury trial must be knowing and voluntary. <u>Godinez v. Moran</u>, 509 U.S. 389, 400 (1993). That standard is not met in the instant case. Colette did not effect a knowing and voluntary waiver. After the jury returned its verdict of guilty, there was discussion on the record concerning the forfeiture counts. Colette concluded that, since the jury had returned a not guilty verdict concerning the firearms, there was no longer a danger of forfeiture of the firearms. If that conclusion was incorrect, then Colette did not make a knowing, intelligent waiver.

Even if Colette waived his right to a jury trial, it nevertheless remains true that, pursuant to <u>Apprendi</u>-<u>Blakely</u>, the requisite nexus must be proved beyond a reasonable doubt. For the reasons discussed above, the Government is not able to establish the

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

<u>**United States v. Colette,**</u>
**Motion For Reconsideration.**
                          Page 4

nexus by even a preponderance of the evidence, let alone beyond a reasonable doubt.

In summary, the required nexus is not present in this case, and this is especially true with respect to the firearms, as indicated by the jury's rejection of the two firearms counts. The nexus must be proved beyond a reasonable doubt, which did not occur here.

Dated this 23rd day of August, 2006 in Anchorage, Alaska.

/S/ Rex Lamont Butler
745 W. 4th Avenue, Ste., 300
Anchorage, Alaska, 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 23rd day of August, 2006, in Anchorage, Alaska.

/S/ Rex Lamont Butler
745 W. 4th Avenue, Ste. 300,
Anchorage, Alaska, 99501
(907) 272-1497
(907) 276-3306
lawoffices@gci.net
ABN: 8310105

Certificate of Service:

I Hereby Certify a true and accurate copy of the foregoing instrument with all attachments has been served via electronic filing to Bryan Schroder / James Barkeley, Assistant U.S. Attorneys, Federal Building & U.S. Courthouse, 222 W. 7th Ave., # 9 Room 253, Anchorage, Alaska, 99513-7567, on this 23rd day of August, 2006.

/S/ Rex Lamont Butler

**United States v. Colette,**
**Motion For Reconsideration.**

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)