NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON SCOTT COLETTE,<br><br>Defendant. | Case No. 4:05-cr-00042-RRB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL** |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motion for a new trial. The defendant's motion simply revives and rehashes his motion to suppress that was fully litigated and denied by the Magistrate in his recommendation at Docket 101, and the court at Docket 119.

The defendant provided no new evidence unknown to him prior to or during trial. Moreover, he fails to make any direct allegation, or provide supporting information, that law enforcement officers deliberately or recklessly made false statements or omissions to the magistrate that issued the search warrant for the defendant's residence. Finally, the information raised by the defendant as "new facts" are of marginal relevance, and would not have been material to the Magistrate who issued the original search warrant.

I.   MOTION FOR NEW TRIAL

Presumably, the defendant is making his motion for new trial under Federal Rule of Criminal Procedure 33. Motions for new trial should be granted "only in exceptional cases." U.S. v. Pimental, 645 F.2d 538, 545 (9th Cir. 1981).

A.   Newly Discovered Evidence

While it is unclear from defendant's motion whether he is claiming that his "new facts" are newly discovered evidence for purpose of Rule 33, the Government will address the issue.

"Although defendants are tireless in seeking new trials on the ground of newly discovered evidence, motions on this ground are not favored and are viewed with great caution." Wright, Federal Practice and Procedure: Criminal 2d §557 (West 1982). In order to make out a motion for new trial based on newly

discovered evidence, the defendant bears the burden of showing that: (1) the evidence was newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence will be neither cumulative nor impeaching; and (5) the evidence indicates that a new trial will probably result in acquittal.  United States v. Sarno, 73 F.3d 1470, 1507 (9th Cir. 1995). In order for alleged new evidence to justify a new trial, it must, of course, be admissible.  Kamel, 965 F. 2d at 491.  "A Rule 33 motion based on 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged." United States v. Mett, 65 F.3d. 1531,1533 (9th Cir. 1995); United States v. Hanoum, 33 F.3d 11128, 1130 (9thCir. 1994) (newly discovered evidence of ineffective assistance of counsel does not excuse failure to file motion within 7 day limit). For this reason, for example, newly discovered evidence that is merely cumulative or impeaching cannot form the basis for a new trial. See United States v. Krasny, 607 F.2d 840, 843 (9th Cir. 1979).  The trial judge has broad discretion to decide that new evidence is not sufficiently credible to support a motion for new trial. United States v. Diggs, 649 F.2d 731, 740 (9th Cir. 1981).

      The defendant's "new facts" fail to meet the standards cited above.  First, the evidence is not newly discovered.  The information was provided to defendant

prior to trial, or learned through testimony at trial, as admitted in the defendant's motion, Docket 163, p.2. Moreover, the majority of the "new facts" evidence was not admissible, thus not material to a new trial. Four of the seven "new facts," items 1,2, 6, and 7, relate to witness Eugene Johnson's prior involvement with law enforcement. However, because the matters are limited to interviews or unprosecuted offenses, none of them are admissible at trial. None of the four are convictions, much less felony convictions, and are inadmissible for impeachment under Federal Rule of Evidence 609. The remaining 3 items of "new facts," items 3, 4, and 5, are all issues that were brought out by the defense to impeach Mr. Johnson at trial, and are now simply cumulative. Finally, none of the evidence, even if it were admissible, would rise to the level of an acquittal. Thus, under the test outlined in Sarno, the defendant's motion must fail.

    B.    <u>Interests of Justice</u>

Presumably however, the defendant's main argument is that the "new facts," if analyzed under the requirements of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), would lead to the conclusion that Sgt. Wall, with intent to deceive the court, purposefully kept material information from the Magistrate issuing the search warrant, thus creating a constitutional violation that demands a new trial to meet the interests of justice. The defendant's arguments fail on a number of levels.

