IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                                          )<br>                              Plaintiff,      )<br>v.                                                       )<br>                                                          )<br>**JASON SCOTT COLETTE**, and   )<br>KAREN KRISTINA KOCH,            )<br>                                                          )<br>                              Defendants.  )<br>_____ )  | Case No. 4:05-CR-42-RRB |

**REPLY TO OPPOSITION (DOCKET 174) TO
MOTION FOR A NEW TRIAL (DOCKET 162, 163)**

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Comes Now, Jason Scott Colette, by and through his attorney Rex Lamont Butler and Associates, Inc., and addresses the Government's opposition (Docket 174), as follows:

The Government incorrectly characterizes Colette's motion as simply a rehash of his prior motion to suppress, which, according to the Government, already has been "fully litigated". The Government could not be more wrong. Colette's motion for a new trial is based on additional information that was improperly withheld from Colette and this Court until after it was too late to fully litigate Colette's prior motion to suppress.

Citing U.S. v. DeCesare, 765 F.2d 890, 894-95 (9th Cir. 1985), the Government argues that Colette is not entitled to a new trial because: (1) He failed in the instant motion, as well as in his prior motions, to allege that the officers made deliberate or reckless omissions; (2) Colette made no offer of proof; (3) There is no evidence that the officer acted improperly; (4) There was no obligation to

```
United States v. Colette,
Reply To Opposition To Motion For A New Trial.
                                Page 1
```

inform the magistrate concerning Johnson's prior record of a conviction of robbery, his prior charges regarding crimes involving dishonesty, or his numerous "interviews" regarding crimes involving dishonesty; and (5) Colette was permitted to cross-examine Johnson at trial regarding omitted material.

The Government is incorrect that Colette failed to allege that the officer made reckless or deliberate omissions. As stated by Colette in his memorandum in support of his motion for a new trial (Docket 163):

> The aforementioned information was in the possession of the police at the time the search warrant was obtained. In light of its obvious materiality, the officer's failure to disclose it had to have been deliberate, or at the very least reckless.

Later in his motion for a new trial, Colette stated: The deliberate concealment of the information from the Magistrate, and the later deliberate concealment of the information from Colette and this Court until after this Court ruled on the suppression and Franks issues, constitute a violation of due process every bit as egregious as the destruction of exculpatory evidence." Previously, in his Combined Reply (Docket 78), Colette stated as follows: "Officer Wall deliberately or recklessly failed to apprise the Magistrate of highly relevant information." There are numerous instances in the instant motion, and in prior pleadings, where Colette unambiguously alleged that Wall made deliberate or reckless omissions.

The Government is also incorrect in stating that Colette made no offer of proof. Colette offered to prove that misrepresentations and omissions were made. Colette then specifically detailed, at great length, the nature of the proof. See page 12 of Colette's memorandum in support of motion for a new trial. Similarly, in his earlier pleadings, Colette made an extensive offer of proof. See pages 9-10 of Colette's Combined Reply. (Docket 78). See also Colette's original motion for a Franks hearing and attached exhibits. (Docket 50, 52).

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Reply To Opposition To Motion For A New Trial.**
Page 2

The Government argues that there is no evidence that the officers acted improperly. Such is not the case. See exhibits attached to Colette's memorandum in support of motion for a new trial. (Docket 163). These exhibits demonstrate that Johnson was convicted of Robbery. They demonstrate that Johnson was regularly interviewed concerning numerous crimes involving dishonesty. They demonstrate that Johnson, after acknowledging that he had a stash of drugs, refused to divulge the location of those drugs. They demonstrate that Johnson had a drug source other than Colette. They demonstrate that Johnson was armed and that he had threatened to kill officers. They demonstrate that Johnson had been charged with numerous crimes involving dishonesty, but never investigated.

The Government attempts to minimize Johnson's extensive record of contacts with the police by arguing that the notation "I" on his criminal record printout only means that he was interviewed in connection with the robbery. In addition to the robbery charge, however, Johnson was interviewed concerning Larceny From a Building, Residential Burglary, No Force Burglary, and Vehicle Theft. Obviously, since Johnson was interviewed so regularly when there was a crime involving dishonesty, the police believed that he was a dishonest person. It would stretch the bonds of credibility to assert that the police's interest in interviewing Johnson sprang from a long series of incidents where Johnson, quite innocently, just happened to be in the right place at the right time to observe crimes involving dishonesty perpetrated by others. This information should have been given to the magistrate.

The Government attempts to minimize Johnson's robbery conviction by noting that it is "only a juvenile matter with only the barest reference to robbery". The Government cites no authority for the proposition that juvenile convictions need not be disclosed in warrant applications. Moreover, even assuming that the computer printout contained only the barest reference to burglary, it may be noted that record clearly states "robbery". The Government does not allege that the record is inaccurate or that Wall was not aware of the conviction.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Reply To Opposition To Motion For A New Trial.**
                                                              Page 3

The Government attempts to minimize the numerous cases wherein Johnson was prosecuted of having committed crimes involving dishonesty, by arguing in *general* as follows: "As the court is aware, the basis of such accusations are often from limited or unreliable information, which can lead to the decision not to prosecute". Significantly, the Government does not allege that *Johnson's* cases were dismissed because of "limited or unreliable information"; and, the Government does not allege that the dismissals were occasioned by Johnson's innocence. There are many reasons for dismissing cases. Johnson is not adverse to cutting deals with the State of Alaska to avoid punishment. Perhaps the District Attorney, on reflection, concluded that although Johnson was guilty of committing the crimes there were problems with proof.

