NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
JAMES BARKELEY
Assistant United States Attorneys
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov
       jim.barkeley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JASON SCOTT COLETTE,<br><br>　　　　　　Defendant. | Case No. 4:05-cr-00042-RRB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PRELIMINARY ORDER OF FORFEITURE** |

COMES NOW the United States of America, by and through counsel, and opposes, in part, defendant's motion for reconsideration of the Court's Preliminary Order of Forfeiture.

A.   THE MOTION

(1)   Procedure

The government does not object to reconsideration; even if it is not specifically provided for by rule or statute, any appellate record will be better served by addressing the issues raised by this motion now, rather than later.

(2)   Issues Raised

The motion appears to raise the following issues:

(a) **Sufficiency of the evidence** ( arguing lack of nexus between drug offenses of conviction and property-cash and firearms-forfeited as to defendant by the Preliminary Order of Forfeiture) (**Motion at p. 2**);

(b) **Standard of proof** (arguing that Apprendi and Blakely require that forfeiture, including nexus under Federal Rule of Criminal Procedure 32.2 (b)(4), be proved beyond a reasonable doubt) (**Motion at pp. 3-4**);

(c) **Jury trial on question of nexus** (arguing that defendant did not waive his right to a jury trial as to nexus) (**Motion at p. 4**).

Taken together, the facts in this case and the applicable law indicate that the motion lacks merit in its entirety, and it should be denied.

B.   THE RELEVANT FACTS

The evidence adduced at trial was that all of the forfeited currency was found in the safe, along with and in close physical proximity to cocaine and the only guns forfeited out of the much larger collection of weapons that was indicted. Virtually all the currency was wrapped in $1000 increments, consistent (according to the testimony) with drug trafficking methods for handling drug proceeds.

While the jury was deliberating, the Court heard from counsel concerning the forfeiture jury instructions which had been submitted as part of a pretrial instruction package filed by the United States. The prosecution made it clear that either party could request a jury trial on nexus under F.R. Cr. P. 32.2 (b)(4), and that the government was not doing so. When asked its election by the Court, the defense expressly waived jury trial on forfeiture.

C.  APPLICABLE LAW

Although the Motion did disclose some contrary authority, it failed to mention that the Ninth Circuit has already disposed of its central argument that Apprendi applies to criminal forfeitures. It does not. United States v. Shryock, 342 F. 3d 948, 991 (9th Cir. 2003). Therefore, this Court correctly applied the preponderance standard in finding the forfeiture nexus between the defendant's drug trafficking conduct of conviction, and the currency and guns found together in

the safe.

The defendant further argues that Blakely applies to criminal forfeitures.  It does not.  Although the Ninth Circuit has yet to so hold, all circuits that have had the opportunity have done so .  <u>Libretti</u> (which is cited by the Motion at p.4) still controls.  Criminal forfeiture does not even call a statutory maximum into play.  <u>See</u>, e.g., <u>United States v. Fruchter</u>, 411 F.3d 377, 379-384 (2d Cir. 2005).

Under Criminal Rule 32.2, jury trial is not mandatory. It is by request only. Neither <u>United States v. Booker</u>, 543 U.S. 220 (2005) nor <u>Blakely</u> apply to criminal forfeiture. <u>United States v. Hively</u>, 437 F. 3d 752, 763 (8th Cir. 2006); <u>United States v. Leahy</u>, 438 F.3d 328, 332-334 (3rd Cir. 2006) (joining ..."the other Courts of Appeals that have considered the issue..." in holding that even after <u>Booker,</u> <u>Libretti</u> controls and the Sixth Amendment does not extend to criminal forfeiture.)

Finally, even if the right to jury trial is invoked by request, it was declined on the record in this case.  That is a valid waiver.  <u>Hively</u> at 763. As summarily stated by the First Circuit last week:

> "Ortiz-Zayas says that he was entitled to a jury trial on the forfeiture issue under the Sixth Amendment, as construed in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d. 435 (2000), and <u>Blakely v.

Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004).  In the district court, he agreed expressly to have the issue decided by the judge.  Even without waiver, we would be bound-unless and until it is overruled by the Supreme Court-by Libretti, 516 U.S. at 49, holding that the Sixth Amendment does not apply to "criminal forfeiture as an aspect of sentencing."  United States v. Ortiz-Cintron, ___ F.3d.___, 2006 WL 2457983 (1st Cir. 8/25/2006).

D.   CONCLUSION

None of the issues raised by the Motion have merit.  The motion should be denied.

RESPECTFULLY SUBMITTED this  31st  day of August, 2006, at Fairbanks, Alaska.

    NELSON P. COHEN
    United States Attorney

    s/James Barkeley
    JAMES BARKELEY
    Assistant U.S. Attorney
    Federal Building & U.S. Courthouse
    101 12th Avenue, Room 310
    Fairbanks, Alaska  99701
    Phone: (907) 456-0245
    Fax: (907) 456-0577
    Email: jim.barkeley@usdoj.gov
    Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on August  31 , 2006,that a true and correct copy of the foregoing, **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PRELIMINARY ORDER OF FORFEITURE**, was served, via Electronic Filing, on:

**Rex L. Butler**

s/James Barkeley