NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-cr-00042-RRB |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S OPPOSITION** |
| vs. ) | **TO DEFENDANT'S POST-TRIAL** |
| ) | **MOTION TO DISMISS** |
| JASON SCOTT COLETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motion to dismiss at docket 165. The defendant's motion simply revives and rehashes the arguments made in his pretrial motions to suppress and motion for a <u>Franks</u> hearing. Those motions were fully litigated and

denied by the Magistrate in his recommendation at Docket 101, and the court at Docket 119. The allegations made by the defendant then and now do not even come close to the conduct recognized by the courts as outrageous government conduct requiring a post-trial dismissal. Moreover, the defendant's alleged constitutional violation, the basis for his continuing request for a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), fails because he does not meet either of the main factors. First, he fails to make any specific, particularized allegation that law enforcement officers deliberately or recklessly made false statements or omissions to the magistrate that issued the search warrant for the defendant's residence. He certainly provides no supporting evidence for his general allegations, as required by precedent. Second, the information raised by the defendant as "new facts" are of marginal relevance, and would not have been material to the Magistrate who issued the original search warrant.

I.   <u>MOTION FOR DISMISSAL</u>

The court may dismiss an indictment if: (1) it finds outrageous government conduct that amounts to a due process violation, or (2) it finds that, even lacking a due process violation, that it must exercise its supervisory authority to remedy a constitutional or statutory violation, protect judicial integrity, or deter illegal

conduct.  U.S. v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991).

A. **NONE OF THE DEFENDANT'S ALLEGATIONS COME CLOSE TO MEETING THE STANDARDS OF OUTRAGEOUS GOVERNMENT CONDUCT**

For the court to dismiss a case based on due process violation, "the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice."  U.S. v. Smith, 924 F.2d 889, 897 (9th Cir. 1991).  In other words "[t]he police conduct must be 'repugnant to the American system of justice.'"  Id., quoting Shaw v. Winters, 796 F.2d 1124, 1125 (9th Cir. 1986).  This means that the defendant must meet an extremely high standard for this form of relief.  Id.

In Smith, the court reviewed the nature of government conduct in a number of cases where outrageous government conduct was alleged.  Id. These included the use of a heroin-using prostitute informant who engaged in regular intercourse with the defendant, introduction of drugs into a prison to identify a distribution network, encouragement and assistance with escape attempts, and commission of equally serious offenses by an undercover agent as part of an investigation.  Id. Importantly, the courts concluded that none of these actions rose to the level of a due process violation.  The court in Smith concluded that the "Government's involvement must be malum in se or amount to the engineering and direction of

the criminal enterprise from start to finish.  Id.

Allegations by the defendant that law enforcement officers in this case failed to provide all information to the Magistrate who granted the search warrant do not approach the nature or level of actions that troubled the courts in the case cited above.  The defendant suggests that Sgt. Wall omitted certain facts from his testimony.  However, some information will be omitted from all warrant applications. The officer, by necessity, must select the information he deems relevant and important for the specific purpose of obtaining a search warrant.  The officer cannot dump the contents of their files in front of the magistrate.

The generalized allegations of the conduct of the law enforcement officers in this case, even if true, do not rise to the level of outrageous government conduct as defined in precedent.

> B.  <u>THERE IS NO BASIS FOR THE COURT TO EXERCISE ITS SUPERVISORY AUTHORITY BECAUSE THE DEFENDANT HAS SHOWN NO CONSTITUTIONAL OR STATUTORY VIOLATION, THERE IS NO NEED TO PROTECT JUDICIAL INTEGRITY IN THIS MATTER, AND THERE HAS BEEN NO SHOWING OF ILLEGAL CONDUCT ON THE PART OF THE GOVERNMENT</u>

As discussed above, there are three bases for the court to exercise its supervisory authority and dismiss a case: to preserve judicial integrity, to deter future illegal conduct, and to remedy a violation of a constitutional or statutory

right.  Barrera-Moreno at 1091.  This is a "high standard, limiting the availability of the defense to extreme cases, and even in some of most egregious situations it has not been met." U.S. v. Doe, 125 F.3d 1249, 1257 (9th Cir. 1997).  The Government will address each basis in order as it applies to the defendant's motion to dismiss.

