NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-cr-00042-RRB |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S OPPOSITION** |
| vs. ) | **TO DEFENDANT'S MOTION** |
| ) | **FOR POST-TRIAL FRANK'S** |
| JASON SCOTT COLETTE, ) | **HEARING** |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

COMES NOW the United States of America, by and through counsel, and

opposes defendant's motion for a post-trial Franks hearing at docket 169. The

defendant's motion simply revives and rehashes the arguments made in his pretrial

motions to suppress and motion for a hearing under Franks v. Delaware, 438 U.S.

154 (1978). Those motions were fully litigated and denied by the Magistrate in his recommendation at Docket 101, and the court at Docket 119. The defendant's continuing request for a <u>Franks</u> hearing must fail because, like in his original pretrial motions, he does not meet either of the main factors. First, he fails to make any specific, particularized allegation that law enforcement officers deliberately or recklessly made false statements or omissions to the Magistrate that issued the search warrant for the defendant's residence. He certainly provides no supporting evidence for his general allegations, as required by precedent. Second, the information raised by the defendant as "new facts" are of marginal relevance, and would not have been material to the Magistrate who issued the original search warrant.

I. <u>EVEN WHEN CONSIDERING THE DEFENDANTS NEW FACTS, HE DOES NOT MEET THE REQUIREMENTS FOR A FRANKS HEARING</u>

The defendant's argues is that his "new facts," if analyzed under the requirements of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), would lead to the conclusion that Sgt. Wall, with intent to deceive the court, purposefully or recklessly kept material information from the Magistrate issuing the search warrant, thus requiring a <u>Franks</u> hearing. The defendant, like in his pretrial

motions, has failed to meet the criteria for a Franks hearing.

Franks requires a "substantial preliminary showing" to trigger an evidentiary hearing on the validity of the affidavit or testimony underlying a search warrant. To fulfill that requirement, the defendant must the defendant must: (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) contend that the false statements or omissions were deliberately or recklessly made; (3) make a detailed offer of proof, including affidavits, to accompany the allegations; (4) challenge only the veracity of the affiant; and (5) show that the challenged statements must be necessary to find probable cause. U.S. v. DeCesare, 765 F.2d 890, 894-95(9th Cir. 1985). The principles of Franks have also been applied to deliberate or reckless omissions that mislead the judicial officer, as well as false statements U.S. v. Stanert, 762 F.2d 765, 780-781 (9th Cir. 1985).

The requirement of a substantial preliminary showing is not lightly met. "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit or a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998). (internal citations omitted).

The defendant bears the burden of proving a Franks violation by a

preponderance of the evidence.  United States v. Dozier, 844 F.2d 701, 705 (9th Cir. 1988).  The defendant must demonstrate that the agent intentionally or recklessly made the false statement or omission.  Mere negligence or inadvertence does not constitute a Franks violation.  Id.; See also, United States v. Collins, 61 F.3d 1379, 1384 (9th Cir. 1995) (holding that agent's knowledge of a fact (a specific date) and his failure to include it in an affidavit constituted negligence or innocent mistake and did not justify a hearing); United States v. Hole, 564 F.2d 298, 302 (9th Cir. 1977) (holding that innocent misstatements that are not intentional or reckless, even if material, will not vitiate an otherwise sufficient affidavit); United States v. Botero, 589 F.2d 430, 433 (9th Cir. 1978) (holding that misstatements or omissions in the affidavit are fatal only if reckless and if made with intent to deceive court).

Identifying intentional omissions and misstatements alone, however, is not enough to warrant a Franks hearing.  The defendant has to show that the deceptions were material; that is, he or she has to show that the issuing magistrate could not have found probable cause absent the omissions or false statements. Franks, 438 U.S. at 171-72.  Courts have also denied a Franks hearing where the allegation is a failure to investigate, not a deliberate omission or falsity.  See United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (Denying hearing in mail

fraud case where allegation of omission in search warrant affidavit depended on claim agent should have probed facts further); United States v. Miller, 753 F.2d 1475,1478 (9th Cir. 1985) ("It might have been prudent for the federal agents to check on [an informant's] background and criminal record, but their failure to do so is not reckless disregard.").

