NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON SCOTT COLETTE,<br><br>Defendant. | Case No. 4:05-cr-00042-RRB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S POST-TRIAL MOTION TO SUPPRESS** |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motion to suppress at docket 167. The defendant's motion simply revives and rehashes the arguments made in his pretrial motion to suppress, and particularly his motion for a hearing under Franks v. Delaware, 438 U.S. 154

(1978) . The only difference was the addition of self-titled "new facts" the defendant learned prior to or during the trial.

While the instant motion is a motion to suppress, the substance of the arguments made by the defendant are simply a repetition of his arguments for a Franks hearing. He has repeated those same arguments in his motion for new trial (Docket 162), motion to dismiss (Docket 165), and motion for a post-trial Franks hearing (Docket 169).

Those same arguments, and particularly the "new facts" have no place in a motion to suppress. The question in the motion to suppress was whether the Magistrate had a substantial basis, using a totality of the circumstances analysis, to find probable cause <u>at the time he made his decision</u>. That issue was addressed by the Magistrate Judge and this court in pretrial motions, finding that the state court Magistrate had a substantial basis. Whether the so-called "new facts" should have been presented to the Magistrate at the initial hearing for the search warrant is appropriate for the motion for a Franks hearing, not a motion to suppress. Whether the Magistrate had a substantial basis for finding probable cause at the time he issued the search warrant has been decided by this court. The motion to suppress should be denied for this reason alone.

However, the government will address the issues related directly to

Magistrate's finding of probable cause. Issues related to the alleged <u>Franks</u> violations are answered in the Government's oppositions to the defendant's motion for new trial, motion to dismiss, and particularly the motion for a post-trial <u>Franks</u> hearing. The defendant's pretrial motion to suppress was fully litigated and denied by the Magistrate in his recommendation at Docket 101, and the court at Docket 119. The information raised by the defendant as "new facts" are not material to the motion to suppress. Moreover, as discussed below, even if the finding of probable cause was insufficient, the evidence should not be suppressed because the officers appropriately acted in good faith.

I.   <u>FACTS</u>

Because the bulk of the information in the defendant's post-trial motions has been focused on the issue of a <u>Franks</u> hearing, a review of the initial facts related to the finding of probable cause may be helpful to the court. On November 28, 2005, law enforcement officials in Fairbanks applied for a search warrant for 1038 Lakeview Terrace, the home of Jason Colette. Docket 51, Defendant's Motion to Suppress Evidence, Exhibit A, p. 2. In support of that application, an Assistant District Attorney (ADA) provided the testimony of two witnesses directly to the magistrate. <u>Id</u>. The first witness was identified at the time by his

designation as a confidential informant. The Informant had been apprehended by law enforcement officers that morning. Id. at p.8-10. The Informant agreed to provide information on a significant cocaine dealer in Fairbanks, in return for a lesser charge and testimony by the police about his cooperation. Id. at 8-9. The Informant testified that he bought cocaine from Jason Colette at his residence on Lakeview Terrace. He had bought cocaine from Colette for 1-2 years, and had bought cocaine from Colette in the past few days. Id. at 5-6. He provided details on the Defendant's cocaine distribution operation, including the large amount of cocaine that he kept on hand, packaged in one ounce increments; that he kept the cocaine in a safe in his bedroom; that he had weapons, including a machine gun, identified by the Informant as an "Uzi." Id. at 5-7. The ADA also identified that the Informant had no felony convictions, and went over his understanding of the terms of his agreement. Id. at 8-9.

Also testifying that day was Sergeant (Sgt.) Ronald Wall of the Alaska State Troopers. Sgt. Wall testified about the terms of the agreement with the Informant, testified about how he worked with the Informant to corroborate the location of the cocaine purchases, and his own use of computer databases to confirm that the residence was occupied by Jason Colette. Id. at 10-11. Sgt. Wall also testified about a past informant with knowledge of the Defendant's cocaine operation. The

informant, who Sgt. Wall identified as residing with the Defendant at the time, had provided specific information about the Defendant's use of the residence to make cocaine deals, such as the significant amounts, and the use of the safe in his bedroom to store cocaine and large amounts of cash. Id. at 11. At the time, this informant had provided information to Sgt. Wall that he corroborated, leading to his conclusion that the informant was credible. Id. at 15. Based upon this information, the magistrate issued the search warrant.

