NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:05-cr-00042-RRB |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **GOVERNMENT'S COMBINED OPPOSITION TO DEFENDANT'S POST-TRIAL MOTION TO FOR A CONTINUANCE AND AN EVIDENTIARY HEARING** |
| JASON SCOTT COLETTE, | ) ) | |
| Defendant. | ) ) ) | |

COMES NOW the United States of America, by and through counsel, and

opposes defendant's motion to continue sentencing hearing at docket 235, and

motion for an evidentiary hearing at docket 238. Because the requests at dockets

235 and 238 are based on the same issues, the Government has combined its

response.  The Defendant has asked for a continuance in order to hold an evidentiary hearing on four issues:

1. To permit examination of witnesses on whether the Defendant possessed a dangerous weapon for purposes of U.S. Sentencing Guidelines (U.S.S.G.) §2D1.1(b)(1);

2. To permit re-weighing of the cocaine;

3. To argue forfeiture of the currency and 4 firearms; and

4. To argue for the return of 10 additional firearms.

The Government opposes any continuance and any additional hearings that are not part of the normal sentencing process.  The Government will address each issue separately, but will address  forfeiture and return of property in a separate opposition to the Defendant's motion for return of property at docket 237.

I. **Possession of a Dangerous Weapon Under U.S.S.G. §2D1.1(b)(1)**

The U.S.S.G. §2D1.1(b)(1) allows for a two-level enhancement for possession of a "dangerous weapon (including a firearm)."  As stated in the Government's sentencing memorandum at docket 190, there was sufficient evidence educed at trial for the court to find that this enhancement is appropriate. Part of that evidence is the testimony of Mr. Johnson, who was vigorously cross-examined by Defense Counsel.

Under Local Criminal Rule 32.1, the Defendant can ask for an evidentiary hearing at sentencing if he provides notice to the court 7 days in advance, and advises the court of the nature and extent of the evidence, and the estimate of the time needed for the hearing. The Defendant's motion was not timely filed, and only advised the court of the name of potential witnesses. The Government has no objection to appropriate testimony at a sentencing hearing, but the Defendant has failed to meet the court's requirements. Absent appropriate notice to the court, and exercise of the court's discretion in considering the request on shortened time, the Defendant's motion to be denied.

There is no reasonable basis for the Defendant's request for a continuation on this issue. Defense Counsel has been retained since November 2006, and has asked for and received two continuances to prepare for sentencing. The Defendant and his Counsel have had sufficient time to prepare for sentencing, the imposition of sentence should go on as scheduled.

## II.  Re-Weighing the Cocaine

Again, as discussed in the Government's Sentencing Memorandum, there is no basis for a re-weighing of the cocaine. The Defendant misreads the stipulation that was submitted at trial as Exhibit 30. The net weight of the cocaine was 634.6 grams plus 24.3 grams plus 2.9 grams, for a total of 661.8 grams. The stipulation

was for the weight of the drugs, not packaging material.  The number of 368 grams, which was only used by the Probation and Pre-Trial Services Officer in the PSR, is the amount of pure cocaine contained in the 661 grams.  Because the indictment charged the defendant with possessing over 500 grams of a <u>mixture or substance</u> containing cocaine, the amount of pure cocaine is a red hearing.  Finally, per the language of Count 1, the jury found the Defendant guilty of possessing <u>over 500 grams</u> of a mixture or substance of cocaine with intent to deliver.

Thus, there is no need for an evidentiary hearing, and certainly no need for a continuance.

### III.  **Conclusion**

The Defendant makes no showing for a need for an evidentiary hearing separate from the appropriate testimony of witnesses at the sentencing hearing.  Thus, pending appropriate notification to the court of witnesses for the sentencing hearing, the Defendant's motion for an evidentiary hearing should be denied.  Because the Defendant has already continued the sentencing hearing twice, and has had more than sufficient time to prepare, the motion to continue should be

denied.

RESPECTFULLY SUBMITTED this  21st  day of March, 2007, at Fairbanks, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/Bryan Schroder
>BRYAN SCHRODER
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>101 12th Avenue, Room 310
>Fairbanks, Alaska  99701
>Phone: (907) 456-0245
>Fax: (907) 456-0577
>Email: bryan.schroder@usdoj.gov
>Bar # 0702003

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21 , 2007, that a true and correct copy of the foregoing, **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS TO CONTINUE AND FOR AN EVIDENTIARY HEARING**, was served, via Electronic Filing, on:

**David J. Cohen**

s/Bryan Schroder