NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05-cr-00042-RRB |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S OPPOSITION** |
| vs. ) | **TO DEFENDANT'S POST-TRIAL** |
| ) | **MOTION TO DISMISS** |
| JASON SCOTT COLETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motion to dismiss at docket 239. The defendant bases his motion to dismiss on a claim that the continuances in the trial date amount to a violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.  The Defendant's

motion should be denied because by failing to make a timely motion to dismiss, he has waived the right to dismissal under the Speedy Trial Act.

The sanctions provisions of the Speedy Trial Act specifically state that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. §3162(a)(2). The defendant makes no claim that he filed a motion to dismiss prior to trial, or made any indication to the court that would preserve his eligibility for a motion to dismiss.

Moreover, The cases cited by the Defendant support the Government's position that the Defendant has waived his right to dismissal under the Speedy Trial Act: "[t]he Act provides for no exception to the waiver of the right to dismissal for failure to make a timely motion." U.S. v. Brickey, 289 F.3d 1144, 1150 (9th Cir. 2002). The Defendant cites Brickey for the proposition that even though the court acknowledged the waiver, the judges went on to rule on the substance of the Speedy Trial Act claim. The Defendant misreads the case. The Brickey panel, after holding that the defendant waived his right to a speedy trial claim, simply acknowledges that the substance of the defendant's claim also had no merit.

The situation in the instant case is much the same; the Defendant's

substantive claim also has no merit. The Defendant's analysis only considers the motions practice in the case as a basis for excludable delay.

The Defendant completely ignores the significant continuances he requested to allow him to retain the counsel of his choice, and then to allow his counsel adequate time to prepare for trial. The first continuance, requested and granted by the court on January 18, 2006, was based on the untimely death of the Defendant's retained counsel, as well as the likely loss of the retainer. A public defender was reassigned to the Defendant, but he asked for a significant continuance to find new counsel and obtain funds for a new retainer. The court granted the continuance until May 22, 2006. After the new counsel, Mr. Butler, was retained, the Defendant asked for an additional continuance to prepare for trial. The court granted that continuance until the week of July 31, 2006. The trial started that week, on August 1, 2006.

In both instances, the Defendant asked for and agreed to the continuance. The continuance was appropriately granted by the court after finding that the interests of justice outweighed the need for a more prompt trial date. The continuances granted by the court are appropriately excluded from a speedy trial calculation, thus the substance of the Defendant's claim does not support a motion for dismissal. After making numerous changes of counsel, and asking the court to

accommodate his changes, the Defendant has no basis to now claim that the additional time taken at his request should lead to a dismissal of the charges.

The Defendant's motion to dismiss due to a violation of the Speedy Trial Act is not timely, thus waiving his right to dismissal. The Government requests that the motion to dismiss be denied.

RESPECTFULLY SUBMITTED this  21st  day of March, 2007, at Fairbanks, Alaska.

              NELSON P. COHEN
              United States Attorney

              s/Bryan Schroder
              BRYAN SCHRODER
              Assistant U.S. Attorney
              Federal Building & U.S. Courthouse
              101 12th Avenue, Room 310
              Fairbanks, Alaska  99701
              Phone: (907) 456-0245
              Fax: (907) 456-0577
              Email: bryan.schroder@usdoj.gov
              Bar # 0702003

**CERTIFICATE OF SERVICE**

I hereby certify that on March  21  , 2007,
that a true and correct copy of the foregoing,
**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**,
was served, via Electronic Filing, on:

**David J. Cohen**

s/Bryan Schroder