NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
bryan.schroder@usdoj.gov

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-00042-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' OPPOSITION** |
| | ) | **TO DEFENDANT'S POSITION** |
| v. | ) | **REGARDING FORFEITURE IN HIS** |
| | ) | **SENTENCING MEMORANDUM,** |
| JASON SCOTT COLETTE, | ) | **MOTION FOR RETURN OF** |
| | ) | **PROPERTY, & MOTION FOR** |
| Defendant. | ) | **EVIDENTIARY HEARING** |
| | ) | |

Plaintiff United States of America, by and through counsel, hereby opposes defendant Colette's post-trial position regarding forfeiture, as he set forth in his March 20, 2007 Sentencing Memorandum (docket 236), Motion for Return of Property (docket 237), and Motion for Evidentiary Hearing (docket 238).[1]

---

[1] Mr. Colette asserted the same arguments in his Motion for Reconsideration of Preliminary Order of Forfeiture (docket 172), which the Court denied (docket 179).

In all of the above pleadings, Mr. Colette argues that the Court should not enter a final decree of forfeiture as to the four firearms and $38,848.00 in United States currency because: (1) he did not waive his right to a jury trial on the nexus between the drug conviction and the above property; and (2) the Preliminary Order of Forfeiture is "just a place-holder in advance of the actual forfeiture hearing before the Court at sentencing", such that he asserts his right to an evidentiary hearing before the Court considers entry of a final decree of forfeiture.

### A. MR. COLETTE FAILED TO REQUEST, AND EXPRESSLY WAIVED, JURY TRIAL ON FORFEITURE

Jury trial on forfeiture is not mandatory pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. A party is only entitled to a jury determination under Rule 32.2(b) if one is requested. United States v. Hively, 437 F.3d 752, 763 (8th Cir. 2006). Rule 32.2(b)(4) provides:

> **Jury Determination**. Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Emphasis added.

In this case, Mr. Colette failed to make such request. Moreover, the defense expressly waived jury trial on forfeiture on the record on August 3, 2006. Transcript of Proceedings at 3-81 to 3-84.

### B. THE COURT PROPERLY ISSUED A PRELIMINARY ORDER OF FORFEITURE BASED ON EVIDENCE ALREADY IN THE RECORD, UNDER RULE 32.2(b)(1)

The court must determine what property is subject to forfeiture "[a]s soon as practicable after a verdict", according to Rule 32.2(b)(1). The court's determination may be based on evidence already in the record, or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict. Rule 32.2(b)(1). Accordingly, if the court finds that the property is subject to forfeiture, it must "promptly" enter a preliminary order of forfeiture, pursuant to Rule 32.2(b)(2).

In this case, however, Mr. Colette failed to request a hearing after the verdicts were returned by the jury on August 3, 2006. Mr. Colette also failed to request a hearing after the government filed its Request for Entry of Preliminary Order of Forfeiture on August 14, 2006 (docket 164). Furthermore, Mr. Colette never requested a hearing before the Court issued the Preliminary Order of Forfeiture on August 18, 2006 (docket 171). Thus, without a request by either party for a hearing, the Court properly, based on evidence already in the record, found the forfeiture nexus between Mr. Colette's drug trafficking conduct of conviction, and the $38,848.00 and four firearms that were found together and in close proximity to cocaine in the safe, and promptly issued the Preliminary Order of Forfeiture.

Finally, the Preliminary Order of Forfeiture effectively divested Mr. Colette of all right, title, and interest, if any, that he had in the currency and firearms. In considering a final decree of forfeiture, the Court must conduct an ancillary proceeding which involves

third party interests only.  Rule 32.2(c).

### C.   THE SEIZED PROPERTY THAT IS NOT SUBJECT TO CRIMINAL OR ADMINISTRATIVE FORFEITURE SHALL BE RETURNED

The firearms that were included in Criminal Forfeiture Count 7 of the Indictment, but not included in the Preliminary Order of Forfeiture are being processed under administrative forfeiture proceedings of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATF). See Transcript of Proceedings at 3-85 (government stated on the record that the remaining guns may be involved in administrative proceedings).  The jet ski is being processed under administrative forfeiture proceedings of the Drug Enforcement Administration (DEA).

Because the property is being disposed of appropriately, as cited above, there is no basis for an evidentiary hearing, or to continue the sentencing hearing scheduled for March 23, 2007.

DATED this 21st day of March, 2007 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska  99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: bryan.schroder@usdoj.gov
Bar #: 0702003

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury that a true and correct copy of the foregoing **UNITED STATES' OPPOSITION TO DEFENDANT'S POSITION REGARDING FORFEITURE** was sent electronically this 21st day of March, 2007, to:

DAVID J. COHEN (Counsel for Defendant Jason Scott Colette)

s/Bryan Schroder