NELSON P. COHEN
United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-6011
jim.barkeley@usdoj.gov

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-00042-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' RESPONSE TO** |
| | ) | **COLETTE'S "MOTION OPPOSING** |
| v. | ) | **CRIMINAL FORFEITURE OF** |
| | ) | **PROPERTY AND FOR RETURN OF** |
| JASON SCOTT COLETTE, | ) | **PROPERTY UNDER FED. R. CRIM.** |
| | ) | **P. 41(e)" [sic][1]** |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and hereby responds to defendant's opposition to criminal forfeiture and motion for return of property.

**I.    Overview**

Every claim for relief in defendant's motion should be denied as moot, with one

---

[1] The current authority for return of property is Fed. R. Crim. P. 41(g).

exception,[2] for the reasons discussed herein.  Essentially, the parties are in agreement and are jointly asking the Court to provide Mr. Colette with a forfeiture jury trial, which Mr. Colette denies having waived.  The parties respectfully request that a forfeiture jury trial be set for July 16, 2007, or some time during that week, in Fairbanks.  The defendant has agreed not to challenge[3] the Court's amendment of its March 30, 2007 Judgment, if necessary, to conform to the results of the jury trial.  In addition to agreeing to a jury trial, the federal government has agreed to return, or has already returned, all property (in its possession or control) sought by the Colette pleading at docket 256.  If this Court allows a forfeiture jury trial, virtually all forfeiture controversies will be resolved.

Each claim of relief sought by Colette at docket 256 is discussed below.

## II.   Waiver of Jury Trial on Counts 6 and 7 (docket 256 at pp. 1-8)

As the Court is aware, the government's position has consistently been that a preliminary order of forfeiture, by the time sentence is imposed, finally and forever forfeits any interest the defendant may have in the subject property.

However, the defendant has highlighted the unique circumstances of this case in a manner which certainly shows confusion in the record about the legal effect of the preliminary order of forfeiture in this case.  Counsel for Colette has persuaded the

---

[2] Colette's challenge of DEA's administrative forfeiture of his Jet-Ski and trailer should be denied, not as moot, but because Colette's exclusive remedy for seeking such relief is found at 18 U.S.C. § 983(e).  See Part III, infra.

[3] See Stipulation at docket 253.

undersigned that such confusion would likely support Colette's "lack of waiver of jury trial" argument on appeal.

Therefore, the government apologizes to the Court for contributing to the confusion – but, respectfully submits that, all things considered, the most practical and fair solution at this point is to give the defendant what he claims he never waived: a jury trial on forfeiture.

The parties respectfully request that trial be in Fairbanks, where numerous witnesses and evidence are located. Colette's attorney will be coming a great distance and asks for the trial to be set for the week of July 16, 2007. The defendant requests that he be transported, so that he can be present for the forfeiture trial. Allowing the defendant a jury trial would essentially eliminate one or more significant points on appeal. The Court is already accepting briefing, after sentencing, on forfeiture issues – which the parties could supplement with jury instructions. Instead of the Court deciding the nexus between the guns and offense(s) of conviction, the jury would do so. The trial would likely last a day or two, including jury selection.

The defendant has agreed not to challenge any amendment the Court might make to the Judgment, to reflect the criminal forfeiture verdict. See Stipulation at docket 256, pp. 10-11).

### III. The Jet-Ski (docket 256 at pp. 8-10)

The authorities cited by the defendant for a hearing, collaterally attacking a final

agency declaration of forfeiture, pre-date 18 U.S.C. § 983(e).[4]  Colette is not entitled to such a hearing in the criminal case.

### IV.   The 10 Firearms Not Subject to Forfeiture (docket 256 at pp. 10-11)

Rule 41(g) relief should be denied.  The custodial agency (ATF) has been instructed to return the weapons to the defendant's brother, Sean Colette.  Exhibit 3.

### V.   Trial on Nexus (docket 256 at pp. 11-13)

This is not disputed (see part II, supra) and would be the subject of the jury trial as to the four remaining weapons listed in the Preliminary Order of Forfeiture (docket 171).  As to the cash, to the extent it is drug "proceeds", no nexus need be proved.  "Nexus" proof pertains to a facilitation theory.

### VI.   8th Amendment

This claim is not ripe.  This Court must first decide the extent, if any, of forfeiture and then analyze it under the 8th Amendment.  The government does not oppose briefing the issue when appropriate (i.e., after a jury verdict), but there is no need for or right to an evidentiary hearing.

---

[4]DEA has already forfeited the Jet-Ski.  See Exhibit 1 (DEA Declaration of Administrative Forfeiture).  If Colette claims he was not notified, his sole remedy is not a motion in this criminal case, but rather a motion for a separate proceeding under 18 U.S.C. § 983(e)–and only after the Court makes a finding under § 983(a)(1)(A) that the government took no reasonable steps to notify Colette.  To the contrary, the DEA mailed notice of the Jet-Ski forfeiture proceedings to Colette in jail in Fairbanks.  Exhibit 2 (DEA Notice of Seizure).

### VII. Property Seized From Colette's Business

Exhibit B to Colette's Motion lists cash, firearms, and documents (among other things, including lip balm and cheap cigarillos) as property Colette wants returned under Rule 41(g). The United States never seized any of these items and cannot return them. Upon information and belief, they are in the possession of the City of Fairbanks. The undersigned has encouraged Barry Jackson and David Cohen, both of whom apparently represent Mr. Colette in some capacity, to communicate and obtain access to Colette's business records, which Mr. Cohen needs for his forfeiture defense case.

### VIII. Summary

The Colette pleading at docket 256 seeks relief as to property: (1) already forfeited (the Jet-Ski); (2) not yet "completely forfeited" (the cash and four firearms listed in the Preliminary Order of Forfeiture); (3) property in federal possession which is not going to be forfeited; and (4) property seized from Colette but not in federal possession.

As to (1), Colette cannot collaterally attack the completed agency forfeiture of the Jet-Ski in these proceedings, under 18 U.S.C. § 983(e). As to (2), the parties respectfully request that a jury decide forfeitability. As to (3), this property is being (or has already been) returned. As to (4), the United States does not have the property sought and Rule 41(g) relief must be denied.

The parties express their gratitude to the Court for its patience on the issues surrounding forfeiture of the cash and four firearms. The parties have discussed possible

appellate issues and outcomes, and are convinced that a jury trial–albeit a belated one–is the most practical and fair option at this point in these proceedings.

DATED this 23rd day of April, 2007, in Anchorage, Alaska.

                NELSON P. COHEN
                United States Attorney

                s/James Barkeley
                JAMES BARKELEY
                Assistant U.S. Attorney
                Federal Building & U.S. Courthouse
                222 W. 7th Avenue, #9, Room 253
                Anchorage, AK 99513-7567
                Phone: (907) 271-3699
                Fax: (907) 271-6011
                Email: jim.barkeley@usdoj.gov
                Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2007, a true and correct copy
of the foregoing UNITED STATES' RESPONSE TO COLETTE'S
"MOTION OPPOSING CRIMINAL FORFEITURE OF PROPERTY
AND FOR RETURN OF PROPERTY UNDER FED. R. CRIM. P. 41(e)"
was served electronically on:

DAVID J. COHEN (Counsel for defendant Jason Scott Colette)

s/James Barkeley