DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
177 Post Street, Suite 600
San Francisco, CA 94108
Telephone:  (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:05-CR-00042-01RRB |
| Plaintiff(s), | ) | |
| v. | ) | **SUPPLEMENTAL FILING IN CONNECTION WITH FORFEITURE ISSUES** |
| JASON SCOTT COLETTE, | ) | |
| Defendant(s). | ) | |

Pursuant to the representations made at the status conference on May 16, 2007, defendant Jason Scott Colette hereby submits, through his attorneys Cohen & Paik LLP, this supplemental filing in connection with the pending forfeiture motions.

**I.**

**THE JET-SKI AT PAGE 3 OF THE GOVERNMENT'S OPPOSITION**

The government refers to our motion collaterally attacking the DEA's declaration of administrative forfeiture. The government is correct that the Fed. R. Crim. P. 41(e) motion is properly a motion under 18 U.S.C. Section 983 et. seq. Under Dusenbery v. United States, 534 U.S. 161 (2002) we must show that the government did not take reasonable steps to notify Mr. Colette of the administrative forfeiture. Under Dusenbery, the

1

production by the government of a "green card," that is, the green card demonstrating delivery of the notice of forfeiture by certified mail to the Fairbanks jail, when Mr. Colette was housed there, is presumptively sufficient to satisfy the statute.

Attached as Exhibit A is a copy of a recent production by the government to counsel of the alleged "green card" demonstrating, according to the government, that the notice of forfeiture was delivered to the Fairbanks Correctional Center by certified mail.  This green card shows delivery of an item to the Fairbanks Correctional Center on January 11, 2006.  However, the green card is not signed by Mr. Colette, and it is unclear that the contents of the delivery was the notice of forfeiture.  Mr. Colette is currently endeavoring to check the log at the Fairbanks Correctional Center to determine whether, Mr. Colette actually received a delivery on or about January 11, 2006.

Exhibit A also indicates that it is a "return receipt for merchandise."  This is inconsistent with the notion that the certified delivery was, in fact, of a notice of forfeiture. There is nothing in the notice of forfeiture, attached as Exhibit B, which connects it to the certified mail receipt number alleged by the government to be associated with the "green card."

For the above reasons, Mr. Colette intends to investigate the log issue, as well as issues surrounding the alleged delivery, and, if appropriate, file a motion under 18 U.S.C. Section 983 et. seq. to be heard at the time of the forfeiture trial on July 16, 2007.

**II.**

**THE SILENCER AND THE MAC-10**

When Mr. Colette's brother, Sean Colette, was in Fairbanks retrieving the 10 guns recently released by ATF, he was informed that the ATF also holds, and is not attempting to forfeit, a silencer. Mr. Colette requests that this silencer be returned. ATF claims that it cannot return the silencer because the ATF is not "a manufacturer" or a "class 2 dealer." This issue would also apply to the Mac-10 if it is ordered returned after the forfeiture jury trial. Because ATF holds the valid tax stamps for these items which are in the name of Jason Colette, and because Sean Colette will, at the time of the forfeiture jury trial possess an appropriate "Form 4" for a receipt of the silencer and Mac-10, this question about whether the ATF can seize but not return certain weapons will be ripe for review.

Accordingly, the defense intends, at the time of the submission of jury instructions in connection with the trial, to submit a memorandum of points and authorities demonstrating that the ATF has the lawful authority to return the silencer, as well as the Mac-10, if the jury determines that the latter should not be forfeited.

Dated: May 23, 2007         Respectfully submitted,

                            /s/ David J. Cohen
                            177 Post Street
                            Suite 600
                            San Francisco, CA 94108
                            (415) 398-3900
                            (415) 398-7500

**CERTIFICATE OF SERVICE**

I, Tonia M. Nelsen-Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 177 Post Street, Suite 600, San Francisco, CA 94108.

A copy of the foregoing **SUPPLEMENTAL FILING IN CONNECTION WITH FORFEITURE ISSUES** in the case of United States v. Colette, Case No. 4:05-CR-00042-01RRB was sent by United States mail to:

Brian D. Schroder, Esq.
Assistant United States Attorney
United States Attorney
District of Alaska
310 K Street, #520
Anchorage, AK 99501
Fax: 907-271-2345

I certify under penalty of perjury that the foregoing is true and correct. Executed on May 23, 2007, at San Francisco, California.

/s/ Tonia M. Nelsen-Sanchez
Tonia M. Nelsen-Sanchez
Legal Assistant