NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-6011
jim.barkeley@usdoj.gov

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' FORFEITURE** |
| | ) | **TRIAL BRIEF** |
| v. | ) | |
| | ) | |
| JASON SCOTT COLETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW plaintiff United States of America, by and through counsel, and hereby files its trial brief. This brief is the government's best estimate of pretrial and trial issues which are likely to arise, based upon pleadings filed to date and conversations between counsel. Supplemental briefing may be helpful to the Court, in the likely event that Mr. Colette raises issues not squarely advanced to date.

1. **Forfeiture Is Part Of The Criminal Sentence**

Although IOS has occurred in this case, criminal forfeiture of $38,848.00 IN UNITED STATES CURRENCY and FOUR FIREARMS (see accompanying Redacted Indictment and Proposed Jury Instructions) remains to be decided. The record indicates that Mr. Colette, through his counsel, Rex Butler, waived having criminal forfeiture decided by the jury. Mr. Colette now claims that he did not waive a forfeiture jury trial. In order to avoid an unnecessary point on appeal, and because the record is susceptible of being read as confusing, there will now be a jury trial.

There will not be another criminal trial. There will not be a lot of new evidence. There will not be many witnesses. And there is only one thing for the jury to decide: whether the money and one or more of the firearms facilitated the cocaine counts of conviction (the so-called "nexus" under Federal Rule of Criminal Procedure 32.2).

Criminal forfeiture is part of sentencing proceedings. Libretti v. United States, 516 U.S. 29, 40-41 (1995). As such, reliable hearsay is admissible. The government intends to rely heavily upon trial testimony already in the record, and supplement it with additional, reliable hearsay and non-hearsay evidence going solely to the issue of facilitation.

Although the property in this case was indicted for forfeiture on both proceeds and facilitation theories, the government is not required to prove both. This forfeiture trial will be limited (in the government's case) to facilitation theory. Therefore, the government will object to the exhaustive evidence being proffered by the defense concerning the nature and extent of Mr. Colette's "legitimate" (non-cocaine related) income, as irrelevant. Such

evidence would only consume a great deal of time and resources, in an attempt to undermine a proceeds theory which the government is not even going to argue.

### 2. Restoring Mr. Colette To His Original Position

Pre-waiver, all Mr. Colette was entitled to was a jury trial on the single question of nexus under Federal Rule of Criminal Procedure 32.2. Under a facilitation theory, "nexus" means showing a substantial connection between the money/guns and cocaine trafficking. This is all explained in the Proposed Jury Instructions and Redacted Indictment. Incredibly, Mr. Colette has informed the government that he will oppose informing this forfeiture jury about the fact that Mr. Colette has already been convicted of two cocaine counts in this case. Of course, those convictions are necessary predicates to forfeiture, and the conduct underlying them must be discussed in order to decide the forfeitability of the property under the single facilitation theory being pursued by the government. The original jury would obviously have known of Mr. Colette's drug convictions in deciding forfeiture. So should this one.

### 3. Necessary Non-Forfeiture Jury Instructions

Like any jury, this jury should be instructed with general and pattern criminal instructions (not specifically tailored to forfeiture) concerning circumstantial evidence, the weighing of testimony, law enforcement officers and informants, and conduct before and during deliberations.

### 4. Property To Be Forfeited

The government has redacted the Indictment to reflect that it no longer seeks forfeiture

of 10 of the 14 originally-indicted weapons.  The Proposed Instructions also reflect only the four remaining weapons.  One of them is a Mac-10 machine gun, with silencer.  The silencer was indicted as part of this gun in the original Indictment.  Mr. Colette is seeking its return, but he must await the outcome of the jury trial with respect to both the silencer and the machine gun.

    **5.**    **Property Already Forfeited**

DEA has already administratively forfeited a jet ski.  The government argues that Mr. Colette has an exclusive statutory remedy he must pursue, outside of these proceedings, in any attempt to get it back by claiming that he was never notified.  Furthermore, the government has provided Mr. Colette and the Court proof that Mr. Colette was notified.  The government does not intend to put any evidence on at this trial concerning the jet ski, which was not indicted.

    **6.**    **Witnesses**

For its case, the government intends to rely primarily upon transcript excerpts of trial testimony.  The government may also call one or more of the following witnesses for supplemental testimony:

    ATF SA Horace E. Cohoon;

    DEA SA Michael Foran;

    Alaska State Troopers Sergeant Ronald Wall; and

    Eugene Johnson.

The government respectfully reserves the right to name and call any additional witnesses, to

conform to trial developments and the evidence, including rebuttal witnesses, as appropriate.

This trial is going to focus on the master bedroom of Mr. Colette's former residence, where the guns and money were found along with 23 ounces of cocaine. One other person shared that bedroom with him, a co-defendant whose case was dismissed with prejudice under the Miranda doctrine: Kristina Koch. The government intends to explore all of her suppressed statements, if Mr. Colette opens the door by calling her as a witness in this forfeiture trial. The government requests a ruling from the Court on this issue, before trial commences.

These are the major issues the government foresees, at this time. If the defense is precluded, as it should be, from putting on lengthy evidence to rebut a proceeds case that the government is not even going to pursue, this trial should last no longer than 2½ days, including jury selection.

Respectfully submitted this 5th day of June, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/James Barkeley
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2007, a true and correct copy of the foregoing UNITED STATES' FORFEITURE TRIAL BRIEF was served electronically on:

DAVID J. COHEN (Counsel for defendant Jason Scott Colette)

s/James Barkeley