NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-6011
jim.barkeley@usdoj.gov

Counsel for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| v. | ) | **REGARDING FORFEITURE** |
| | ) | |
| JASON SCOTT COLETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW plaintiff United States of America, by and through counsel, and hereby

submits the following proposed jury instructions regarding Criminal Forfeiture Count 6

($38,848.00 in United States Currency) and Count 7, as redacted for purposes of this

forfeiture trial (four firearms).[1]  The remaining four firearms are specified in the Redacted

_____

[1]In Count 7, the original Indictment alleged forfeiture against 14 specified
firearms, 10 of which have subsequently been made available to the defendant's nominee,

Indictment filed contemporaneously herewith.  These instructions are applicable since

defendant JASON SCOTT COLETTE was convicted, by jury trial, of the predicate cocaine

possession and distribution offenses charged in Counts 1 and 2 of the original Indictment.[2]

The government respectfully reserves the right to file supplemental jury instructions as

evidence develops before and at trial, and in conformity with proof.

DATED this 5th day of July, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/James Barkeley
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

---

since the government is no longer pursuing forfeiture as to those 10 weapons.

[2]The defendant was convicted of Counts 1 and 2, which therefore remain in the Redacted Indictment.  He was acquitted of Counts 3 and 4, which have been redacted. Count 6 remains intact.  Count 7, as explained above, was redacted to include only four firearms.  Count 5 (the only charge against co-defendant Kristina Koch) was dismissed following a recommendation that her statements be suppressed.

**CERTIFICATE OF SERVICE**

I declare that a true and correct copy of the foregoing
PROPOSED JURY INSTRUCTIONS REGARDING
FORFEITURE was sent electronically this 5th day
of July, 2007, to:

DAVID J. COHEN (Counsel for Defendant Jason Scott Colette)

s/James Barkeley

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1
### (General Forfeiture Instruction)

Ladies and gentlemen of the Jury, in view of the verdicts that the defendant is guilty of Counts 1 and 2, you have one more task to perform before you are discharged. I now must ask you to render several special verdicts concerning the property that the government alleges is subject to forfeiture to the United States. All of the government's previous instructions apply as to credibility of witnesses and duty to deliberate, with respect to the special verdict.

Under the federal drug laws, any person who is convicted of the offense for which the defendant has been found guilty is required to forfeit to the United States the profits and instrumentalities of his illegal conduct. Specifically, the laws of the United States provide that the following interest is subject to forfeiture:

> any of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violations.

Property subject to criminal forfeiture may include real property, and tangible or intangible personal property, whether or not the property has been seized by the United States. Criminal Forfeiture Counts 6 and 7 of the Redacted Indictment charge that the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS were property used, or intended to be used, in any manner or part, to commit or facilitate the commission of, the drug trafficking charged in Counts 1 and 2.

The provisions of this criminal forfeiture statute shall be liberally construed to effectuate its remedial purpose.

---

21 U.S.C. § 853(a)(2) and (o); Fed.R.Crim.P. 32.2(b).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2
### (Facilitating Property)

You have found the defendant guilty of attempted drug trafficking as alleged in Counts 1 and 2 of the Indictment. As part of his sentence, the defendant is required to forfeit any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

The government alleges that the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS described in the Redacted Indictment were used, or intended to be used, to commit, or to facilitate the commission of, one or both of the drug possession and distribution offenses. Your task is to determine whether the government has established, by a preponderance of the evidence, that the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS were used, or intended to be used, in any manner or part, to commit or to facilitate the commission of these offenses.

---

21 U.S.C. § 853(a)(2).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3**
**(Definition of "Facilitating Property")**

The forfeiture statute is not limited to property used or intended to be used to actually carry out the offense, or to property that is integral, essential, or indispensable to the offense, however; it also covers property that the defendant used or intended to be used, in any manner or part, to facilitate the commission of the offense. This is what is often called "facilitating property".

"Facilitating property" in drug trafficking cases is any property used, or intended to be used, in any way to promote drug trafficking or make such trafficking easier to conduct. This includes property that is used or intended to be used to purchase or manufacture controlled substances, or to transport, store, conceal, or protect drug traffickers or their controlled substances. Property need not be indispensable to the commission of the drug violation and need not be used exclusively for illegal drug trafficking, to be facilitating property. All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the drug violation. If a portion of the property is used in any way to facilitate drug trafficking, then the entire property is forfeitable.

