DAVID J. COHEN, ESQ.
California Bar No. 145748
**COHEN & PAIK LLP**
177 Post Street, Suite 600
San Francisco, CA 94108
Telephone: (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff(s), <br><br> v. <br><br> JASON SCOTT COLETTE, <br><br> Defendant(s). | Case No. 4:05-CR-042-RRB <br><br> **TRIAL MEMORANDUM** <br><br> Date: September 4, 2007 <br> Time: 8:30 a.m. |

I.

**INTRODUCTION**

The government has raised two legal issues in connection with the trial. The first is that the government takes the position that hearsay is admissible in a criminal forfeiture jury trial. We disagree. The second is that the government takes the position that in a criminal forfeiture trial, when the government goes forward on a facilitation theory, as opposed to a proceeds theory, defense evidence tending to show that the funds and property sought to be forfeited were the proceeds, or from the proceeds, of non-criminal activity, is irrelevant. We disagree.

While there may be other issues at the trial, the third issue we would like to raise at this time is a motion for the government to turn over the Jencks material from all government

witnesses who testified at the criminal trial in August, 2006. Rex Butler, Esq., the defense attorney who represented Mr. Colette at the criminal trial, failed to make a motion under Jencks and 18 U.S.C. Section 3500 for any and all statements of government witnesses, at the conclusion of their direct testimony. We make such a motion at this time, and request that the statements of any and all government witnesses who testified at the first trial be turned over to the defense within seven days.

## II.

**HEARSAY IS INADMISSIBLE AT A CRIMINAL FORFEITURE JURY TRIAL**

Citing Libretti v. United States, 516 U.S. 29, 40-41 (1995), the government argues that hearsay is admissible during a criminal forfeiture jury trial. Gov't Trial Memorandum at 2.

Libretti was a case decided prior to the amendment to Rule 32.2 governing criminal forfeiture jury trials, currently in effect, in which the Supreme Court held that criminal forfeiture is not an element of a criminal charge for the purposes of Fed. R. Crim. P. 11, and that a district court is not required to inquire into the factual basis for a stipulated criminal forfeiture in a plea agreement. In so holding, the Supreme Court did not reject Libretti's argument that criminal forfeiture is not simply an aspect of sentencing, but a hybrid that shares elements of procedural protections applicable to sentencing and jury trials. In fact, the Supreme Court found that while criminal forfeiture is not an element of the charged offense for the purposes of Fed. R. Crim. P. 11, the Advisory Committee's Notes to Rule 31(e)(the predecessor of current Rule 32.2) may

well be correct that criminal forfeiture is an element of the charged offense for purposes of the forfeiture jury trial.

<u>Libretti</u> did not, in any way, address the question of whether hearsay is admissible at a criminal forfeiture jury trial, and the Supreme Court rested its finding, in part, on the fact that the district court had listened to four days of non-hearsay testimony regarding the property sought to be forfeited by the government. 516 U.S. at 46.

Since the decision in <u>Libretti</u>, no court of appeals in the United States has held that hearsay may be admitted in a criminal forfeiture jury trial held pursuant to the provisions of Fed. R. Crim. P. 32.2. No district court in the Ninth Circuit has so held.

Fed. R. Evid. 1101(d)(3) provides that the rules of evidence are inapplicable at a sentencing hearing - without distinguishing the rules of evidence applicable to hearsay from any other rule of evidence. This rule clearly applies to a sentencing hearing before a district court - not a jury trial under Fed. R. Crim. P. 32.2. If Fed. R. Evid. 1101(d)(3) applied to a jury trial under Rule 32.2, the district court and the parties would be constrained by no rules of evidence before the jury. This is not correct, and makes little or no sense.

In any event, only reliable hearsay is admissible at a sentencing hearing, and it only admissible if the defendant is given an adequate opportunity to rebut or explain the evidence. See, e.g., <u>United States v. Higgs</u>, 353 F.3d 281, 324 (4th Cir. 2003). Here, the government is simultaneously arguing that hearsay should be admitted, while asserting that Mr. Colette

should not have the opportunity to explain the fact that the guns and money derived from legitimate activity, and was not used to facilitate the drug crimes of which he was convicted.

