NELSON P. COHEN
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-6011
jim.barkeley@usdoj.gov

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **SUPPLEMENTAL TRIAL BRIEF** |
| v. | ) | |
| | ) | |
| JASON SCOTT COLETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW plaintiff United States of America, by and through counsel, and hereby supplements its Forfeiture Trial Brief (dkt. 286), which is incorporated by this reference.

A.    **"Inadmissible Hearsay" Objection Raised By Defendant's Trial Memorandum**

The parties apparently disagree about the admissibility of hearsay in this trial. The government will do its level best to avoid the issue by not seeking to introduce hearsay. Colette's brief is essentially an abstract legal argument, in the nature of a law review article.

This Court should not make a general preclusion ruling in the abstract. Instead, if the government elicits or attempts to elicit testimony which draws a hearsay objection (first, there must be an objection), the Court can rule at that time.

**B.    Jencks Material**

Government counsel for the criminal trial (Mr. Schroder) informs the undersigned that any such material was turned over in advance of or during the original trial.

In any event, as stated in the government's previous pleadings, the government intends to rely primarily upon criminal trial testimony, already in the record, and any cross and redirect examination related to it. The government suggests that the testimony of trial witnesses Foran, Wall, Cohoon, and Johnson simply be read by them (if they are available) or someone else (if they are not). Any additional direct testimony, given during this trial, would of course be subject to cross-examination — but, it can be conducted using the Jencks material, if any, already produced.

Finally, nothing herein constitutes a concession by the government that the Jencks Act is even applicable to these proceedings.

**C.    Proceeds Versus Facilitation**

Colette's view that evidence of his "legitimate business income" is actually a defense to facilitation, rather than to a proceeds forfeiture theory not being pursued by the government, is also premature. When and if any such evidence is offered, an objection may be made, and the Court can rule upon it. Colette certainly has the right to rebut any evidence

of facilitation.

Respectfully submitted this 23rd day of August, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/James Barkeley
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2007, a true and correct copy
of the foregoing UNITED STATES' SUPPLEMENTAL TRIAL
BRIEF was served electronically on:

DAVID J. COHEN (Counsel for defendant Jason Scott Colette)

s/James Barkeley