SCANNED



RECEIVED

SEP 7 2007

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JASON SCOTT COLETTE,<br><br>       Defendant. | Case No. 4:05-CR-0042-RRB<br><br>**INSTRUCTIONS TO THE JURY** |

## INSTRUCTION NO. 1

Before you take the juror's oath, I want to impress upon you the seriousness and importance of being a member of the jury. Trial by jury is a fundamental right in the United States of America. It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took an oath before you were examined as to your qualifications to be jurors. Now you are called upon to take a second oath. By this oath you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you take the oath, you accept serious and important obligations. The jury system depends on the honesty and the integrity of individual jurors. You affirm that you are truly impartial in this case. You affirm that there is nothing to your knowledge that the parties or I should know about your ability to sit as a juror in this case.

THE OATH WILL NOW BE ADMINISTERED.

2

You are now ready to serve as jurors. To assist you in your task, I am going to summarize for you the way in which the trial will be conducted. After you have heard the evidence, I will briefly explain some of the law that you will need to know.

The trial will proceed in the following manner. First, the Government, through counsel, will make an opening statement outlining what the Government expects to prove. Next, the defendant, through counsel, may make an opening statement or may reserve it. You are reminded that the statements of counsel are not evidence, but are merely an indication of what evidence counsel expect to be presented. The Government will then present its evidence. When the Government has concluded its case, the defendant may present evidence, but is under no obligation to do so. If the defendant presents any evidence, the Government may present rebuttal evidence.

After the evidence is presented, the parties will have the opportunity to argue the case to you. This will be explained later.

After the arguments end, I will tell you about the law that applies to the case, then you will meet together to evaluate the evidence, apply the law to the evidence, and reach a verdict if you are able.

I will rely on you to determine the facts. This must be done by relying solely upon the evidence received in this trial; you must not be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling, but must base your conclusions only upon a fair consideration of the evidence. That evidence may include the sworn testimony of witnesses, exhibits submitted into the record, facts agreed to by the attorneys, and facts judicially noted by the court. The evidence should be considered and viewed by you in light of your own observations and experiences in everyday life, but you may not consider any other source of information not presented to you in this Court. Therefore, during the trial you must avoid reading any newspaper articles about the case or listening to or watching any news stories about the case.

It will be my duty to decide what law must be applied. In so doing, I will look to a number of sources: the statutes of the United States; the decisions of the United States Supreme Court and other learned courts; and the evidence presented by the attorneys who will have appeared before you. You must apply the law as I give it to you; you may not apply the law as you think it is or should be, or as somebody else may have told you it is.

At no time during the course of the trial will it be my intention, by anything I say or do, or by any questions that I may ask, to suggest what you should find to be the facts on any questions submitted to you, or that I believe or disbelieve any

4

witness.   If anything I do or say seems to so indicate, you will disregard it and form your own opinion.  What the verdict shall be is your sole and exclusive duty and responsibility.

There are rules of law that prevent some types of information from being presented as evidence in a court of law. This is why objections may be made to certain questions of counsel, answers of witnesses, or exhibits.   There will likely be bench conferences and legal arguments outside of your presence to discuss these rules.  Basically, these rules are designed to do two things. First, they try to keep you focused on important and reliable evidence by keeping out interesting but not very important and reliable information.  Second, the rules help you decide the case objectively without being swayed by information that might cause you to respond emotionally.   It is because the law protects what you hear that we have such confidence in the impartiality and the integrity of the jury.  You should not be influenced by the fact that objections are made to questions or to the presentation of evidence, or that requests are made that I take certain actions; nor should you be influenced by the number of objections or requests that are made.  Objections or requests are not evidence. You should draw no conclusions about the case from my response to objections or requests.   My rulings on these matters must be determined by the law and will not reflect anything about the merits of the case or my views of the evidence or the witness.  So please remember that my rulings that exclude evidence or that bar

5

questions are designed to help you decide the case fairly.  Of course, if I decide that certain evidence should be excluded, you must disregard it.  You may not speculate as to why the evidence was excluded or what it may have been.

## INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

    (1)  the sworn testimony of any witness;

    (2)  the exhibits which are to be received into evidence; and

    (3)  any facts to which all the lawyers stipulate.

**INSTRUCTION NO. 3**

The following things are *not* evidence and you must not consider them as evidence in deciding the facts of this case:

1.    statements and arguments of the attorneys;

2.    questions and objections of the attorneys;

3.    testimony that I instruct you to disregard; and

4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO. 4**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall. This is circumstantial evidence.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

11

**INSTRUCTION NO. 7**

You may hear testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 8

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury box.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**INSTRUCTION NO. 9**

I will now say a few words about your conduct as jurors. First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. You must also avoid contact with any of the persons who are participating in the trial. This includes the parties, the lawyers, the witnesses, and any persons that you see in close contact with these individuals.

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own or visit the scene where any of the events took place.

Fourth, if you need to communicate with me, simply give a signed note to the bailiff to give to me.

