M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>JASON SCOTT COLETTE and<br>KAREN KRISTINA KOCH,<br><br>               Defendant. | Case No. 4:05-cr-0042-RRB<br><br>**MOTION FOR DISCLOSURE OF<br>INFORMANTS** |

Defendant, Jason Scott Colette, by and through counsel M. J. Haden, Staff Attorney, moves this court for an order directing the prosecution to disclose the full name, aliases, last known address and criminal record of all informants in the above styled case.

I.  **Introduction**

It is well established that where an informant's testimony may be "relevant and helpful to the defense of an accused" his identity must be disclosed. Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Under Roviaro, there is no fixed rule with respect to disclosure of a confidential informant, although four considerations are relevant: (1) the crime charged; (2) the possible offenses; (3) the possible significance of the informant's

Case 4:05-cr-00042-RRB   Document 346-8   Filed 07/25/2008   Page 2 of 9

Case 4:05-cr-00042-RRB-TWH   Document 53   Filed 03/17/2006   Page 2 of 8

testimony; and (4) other relevant factors. Id. at 62-64. In a case such as this, the testimony of that informant is vital to the defense. Even if the informant may not be called to testify for the government, the defense may call him. Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968); Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965).

### A. If the Informant Was a Percipient Witnesses to, or Actively Participated in, the Negotiations and Transactions Leading to the Commission of the Alleged Crime, the Identity of the Informant Must be Revealed.

At lease one of the informants in this case is a percipient witnesses. Under Roviaro, Velarde-Villarreal, and Lopez-Hernandez, the identity and whereabouts of the individual must be revealed.

### B. The Government Must Produce the Confidential Informant Prior to Trial and Mr. Colette Should be Permitted to Interview Him Prior to Trial.

The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informant[s]. Mr. Colette specifically requests that the informants be produced. The government has the duty to produce the informant or to show that, despite reasonable efforts, it was not able to do so. United States v. Hart, 546 F.2d 798, 799 (9th Cir. 1976).

Mr. Colette respectfully requests that the Court permit defense counsel to question the informant before trial. Mr. Mr. Colette does not know the full name of the confidential informant nor where he lives. Mr. Mr. Colette should therefore be permitted to interview the informants well in advance of trial. See United States v. Hernandez, 608 F.2d 741 (9th Cir. 1979); United States v. Bower, 575 F.2d 499 (5th Cir.), cert. denied, 439 U.S. 983 (1978).

In <u>Callahan v. United States</u>, 371 F.2d 658 (9th Cir. 1967), the court held that both the defense and the prosecution had the right to interview witnesses before trial, and that exceptions to such rules were justifiable only by the clearest and most compelling circumstances. It is beyond dispute that witnesses to a crime are the property of neither the prosecution nor the defense, and that both sides have an equal right and should have and equal opportunity to interview them.

C.   **In Camera Hearing.**

This Court has considerable discretion in deciding whether an <u>in camera</u> hearing is necessary in determining when the government must release the informant's name and whereabouts to the defense. See, e.g., <u>United States v. Ordonez</u>, 722 F.2d 530, 540-41 (9th Cir. 1983); <u>United States v. Rawlinson</u>, 487 F.2d 5, 7-8 n.4 (9th Cir. 1973), <u>cert. denied</u>, 415 U.S. 984 (1974). The <u>Rawlinson</u> court held that an <u>in camera</u> hearing was an appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to the defense. While the court in <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1974), <u>cert. denied</u>, 420 U.S. 910 (1975), refused to establish a fixed rule that requires disclosure of an informant's identity when probable cause is at issue, it did approve the holding of an <u>in camera</u> hearing to which the defense counsel, but not the defendant, is admitted.

More recently, in <u>Ordonez</u>, the court stated that "[t]o insure that the informer is subject to a vigorous or searching examination, some trial courts have permitted the defense counsel to submit a set of questions to be propounded by the court." 722 F.2d at 541 (citations omitted). Further, the court held that the "procedure selected by the trial

3

court should provide a substantial equivalent to the rights available to a criminal defendant under the Fifth and Sixth Amendments." 722 F.2d at 540-41.

Thus, the identity of the informant should be revealed well in advance of trial, or in the alternative, this Court should conduct an <u>in camera</u> hearing and allow defense counsel to participate in order to determine whether the informant's testimony is helpful and material to the defense.

Mr. Colette requests the opportunity to interview the government informant sufficiently in advance of trial so that any further investigation that may be necessary may be accomplished without interrupting the trial itself.

