1    Thank you very much.  I hope you had a good lunch.  We're going

2    to now turn back to Mr. Schroder, and you had another matter.

3         MR. SCHRODER:  Your Honor, I'm just going to read in

4    these sections of the stipulation.  We'd already read the ones

5    about the drugs.  We'll now read in the ones relating to the

6    weapons.

7         THE COURT:  Okay.  Again, I'll just tell you, this is a

8    stipulation.  If a witness were to come forward, this -- and

9    this is what the parties have agreed that would be testified

10   to.

11        MR. SCHRODER:  Plaintiff Exhibit Number 2 is a Military

12   Armament Corporation, or MAC, Ingram Model M10A1 9-millimeter-

13   caliber machine gun, serial number A6041381, and meets the

14   definition of a machine gun in 26 United States Code 5845(b),

15   made applicable in 18 United States Code 921(a)(3).

16        Plaintiff Exhibit 21 is a Bowers Model CAC9 firearm

17   silencer, serial number S927, and meets the definition of a

18   firearm silencer under 18 U.S. Code 921(a)(24) and 26 U.S. Code

19   5845(a).

20        THE COURT:  That's it?

21        MR. SCHRODER:  That's it, Your Honor.

22        THE COURT:  Okay.

23        MR. SCHRODER:  Your Honor, the government rests.

24        THE COURT:  Okay.  That means the government has

25   presented all the evidence it's going to present in this

1  matter, so I'll turn to Mr. Butler.

2            MR. BUTLER:  Judge, the defense rests.

3            THE COURT:  Okay.  That means the evidence is done.  So

4  we need to figure out what we're going to do, whether --

5  because what we have left to do -- let me give -- is to read

6  you the jury instructions that we're -- we've got pretty well

7  finalized here, and have the closing arguments, and then pick

8  the two alternates, and then the remainder of the jury would

9  deliberate as long as necessary.  Whether we'll do -- we're

10 just going to look at the clock, see how much time the parties

11 need, and I think what we're going to do is take a recess, then

12 get back to you, to see if we can do this all today or get

13 started today or whether we'll bring you back first thing in

14 the morning.

15            We're going to be here while -- I just don't want to

16 keep you waiting for a long time while we're getting jury

17 instructions done and that type of thing.  But I got to -- I

18 have to -- we might be able to get them done today, we'll see.

19 Okay, any feedback on that subject?  Probably the smooth --

20 counsel, you tell me, I'm kind of thinking, maybe the smoothest

21 thing to do is bring them back tomorrow morning.  Then we

22 can --

23            MR. BUTLER:  Think that's --

24            THE COURT:  -- just -- without the stress of knowing we

25 have people waiting for us, we can get the jury instructions

 1   done, get it all laid out, then if we could come back tomorrow

 2   at 8:30, a little earlier, and then get right on it.  And then

 3   it'll be yours.  By 9:30 you'll be deliberating.  Is that a

 4   fair -- I mean, and tell me if that's okay.  I mean, we're --

 5   this is a kind of a team approach.  Counsel say it's okay.

 6   It's okay with me.  Any objection?

 7        Okay, so basically, here's the -- here's what we --

 8   we're -- I just have kind of decided this as I'm sitting here

 9   and talking to myself and seeing if it sounds all right, and no

10   one's objecting.  We're going to stand in recess as far as

11   you're concerned.  We'll excuse you.  If you could be back here

12   by 8:20 tomorrow morning, we'll come in and you'll hear the

13   closing argument.  And we'll stay here and get all these other

14   things taken care of.

15        I think it's important that you be careful not to read

16   the newspaper.  I haven't seen -- I don't think I've seen any

17   newspaper people here today, but that doesn't mean anything.

18   There still could be -- just have to be careful not to read the

19   newspaper, not to talk to anyone, not to form any opinions.

20   And tomorrow you're going to have access to all the arguments

21   and all the exhibits and go from there.  So any questions from

22   anyone?  Okay, thank you all very much, and we'll see you all

23   tomorrow morning.

24        (Jury not present at 1:50 p.m.)

25             THE COURT:  Okay, now we have plenty of time to do what

1  we have to do.

2          MR. BUTLER:  Right.

3          THE COURT:  No stress anymore.  Okay.  Let me go get

4  some more -- the rest of the instructions.  I think they're

5  just being finalized.  Then we'll just go through them one by

6  one and see what we can do, okay?  So we'll stand in recess.

7      (Court recessed at 1:51 p.m., until 1:54 p.m.)

8      (Jury not present)

9          THE CLERK:  Please be seated.

10         THE COURT:  Okay.  All right, counsel, if -- the packet

11  I just distributed, you take the top -- and you take the top

12  four pages off and just turn -- put them aside, and so we start

13  with a -- the defendant is charged in Count 1.  Does everybody

14  have that in front of you?

15         MR. SCHRODER:  Okay.

16         THE COURT:  Government's proposed 1.  Any objection to

17  that one?

18         MR. BUTLER:  You're talking about the last one you gave

19  us, Judge?

20         THE COURT:  Yes.  Government -- it's the -- that last

21  package I just gave you.  Go four pages down, take the top four

22  pages off --

23         MR. BUTLER:  Okay.

24         THE COURT:  -- then it says government proposed 1.  See

25  that?

```
 1          MR. BUTLER:  Yes.

 2          THE COURT:  That's a standard instruction.  Is there

 3    any concern about that?

 4          MR. BUTLER:  No, Judge.

 5          THE COURT:  Okay.  The next one is --

 6          MR. SCHRODER:  Should it -- but --

 7          THE COURT:  -- number --

 8          MR. SCHRODER:  -- should this one -- if -- we don't

 9    have the general -- the verdict form of the 500 -- over 500

10    grams, should that be included in the --

11          THE COURT:  You're right.  You want to --

12          MR. SCHRODER:  In the first --

13          THE COURT:  Look in -- you're right, it should.

14          MR. SCHRODER:  Over 500 grams.

15          THE COURT:  First, the defendant knowingly possessed

16    over -- the words "over 500 grams," is that what you --

17          MR. SCHRODER:  Right.

18          THE COURT:  So we'll just add the words, "First, the

19    defendant knowingly possessed over 500 grams of cocaine."

20    Okay, number 2 -- or the next one.  They're not numbered.  The

21    next one, which is government's 2, defendant's charged in Count

22    2.  Should that say, defendant knowingly delivered -- is there

23    a gram requirement with regard to that?

24          MR. SCHRODER:  No.  That's -- no, it's --

25          THE COURT:  Okay.
```