Franks requires a "substantial preliminary showing" to trigger an evidentiary hearing on the validity of the affidavit or testimony underlying a search warrant. To fulfill that requirement, the defendant must the defendant must: (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) contend that the false statements or omissions were deliberately or recklessly made; (3) make a detailed offer of proof, including affidavits, to accompany the allegations; (4) challenge only the veracity of the affiant; and (5) show that the challenged statements must be necessary to find probable cause. U.S. v. DeCesare, 765 F.2d 890, 894-95(9th Cir. 1985). The principles of Franks have also been applied to deliberate or reckless omissions that mislead the judicial officer, as well as false statements. Stanert at 780-781.

The requirement of a substantial preliminary showing is not lightly met. "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit or a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998). (internal citations omitted).

The defendant bears the burden of proving a Franks violation by a preponderance of the evidence. United States v. Dozier, 844 F.2d 701, 705 (9th Cir. 1988). The defendant must demonstrate that the agent intentionally or

recklessly made the false statement or omission. Mere negligence or inadvertence does not constitute a Franks violation. Id.; See also, United States v. Collins, 61 F.3d 1379, 1384 (9th Cir. 1995) (holding that agent's knowledge of a fact (a specific date) and his failure to include it in an affidavit constituted negligence or innocent mistake and did not justify a hearing); United States v. Hole, 564 F.2d 298, 302 (9th Cir. 1977) (holding that innocent misstatements that are not intentional or reckless, even if material, will not vitiate an otherwise sufficient affidavit); United States v. Botero, 589 F.2d 430, 433 (9th Cir. 1978) (holding that misstatements or omissions in the affidavit are fatal only if reckless and if made with intent to deceive court).

Identifying intentional omissions and misstatements alone, however, is not enough to warrant a Franks hearing. The defendant has to show that the deceptions were material; that is, he or she has to show that the issuing magistrate could not have found probable cause absent the omissions or false statements. Franks, 438 U.S. at 171-72. Courts have also denied a Franks hearing where the allegation is a failure to investigate, not a deliberate omission or falsity. See United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (Denying hearing in mail fraud case where allegation of omission in search warrant affidavit depended on claim agent should have probed facts further); United States v. Miller, 753 F.2d

1475,1478 (9th Cir. 1985) ("It might have been prudent for the federal agents to check on [an informant's] background and criminal record, but their failure to do so is not reckless disregard.").

As in the defendant's pretrial motion claiming a Franks violation, he has made no direct allegation that the law enforcement officers involved, specifically Sgt. Wall, made deliberate or reckless omissions. The defendant has certainly made no offer of proof that the officers acted improperly, as is required by DeCesare. Thus, the first key requirement to trigger a Franks hearing is not met, and the defendant has made no attempt to meet it. The defendant provided no evidence because there is no evidence that the officers acted improperly. Thus, the defendant fails to meet the first Franks threshold.

Maybe more importantly, the "new facts" referred to by the defendant would not have been material to the Magistrate who granted the search warrant because the information is of uncertain reliability or was cumulative. The defendant's "new facts" fall into two categories, other offenses related to Mr. Johnson and information about Mr. Johnson's drug dealing.

Defendant's "new fact" number 1 mistakenly cites Mr. Johnson as being under investigation for armed robbery at the time of the search warrant. The defendant's mistake is based on a misreading of his Exhibit A. The only reference

to robbery in Exhibit A is line 20, case number 050031729.  The key to reading this particular page from the Alaska Public Safety Information Network (APSIN) is understanding the abbreviations in the "ROLES" column.  The defendant reads the "I" in the "ROLES" column to mean that Mr. Johnson was under investigation.  In fact, as defined on the relevant page of Alaska Department of Public Safety reports manual , attached as Government Exhibit 1, "I" means Mr. Johnson was simply interviewed.  The fact that Mr. Johnson was interviewed would not have been material to the magistrate.

Defendant's "new fact" number 2 is a juvenile matter with only the barest reference to robbery.  Defendant's "new facts" number 6 & 7 cite unprosecuted accusations of theft and burglary.  As the court is aware, the basis for such accusations are often from limited or unreliable information, which can lead to the decision not to prosecute.  Thus, the information of these "new facts" would not have been useful or material to the Magistrate  issuing the warrant.