Regardless of the reasons for the dismissals the cases were filed by the police and the State of Alaska after an investigation into the facts of each case. The police obviously concluded that Johnson committed crimes involving dishonesty, as the charges were filed. Quite simply, as indicated by the numerous "interviews" and the numerous criminal complaints, the police concluded long ago that Johnson was a person committing crimes involving dishonesty.

The omitted information had obvious relevance to Johnson's credibility, which in turn was vital to a finding of probable cause.

The Government, without citing any support, asserts that it only would have been appropriate for the magistrate to have considered convictions. The Government confuses the evidentiary requirements for conducting impeachment at trial with the requirements for obtaining a search warrant. In the latter situation, it is improper for the police to adduce a witness' testimony where there are grounds, unknown to the magistrate, for concluding that the witness is not credible. Those grounds must be disclosed. How else can the Magistrate make an informed decision concerning credibility?

The issue is not whether or not a person has been *convicted* of crimes involving dishonesty. Rather, the critical issue is whether a person has a *history* of crimes involving dishonesty. In U.S.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Reply To Opposition To Motion For A New Trial.**

v. Reeves, 210 F.3d 1041 (9th Cir. 2000), a confidential informant had a previous *charge* of a crime involving dishonesty.  The District Court, after conducting an *in camera* Franks hearing, held that the warrant was valid.  On appeal, the Court held that the warrant was valid because of the informant's history of providing valid information to the police.  However, before so concluding, the Court, while referencing United States v. Hall, 113 F.3d 157, 159 (9th Cir.1997), stated as follows: "If an informant's *history of criminal acts* involving dishonesty renders his/her statements unworthy of belief, probable cause must be analyzed without those statements." (Emphasis Added). Reeves, at 1044.

Similarly, in U.S. v. Elliott, 322 F.3d 710 (9th Circuit 2003), the defendant alleged that a warrant was invalid because the magistrate was not told that the informant had a prior *charge* of committing a crime involving dishonesty.  The Court held that the informant's history of providing reliable tips overcame any doubts occasioned by his prior criminal and personal behavior.

The decisions in Reeves and Elliott did not turn on the fact that the prior criminal behavior only resulted in charges, as opposed to convictions.  Surely, if "mere accusations" embodied in criminal charges need not be disclosed, then the Ninth Circuit would have so stated, rather than relying on alternate grounds for sustaining the warrants.  Thus, the Government's statement that it would only be proper for the Magistrate to consider convictions, as opposed to charges, is an incorrect statement of the law.

The Government seems to suggest that the failure to disclose the new facts numbered 3, 4, and 5 was harmless because Colette was able to cross-examine Johnson regarding those facts at trial. The Government's analysis is defective for two reasons: First, new facts numbered 3, 4, and 5, were relevant to the probable cause for issuing the warrant.  See principal memorandum in support of Motion For a New Trial. ( Docket 163).  When the facts were finally disclosed, this Court had already ruled on the warrant.  Second, Johnson refused to be fully examined concerning those facts at trial.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

The Government argues as follows: (1) Johnson was cross-examined regarding the new facts numbered 3,4, and 5; (2) The jury obviously believed Johnson, because he was convicted; and (3) Therefore, the Magistrate would have believed Johnson had the officer disclosed the information at the warrant hearing. This argument is specious. The determination of credibility for purposes of obtaining a warrant is a *judicial* function and is not a task assigned, even indirectly, to a jury. Furthermore, the Government is speculating on how much credibility the jury gave to Johnson in arriving at its verdict.

The Government attempts to distinguish U.S. v. Barton, 995 F.2d 931 (9th Cir. 1993), on the grounds that Barton involved the destruction of evidence. In response, Colette asserts that the same principles that undergird Barton made it necessary in the instant case for the Government to disclose impeachment material prior to the suppression decision. The Barton Court held that, even though the rules requiring the preservation of evidence have their source in Brady, and even though Brady does not normally address impeachment material, the State violated due process by destroying impeachment material relevant to a warrant suppression hearing. This conclusion was based on the Fourth Amendment right to challenge search warrants.

The same right is present in the instant case. Colette had a Fourth Amendment right to challenge the search warrant. The Government was in possession of material evidence that undermined the validity of the warrant. The Government concealed that evidence from Colette until after this Court made its decision on the motion to suppress. As a result, Colette was prevented from meaningfully exercising his right to challenge the warrant.

In conclusion, for the reasons previously asserted, and for the reasons discussed herein, a new trial must be granted.

. Respectfully dated this 30th day of August, 2006 in Anchorage, Alaska.

/S/ Rex Lamont Butler
745 W. 4th Avenue, Ste. 300
Anchorage, Alaska, 99501
(907) 272-1497

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Reply To Opposition To Motion For A New Trial.**
Page 6

(907) 276-3306
lawoffices@gci.net
ABN: 831015

**Certificate of Service**
**I hereby certify that, on August 30, 2006, the foregoing document was served on Bryan Schroder, Esq., via electronic filing.**
/S/ Rex Lamont Butler

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Colette,**
**Reply To Opposition To Motion For A New Trial.**
Page 7