    1.    Judicial Integrity

The court's use of supervisory authority to protect judicial integrity allows the court to exercise substantial discretion over what takes place inside the courtroom: "...rarely, if ever, will judicial integrity be threatened by conduct outside the courtroom that does not violate a federal statute, the Constitution or a procedural rule." U.S. v. Simpson, 927 F.2d 1088, 1091 (9th Cir. 1991).  The defendant alleges no violation of statute or procedural rule, and as discussed below, there was no violation of the Constitutional.  Thus, because the defendant does not allege any violation within the courtroom as part of the trial, there is no basis for the court to dismiss the case to protect judicial integrity.

    2.    Future Illegal Conduct

The court can only act to deter <u>future</u> illegal conduct if there was <u>past</u> illegal conduct which was the responsibility of the government.  Id.  Since there was no past illegal government conduct alleged by the defendant, or indicated in the facts

of the case, there is not basis for the court to dismiss the case to deter future illegal conduct.

        3.      <u>Constitutional or Statutory Violation</u>

Presumably however, the defendant's main argument is that his "new facts," if analyzed under the requirements of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), would lead to the conclusion that Sgt. Wall, with intent to deceive the court, purposefully kept material information from the state Magistrate issuing the search warrant, thus creating a constitutional violation that requires dismissal.

The supervisory powers of the court in this regard are limited to those situations where the officers break the law. <u>Simpson</u> at 1090. It does not allow the courts to fashion its own rules to limit the conduct of law enforcement officers. <u>Id</u>. That responsibility to set limits on the executive branch belongs to the legislature. <u>Id</u>.    The defendant's argument that there has been a Constitutional violation based on <u>Franks</u> fails for the same reasons his pretrial motions failed: he makes only the barest, unsupported allegations that law enforcement officers deliberately or recklessly withheld information, and the information he claims was not provided would not have been material to the magistrate issuing the warrant..

<u>Franks</u> requires a "substantial preliminary showing" to trigger an evidentiary hearing on the validity of the affidavit or testimony underlying a

search warrant. To fulfill that requirement, the defendant must the defendant must: (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) contend that the false statements or omissions were deliberately or recklessly made; (3) make a detailed offer of proof, including affidavits, to accompany the allegations; (4) challenge only the veracity of the affiant; and (5) show that the challenged statements must be necessary to find probable cause. U.S. v. DeCesare, 765 F.2d 890, 894-95(9th Cir. 1985). The principles of Franks have also been applied to deliberate or reckless omissions that mislead the judicial officer, as well as false statements. U.S. v. Stanert, 762 F.2d 765, 780-781 (9th Cir. 1985).

The requirement of a substantial preliminary showing is not lightly met. "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit or a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998). (internal citations omitted).

The defendant bears the burden of proving a Franks violation by a preponderance of the evidence. United States v. Dozier, 844 F.2d 701, 705 (9th Cir. 1988). The defendant must demonstrate that the agent intentionally or recklessly made the false statement or omission. Mere negligence or inadvertence

does not constitute a Franks violation. Id.; See also, United States v. Collins, 61 F.3d 1379, 1384 (9th Cir. 1995) (holding that agent's knowledge of a fact (a specific date) and his failure to include it in an affidavit constituted negligence or innocent mistake and did not justify a hearing); United States v. Hole, 564 F.2d 298, 302 (9th Cir. 1977) (holding that innocent misstatements that are not intentional or reckless, even if material, will not vitiate an otherwise sufficient affidavit); United States v. Botero, 589 F.2d 430, 433 (9th Cir. 1978) (holding that misstatements or omissions in the affidavit are fatal only if reckless and if made with intent to deceive court).

Identifying intentional omissions and misstatements alone, however, is not enough to warrant a Franks hearing. The defendant has to show that the deceptions were material; that is, he or she has to show that the issuing magistrate could not have found probable cause absent the omissions or false statements. Franks, 438 U.S. at 171-72. Courts have also denied a Franks hearing where the allegation is a failure to investigate, not a deliberate omission or falsity. See United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (Denying hearing in mail fraud case where allegation of omission in search warrant affidavit depended on claim agent should have probed facts further); United States v. Miller, 753 F.2d 1475,1478 (9th Cir. 1985) ("It might have been prudent for the federal agents to

check on [an informant's] background and criminal record, but their failure to do so is not reckless disregard.").