As in the defendant's pretrial motion claiming a Franks violation, he has made no specific, particularized allegation that the law enforcement officers involved, specifically Sgt. Wall, made deliberate or reckless omissions. The defendant has certainly made no offer of proof that the officers acted improperly, as is required by DeCesare. To the contrary, the record shows that the Magistrate was provided with information on Mr. Johnson's criminal history - he knew that Mr. Johnson had no felony convictions. Docket 51, Defendant's Motion to Suppress Evidence, Exhibit A, p. 8-9.

Instead the defendant harps on his belief that the information that was not provided was of great importance, then tries to bootstrap his way to meeting the a key requirement of Franks, i.e if the information was important, and it was not provided, the information must have been purposefully or recklessly withheld. This bootstrapping does not meet the requirement of providing a detailed offer of proof.

Moreover, by dredging up a handful of alleged omissions, the Defendant does not demonstrate bad faith. To the contrary, Sgt. Wall demonstrated his good faith by opting for a hearing on probable cause to issue the search warrant. He provided the information at the hearing by working with the Assistant District Attorney to assure that he was providing sufficient evidence. U.S. v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1993). In addition, bringing the informant before the magistrate and allowing the judicial officer to ask his own questions clearly indicates that Sgt. Wall was making no attempt hide information.

This attempt to interpolate the actions of the officers, with no showing of proof, is insufficient to meet the requirement of a substantial preliminary showing. Thus, the first key requirement to trigger a Franks hearing is not met, and the defendant has made no attempt to meet it. The defendant provided no evidence because there is no evidence that the officers acted improperly.

Maybe more importantly, the "new facts" referred to by the defendant would not have been material to the Magistrate who granted the search warrant because the information is of untested reliability or was cumulative. The defendant's "new facts" fall into two categories, other offenses related to Mr. Johnson and information about Mr. Johnson's drug dealing.

Defendant's "new fact" number 1 mistakenly cites Mr. Johnson as being

under investigation for armed robbery at the time of the search warrant. The defendant's mistake is based on a misreading of his Exhibit A. The only reference to robbery in Exhibit A is line 20, case number 050031729. The key to reading this particular page from the Alaska Public Safety Information Network (APSIN) is understanding the abbreviations in the "ROLES" column. The defendant reads the "I" in the "ROLES" column to mean that Mr. Johnson was under investigation. In fact, as defined on the relevant page of Alaska Department of Public Safety reports manual , attached as Government Exhibit 1, "I" means Mr. Johnson was simply interviewed. The fact that Mr. Johnson was interviewed would not have been material to the magistrate.

Defendant's "new fact" number 2 is a juvenile matter with only the barest reference to robbery. Defendant's "new facts" number 6 & 7 cite unprosecuted accusations of theft and burglary. As the court is aware, the basis for such accusations can be information that is limited, and is often untested, which can lead to the decision not to prosecute. Thus, the information of these "new facts" would not have been useful or material to the Magistrate issuing the warrant.

The defendant cites no cases to indicate that this untested lower level of criminal history information has been be considered material by any court. To the contrary, the primary case cited by the defendant in his original motion for a

Franks hearing, <u>U.S. v. Hall</u>, 113 F.3d 157 (9th Cir), contradicts his proposition that mere allegations against a witness are material for consideration in a search warrant application. In <u>Hall</u>, the court's concern about the witness' credibility was based on a felony <u>conviction</u> for making <u>false reports to the police</u>. The defendant tries to extrapolate that analysis to pull in unproven allegations of theft. This attempt must fail. It is instructive to consider that under Federal Rule of Evidence 609, only convictions are allowed to impeach a witness, including the defendant. Limiting consideration to convictions assures that the court is considering tested, proven facts, not merely allegations. With no other information available, it would have been appropriate for the Magistrate to only consider convictions, cases where the facts are proven, not merely alleged. Thus, the information cited by the defendant was not material.