II. **THE MAGISTRATE HAD A SUBSTANTIAL BASIS FOR FINDING PROBABLE CAUSE TO ISSUE A SEARCH WARRANT**

    A.    Standards

        1.    Review of Magistrate

The courts apply a narrow standard of review for a magistrates determination of probable cause for a search warrant: "[t]he duty of a reviewing court is simply to ensure that a magistrate had a 'substantial basis' for ... concluding that probable cause existed." U.S. v. Stanert, 762 F.2d 775, 779 (9th Cir. 1985) ( quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The court may not reverse the magistrates decision unless they determine it to be "clearly erroneous." Stanert at 779. See also, U.S. v. Estrada, 733 F.2d 683, 684 (9th Cir.

1984).

    2.    Probable Cause

The Supreme Count in <u>Gates</u>, adopted a "totality of the circumstances test," replacing the existing two part test of <u>Aguillar v. Texas</u>, 378 U.S. 108 (1964) and <u>Spinelli v. United States</u>, 393 U.S. 410 (1969). The <u>Aguillar-Spinelli</u> test, as it was known, required a two pronged examination of probable cause. The magistrate had to find that there was a sufficient "basis of knowledge" and the source of the information had adequate "veracity." <u>Gates</u> at 230, n. 6. The Court found that this standard was too technically rigid for the determination of probable cause: "In dealing with probable cause...as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." <u>Gates</u> at 231, (quoting <u>Brinegar v. United States</u>, 338 U.S. 160 (1949)).

One of the most significant changes brought by the totality of the circumstances test was that while basis of knowledge and veracity were both important factors, a strong showing in one area could make up for lesser evidence of another. <u>U.S. v. Ayers</u>, 924 F.2d 1468, 1478 (9th Cir. 1991). For example an informant's strong basis of knowledge, including firsthand observation , along

with explicit and detailed descriptions of the wrongdoing, "entitles his tip to greater weight than might otherwise be the case." <u>Gates</u> at 234.

    B.    Informant Testimony at Hearing

In this case, the Magistrate had more than sufficient information to find probable cause to search the Defendant's residence, certainly any review of the magistrates decision must find that he had a "substantial basis."

    1.    Face to Face with Magistrate

The magistrate had the important advantage of seeing the informant testify, not just read the informant's information in a cold affidavit. Courts have found that face to face witnesses that provide information to directly to the magistrate, under oath, provide a high level of reliability: "Rather, she appeared in person before the magistrate and testified under oath. This action provides powerful indicia of veracity and liability." <u>U.S. v. Elliot</u>, 893 F.2d 220, 223 (9th Cir. 1990). In this situation, the informant has another strong motive to tell the truth. When an informant testifies under oath at a search warrant application hearing, any false information given subjects them to perjury charges: " 'independent corroboration of informant's reliability' unnecessary when 'the informant comes forward to give an eyewitness account regarding the crime under oath, and subjects himself to perjury if the information is false.' " <u>Id</u>. (quoting <u>U.S. v. Hunley</u>, 567 F.2d 822,

827 (8th Cir 1977).

    2.    Eyewitness Account

The informant was providing personal knowledge of the Defendants cocaine distribution operation, not hearsay. A first hand account of the crime bolsters the credibility and reliability of the person providing the information: "[a] detailed eyewitness report of a crime is self corroborating; it provides it's own indicia of reliability." Estrada at 686. (quoting U.S. v. Banks, 539 F.2d 14, 17 (9th Cir.), cert. denied, 429 U.S. 1024 (1976)). See also, Elliot at 224 (quoting U.S. v. Pelham, 801 F.2d 875 (6th Cir. 1986)) ("When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence.").

    3.    Detailed knowledge

The informant's detailed description of how the Defendant did business in his residence significantly enhanced his credibility. The informant accurately described that the Defendant did business in his bedroom, that he often kept a significant amount of cocaine, from ½ kilogram to a full kilogram at a time, that he stored his cocaine and money in a safe in the bedroom, and that he had weapons, specifically hand guns and a machine gun. This type of detailed knowledge,

especially when combined with direct eye-witness observations, create a strong case for credibility under a totality of the circumstances analysis. <u>Estrada</u>. at 685-86. Defendant alleges that the Informant was inconsistent or incorrect in some of his statements. The court's review of Docket 51, Exhibit A will show that the Defendant is incorrect in most of his allegations, and moreover, any differences would be minor. Minor differences do not lessen the impact of the Informant's detailed description of the key aspects of how the Informant bought cocaine from the Defendant for a period of 1-2 years.

    4.    Timely Knowledge

The informants information was timely. He had purchased cocaine from the Defendant just days before his testimony, and seen a significant amount of cocaine at the Defendant's residence

    5.    Statements Against Penal Interest

The informant's testimony also exposed him to significant criminal liability. The Supreme Court has held that statements against penal interest carry their own indicia of reliability:

> Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own

> indicia of credibility-sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct. Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another.