Facilitating property includes any property that makes the prohibited conduct "less difficult or more or less free from obstruction or hindrance.[3] Another way of saying the same

---

[3]United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990); accord United States v. Huber, 404 F.3d 1047 (8th Cir. 2005) (facilitating property is anything that "makes the prohibited conduct less difficult or more or less free from hindrance"); United

thing is that facilitating property is any property that makes the crime easier to commit or

harder to detect.  For example, a person might use a parcel of land to screen illegal activity

from public view,[4] or a residence as a place to hold secret meetings or arrange illegal

transactions.[5] Or a person might use a vehicle to conduct counter-surveillance,[6] or a business

_____

States v. Puche, 350 F.3d 1137 (11th Cir. 2003) ("facilitation occurs when the property
makes the prohibited conduct less difficult or more or less free from obstruction or
hindrance"); United States v. R.D. 1, Box 1, Thompsontown, 952 F.2d 53, 58 (3d Cir.
1991) (the property need only make the crime less difficult or more or less free from
hindrance); United States v. Premises Known as 3639-2nd St., 869 F.2d 1093, 1096 (8th
Cir. 1989) (facilitating property is anything that makes the prohibited conduct "less
difficult or more or less free from hindrance"); United States v. Schlesinger, 369 F. Supp.
2d 267 (E.D.N.Y. 2005) ("facilitation occurs when the property makes the prohibited
conduct less difficult or more or less free from obstruction or hindrance"), quoting United
States v. Wyly, 193 F.3d 289, 302 (5th Cir. 1999); United States v. One Ford 1987F-350
4x4 Pickup, 739 F. Supp. 554, 557 (D. Kan. 1990) (facilitating property is anything
making the prohibited conduct less difficult or more free from obstruction or hindrance).

    [4]See United States v. Smith, 966 F.2d 1045, 1055 (6th Cir. 1992) (real property that
was not the place where drugs were distributed or manufactured is forfeitable under the
substantial connection test if it was used to conceal a marijuana growing operation from
view); United States v. Real Property…3097 S.W. 111th Ave., 921 F.2d 1551, 1556 (11th
Cir. 1991) (single drug deal on driveway sufficient to establish substantial connection
where defendant arranged the location so that deal would "take place on familiar
territory"); Schifferli, 895 F.2d at 990 (real property afforded defendant "protection from
outside scrutiny"); United States v. Real Property Described in Deeds, 962 F. Supp. 734
(W.D.N.C. 1997) (real property has substantial connection to drug offense if, by virtue of
its location, it serves to conceal the criminal acts).

    [5]See United States v. Juluke, 426 F.3d 323 (5th Cir. 2005) (defendant's residence
was forfeitable even though no drugs were found in the house because he parked his car
containing heroin in the driveway and kept guns and currency in the house); United States
v. One Parcel…7715 Betsy Bruce Lane, 906 F.2d 110, 113 (4th Cir. 1990) (house used to
store, prepare, package, and consume cocaine forfeitable under section 881(a)(7)); United
States v. One Parcel…916 Douglas Ave., 903 F.2d 490, 494 (7th Cir. 1990) (use of home
telephone to set up drug deals makes house forfeitable as facilitating property); United
States v. Premises Known as 3639-2nd St., 869 F.2d 1093, 1096 (8th Cir. 1989) (use of a
house for drug storage and concealment and for place to conduct drug sale makes it

or professional office to give his activities an "air of legitimacy".[7]

Again, facilitating property does not have to be integral, essential, or indispensable to the offense.[8]  It makes no difference that the crime could also have been committed at another place[9], or that the illegal use occurred only once,[10] or that a portion of the property

---

forfeitable as facilitating property); United States v. Valadez, 2005 WL 818391 (N.D. Ill. 2005) (residence where cooperating witnesses said they picked up drugs from defendant and where they dropped off drug proceeds forfeitable as facilitating property); United States v. Real Property…8711 Lake Road, 2004 WL 73294 (W.D. Wis. 2004) (residence where drug dealer conducted drug sales and stored drugs, paraphernalia, and cash is subject to forfeiture under section 881(a)(7) as property used to facilitate a drug offense).

[6]See United States v. Dodge Caravan Grand SE/Sport Van, 387 F.3d 758 (8th Cir. 2004) (vehicle that defendant used to pick up phony drug prescriptions at pharmacies' drive-up windows, and to conduct countersurveillance before approaching the window, was substantially connected to the drug offense); United States v. One 1993 Cadillac Seville STS, 2004 WL 1462243 (D. Md. 2004) (vehicles used as decoys, but not used to transport drugs themselves, are forfeitable as facilitating property under § 881(a)(4)); United States v. One 1993 Ford Thunderbird, 2000 WL 1154628 (N.D. Ill. 2000) (vehicle used by lookout for countersurveillance at drug deal is facilitating property).

[7]See Schifferli, 895 F.2d at 990-91.

[8]See Schifferli, 895 F.2d at 990; United States v. One Parcel…2526 Faxon Ave., 145 F. Supp. 2d 942, 946 (W.D. Tenn. 2001) (residence used as stash house for drug money is substantially connected to the drug offense even under CAFRA's higher standard of proof; following Schifferli; connection need not be integral, essential, or indispensable, but must have been more than incidental or fortuitous).