In United States v. Jones, 160 F.3d 641 (10th Cir. 1998), the Tenth Circuit held that, after Libretti, despite the fact that criminal forfeiture is ordinarily not viewed as part of a criminal offense, a grand jury indictment is still required to find probable cause to believe the assets named in the indictment are traceable to the underlying offense.  In the context of civil forfeiture proceedings, the courts have held that while hearsay may be admissible in the probable cause context, it is inadmissible at the jury trial - at which the government's required burden of proof is the same as for a criminal trial - preponderance of the evidence.  United States v. One Parcel of Real Estate, 963 F.2d 1496 (1992); United States v. All Monies Account No. 90-3617-3, et. al., 754 F. Supp. 1467 (1991); United States v. Harvey, et. al., 560 F. Supp. 1040 (1983).

For the above reasons, and the reasons to be advanced to the Court prior to any hearing on this matter, the Court should not permit the government to introduce otherwise inadmissable hearsay before the jury.  Further, if the Court does permit inadmissible hearsay, the defense should be given appropriate latitude to rebut and/or explain the hearsay, which would necessarily mean the denial of the government's motion to exclude any and all defense evidence tending to show that the money and guns did not facilitate illegal activity.

### III.

### THE DEFENSE SHOULD BE PERMITTED TO INTRODUCE EVIDENCE TENDING TO SHOW THAT THE GUNS AND MONEY AT ISSUE DID NOT FACILITATE THE CONDUCT OF WHICH MR. COLETTE STANDS CONVICTED

The government, as is its right, has elected to proceed using a facilitation theory, as opposed to a proceeds theory. See 21 U.S.C. Section 853; Gov't Trial Memorandum at 2-4.

As a result of the government's determination to proceed using a "facilitation" theory, the government argues that the defense evidence concerning Mr. Colette's legitimate income and business is irrelevant. However, under Fed. R. Evid. 403, and Fed. R. Crim. P. 32.2, Mr. Colette is entitled to adduce evidence tending to show that the four guns at issue, as well as the approximately $38,000 in currency did not facilitate the crimes in Counts 1 and 2, of which he was convicted by the 2006 jury, of possession of cocaine with intent to distribute and distribution of cocaine, respectively. See United States v. Juluke, 426 F.3d 323 (2005)(if there exists money or property which was not the proceeds of criminal activity, the government may seek to prove, and the defense may seek to rebut, that the legitimate property facilitated the crimes of conviction).

Here, Mr. Colette will seek to introduce evidence, both expert, and otherwise, that the guns and money did not facilitate the offenses of conviction. Rather, the evidence will show that the guns were not used in connection with the offense of conviction, and the money was used in connection with Mr. Colette's legitimate business. In order to demonstrate this, the evidence will show that the safe was used for business documents, and to hold business money - just as a business might hold its money in connection with ongoing operations, in a bank account.

5

The government will have the defense expert summary report this week. If the government believes any portion of the proposed testimony does not tend to rebut the government's claim that the money was used to facilitate the drug convictions - rather than to facilitate the business - the government may appropriately object at the time of trial.

### IV.

### THE GOVERNMENT MUST IMMEDIATELY PRODUCE JENCKS MATERIAL BUT NO LATER THAN SEVEN DAYS FROM TODAY

At the criminal trial in August, 2007, defense attorney Butler failed to move for the production of Jencks material at the conclusion of the direct testimony of the government witnesses. This includes Eugene Johnson, ATF Special Agent Cohoon, DEA Agent Foran, and Alaska State Trooper Wall. We now move for production of any and all Jencks material. 18 U.S.C. Section 3500.

### V.

### CONCLUSION

For the foregoing reasons, the Court should deny the government motions to admit hearsay evidence, and to exclude defense evidence tending to rebut the government's facilitation theory. The Court should grant the defense motion for the government to produce Jencks material, because the government witnesses testified at the first trial, and we are entitled to such material.

Dated: August 20, 2007            Respectfully submitted,

/s/ David J. Cohen
**Cohen & Paik LLP**
177 Post Street
Suite 600
San Francisco, CA 94108
(415) 398-3900

6

## **CERTIFICATE OF SERVICE**

I, Tonia M. Nelsen-Sanchez hereby certify that I am over the age of eighteen years, am not a party to the within action and my business address is Cohen & Paik LLP, 177 Post Street, Suite 600, San Francisco, CA 94108.

A copy of the foregoing **TRIAL MEMORANDUM** in the case of <u>United States v. Colette</u>, Case No. 4:05-CR-00042-01RRB was sent by United States mail to:

> Bryan D. Schroder, Esq.
> Assistant United States Attorney
> United States Attorney
> District of Alaska
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, AK 99513
> Fax: 907-271-6011

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2007, at San Francisco, California.

<u>/s/ Tonia M. Nelsen-Sanchez</u>
Tonia M. Nelsen-Sanchez
Legal Assistant