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

14

You are expected to evaluate the evidence independently until you are told to deliberate as a group.  Keep an open mind until then.

Remember that you are to decide the case only on the evidence presented here in court.

### INSTRUCTION NO. 10

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial, although you may ask that testimony be replayed if necessary.

## INSTRUCTION NO. 11

At the close of the trial, counsel have the right to argue the case to the jury.  The arguments of counsel, based upon study and thought, may be and usually are distinctly helpful; however, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such.  It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deduction there from and the law as given to you by the court in these instructions.  But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial.  You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn there from.

17

### INSTRUCTION NO. 12

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the view of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

## INSTRUCTION NO. 13

The evidence has now been presented.  You will hear the arguments of counsel tomorrow morning.  I will now give you the instructions concerning the law to be applied to this case.

The instructions on the law given to you at the beginning of the trial are still applicable and I will not take up your time reading them again.  You will have the full set of the court's instructions with you in the jury room to refer to.

Under your oath as jurors, each of you has sworn to decide the case solely on the evidence in this trial and the law as to which I will instruct you.

19

**INSTRUCTION NO. 14**

Jason Scott Colette has been convicted by a federal jury of one count of violating 21 U.S.C. § 841(a)(1), possession of cocaine with intent to distribute, and one count of violating 21 U.S.C. § 841(a)(1), distribution of cocaine. He was acquitted, by the same jury, of using or carrying the guns, in violation of 18 U.S.C. § 924(c), which guns are the subject of this forfeiture trial, in connection with the two drug counts of which he was convicted. We have set forth herein the elements of each of the aforesaid counts.

You must now determine whether the government has proven, by a preponderance of the evidence, that certain property is forfeitable. Forfeiture means that Mr. Colette is to be divested or deprived of his ownership or interest in the property.

The government must prove that there is a nexus (connection) between Count I of the Indictment and the subject property. In order for you to determine there is the required nexus, you must find that the subject property was used or intended to be used, in any manner or part, to commit or facilitate the possession of cocaine with intent to distribute as charged in Count I of the Indictment.

20

## INSTRUCTION NO. 16

The elements of the four counts, as set forth in the first trial, are as follows:

Count I

The defendant is charged in Count 1 of the Indictment with Possession with Intent to Distribute Cocaine, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

22

Count II

The defendant is charged in Count 2 of the Indictment with Distribution of Cocaine, in violation of Section 841(a)(1) of Title 21 of the Unite States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly delivered cocaine; and

Second, the defendant knew that it was cocaine or some other prohibited drug.

Count III

The defendant is charged in Count 3 of the Indictment with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Section 942(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession of cocaine with intent to distribute as charged in Count 1 of the Indictment, or distribution of cocaine as charged in Count 2 of the Indictment;

Second, the defendant knowingly possessed a firearm, to-wit: an Ingram Model 10A1, .45 cal/9mm machine gun, serial number

A6041381, with a silencer, a Bowers 9mm suppressor, Model CAC9, serial number S927; and

Third, the defendant possessed the firearm in furtherance of the crime.

A person has possession of something if the person knows of its presence and has physical control over it, or knows of its presence and has the power and intention to control it.

To prove that the firearm was possessed "in furtherance of" the drug trafficking crime, the government must show that the defendant intended to use the firearm to promote or facilitate the crime. Mere possession of the firearm by an individual convicted of a drug crime is insufficient to convict the defendant. Whether the firearm was possessed in furtherance of the drug trafficking crime, may be shown by a number of factors, including the proximity of the weapon to the drugs, the accessibility of the weapon during the drug transactions, and the strategic location of the firearms in relation to the drug activities.

Count IV

The defendant is charged in Count 4 of the Indictment with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that

24

charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession of cocaine with intent to distribute as charged in Count 1 of the Indictment, or distribution of cocaine as charged in Count 2 of the Indictment;

Second, the defendant knowingly possessed a firearm, to-wit:

(1)   Remington Mohawk 48, 12 gauge shotgun, serial number 5279681

(2)   Harrington & Richardson Topper Model 48, 12 gauge shotgun, serial number AM250982

(3)   American Arms, 10 gauge shotgun, serial number 0220016

(4)   Remington Woodmaster Model 740, 30-06 rifle, serial number 83245

(5)   Winchester Model 190, .22 rifle, serial number B1822823

(6)   Stevens Model 67E, 12 gauge shotgun, serial number D395391

(7)   Winchester Model 94, 30-30 rifle, serial number 4139992

(8)   Colt Sporter, 7.62x39 rifle, serial number LH010714

(9)   Armas Bost Eibar, 20 gauge double-barrel shotgun, serial number 1928

(10) Mossberg Model 500A, 12 gauge shotgun, serial number L100810

25

(11)  Mossberg Model 500E, .410 gauge shotgun, serial number P317355

(12)  Colt Super 38, 38 semi-auto pistol, serial number 126180

(13)  Mossberg Model 500A, 12 gauge shotgun, serial number L986808

Third, the defendant possessed the firearm in furtherance of the crime.