### D. Mr. Colette is Entitled to Information Regarding The Confidential Informant.

With respect to any informant or witness that the government intends to rely upon at trial, Mr. Colette requests disclosure of the following impeaching information.

1) Any and all records and information revealing prior felony convictions, convictions for a crime involving false statements or dishonesty, or juvenile adjudications attributed to the informant, including but not limited to relevant "rap sheets." See <u>United States v. Alvarez-Lopez</u>, 559 F.2d 1155 (9th Cir. 1977); Fed. R. Evid. 609.

2) Any and all records and information revealing prior misconduct or bad acts attributed to the informant, including, but not limited to, any acts of misconduct conducted by them. Fed. R. Evid. 608(b)(3); <u>Weinstein's Evidence</u> 608[5] at 608-25 (1976).

3) Any and all consideration or promises of consideration given to the informant or expected or hoped for by them. By "consideration," Mr. Colette refers to absolutely anything, whether bargained for or not, which arguably could be of value or use

to him or to persons of concern to them. This request includes, but is not limited to formal or informal and direct or indirect leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, Internal Revenue Service, Court of Claims, administrative, or other dispute with the United States. See, e.g., Guam v. De la Rosa, 644 F.2d 1257, 1259 (9th Cir. 1980) (testimony secured by promise not to prosecute in exchange for cooperation).

"Consideration" also encompasses any favorable treatment or recommendations with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity including cash, vehicles, aircraft, rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program," and anything else that arguably could reveal an interest, motive, or bias in them in favor of the government or against the defense, or which could act as an inducement to testify or to color testimony. See Bagley v. Lumpkin, 719 F.2d at 1462-64; United States v. Mayer, 556 F.2d 245, 248 (5th Cir. 1977); United States v. Partin, 493 F.2d 750, 757 (5th Cir. 1974); United States v. Garza, 574 F.2d 298, 301-02 (5th Cir. 1978).

4) Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant, criminal prosecutions, investigations, or potential prosecutions pending, or which could be brought against them, any probationary, parole, deferred prosecution, or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has a real, apparent, or perceived influence.

See <u>Davis v. Alaska</u>, 415 U.S. 308 (1974); <u>United States v. Alvarez-Lopez</u>; <u>United States v. Sutton</u>, 542 F.2d 1239 (4th Cir. 1976).

5) The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases. See <u>United States v. Alvarez-Lopez</u>; <u>Johnson v. Brewer</u>, 521 F.2d 556 (8th Cir. 1975).

6) Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or such information. This request includes any evidence tending to show the narcotic habits of the informant at the time of relevant events, see, e.g., <u>United States v. Bernard</u>, 625 F.2d 854, 858-59 (9th Cir. 1980), and the informant's personal dislike of the defendant. See <u>Guam v. De la Rosa</u>, 644 F.2d 1257 (9th Cir. 1980); <u>United States v. Haggett</u>, 438 F.2d 396 (2d Cir. 1969), <u>cert. denied</u>, 91 S. Ct. 1638 (1971).

7) The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant has been involved either as informant or as defendant. Any prior criminal conduct on the part of the informant either as informant or as a defendant is relevant in establishing a possible defense of entrapment.

Mr. Colette is making these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informants' credibility and background. <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>United States v. Ray</u>, Nos. 82-1262, 1301, 1470, 1471 (9th Cir. 24 April 1984).

6

Cross-examination of the confidential informant may be a critical part of Mr. Colette's defense. This cross-examination must be complete and thorough in order to protect Mr. Colette's rights. Washington v. Texas, 388 U.S. 14 (1967). In order to properly cross-examine the informant, the defense must be aware of all information relating to the informant's credibility, including any biases, prejudices or motives, as well as the substantive evidence in the informant's possession regarding entrapment. The inherent unreliability of the testimony of accomplices or government informants underscores the need for complete disclosure of information relating to their credibility. See United States v. Caldwell, 466 F.2d 611 (9th Cir. 1972).

DATED this Mr. Colette day of Mr. Colette, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on Mr. Colette, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Bryan Schroder, Esq.

/s/ M. J. Haden

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JASON SCOTT COLETTE and<br>KAREN KRISTINA KOCH,<br><br>　　　　　Defendant. | Case No. 4:05-cr-0042-RRB<br><br>**PROPOSED<br>ORDER REQUIRING DISCLOSURE OF<br>INFORMANTS** |

After due consideration of defendant's Motion for Disclosure of Informants, the court GRANTS/DENIES the motion.

DATED _____, 2006, in Anchorage, Alaska.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Terrance W. Hall
　　　　　　　　　　　　　　　　　United States Magistrate Judge