1          MR. SCHRODER:  -- no level enhancement.

2          THE COURT:  Tell me when you're ready, just --

3          MR. BUTLER:  Oh, I'm ready, Judge --

4          THE COURT:  Okay.

5          MR. BUTLER:  No objection to 2.

6          THE COURT:  Number 3.

7          MR. BUTLER:  Judge, I do object to number 3.

8          THE COURT:  Okay.

9          MR. BUTLER:  Your Honor, page 2 of number 3, starting

10  with "whether the firearm was possessed" --

11          THE COURT:  Right.

12          MR. BUTLER:  -- I object to that language.  And the

13  reason why I do is because I think it puts the power of the

14  Court toward the jury coming back with what I would term a

15  directed verdict.  And the reason for that is because we don't

16  have factors listed in these other instructions in order to --

17  whether -- for example, whether the drugs were an amount that

18  is more than user amount, whether -- those things I submit are

19  argument.  Whether the firearm was possessed in further -- drug

20  trafficking crime may be shown by a number of factors,

21  including the proximity of the weapon to the drugs, the

22  accessibility of the weapons during the drug transaction, and

23  the strategic location of the firearm in relation to drug

24  activity, are all argument for the government to make.  But if

25  it's in the Court's instruction to the jury, I think they're

1    going to put undue weight on it.

2        And so I would object to that language that starts with

3    "whether the firearm was possessed in furtherance of."  I think

4    that it would have a tendency to potentially overcome the

5    jury's job of reasoning out the evidence by the factors that --

6    in the manner in which it is articulated by the Court.

7        THE COURT:  Mr. Schroder?

8        MR. SCHRODER:  Your Honor, what I was trying to do was

9    provide some guidance to the jury based upon what I read as the

10   existing case law, which is *Rios*.

11       THE COURT:  Uh-huh (affirmative).

12       MR. SCHRODER:  And all that language is pretty much

13   right out of *Rios*.  If we were going to get rid of the final

14   sentence, then I would argue that we ought to get rid of the

15   sentence before it as well and just rely on the first sentence

16   of that paragraph, which is what in the pattern -- which is the

17   pattern jury instruction.

18       THE COURT:  Which is what I was going to suggest,

19   because you're right, the language that Mr. Butler objects to

20   is right -- exactly the language used in *Rios*.  On the other

21   hand, his argument makes sense.

22       MR. SCHRODER:  Yeah.  I don't know that I disagree.  I

23   just think that the right thing to do to keep from confusing

24   the jury on -- one way or the other is to just stick with the

25   language from the pattern jury instruction.

1          MR. BUTLER:  Well, I'm only objecting to the second

2     half of the paragraph.

3          THE COURT:  I know you are.  You're only objecting to

4     the part that you don't like.

5          MR. BUTLER:  Is a little painful.

6          THE COURT:  Yeah.  But the -- both sentences are right

7     out of *Rios*.  So what I'm wondering is whether we could modify

8     the last sentence by -- just say, whether the firearm was

9     possessed in furtherance of the drug trafficking crime may be

10    shown by any number of factors.

11         MR. BUTLER:  I would just object and -- to it being

12    in --

13         THE COURT:  And not even say what the factors are.

14         MR. BUTLER:  -- the jury instruction.  Well, number of

15    factors, right.  If it stops right there.

16         THE COURT:  That's what I said.

17         MR. BUTLER:  Oh, okay.

18         THE COURT:  But it seems like there should be a little

19    bit of an explanation.

20         MR. BUTLER:  Which I figured the government would give

21    in their closing.

22         THE COURT:  Right.  So, Mr. Schroder, what do you

23    think?  Is there -- both -- neither counsel's wrong in your

24    assessment, but I got to come up with a jury instruction that

25    is fair.

1          MR. SCHRODER:  My position, Your Honor, is that we

2  ought to either use *Rios* and give the -- give language on both

3  sides there, or we should just stick with pattern instruction.

4  I think if you just say factors, you're not helping -- I don't

5  think we're helping the jury.

6          THE COURT:  Okay, well, I'm going to think about that.

7  I'm going to -- I want to finish that sentence off in a more

8  neutral fashion.  And I haven't figured out how I'll do it.

9  Okay?

10          MR. BUTLER:  Okay.

11          THE COURT:  I'm putting a big question mark right

12  there.  Okay, so now that --

13          MR. SCHRODER:  But --

14          THE COURT:  -- takes care of 3.  Let's go --

15          MR. SCHRODER:  Well, except I do have an -- I just

16  thought of an issue on 3.  And --

17          THE COURT:  Okay.

18          MR. SCHRODER:  -- this goes along with my concern about

19  the jury verdict and having the jury decide on the verdict --

20  special verdict form, was the Ingram a machine gun and was the

21  suppressor a firearm silencer.

22          THE COURT:  Okay.  So what are you suggesting?

23          MR. SCHRODER:  I -- and all I suggest for purposes of

24  the instruction are that we add the definitions right out of

25  statute for machine gun and for silencer.

1          THE COURT:  You've already --

2          MR. BUTLER:  Judge, I will submit to you why --

3  that's -- the way it's written is -- seems to be acceptable.

4  It says machine gun and it says suppressor and it -- and,

5  really, as the case has been tried, it's not an issue of

6  whether the gun is a machine gun --

7          THE COURT:  It's already stipulated to.

8          MR. BUTLER:  -- or whether the suppressor is a

9  suppressor.  It's been stipulated to by the parties.

10          MR. SCHRODER:  I agree, Your -- I mean, I understand

11  that, Your Honor.  But, I mean, especially when this is a

12  significant enhancement, that --

13          THE COURT:  Okay.

14          MR. SCHRODER:  -- it needs to be clear that "machine

15  gun" as the term is used in describing the -- you know,

16  identifying the weapon, which is how we've used it, is

17  different, I think --

18          THE COURT:  So you want to say --

19          MR. SCHRODER:  -- from making it clear that it is a

20  machine gun for purposes of the statute.  That the jury has

21  found unanimous beyond a reasonable doubt that --

22          THE COURT:  Okay.

23          MR. SCHRODER:  -- it is a machine gun for purposes of

24  the statute.

25          MR. BUTLER:  Judge, I can tell you why we don't need

 1  it.  I mean, that's because of the stipulation that's being

 2  rewritten by counsel in terms of the exhibit number.

 3          THE COURT:  I know.

 4          MR. BUTLER:  I mean, it --

 5          THE COURT:  Second -- but I'm going to say -- second,

 6  defendant knowingly -- but I don't know if I want to make

 7  reference to the stipulation in the instruction.