The defendant cites no cases to indicate that this unreliable lower level of criminal history information has been be considered material by any court.  To the contrary, the primary case cited by the defendant in his original motion for a Franks hearing, U.S. v. Hall, 113 F.2d 157 (9th Cir), contradicts his proposition that mere allegations against a witness are material for consideration in a search

warrant application.  In <u>Hall</u>, the court's concern about the witness' credibility was based on a felony <u>conviction</u> for making <u>false reports to the police</u>.  The defendant tries to extrapolate that analysis to pull in unproven allegations of theft.  This attempt must fail.  It would only be appropriate for the Magistrate to consider convictions, cases where the facts are proven, not merely alleged.  Thus, the information cited by the defendant was not material.

The defendant's remaining "new facts," numbers 3-5 are issues that the defendant raised in trial in an effort to impeach Mr. Johnson.  These attempts, nothing more than showing that Mr. Johnson – an admitted drug dealer – was involved in drug dealing activities, were unsuccessful.  Moreover, the information relied upon by the defendant comes from the statements of an informant in police reports.  The defendant tried to make an issue of this information during his cross-examination of Mr. Johnson, but the jury, in finding the defendant guilty of Count 2 of the indictment, distribution of cocaine, found Mr. Johnson's testimony credible.  The defendant is simply trying to take the decision away from the jury because they decided against him.  The fact that the jury refused at trial to find that the information in the defendant's "new facts" were material to Mr. Johnson's credibility confirms that the Magistrate would not have found this information material when he issued the search warrant.

The defendant's attempt to introduce "new facts" to allege a constitutional violation based upon Franks must fail. The information put forward by the defendant does not meet the main requirements for a Franks violation. There is no allegation that Sgt. Wall withheld information in order to deceive the Magistrate, and certainly no evidence introduced. Moreover, the information, which was of limited reliability or simply cumulative, would not have been material to the Magistrate.

The defendant also misreads U.S. v. Barton, 995 F.2d 931 (9th Cir. 1993) in implying that the Government should have provided information sooner. The facts in the instant case are distinguishable. Barton involves destruction of evidence, following Supreme Court case law from Brady v. Maryland, 373 U.S. 83 (1963) to California v. Trombetta, 467 U.S. 479 (1984), to Arizona v. Youngblood 488 U.S. 51 (1988). Barton at 933-34. Any application of Brady in the Barton case is solely within the context of destruction of evidence, not an issue in this case. If Barton has any similarity to the instant case, it is that the court in Barton found no violation because they found no bad faith on the part of the law enforcement officers. As discussed above, Franks has a similar requirement, and the defendant has not even alleged that Sgt. Wall acted in bad faith.

II.     CONCLUSION

This is not an "exceptional case" that warrants a new trial.  The defendant was convicted at trial, and is simply seeking to avoid that conviction.  The defendant has not sufficiently alleged new evidence in his motion for new trial.  Nor has he sufficiently alleged a <u>Franks</u> violation, either that officers deliberately omitted information, or that the information would have required the Magistrate to change his decision to issue a search warrant.  Certainly, none of the allegations of the defendant rise to level of requiring a new trial to satisfy the interests of justice.  The jury heard the evidence in this case and reached an appropriate verdict.  That decision should not be taken away from them.  The Government requests that the

//

//

//

//

//

//

//

//

motion for a new trial be denied.

RESPECTFULLY SUBMITTED this  25th  day of August, 2006, at Fairbanks, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/Bryan Schroder
> BRYAN SCHRODER
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 101 12th Avenue, Room 310
> Fairbanks, Alaska  99701
> Phone: (907) 456-0245
> Fax: (907) 456-0577
> Email: bryan.schroder@usdoj.gov
> Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on August   25  , 2006, that a true and correct copy of the foregoing, **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL**, was served, via Electronic Filing, on:
**Rex L. Butler**

s/Bryan Schroder