As in the defendant's pretrial motion claiming a <u>Franks</u> violation, he has made no specific, particularized allegation that the law enforcement officers involved, specifically Sgt. Wall, made deliberate or reckless omissions. The defendant has certainly made no offer of proof that the officers acted improperly, as is required by <u>DeCesare</u>.

Instead the defendant harps on the alleged importance of the information that was not provided, and tries to bootstrap that the information must have been purposefully or recklessly withheld, i.e if the information was important, and it was not provided, the information must have been purposefully or recklessly withheld. This bootstrapping does not meet the requirement of providing a detailed offer of proof.

Moreover, by dredging up a handful of alleged omissions, the Defendant does not demonstrate bad faith. To the contrary, Sgt. Wall demonstrated his good faith by opting for a hearing on probable cause to issue the search warrant. He provided the information at the hearing by working with the Assistant District Attorney to assure that he was providing sufficient evidence. <u>U.S. v. Mendonsa</u>, 989 F.2d 366, 369 (9th Cir. 1993). In addition, bringing the informant before the

magistrate and allowing the judicial officer to ask his own questions also shows that Sgt. Wall was making no attempt hide information.

This attempt to interpolate the actions of the officers, with no showing of proof, is insufficient to meet the requirement of a substantial preliminary showing. Thus, the first key requirement to trigger a <u>Franks</u> hearing is not met, and the defendant has made no reasonable attempt to meet it. The defendant provided no evidence because there is no evidence that the officers acted improperly.

Maybe more importantly, the "new facts" referred to by the defendant would not have been material to the Magistrate who granted the search warrant because the information is of untested reliability or was cumulative. The defendant's "new facts" fall into two categories, other offenses related to Mr. Johnson and information about Mr. Johnson's drug dealing.

Defendant's "new fact" number 1 mistakenly cites Mr. Johnson as being under investigation for armed robbery at the time of the search warrant. The defendant's mistake is based on a misreading of his Exhibit A. The only reference to robbery in Exhibit A is line 20, case number 050031729. The key to reading this particular page from the Alaska Public Safety Information Network (APSIN) is understanding the abbreviations in the "ROLES" column. The defendant reads the "I" in the "ROLES" column to mean that Mr. Johnson was under investigation.

In fact, as defined on the relevant page of Alaska Department of Public Safety reports manual, attached as Government Exhibit 1, "I" means Mr. Johnson was simply interviewed. The fact that Mr. Johnson was interviewed would not have been material to the magistrate.

Defendant's "new fact" number 2 is a juvenile matter with only the barest reference to robbery. Defendant's "new facts" number 6 & 7 cite unprosecuted accusations of theft and burglary. As the court is aware, the basis for such accusations are often from limited or untested information, which can lead to the decision not to prosecute. Thus, the information of these "new facts" would not have been useful or material to the Magistrate issuing the warrant.

The defendant cites no cases to indicate that this untested lower level of criminal history information has been be considered material by any court. To the contrary, the primary case cited by the defendant in his original motion for a Franks hearing, U.S. v. Hall, 113 F.3d 157 (9th Cir), contradicts his proposition that mere allegations against a witness are material for consideration in a search warrant application. In Hall, the court's concern about the witness' credibility was based on a felony conviction for making false reports to the police. The defendant tries to extrapolate that analysis to pull in unproven allegations of theft. This attempt must fail. It is instructive to consider that under Federal Rule of Evidence

609, only convictions are allowed to impeach a witness, including the defendant. Limiting consideration to convictions assures that the court is considering tested, proven facts, not merely allegations. With no other information available, it would have been appropriate for the Magistrate to only consider convictions, cases where the facts are proven, not merely alleged. Thus, the information cited by the defendant was not material.

Moreover, the defendant's definition of "dishonesty" is overbroad. Again, Federal Rule of Evidence 609 is instructive. In the comments of the 1990 amendments to FRE 609, the Advisory Committee notes that the Congress expressed their intent on the meaning on "dishonesty," and meant to include such crimes as perjury, subordination of perjury, false statements, criminal fraud, embezzlement, or false pretense. The Advisory Committee also notes that including crimes like bank robbery or bank larceny within the definition of dishonesty was "unduly broad." Fed. R. Evid. 609, cmt. 1990 Amendments (2006). Thus, the past allegations against Mr. Johnson would not be considered within a reasonable definition of dishonesty, and were not material.