    Moreover, the defendant's definition of "dishonesty" is overbroad. Again, Federal Rule of Evidence 609 is instructive. In the comments of the 1990 amendments to FRE 609, the Advisory Committee notes that the Congress expressed their intent on the meaning on "dishonesty," and meant to include such crimes as perjury, subordination of perjury, false statements, criminal fraud, embezzlement, or false pretense. The Advisory Committee also notes that including crimes like bank robbery or bank larceny within the definition of

dishonesty was "unduly broad." Fed. R. Evid. 609, cmt. 1990 Amendments (2006). Thus, the past allegations against Mr. Johnson would not be considered within a reasonable definition of dishonesty, and were not material.

The defendant's remaining "new facts," numbers 3-5 are issues that the defendant raised in trial in an effort to impeach Mr. Johnson. These attempts, nothing more than showing that Mr. Johnson – an admitted drug dealer – was involved in drug dealing activities, were unsuccessful and are cumulative in the context of the instant motion. Moreover, the majority of the information relied upon by the defendant comes from the statements of an informant in police reports.

The defendant tried to make an issue of all this information during his cross-examination of Mr. Johnson, but the jury, in finding the defendant guilty of Count 2 of the indictment, distribution of cocaine, found Mr. Johnson's testimony credible. The defendant is simply trying to take the decision away from the jury because they decided against him. The fact that the jury refused at trial to find that the information in the defendant's "new facts" were material to Mr. Johnson's credibility confirms that the Magistrate would not have found this information material when he issued the search warrant.

The defendant's attempt to introduce "new facts" to allege a constitutional

violation based upon Franks must fail.  The information put forward by the defendant does not meet the main requirements for a Franks violation.  There is no allegation that Sgt. Wall withheld information in order to deceive the Magistrate, and certainly no evidence introduced.  Moreover, the information, which was of limited or untested reliability, or simply cumulative, would not have been material to the Magistrate.

      The defendant also misreads U.S. v. Barton, 995 F.2d 931 (9th Cir. 1993) in implying that the Government should have provided information sooner.  The facts in the instant case are distinguishable.  Barton involves destruction of evidence, following Supreme Court case law from Brady v. Maryland, 373 U.S. 83 (1963) to California v. Trombetta, 467 U.S. 479 (1984), to Arizona v. Youngblood 488 U.S. 51 (1988).  Barton at 933-34.  Any application of Brady in the Barton case is solely within the context of destruction of evidence, not an issue in this case.  If Barton has any similarity to the instant case, it is that the court in Barton found no violation because they found no bad faith on the part of the law enforcement officers.  As discussed above, Franks has a similar requirement, and the defendant has not sufficiently alleged that Sgt. Wall acted in bad faith.  In fact, Sgt. Wall's actions to present live testimony to the Magistrate through an Assistant District Attorney indicated his good faith.

II.     CONCLUSION

   The defendant, as in his pretrial motion for a <u>Franks</u> hearing, has failed to meet the requirements because of the same defects in proof and argument.  First, he has failed to make particularized and specific allegations that any law enforcement officer deliberately or recklessly omitted information from the Magistrate that issued the search warrant.  Nor has he made any offer of proof as to his allegations.  Moreover, he has failed to show that his "new facts" would have prevented the Magistrate from issuing the search warrant, instead of being simply cumulative or incomplete and of limited materiality.  The jury heard the evidence in this case and reached an appropriate verdict.  That decision should not be taken away from them.  The Government requests that the motion for a <u>Franks</u> hearing.

//

//

//

//

RESPECTFULLY SUBMITTED this  5th  day of September, 2006, at Fairbanks, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/Bryan Schroder
>BRYAN SCHRODER
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>101 12th Avenue, Room 310
>Fairbanks, Alaska  99701
>Phone: (907) 456-0245
>Fax: (907) 456-0577
>Email: bryan.schroder@usdoj.gov
>Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on September  5 , 2006, that a true and correct copy of the foregoing, **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR FRANK'S HEARING POST-TRIAL**, was served, via Electronic Filing, on:

**Rex L. Butler**

s/Bryan Schroder