United State v. Harris, 403 U.S. 573, 583-84 (1971).

The Court in Harris found that the admissions of the informant that he had engaged in the illegal purchase of liquor from the same premises for 2 years, and had purchased recently, by itself provided probable cause. Id. At 584. In this case, the informant admitted purchases of cocaine from the Defendant for the past 1-2 years, not just the purchase immediately before his apprehension. This opened the informant to significant additional culpability, including possible conspiracy charges. Even in cases of lesser culpability for the informant, their statements against penal interest are still an important factor under the totality of the circumstances analysis of probable cause. U.S. v. Roberts, 747 F.2d 537, 544 (9th Cir. 1984).

    C.    Corroboration by Law Enforcement Officers

In addition to the testimony of the informant, Sgt. Wall corroborated the basic information available to him. He went with the informant to confirm which address on Lakeview Terrace was location identified by the informant, and he used a computer data base to confirm that Jason Colette was the listed resident. While

these efforts do not themselves provide probable cause, they add support for probable cause under the totality of the circumstances analysis.

    D.    Corroboration by Past Informant

The officer in this case was also able to corroborate the information provided by the testifying informant with information by a past informant. Sgt. Wall had information from a past informant that resided with the Defendant that closely tracked the details of the testimony heard by the magistrate. The past informant identified that the Defendant kept significant amounts of cocaine and cash in a safe in his bedroom. Moreover, Sgt. Wall reported that he had been able to corroborate information from the past informant, leading to his belief that the previous informant was credible. This is similar to the fact pattern in <u>Harris</u>, where the law enforcement officer had an informant who had bought illicit whisky from Defendant Harris for a two year period, and as recently as two weeks. The detailed information from the informant, when combined with corroborating information from the officer's other sources, which were not defined for the magistrate, was found by the Supreme Court to be sufficient probable cause. <u>Harris</u> at 575-580. The magistrate's substantial basis in the instant case is even stronger because the main informant was known to him, and testified directly.

III.   OFFICERS HAD GOOD FAITH TO BELIEVE THAT THE SEARCH WARRANT WAS VALID

Even if a court determines that there was insufficient probable cause to support the search warrant, the evidence should not be suppressed if the law enforcement officer relies in good faith on the warrant's validity. U.S. v. Leon, 468 U.S. 897, 920-921 (1984). Sgt. Wall proceeded in good faith in this instance. He had detailed, first-hand information about a significant cocaine dealer. His information was corroborated past information he had also obtained about the Defendant. He brought the informant to the magistrate, so the judicial officer could ask any questions he deemed appropriate and personally observe the informant.

The defendant suggests that Sgt. Wall omitted certain facts from his testimony. However, some information will be omitted from all warrant applications. The officer, by necessity, must select the information he deems relevant and important. The officer cannot dump the contents of their files in front of the magistrate. By dredging up a handful of alleged omissions, the Defendant does not demonstrate bad faith. Sgt. Wall demonstrated his good faith by working with the ADA to assure that he was providing sufficient information. U.S. v. Mendonsa, 989 F.2d 366, 369 (9th Cir. 1993). Moreover, bringing the informant

before the magistrate, allowing the judicial officer to ask his own questions, also shows that Sgt. Wall was making no attempt hide information.

IV.   CONCLUSION

The state court Magistrate that issued the original search warrant in this case had a substantial basis for finding probable cause, based on the totality of the circumstances and the evidence before him. The Magistrate Judge and the court so ruled at the conclusion of the pretrial motions practice in this case.

Any additional information obtained by the defendant since that time is not material to a motion to suppress. The key question is whether the judicial officer that issued the search warrant had a substantial basis for probable cause based upon the information presented at the time. Other information that could have been presented may be the appropriate subject for other post-trial motions, but not a motion to suppress. The proper way to reopen the issue of information presented to the judicial officer that issued the search warrant is through a request for a <u>Franks</u> hearing. Post-trial, the proper method is through a motion for new trial.

The jury heard the evidence in this case and reached an appropriate verdict. That decision should not be taken away from them. The Government requests that the motion to suppress be denied.

RESPECTFULLY SUBMITTED this  5th  day of September, 2006, at Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov
Bar # 21146

**CERTIFICATE OF SERVICE**

I hereby certify that on September  5   ,  2006,
that a true and correct copy of the foregoing,
**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS POST-TRIAL**,
was served, via Electronic Filing, on:

**Rex L. Butler**

s/Bryan Schroder