[9] See United States v. Heldeman, 402 F.3d 220 (1st Cir. 2005) (residence where physician wrote illegal prescriptions for steroids and painkillers served as a base of operations as surely as the place where a drug dealer stores and delivers drugs; it makes no difference that the offense could as easily have been committed in another place).

[10]See United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir. 1989) (property used as the site for four cocaine sales satisfies the substantial connection test; in fact, a single sale would have been sufficient).

was involved in the illegal operation.[11]  If the use of the property made the crime easier to

commit or harder to detect, it is subject to forfeiture as facilitating property.

On the other hand, a merely incidental or fortuitous connection between the property

and the offense is not good enough.  The connection between the property and the offense

must be "substantial".[12]  For example, if it was merely fortuitous that the defendant met his

fellow wrongdoers on the driveway next to his house, there would not be a "substantial

---

[11]See Juluke, 426 F.3d 323 (property is subject to forfeiture as facilitating property
under section 853(a) even if only a portion of it was used to facilitate the offense); United
States v. Harris, 903 F.2d 770, 777 (10th Cir. 1990) (under § 853(a)(2), property used to
facilitate a drug offense is forfeitable in its entirety, even if only a portion of the property
was used for the illegal purpose); United States v. Real Property…221 Dana Ave., 81 F.
Supp. 2d 182 (D. Mass. 2000) (court declines to sever real property even though drug
trafficking was confined to first floor of 2-story duplex), rev'd on other grounds, 261 F.3d
65 (1st Cir. 2001); cf. United States v. 817 N.E. 29th Drive, Wilton Manors, 175 F.3d
1304 (11th Cir. 1999) (whether real property is forfeitable as a single parcel turns not on
description in deed or in land records, but on character of property where criminal activity
took place and whether all of the land is of the same character; where two parcels
constitute residence and front yard, both are subject to forfeiture); United States v. Real
Property…9917 Amazona Drive, 1999 WL 1940056 (W.D.N.C. 1999) (if house built
with drug proceeds straddles two parcels, court will treat both parcels as one for purposes
of forfeiture); Real Property Described in Deeds, 962 F. Supp. 734 (entire tract is
forfeitable, despite conveyance in separate deeds, if farm was always operated as one
tract).

[12]The "substantial connection" requirement is codified only for civil forfeiture
cases.  See 18 U.S.C. § 983(c)(3).  There is no counterpart in the criminal forfeiture
statute, and some courts have expressed doubt as to whether it applies.  See Heldeman,
402 F.3d 220 (not adopting the substantial connection test, but holding that the forfeiture
in that case would satisfy it if it applies to criminal forfeiture).  Other courts have
assumed it applies and affirmed the forfeiture nevertheless.  See United States v. Smith,
966 F.2d 1045, 1055 (6th Cir. 1992) (real property that was not the place where drugs
were distributed or manufactured is forfeitable under the substantial connection test if it
was used to conceal a marijuana growing operation from view); Santoro, 866 F.2d at
1542. This instruction assumes that the requirement applies equally in civil and criminal
forfeiture cases.

connection" between the residence and the crime.[13]

If you find, by a preponderance of the evidence, that the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS described in the Redacted Indictment were used, or intended to be used, in any manner or part, to make the crimes of which the defendant has been convicted easier to commit or harder to detect, and that the connection between the offenses and the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS were not merely incidental or fortuitous, you should answer "yes" in the appropriate box on the special verdict forms.

---

[13] See United States v. Two Tracts, 998 F.2d 204 (4th Cir. 1993) (parcel owned by third party that provided means of access to public highway was not substantially connected to the drug offense); United States v. One 1998 Tractor, 288 F. Supp. 2d 710 (W.D. Va. 2003) (trailer being pulled by a truck is not substantially connected to the drug offense if the contraband was in the cab of the truck and not the trailer); United States v. One 1989 Jaguar XJ6, 1993 WL 157630 (N.D. Ill. 1993) (automobile used to drive to/from site of money laundering offense is not substantially connected).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4
### (Burden of Proof)

I instruct you that the previous jury's determinations that the defendant is guilty of:
(1) possessing cocaine with the intent to distribute it (Count 1), and (2) distribution of
cocaine (Count 2), is binding in these proceedings. You must not discuss or consider anew
whether the defendant is guilty or not guilty on those charges.

In this phase of the trial, the government has the burden of proving that the $38,848.00
IN UNITED STATES CURRENCY and the FOUR FIREARMS described in Counts 6 and
7 of the Redacted Indictment are subject to forfeiture. The government has to prove these
allegations by a preponderance of the evidence, a lesser burden than was the case with the
criminal counts of which the defendant has been convicted. A preponderance of the
evidence, as that term is used in this instruction, simply means that which is more likely than
not, or that which is more probable.