A person has possession of something if the person knows of its presence and has physical control over it, or knows of its presence and has the power and intention to control it.

To prove that the firearm was possessed "in furtherance of" the drug trafficking crime, the government must show that the defendant intended to use the firearm to promote or facilitate the crime. Mere possession of the firearm by an individual convicted of a drug crime is insufficient to convict the defendant. Whether the firearm was possessed in furtherance of the drug trafficking crime, may be shown by a number of factors, including the proximity of the weapon to the drugs, the accessibility of the weapon during the drug transactions, and the strategic location of the firearms in relation to the drug activities.

26

### INSTRUCTION NO. 17

The forfeiture statute is not limited to property used or intended to be used to actually carry out the offense.  It also covers property that the defendant used or intended to use, in any manner or part, to facilitate the commission of the offense.  This is what is often called "facilitating property."

"Facilitating property" in drug trafficking cases is any property used, or intended to be used, in any way to promote drug trafficking or make such trafficking easier to conduct.  This includes property that is used or intended to be used to purchase or manufacture controlled substances, or to transport, store, conceal, or protect drug traffickers or their controlled substances.  Property need not be indispensable to the commission of the drug violation and need not be used exclusively for illegal drug trafficking, to be facilitating property.  All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the drug violation.

**INSTRUCTION NO. 18**

Facilitation occurs when the property makes the prohibited conduct less difficult or more free from obstruction or hindrance. The mere pooling or commingling of tainted and untainted funds in an account, without more, does not render the entire contents of the account subject to forfeiture.

The connection between the property and the offense must be substantial. Substantial means significant and not merely an accidental, incidental, or fortuitous connection between the subject property and the offense.

**INSTRUCTION NO. 19**

The government alleges that $38,848 in United States currency and four firearms were used, or intended to be used, to commit, or to facilitate the commission of the crime of possession of cocaine with intent to distribute as charged in Count I of the Indictment.  Your task is to determine whether the government has established, by a preponderance of the evidence, that the $38,848 in United States currency and the four firearms were used, or intended to be used, in any manner or part, to commit or to facilitate the commission of that offense.

**INSTRUCTION NO. 20**

As to each of the four guns, it is permissible to find that one or more guns are subject to forfeiture, and one or more are not.

**INSTRUCTION NO. 21**

I instruct you that the previous jury's determinations that the defendant is guilty of: (1) possessing cocaine with the intent to distribute it (Count 1) and (2) distribution of cocaine (Count 2), is binding in these proceedings. You must not discuss or consider anew whether the defendant is guilty or not guilty on those charges. However, you must determine whether criminal forfeiture is appropriate in this matter according to these instructions and without regard to the prior jury's findings on the other charges.

The government has the burden of proving that the $38,848 in United States currency and the four firearms described in Count 6 and 7 of the Indictment are subject to forfeiture. The government has to prove these allegations by a preponderance of the evidence. A preponderance of the evidence, as that term is used in this instruction, simply means that which is more likely true than not true, or that which is more probable.

31

**INSTRUCTION NO. 22**

The Indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.

**INSTRUCTION NO. 23**

You are instructed that Counts 6 & 7 of the Indictment charge separate and distinct offenses.  You must decide each Count separately on the evidence and the law applicable to that Count, uninfluenced by your decision as to any other Count.

**INSTRUCTION NO. 24**

When, as in this case, it is alleged that the crime charged was committed "on or about" a certain date, if the jury finds that the crime was committed, it is not necessary that the proof show that it was committed on that precise date.   It is sufficient if the proof shows that the crime was committed on or about that date.

**INSTRUCTION NO. 25**

The punishment provided by law for this crime is for the Court to decide.   You may not consider punishment in deciding whether the government has proved its case by a preponderance of the evidence.

### INSTRUCTION NO. 26

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 27**

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if that can be done without violence to individual judgment.

Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with the other jurors.

In the course of deliberations, a juror should not hesitate to reexamine his or her own views and change his or her opinion if convinced it is erroneous.

But no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or for the mere purpose of returning a verdict.

37

## INSTRUCTION NO. 28

You were accepted as jurors in this case in reliance upon your answers to the questions asked you concerning your qualifications. You are just as much bound by those answers now, and until you are finally discharged from further consideration of this case, as you were then. The oath taken by you obligates you to try this case well and truly and to render a true verdict according to the law and the evidence. Both the government and the defendant have a right to expect that you will conscientiously consider and weigh the evidence and apply the law of the case, and that you will reach a just verdict.

Upon returning to the jury room to commence your deliberations, you will take with you these instructions, the exhibits, and verdict forms. You will then select one of your fellow jurors to act as foreperson, who will preside over the deliberations and who will complete and sign the verdict to which you have agreed. Before you may return a verdict in this case, it must be unanimous.

**INSTRUCTION NO. 29**

Verdict forms have been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 31

On the day you reach your verdict, if you should agree upon your verdict before 4:30 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 4:30 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

ENTERED this 6th day of September, 2007.

REDACTED SIGNATURE

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

41