 8          MR. BUTLER:  But the instruction will be read as a

 9  whole, not --

10          THE COURT:  In the stipulation, do you make reference

11  to the statute?

12          MR. SCHRODER:  Yes.

13          THE COURT:  Is that right?  Okay.  Well, then, second,

14  defendant knowingly possessed a firearm, to wit, an Ingram

15  Model 1A, blah-blah-blah, machine gun, comma, as set forth in

16  U.S.C. blah -- whatever the statute is.  And the blah-blah-

17  blah-blah-blah, as set forth in whatever the statute is.  We

18  can do it that way.  But I -- I'll need to see your stipulation

19  to know what -- how to fill that in.

20          MR. SCHRODER:  I have a copy for you.

21          THE COURT:  Okay.

22          MR. SCHRODER:  So how -- say that again, Judge?  How

23  are your --

24          THE COURT:  The blah-blah-blahs?  Second --

25          MR. SCHRODER:  Just how many blocks of blah-blah-blah.

```
 1          THE COURT:  Second, the defendant knowingly possessed a
 2   firearm, to wit, an Ingram Model 1A -- 10A1 .45-caliber machine
 3   gun, comma, as described in -- whatever the section is --
 4          MR. SCHRODER:  Okay.
 5          THE COURT:  -- serial number blah-blah-blah, with a
 6   silencer, comma, as described in -- whatever the section is.  I
 7   guess it would be a silencer, a Bowers 9-mill -- well, then we
 8   put that insert in those two locations.  Just make reference to
 9   the statute just in passing under that second paragraph.
10          MR. SCHRODER:  Right.
11          THE COURT:  That's what you want, right?
12          MR. SCHRODER:  It is.
13          THE COURT:  And that won't -- I don't think that harms
14   anybody.  And it clears up the issue.  But you need to get
15   to -- me that information ASAP, so -- because we're typing it
16   up as we go.
17          MR. SCHRODER:  I have you -- have a copy for you right
18   here.
19          MR. BUTLER:  And I'd like to have my instructions, if I
20   can, before I leave the courthouse tonight, if possible.  Is
21   that going to be possible?
22          THE COURT:  Depends what time you leave tonight.
23   They're not complicated.  Okay.
24          MR. SCHRODER:  And I think the -- then I think the same
25   change ought to be made to the verdict form, Your Honor.  So --
```

1  and if -- I think we make that same change on the verdict form,

2  that solves my issue with that as well.

3          THE COURT:  I'm writing "as set forth in U.S.C. Section

4  5845(b).  Do I have to put "and made applicable in 18 U" -- do

5  I have to do -- "made applicable in 18 U.S.C. Section

6  921(a)(3)."

7          MR. SCHRODER:  I don't -- no, I don't think you --

8          THE COURT:  Okay.

9          MR. SCHRODER:  -- need to do that.  The Section (a)(3)

10 tells the reader to refer --

11         THE COURT:  Okay.

12         MR. SCHRODER:  -- to --

13         THE COURT:  As set forth in U --

14         MR. SCHRODER:  -- this -- the 21 --

15         THE COURT:  -- in --

16         MR. SCHRODER:  -- the 26 U.S. Code section.

17         THE COURT:  Twenty -- okay, as set forth in 26 U.S.C.

18 Section 5845(b).

19         MR. SCHRODER:  Right.

20         THE COURT:  So, second, the defendant knowingly

21 possessed a firearm, to wit, an Ingram Model 10A1 .45-caliber

22 9-millimeter machine gun, as set forth in 26 U.S.C. 580 --

23 5845(b), serial number, et cetera, with a silencer, as set

24 forth --

25         MR. SCHRODER:  That should be 18 U.S.C. 921.

1           THE COURT:  In eight -- as set forth in 18 U.S.C.

2    Section 921(a)(2), (4).

3           MR. SCHRODER:  (2), (4), yes, sir.

4           THE COURT:  Okay.  So that takes care of that.

5           MR. SCHRODER:  Okay.

6           THE COURT:  Now, you say that that's going to require a

7    change to the verdict form?

8           MR. SCHRODER:  Yeah, I just -- the same -- do the same

9    thing on the verdict form, I think, Your Honor.

10           THE COURT:  Verdict form number 3.

11           MR. SCHRODER:  Right.

12           THE COURT:  Okay.  We'll do an insert to two -- okay.

13    Take care of those two inserts.  Okay, now let's move from 3 to

14    4.  Recognizing I still have some work to do on 3.  4.

15           MR. SCHRODER:  Your Honor, we would recommend that we

16    trim this one back.

17           THE COURT:  I would think so.

18           MR. SCHRODER:  Since our theory of the case is really

19    only three weapons, and we trim it back to those --

20           THE COURT:  Yeah, I was trying to figure out -- I

21    didn't hear any evidence about a lot of --

22           MR. SCHRODER:  Yeah.

23           THE COURT:  -- this.

24           MR. SCHRODER:  Well, I -- again, we did this a week ago

25    before --

1            THE COURT:  Okay.

2            MR. SCHRODER:  -- we'd made some final decisions.

3            THE COURT:  So where do we start -- where do I start

4    crossing off?

5            MR. SCHRODER:  The first -- what is listed on -- you

6    can cross out 1, 2, and 3.

7            THE COURT:  Cross out 1, cross out 2, cross out 3.

8            MR. SCHRODER:  So number -- the first weapon that we

9    introduced is the Remington Woodmaster .30-06.

10           THE COURT:  So that would be number 1.

11           MR. SCHRODER:  Which should be number 1.

12           THE COURT:  Okay.

13           MR. SCHRODER:  The next one we introduced was the --

14   was number 8, the Colt Sporter.

15           THE COURT:  So we'll cross out 5, 6, and 7.

16           MR. SCHRODER:  Right.

17           THE COURT:  8 will become number 2, all right.

18           MR. SCHRODER:  And then the final one -- you may have

19   to check me on this -- is the number 13.

20           THE COURT:  Will become number 3.  We're crossing

21   out --

22           MR. SCHRODER:  And just let me -- give me a moment,

23   Your Honor, I just want to check that serial number to make

24   sure -- there's two of these Mossbergs in there, and I want

25   to --

1              THE COURT:  Okay.

2              MR. SCHRODER:  -- make sure we're citing the one -- I'm

3    pretty sure we are.  Yeah.  So that's correct.