The defendant's remaining "new facts," numbers 3-5 are issues that the defendant raised in trial in an effort to impeach Mr. Johnson. These attempts, nothing more than showing that Mr. Johnson – an admitted drug dealer – was

involved in drug dealing activities, were unsuccessful, and are merely cumulative to the discussion of a potential <u>Franks</u> violation.. Moreover, the majority of the information relied upon by the defendant comes from the statements of an informant in police reports. The defendant's final two "new facts," 7 and 8, are unsupported, and are not material to determining a <u>Franks</u> violation. The defendant continues to propagate the theory that because Mr. Johnson held his information closely, and refused to provide some information to the officers, that he was lying. This theory is not true, and as discussed below, was not accepted by the jury. The defendant provides no support for his proposition that all interviews by state troopers must be recorded. Moreover, there is no indication on how this is material to the <u>Franks</u> determination.

    The defendant tried to make an issue of all this information during his cross-examination of Mr. Johnson, but the jury, in finding the defendant guilty of Count 2 of the indictment, distribution of cocaine, found Mr. Johnson's testimony credible. The defendant is simply trying to take the decision away from the jury because they decided against him. The fact that the jury refused at trial to find that the information in the defendant's "new facts" were material to Mr. Johnson's credibility confirms that the Magistrate would not have found this information material when he issued the search warrant.

The defendant's attempt to introduce "new facts" to allege a constitutional violation based upon Franks must fail. The information put forward by the defendant does not meet the main requirements for a Franks violation. There is no specific, particularized allegation that Sgt. Wall withheld information in order to deceive the Magistrate, and certainly no evidence introduced. Moreover, the information, which was of limited reliability or simply cumulative, would not have been material to the Magistrate.

The defendant also misreads U.S. v. Barton, 995 F.2d 931 (9th Cir. 1993) in implying that the Government should have provided information sooner. The facts in the instant case are distinguishable. Barton involves destruction of evidence, following Supreme Court case law from Brady v. Maryland, 373 U.S. 83 (1963) to California v. Trombetta, 467 U.S. 479 (1984), to Arizona v. Youngblood 488 U.S. 51 (1988). Barton at 933-34. Any application of Brady in the Barton case is solely within the context of destruction of evidence, not an issue in this case. If Barton has any similarity to the instant case, it is that the court in Barton found no violation because they found no bad faith on the part of the law enforcement officers. As discussed above, Franks has a similar requirement, and the defendant has not sufficiently alleged or shown that Sgt. Wall acted in bad faith. In fact, Sgt. Wall's actions in bringing the witness directly in front of the

Magistrate, with the assistance of an Assistant District Attorney, indicates his good faith.

II.     CONCLUSION

The defendant's allegations of government conduct, even if true as alleged, is not "grossly shocking" or an "extreme case" that warrants the severe remedy of a dismissal.  The defendant was convicted at trial, and is simply seeking to avoid that conviction.  The defendant has not sufficiently shown the level of government conduct necessary to trigger a Franks hearing, much less "outrageous government conduct."  Nor has he sufficiently alleged a Constitutional violation based on Franks by showing that officers deliberately omitted information, and that the information would have required the Magistrate to change his decision to issue a search warrant.  The jury heard the evidence in this case and reached an appropriate verdict.  That decision should not be taken away from them.  The Government requests that the motion for a new trial be denied.

//

//

RESPECTFULLY SUBMITTED this  5th  day of September, 2006, at Fairbanks, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/Bryan Schroder
        BRYAN SCHRODER
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        101 12th Avenue, Room 310
        Fairbanks, Alaska  99701
        Phone: (907) 456-0245
        Fax: (907) 456-0577
        Email: bryan.schroder@usdoj.gov
        Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on September  5 , 2006, that a true and correct copy of the foregoing, **GOVERNMENT'S OPPOSITION TO DEFENDANT'S POST-TRIAL MOTION TO DISMISS**, was served, via Electronic Filing, on:

**Rex L. Butler**

s/Bryan Schroder