---

United States v. Garcia-Guizar, 160 F.3d 511, 517-18 (9th Cir. 1998).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5
### (Duty Not to Consider Certain Issues to be Decided By the Court)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should not consider what might happen to the $38,848.00 IN UNITED STATES CURRENCY and one or more of the FOUR FIREARMS in determining whether the $38,848,000.00 IN UNITED STATES CURRENCY and one or more of the FOUR FIREARMS are subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS. The interests that other persons have in the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS will be taken into account by the Court at a later time. Similarly, any claims that the forfeiture of the $38,848.00 IN UNITED STATES CURRENCY and the FOUR FIREARMS would constitute excessive punishment will be taken into account by the Court at a later time.

Your sole concern now is to determine whether $38,848.00 IN UNITED STATES CURRENCY and one or more of the FOUR FIREARMS were facilitating property under 21 U.S.C. § 853(a)(2).

Similarly, you are not to consider whether the $38,848.00 IN UNITED STATES CURRENCY and one or more of the FOUR FIREARMS are presently available. That matter also will be considered solely by the Court in imposing sentence.

---

18 U.S.C. § 983(g); Federal Rule of Criminal Procedure 32.2(b).

## UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6
**(Unanimous Verdict)**

You must reach a unanimous verdict as to each question on the special verdict forms.

Everyone must agree to any "YES" or "NO" answer you enter on the special verdict forms.

Everyone must agree whether the preponderance of the evidence proves that the $38,848.00 IN UNITED STATES CURRENCY and one or more of the FOUR FIREARMS facilitated the cocaine possession and trafficking offenses of which the defendant was convicted under Counts 1 and 2 of the Indictment.

<u>**UNITED STATES' PROPOSED SPECIAL VERDICT FORM**</u>
**Count 6 — $38,848.00 in United States Currency**
**Facilitating Property–Cocaine**
**21 U.S.C. § 853(a)(2)**

COUNT: <u>6</u>

Was the $38,848.00 IN UNITED STATES CURRENCY used, or intended to be used,

in any manner or part, to commit, or facilitate the commission of, the cocaine possession and

distribution offenses of which the defendant was convicted under Counts 1 and 2?

YES ____

NO ____

Foreperson sign and date the completed verdict form.

## UNITED STATES' PROPOSED SPECIAL VERDICT FORM
### Count 7 (Redacted) – Machine Gun With Silencer
### Facilitating Property–Cocaine
### 21 U.S.C. § 853(a)(2)

COUNT: 7

Was the Ingram Model 10A1, .45cal/9mm Machine Gun, Serial Number A6041381,

With Silencer, A Bowers 9mm Suppressor, Model CAC9, Serial Number S927, more likely

than not, used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, one or more of the cocaine possession and distribution offenses of which the

defendant was convicted under Counts 1 and 2?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____          _____

Foreperson                                                      Date

## UNITED STATES' PROPOSED SPECIAL VERDICT FORM
### Count 7 (Redacted) – Rifle
### Facilitating Property–Cocaine
### 21 U.S.C. § 853(a)(2)

COUNT: 7

Was the Remington Woodmaster Model 740, 30-06 Rifle, Serial Number 83245, more

likely than not, used, or intended to be used, in any manner or part, to commit, or to facilitate

the commission of, one or more of the cocaine possession and distribution offenses of which

the defendant was convicted under Counts 1 and Count 2?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____          _____

Foreperson                                 Date

## UNITED STATES' PROPOSED SPECIAL VERDICT FORM
### Count 7 (Redacted) – Rifle
### Facilitating Property–Cocaine
### 21 U.S.C. § 853(a)(2)

COUNT: 7

Was the Colt Sporter, 7.62x39 Rifle, Serial Number LH010714, more likely than not,

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission

of, one or more of the cocaine possession and distribution offenses of which the defendant

was convicted under Counts 1 and 2?

YES_____

NO_____

Foreperson sign and date the completed verdict form.


_____          _____

Foreperson                                Date

## UNITED STATES' PROPOSED SPECIAL VERDICT FORM
### Count 7 (Redacted) – Shotgun
### Facilitating Property–Cocaine
### 21 U.S.C. § 853(a)(2)

COUNT: 7

Was the Mossberg Model 500A, 12 Gauge Shotgun, Serial Number L986808, more

likely than not, used, or intended to be used, in any manner or part, to commit, or to facilitate

the commission of, one or more of the cocaine possession and distribution offenses of which

the defendant was convicted under Counts 1 and 2?

YES_____

NO_____

Foreperson sign and date the completed verdict form.

_____          _____
Foreperson                                  Date