4              THE COURT:  Okay.

5              MR. SCHRODER:  Number 13 would be number 3.

6              THE COURT:  Okay.  So -- very well.

7              MR. SCHRODER:  And then the same -- again, the same

8    change --

9              THE COURT:  The verdict form.

10             MR. SCHRODER:  -- on the verdict form.  Yes, sir.

11             THE COURT:  So the verdict form will only have

12   reference to those three weapons as opposed to the 13?

13             MR. SCHRODER:  Right.

14             THE COURT:  Okay.  Mr. Butler, any thoughts on that?

15             MR. BUTLER:  Yes, Judge.  I object to -- I mean, the

16   Court read all the -- I believe read in the number of weapons.

17   And now the government wants to limit it down to three, after

18   showing a safe with a bunch of weapons in it.

19             THE COURT:  So you want --

20             MR. BUTLER:  With -- in fact, the fact that three of

21   the firearms were loaded and the others were not, with

22   testimony that you can't tell whether a gun is loaded just by

23   looking at it, I think that it prejudices Mr. Colette to be

24   taking these -- taking -- reducing the number of firearms at

25   this stage, given the state of the evidence and the indictment

1    as read to them in the beginning.

2        Quite frankly, I believe that when they look at the

3    number of firearms and the kind of firearms that are here --

4    and I think the agent to the kinds of firearms -- I think he

5    said a certain number of shotguns, certain number of rifles,

6    and one handgun.  I think it shows more of a collection versus

7    a drug dealer having specific guns to use.  I mean, there's no

8    way to decipher that.  I would much prefer that these firearms

9    all remained in the --

10        THE COURT:  Hmm.

11        MR. BUTLER:  -- instruction.  It doesn't hurt the

12    government for them all to be in there.  They're guns.

13        THE COURT:  It doesn't hurt you to take them out, I

14    don't think.  In fact, I expected -- what I really expected

15    when I walked in here was that you would move to dismiss these

16    weapons because there was no weapons.

17        MR. BUTLER:  Oh, I am.  I'm going to do a Rule 29.

18        THE COURT:  Well, I thought you wanted to keep them in.

19        MR. BUTLER:  No, I'm going to do a Rule 29 first,

20    though, on Counts 3 and 4 --

21        THE COURT:  Okay --

22        MR. BUTLER:  -- to the Court.

23        THE COURT:  -- okay, but I thought because there was no

24    evidence -- there was some evidence, there was the pictures.

25    But I thought you would be saying you want to kick out all

1  these weapons other than the ones that were actually shown to

2  the jury.  But you're saying you want to keep them in.

3          MR. BUTLER:  I want to keep them in, Judge, because,

4  really, how does it help us, taking them out?  It doesn't help

5  us at all.  You see, because --

6          THE COURT:  Well, you might get convicted of them.

7          MR. BUTLER:  No, because the bottom line is, it's all

8  one count.  It's all one count.  If these were all separate

9  counts, that'd be a difference, but it's all one count.  If

10  they find him guilty on one gun, that's not going to dilute the

11  count.

12          THE COURT:  So you're saying it should be -- every one

13  should have an "or" after it.  Is that right?  Are you

14  following this, Mr. Schroder?

15          MR. SCHRODER:  I'm following it, Your Honor, but, I

16  mean, it just seems to me that it's fairly standard to try to

17  shape the jury instructions toward the evidence in an effort

18  not to --

19          MR. BUTLER:  Right.

20          MR. SCHRODER:  -- confuse the jury.  I didn't

21  understand -- I wouldn't understand that the government's being

22  held to what was put in the indictment a number of months ago,

23  that was going to have to go into the jury instruction.

24          MR. BUTLER:  Well, the witness -- he had his witness

25  testify X, Y, Z number of shotguns, Z, Y, Z number of guns, and

1   one handgun.  So that is the evidence.

2            THE COURT:  Okay.

3            MR. BUTLER:  I mean, you know, unless my client -- I

4   mean, the count, whether he gets a -- convicted of one or all

5   of the guns, the charge in the count in -- is all the same.

6   Now, unless the jail time is different, which I don't believe

7   it is.  I think it's -- was 924(c), five years whether he gets

8   convicted on one --

9            THE COURT:  But jail -- I don't know if jail time is

10  different.  I don't know if relevant conduct would apply, and I

11  don't know how it would affect forfeiture.  So, I mean, I don't

12  know if you really want that or not.  See what I'm saying?

13       (Side conversation)

14            THE COURT:  Go off the record.

15            THE CLERK:  Off record.

16       (Off record at 2:14 p.m.; on record at 2:17 p.m.)

17       (Jury not present)

18            THE CLERK:  On record.

19            THE COURT:  Yes, Mr. Butler.

20            MR. BUTLER:  Judge, it's the defense's position that

21  given the state of the evidence and the agent testifying as to

22  all the guns, we submit that they should all remain in the --

23  in Count 4.

24            THE COURT:  Okay.  And the -- there should then be an

25  "or" after each one.

1        MR. BUTLER:  That -- that's correct, Judge.

2        MR. SCHRODER:  I think that's probably an "and/or."

3        THE COURT:  "And/or."

4        MR. BUTLER:  Either way.

5        THE COURT:  Okay.  If you want to change your mind, let

6   me know before we're done, okay?  I mean, I don't --

7        MR. BUTLER:  All right, Judge.

8        THE COURT:  -- care either way.  So we'll just put a

9   "and/or" after each one.  And so a guilty verdict on this is

10  going to mean they're all forfeited.  Because it's "and/or."

11  Okay.  Or they potentially could all be forfeited, because

12  that's a different subject -- yeah, okay.  That's -- strike

13  that, what I just said.  They would have to determine that in

14  the second phase of the trial, you're right.

15       Okay.  Now we move on to -- well, that's basically the

16  charging counts.  Does everybody understand that?  That takes

17  care of Counts 1 through 4.  I will read again the reasonable

18  doubt one.  Is everybody with me so far?  Now, you see, if

19  you've followed me and you've turned the pages that I have, you

20  get to a document entitled General Forfeiture Instruction.  And

21  it's a document that consists of one, two, three, four, five,

22  six pages, and begins with U.S. General Forfeiture.

23       MR. BUTLER:  Okay, I had the reasonable doubt

24  instruction next to it.

25       THE COURT:  Okay.  No, that's next.  You're right,

1 that's next.  But then after that --

2         MR. BUTLER:  Right.

3         THE COURT:  -- is this forfeiture.  Now, what I would

4 do if I were you, I'd take that six pages and I'd put it way

5 over here, because we're not going to talk about it now.  Okay,

6 can you follow that, Mr. Schroder?  Because that -- we don't

7 have to talk about that unless there's a conviction.

8         But now we have two other packets I want to hand

9 counsel.  This is really getting delicate.  It's a good thing

10 we have a big desk.  Because I want to be able to give Mr.

11 Butler a copy of these jury instructions before we leave.  That

12 means we have to do some shuffling here and work together on

13 this.

14         Okay.  So looking straight at each of you should be

15 a -- the instruction beginning Government Proposed Number 1.

16 That's the one we've worked ourself through and we should put

17 that up right in front of us.  Got it?  Government proposed

18 number 1.

19         MR. SCHRODER:  Uh-huh (affirmative).

20         THE COURT:  You've probably turned them over.  Now if

21 you'd turn that packet back over, because we've worked through

22 all that.  That's --

23         MR. BUTLER:  Government proposed number 1.

24         THE COURT:  Yeah.  That's, the defendant is charged in

25 Count 1.  We've gone through the counts once --

1          MR. BUTLER:  Right.

2          THE COURT:  Okay.  So this is it.  Now --

3          MR. BUTLER:  I see.

4          THE COURT:  -- if that's looking right in front of you,

5   then you go over to the front page of the document I just

6   passed out that reads, "The evidence has now been presented."

7          MR. BUTLER:  Uh-huh (affirmative).

8          THE COURT:  You pull that off and you put it on top of

9   the packet.  Whoops.  Okay, defendant is charged in Count 1.

10  So the very first thing I'm going to read when the jury comes

11  back in is, the evidence has now been presented.  Do you see

12  that?

13         MR. BUTLER:  Right.

14         THE COURT:  And you turn the page, and then I'll read,

15  the defendant is charged in Count 1, and I'll go through that

16  whole series.

17         MR. BUTLER:  Okay.

18         THE COURT:  Okay, now we turn that over.  Mr. Schroder,

19  are you with me?

20         MR. SCHRODER:  I think so.

21         THE COURT:  Okay.  Now we're going to start working on

22  these miscellaneous instructions.  And I've already said that I

23  will give the -- again give the reasonable doubt.

24         MR. BUTLER:  Will that go after the elements, Judge,

25  or --

1          THE COURT:  Yes.  That's going to go after the

2    elements.  Thank you, I needed that.  Now, I'm saying the next

3    one I have in my hand is entitled Possession Defined.  Do you

4    have it?

5          MR. BUTLER:  Right, that's in that other clip.

6          THE COURT:  Right.  I don't think I need this one,

7    because I've defined possession after every -- when we did the

8    elements, we defined possession every time.

9          MR. BUTLER:  I agree, we don't need that one.

10          THE COURT:  So we'll take this possession and put it on

11    the floor or put it out of our way, okay?  You with me, Mr.

12    Schroder?  Okay.

13          MR. SCHRODER:  Think so.

14          THE COURT:  Knowingly, does everybody have knowingly?

15    An act is done knowingly.  Okay.  Have you found it, Mr.

16    Butler?

17          MR. BUTLER:  Yes, sir, I have it.

18          THE COURT:  And put that on top of the file.

19          MR. BUTLER:  On top of -- after reasonable doubt?

20          THE COURT:  Yes, on top of reasonable doubt.  I

21    don't -- do I -- does the government really want me to give 4.1

22    and 4.13, statements by defendant, which I can't remember

23    coming in, and government's use of undercover agents and

24    informants?  Those are the two I had question marks by.

25    Because I don't recall as defendant -- any testimony coming in

1   of a statement from the defendant.  Am I forgetting something?

2          MR. SCHRODER:  No.  And then those -- you know, those

3   are ones I put in there a week ahead of the --

4          THE COURT:  I understand.

5          MR. SCHRODER:  -- trial, just --

6          THE COURT:  I'm not critical, I just want to eliminate

7   the -- I'm trying to eliminate the excess.  So because there's

8   no statements by defendant, I'm putting X across that and

9   putting that in my throwaway pile, unless Mr. Butler objects.

10         MR. BUTLER:  No, I have no objection to getting rid of

11  4.13.

12         THE COURT:  Oh, okay.  What about 4.1?

13         MR. BUTLER:  4.1 --

14         THE COURT:  Is there -- did the defendant -- is there

15  any testimony of defendant making a statement?  That's what I'm

16  trying to recall.  Did Johnson testify that he said something?

17         MR. BUTLER:  Yes, sir, there --

18         THE COURT:  This is my -- okay.  You choose then.

19         MR. BUTLER:  Okay.  While he's doing that, Mr.

20  Schroder, you need to be thinking about 4.13, what your

21  position is.

22         MR. SCHRODER:  We can take that out, Your Honor.

23         THE COURT:  Okay.  So you agree that 4.13 is coming

24  out.

25         MR. SCHRODER:  Yes.

1          THE COURT:  Okay.

2          MR. BUTLER:  Judge, we would just as soon get rid of

3   4.1, it's --

4          THE COURT:  You choose.  It's your -- it's completely

5   your choice.

6          MR. BUTLER:  Okay.

7          THE COURT:  So you want 4.1 out, then?

8          MR. BUTLER:  Yes, sir.

9          THE COURT:  Okay.  4.1 is going out.  Okay.  Do you

10  have the instruction that tells -- you are instructed that each

11  count of the indictment charges a separate and distinct

12  offense?

13         MR. BUTLER:  Yes, Judge.

14         THE COURT:  That should be placed behind the last --

15  number 4, the verdict instruction -- or not verdict

16  instruction, charge instruction.

17         MR. BUTLER:  Before the reasonable doubt instruction?

18         THE COURT:  Before reasonable doubt.  Everybody with me

19  there?

20         MR. SCHRODER:  Uh-huh (affirmative).

21         THE COURT:  Okay.  I've already told -- do you see

22  where it says, indictment is not evidence?

23         MR. BUTLER:  Right.

24         THE COURT:  I've done that emphatically two times

25  already.

1    MR. BUTLER:  I would request that you put that in
2  there, ahead of, you are instruct -- you are instructed that
3  each count of the indictment.  I would request that this go
4  before that.

5    THE COURT:  I'm going to do that even -- because we're
6  advised that you can give it multiple times if you want.  But I
7  won't -- I'll give it just to give you the benefit of the
8  doubt.  Okay, so that goes before, you are instructed that each
9  count in the indictment charges a separate and distinct
10  offense.  So after the charges come -- is this one, the
11  indictment is not evidence.  Then comes, you are instructed
12  that each count of the indictment charges a separate and
13  distinct offense.  Then comes reasonable doubt.  Then -- is --
14  Mr. Schroder, are you with me?

15    MR. SCHRODER:  I think so, yes, sir.

16    THE COURT:  Then the next one is, a defendant in a
17  criminal case has a constitutional right not to testify.

18    MR. SCHRODER:  Uh-huh (affirmative).

19    THE COURT:  That will be the next one.  Okay, the next
20  one -- they're -- now we just run through the packet.  The next
21  one in front of you should say, when, as in this case, it is
22  alleged that the crime charged was committed on or about.

23    MR. BUTLER:  Judge, now, before we get to that --

24    THE COURT:  Okay.

25    MR. BUTLER:  -- the defendant in a criminal case has

1    constitutional right not to testify -- you're putting that

2    after, an act is done knowingly?

3            THE COURT:  It's done after knowingly is where I put

4    it.  You have a --

5            MR. BUTLER:  Okay.

6            THE COURT:  -- another suggestion?

7            MR. BUTLER:  No, sir.

8            THE COURT:  Okay.  From then, the packet should run

9    just about in the order you have it.  When, as in this case --

10   everybody have that one?

11           MR. SCHRODER:  Uh-huh (affirmative).

12           THE COURT:  Okay.  Next one is, the punishment provided

13   by law.  Everyone have that one?

14           MR. SCHRODER:  Uh-huh (affirmative).

15           MR. BUTLER:  Yes, sir, uh-huh (affirmative).

16           THE COURT:  Next one is, if it becomes necessary during

17   your deliberations.

18           MR. SCHRODER:  Uh-huh (affirmative).

19           THE COURT:  Next one, as jurors, you have a duty.  Next

20   one, you were accepted as jurors.  Next one, a verdict form has

21   been prepared for you.

22           MR. BUTLER:  Oh, okay.  Well, actually, verdict forms.

23   But I don't --

24           THE COURT:  I think that's -- well, you want us to

25   write "verdict forms have been prepared for you"?

1       MR. BUTLER:  I think it's --

2       THE COURT:  Okay.

3       MR. BUTLER:  -- right, multiple verdict forms.

4       THE COURT:  Okay, verdict forms have been prepared for

5  you.  After you have reached unanimous agreement on a verdict,

6  your foreperson will fill in the form that has been given to

7  you, sign and date it.

8       MR. BUTLER:  Judge, the word "after" --

9       THE COURT:  Yes.

10       MR. BUTLER:  -- I believe is -- should be "if you have

11  reached unanimous agreement on a verdict" --

12       THE COURT:  Okay.

13       MR. BUTLER:  -- rather than "after you have."  I mean,

14  it presupposes.  And I think it should be "if you have

15  reached."

16       THE COURT:  "If you reach."

17       MR. BUTLER:  All right, "if you reach."

18       THE COURT:  And sign it, period.  I never thought this

19  one would be complicated.  Once -- how do you -- what do you --

20  how do you make the transition to that last sentence?

21       MR. BUTLER:  Let's see.  If you reach unanimous

22  agreement on a verdict, your foreperson will fill in the form

23  that has been given you, comma, sign and date it --

24       THE COURT:  Period.

25       MR. BUTLER:  -- and advise the Court you are ready to

1  return the verdict.

2       THE COURT:  And advise the Court that you're ready to

3  return -- that presume -- they need to know that they're

4  supposed to go through all the verdict forms before they -- not

5  after just the first one.

6       MR. BUTLER:  If you reach unanimous agreement on a

7  verdict, your foreperson will fill in the form that has been

8  given to you, comma, sign and date it, period.  This process

9  should be followed for each verdict form?

10      THE COURT:  Good.  Mr. Schroder, any objection?

11      MR. SCHRODER:  That's fine.

12      MR. BUTLER:  Then after this "after you finish, advise

13 the Court that you are ready to return to the courtroom,"

14 Judge, for the last sentence?

15      THE COURT:  "This process should be followed for each

16 verdict form."

17      MR. BUTLER:  And then -- period.  And then, after you

18 finish, advise the Court that you are ready to return to the

19 courtroom.

20      THE COURT:  So we'd write, "After you have finished,

21 advise the Court that you are ready to return to the

22 courtroom."  Okay.  Okay, this -- I've got a --

23      MR. BUTLER:  Right, I was looking at that myself.

24      THE COURT:  That's just a -- already given.  So we'll

25 just strike this one.  We've already give -- told them that he

 1  doesn't have to testify.  And if you'd turn the last one over,

 2  it says, "On the date you reach a verdict."

 3          MR. BUTLER:  Should we put S on there, Judge, to be

 4  consistent with --

 5          THE COURT:  Should -- okay.

 6          MR. BUTLER:  -- "reach verdicts," with an S, "if you'd

 7  agree upon your verdicts, shall have your foreperson sign and

 8  date them" or "date the verdict forms," with an S, "date and

 9  sign the verdict forms," with an S --

10          THE COURT:  Okay.

11          MR. BUTLER:  -- unanimously agreed upon by your -- and

12  return them immediately into open court in the presence of the

13  entire jury --

14          THE COURT:  Okay.

15          MR. BUTLER:  -- together with any exhibits and these

16  instructions.  If you -- in the event you do not arrive at a

17  verdict or verdicts --

18          THE COURT:  Well, you could just put "verdict,"

19  parenthesis, S, end parenthesis --

20          MR. BUTLER:  Okay.

21          THE COURT:  -- at a verdict/verdicts, how about just

22  doing it --

23          MR. BUTLER:  (Indiscernible) --

24          THE COURT:  -- that way.

25          MR. BUTLER:  -- you may go to your homes or place of

1    abode for the night.  You must return to the jury room to begin

2    your deliberations at 9 a.m. the following morning.

3        THE COURT:  How about if, if in the event you do not

4    complete this process, because --

5        MR. BUTLER:  Okay.

6        THE COURT:  In the event you do not complete this

7    process before 4:30 p.m., you may go to your home or place of

8    abode for the night, but you must return to the jury room to

9    continue deliberations at 9 a.m. the following morning.  Follow

10    that, Mr. Schroder?

11        MR. SCHRODER:  I did.

12        THE COURT:  Okay.  So what are you still holding in

13    your hand, Mr. Butler?

14        MR. BUTLER:  There is a -- I have a last verdict

15    form --

16        THE COURT:  Oh, that's --

17        MR. BUTLER:  -- as to Count 1 of the indictment which

18    we're not using, right.

19        THE COURT:  We're not going to use that one.

20        MR. BUTLER:  And that was what was at the end of mine.

21        THE COURT:  So if you turn your packet over, everybody

22    should have a draft package of the instructions.  And they're

23    not that thick.  And that basically, as modified, is what I'll

24    read to the jury tomorrow after the parties argue.  The only

25    thing that's unclear in the -- is how I'm going to -- the few

1    words I'm going to use to modify the last sentence with regard

2    to possession.

3          MR. BUTLER:  And, Judge, we should put the verdict

4    forms under the -- this, now?

5          THE COURT:  And the verdict forms will go under this.

6          MR. BUTLER:  Okay, but it should be verdicts -- number

7    6 --

8          THE COURT:  It would be 1 through --

9          MR. BUTLER:  -- is probably going to be number 5, I

10   think, and number 7 -- or there's no number --

11         THE COURT:  Well, wait a second --

12         MR. BUTLER:  -- 5.

13         THE COURT:  -- now, you're throwing me off.

14         MR. BUTLER:  Okay.

15         THE COURT:  Number 1, you know -- you have number 1.

16         MR. BUTLER:  Right.

17         THE COURT:  Number 1, number 2, number 3 -- I don't --

18   number 4, and number -- let's see, now you're right. Let's see

19   what we have to do here.

20         MR. SCHRODER:  I think 6 and 7 are just aligned, but

21   those are the forfeiture counts.

22         THE COURT:  Right, so I won't even give 6 and 7 until

23   after --

24         MR. SCHRODER:  Right.  Right.

25         THE COURT:  -- that.  So now let's make sure we're

1    satisfied one last time with these verdict forms.

2         MR. BUTLER:  Okay, what about number 5, now, is --

3         THE COURT:  That's what I want to look at again, and

4    see -- we know we're going to change 1 to make it a simple one.

5         MR. SCHRODER:  Well, there is no Count 5 against Mr.

6    Colette.

7         THE COURT:  That's right, there's no --

8         MR. BUTLER:  Right.

9         THE COURT:  -- Count 5.

10        MR. SCHRODER:  So --

11        THE COURT:  But the verdict may be -- and number 2 is

12   going to be modified to the simple form.  Number 3, I have to

13   add in the words reference the statutes.

14        MR. SCHRODER:  Uh-huh (affirmative).

15        THE COURT:  Number 4 -- now, 4 we have to look at, the

16   verdict form 4.  And that one probably stays then, right?

17        MR. SCHRODER:  I think so.  I think that you're --

18        MR. BUTLER:  Yes, Judge, given what --

19        MR. SCHRODER:  What --

20        MR. BUTLER:  -- we talked about earlier.

21        MR. SCHRODER:  With your "and/or" addition.

22        THE COURT:  Okay.  And you -- this is what you really

23   want, Mr. Butler, is that right?

24        MR. BUTLER:  Yes, Judge.

25        THE COURT:  Okay.  I don't think we have to put

1  "and/or" after these, because they're supposed to address each

2  one of them.  We unanimously find beyond a reasonable doubt

3  that the weapons involved were -- and then they just have to

4  say what weapons they were.  Is that right, Mr. Schroder?  I

5  mean, I don't care how you do it, but --

6       MR. SCHRODER:  I think we should -- it should be

7  consistent with the --

8       THE COURT:  Okay.  We'll do --

9       MR. SCHRODER:  -- verdict form.

10      THE COURT:  -- "and/or" after each one of them.  And,

11 comma, or.  So there's -- that's the four verdict forms.  And

12 just so that you've got everything clear, if you take the

13 remaining two verdict forms, number 6 and 7, and put it behind

14 the general forfeiture instruction, you'll have a pretty clean

15 packet to address when we get to that issue later on.

16      Now, what I don't have is the -- the stipulation is not

17 placed in the form of a jury instruction, unless you just --

18 how did you want this presented?  Typed up as if it were a jury

19 instruction?

20      MR. SCHRODER:  Yes, Your Honor.

21      MR. BUTLER:  Either that, or it could just be an

22 exhibit.

23      THE COURT:  That's what I would -- it could be an

24 exhibit as well.

25      MR. BUTLER:  If it's just an --

1          THE COURT:  Could just send this back as an exhibit.

2          MR. BUTLER:  May not be the cleanest way, I think, to

3    do it.

4          THE COURT:  I don't -- and then you can -- when you

5    argue, you can show the stipulation.  You can -- I've had it

6    done both ways.  Last time I think we did it as a stipulation

7    and it went into evidence, two weeks ago.  So what's your

8    preference, Mr. Schroder?

9          MR. SCHRODER:  I think that's fine.

10          THE COURT:  Then you need to give it an exhibit number

11    and we'll admit it.  The -- it -- the one I have is unsigned,

12    so it should be signed.

13          MR. BUTLER:  Now, on the exhibit, Judge, my client's

14    name --

15          THE COURT:  Wait, I got the --

16          MR. BUTLER:  -- has two L's in it, on the one I have.

17    Is it like that on that one?

18          MR. SCHRODER:  It is.

19          THE COURT:  So you want to get the right --

20          MR. SCHRODER:  We'll have that fixed.

21          MR. BUTLER:  Okay.  Do the parties want to take a few

22    minutes?  Now, you've got the packet.  I mean, we can take a

23    few minutes and you can read them over.  I can come back in a

24    few minutes and we can --

25          MR. BUTLER:  That would be fine, Judge.

1          THE COURT:  This way you can look at the whole packet

2    as it is, and come back -- I'll come back in 10 minutes and we

3    can address this one more time.

4          MR. SCHRODER:  Okay.

5          THE COURT:  Is that fair?

6          MR. BUTLER:  Yes, sir.

7          THE COURT:  Okay.  Take a 10-minute recess.

8          THE CLERK:  Off record.

9       (Court recessed at 2:39 p.m., until 2:47 p.m.)

10      (Jury not present)

11         THE COURT:  How about under knowingly, how do you want

12   that bracketed?  Look at the instruction, knowingly.  It was

13   government's 5.6.  I don't know where it was.  It was after

14   the -- in the middle of the package.  Mr. Schroder, do you have

15   any thoughts on that?

16         MR. SCHRODER:  I don't think we need to have the "fail

17   to act" part.  That's the bracket you were talking about?

18         THE COURT:  Right.  Well, that's the first bracket.

19         MR. SCHRODER:  Right.

20         THE COURT:  So we strike the "fail to act," okay.  And

21   then what's the next -- what about the next sentence?  This is

22   a pattern instruction, but I need to get the brackets like --

23   it's appropriate.

24         MR. SCHRODER:  Your Honor, I mean, I think we could

25   strike the bracketed language.  I don't think that's an issue.

1        THE COURT:  You mean, "The government is not required,"

2   just strike that?

3        MR. SCHRODER:  Right.

4        THE COURT:  Okay.  Are you with us, Mr. Butler?

5        MR. BUTLER:  I'm looking it over, Judge --

6        THE COURT:  Okay.

7        MR. BUTLER:  -- yes, sir.  That's fine, Judge.

8        THE COURT:  Okay.  When you say, "That's fine," it'll

9   read like this:  An act is done knowingly if the defendant is

10  aware of the act and does not act through ignorance, mistake,

11  or accident.  You may consider evidence of the defendant's

12  words, acts, or omissions along with all other evidence in

13  deciding whether the defendant acted knowingly.

14       MR. BUTLER:  That's correct, Your Honor.

15       THE COURT:  Okay.  Thank you.  Go off the record.

16       THE CLERK:  Off record.

17   (Court recessed at 2:50 p.m., until 2:58 p.m.)

18   (Jury not present)

19       THE COURT:  Am I surprising you?

20       THE CLERK:  Yes.

21       THE COURT:  Well, we're working on jury instructions

22  here.  Okay.  I'm looking at government 3.  And the issue is

23  possession.  And that's the one where both parties made pretty

24  good arguments, and I have to make an instruction that

25  incorporates both concerns.  Are you ready?  And --

1              MR. BUTLER:  Yes.

2              THE COURT:  -- particularly I'm looking at the last

3     paragraph that begins on the first page:  To prove that the

4     firearm was possessed in furtherance of the drug trafficking

5     crime, government -- the government must show that the

6     defendant intended to use the firearm to promote or facilitate

7     the crime.  Mere possession of the firearm by an individual

8     convicted of a drug crime is insufficient to convict the

9     defendant.  Whether the firearm was possessed in furtherance of

10    the drug trafficking crime may be shown by a number of factors,

11    including one's conduct, comma, the circumstances at the time,

12    comma, and any other evidence which might reasonably bear on

13    the issue.  Whether the firearm was possessed in furtherance of

14    the drug trafficking crime may be shown by a number of factors,

15    including one's conduct, the circumstances at the time, and any

16    other evidence which might reasonably bear on the issue.

17             MR. BUTLER:  No objection.

18             THE COURT:  Now, that's got to be as neutral as I could

19    come up with, giving each side the opportunity to argue.

20    Mr. --

21             MR. BUTLER:  No objection.

22             THE COURT:  Mr. Schroder?  Whether the --

23             MR. SCHRODER:  I don't think it states *Rios*, Your

24    Honor.  I mean, I think it's --

25             THE COURT:  Well, you were --

1          MR. SCHRODER:  I think that's a significant advantage

2    to the defendant to argue mere possession -- to argue that all

3    he had was mere possession.  And the other factors that *Rios*

4    has stated are legitimate factors, you know, we have to argue

5    without it being part of the instruction.

6          MR. BUTLER:  I disagree with --

7          THE COURT:  Well, I --

8          MR. SCHRODER:  And I'd be willing to -- you know, I'd

9    be willing to, say, put the *Rios* factors in there and add the

10   things that you -- you've put in, to indicate that there are

11   certainly many other factors that could play into this.

12         THE COURT:  I'm not comfortable doing that.  I just --

13   I think it almost constitutes a directed verdict if I do that.

14   I may be wrong, but -- but you certainly can argue every one of

15   those factors.  You can take this proposed instruction and

16   argue each one of those factors as being the circumstances at

17   the time, falling under that broad definition.  Anything else?

18         MR. BUTLER:  No, sir.

19         THE COURT:  Okay, I'm going to -- we're about done now,

20   from my perspective.  Have you come up with anything since

21   I've --

22         MR. SCHRODER:  No, Your Honor.

23         THE COURT:  Have you come -- Mr. Butler, have you come

24   up with --

25         MR. BUTLER:  No, sir.

1          THE COURT:  I'll go zip this up, and I'm trying to get

2     you a final packet before you leave, both sides.

3          MR. BUTLER:  Thanks, Judge.

4          THE CLERK:  Off record.

5       (Court recessed at 3:01 p.m., until 3:06 p.m.)

6       (Jury not present)

7          THE COURT:  -- make a motion to dismiss or something?

8          MR. BUTLER:  Yes, Judge.  I'd like to make a Rule 29

9     motion when the Court has --

10         THE COURT:  I'm ready.

11         MR. BUTLER:  Okay.  Judge, as to Counts 3 and 4, I

12    submit to the Court that there is insufficient evidence for

13    those two counts to go to the jury.  And of course Count 3

14    deals with the machine gun, for lack of a better term, a term

15    that's probably prejudicial in itself.  But the machine gun and

16    silencer.  And Count 4 relates, of course, to the plethora of

17    guns that were located in the safe.

18         And I'd submit to the Court that the Court should

19    dismiss these counts by virtue of judgment of acquittal in

20    favor of Mr. Colette, because the evidence as relayed in this

21    court was insufficient to establish that these firearms, guns,

22    weapons, whatever we want to call them collectively, were used

23    in furtherance of drug trafficking activity.  And while the

24    agents, of course, gave evidence that there are times that they

25    find guns and drugs together and that's why there is some

1   cross-designation in their work and sometimes that's why agents

2   are attached to other, I guess, divisions of law enforcement

3   for that purpose and that it's not unusual for them to see

4   that, likewise, up in Alaska in particular, many people have

5   firearms, guns, rifles, multiple weapons in their home, because

6   this is a place where many people fish and hunt and collect

7   firearms.

8          And so in the absence of any evidence that shows that

9   Mr. Colette had the firearms in this case to embolden him, the

10  absence of brandishing it in an effort to show a specific

11  intent to use it -- in fact, I'm wondering, Judge, if we

12  shouldn't have an intent instruction, given that the mental

13  state of intent is what's required, I believe, to establish

14  this 924(c).  So that -- we may need an intent instruction.

15         THE COURT:  So you've kind of --

16         MR. BUTLER:  Of course, I mean, I wish -- I hope we

17  don't need one, but just in case, this --

18         THE COURT:  Well, you're changing the subject

19  midstream.  First of all, you're talking about a -- you're

20  suggesting there's insufficient evidence to sustain a

21  conviction with regard to those two counts.

22         MR. BUTLER:  That's correct, Judge.

23         THE COURT:  All right.  Mr. Schroder, what do you think

24  about that?

25         MR. SCHRODER:  Your Honor, the government would argue