1          THE COURT:  Okay.  Now, in terms of -- we're going to

 2   get the exhibits back here in a second.  Counsel make -- check

 3   to make sure we -- whether they're satisfied with what exhibits

 4   go back.  My preference on the firearms is that they go back --

 5   that the drugs go back after they've had a chance and look at

 6   them, and the bailiff tells them that after you're -- after you

 7   looked at both of them, return them to the case agent and they

 8   can be held by the case agent.  But they can be requested any

 9   time if they want to look at them again.  Is that clear --

10   who -- who's going to tell the jury that?  I guess that'll be

11   your job.

12          THE CLERK:  They can have them now --

13          THE COURT:  They can have them now and the drugs now.

14   When they're done looking at them, they should return them to

15   the case agent, who will hold them.  But if they need them

16   again, they simply need to request it and they can have them

17   again.  Okay?

18          THE CLERK:  Okay.

19          THE COURT:  Is that fair, counsel, both sides?

20          MR. SCHRODER:  That's fine with us, Your Honor.  The

21   only other issue I want to bring up, and I just want to make

22   sure that the Marshal and everybody are comfortable -- we had

23   at the request of the Marshals kind of maintained a separation

24   between the guns and the ammunition when we were introducing --

25          THE COURT:  Well, the ammunition aren't --

1          MR. SCHRODER:  -- them.

2          THE COURT:  Is there ammunition?

3          MR. SCHRODER:  There is.

4          THE COURT:  Well, they can't have them at the same

5     time.  I forgot about that.  So the guns can -- yeah.  The guns

6     go in, they look at them.  When they're done with that, then

7     the ammunition goes in.

8          MR. SCHRODER:  Okay.

9          THE COURT:  Okay.  All right.

10          MR. SCHRODER:  Yes, sir.

11          THE COURT:  And you have telephone numbers so we're

12     available for questions.  Mr. Butler, you have a cell phone or

13     not?

14          MR. BUTLER:  Yes, Judge, and I'll give Madam Clerk --

15          THE COURT:  Okay.

16          MR. BUTLER:  -- the cell number.

17          THE COURT:  And I think that Mr. Colette is going to

18     stay here for the day.  Is that the plan?  Okay, does he have

19     lunch coming -- taken care of?  Okay.

20          UNIDENTIFIED SPEAKER:  We have.

21          THE COURT:  All right, counsel, anything else before

22     I -- I'm going to sign this original, send it back.  Any

23     complaints about the way I read the instructions?

24          MR. SCHRODER:  No.

25          MR. BUTLER:  No, sir.

1          THE COURT:  Okay.  All right, let's -- is there a
2    concern about these forfeiture instructions?  They look pretty
3    straightforward.
4          MR. SCHRODER:  I think they look -- I'll look at them
5    when we're -- take the break, Your Honor, and --
6          THE COURT:  Okay.
7          MR. SCHRODER:  -- but I think they look fine.
8          THE COURT:  Why don't you look at them as well and --
9    what happens is that they'll just come back, we'll read them
10   the instructions, I don't think there's going to be any
11   additional evidence presented, is there?
12         MR. SCHRODER:  No.  We don't intend to present any
13   additional evidence.
14         THE COURT:  Is that your understanding, Mr. Butler?
15         MR. BUTLER:  Yes, Judge, it is.
16         THE COURT:  Okay.  All right.
17         MR. SCHRODER:  The only -- let me just raise one issue.
18   The only issue that I guess I have is, my plan when we -- I
19   started this process was to trim all of the instructions
20   related to the 13 firearms down to the --
21         THE COURT:  You didn't tell me that.
22         MR. SCHRODER:  -- three firearms.
23         THE COURT:  But you didn't tell me that until the case
24   was over.
25         MR. SCHRODER:  I understand that.

1          THE COURT:  Yeah.

2          MR. SCHRODER:  Well --

3          THE COURT:  And I read the initial --

4          MR. SCHRODER:  No, no, Judge, I mean, we hashed that --

5     I guess my point is --

6          THE COURT:  Yeah.

7          MR. SCHRODER:  -- I think maybe now we ought to go back

8     and add the rest of the firearms --

9          THE COURT:  Well, they're in there.  They haven't been

10    taken out.

11         MR. SCHRODER:  No, only three of them are in there.

12    That's the way I designed the instruction, because my --

13         THE COURT:  Oh --

14         MR. SCHRODER:  -- intent at that time was that we were

15    going to limit the whole thing to just the three.

16         THE COURT:  Well, I think you should add all the

17    firearms.

18         MR. SCHRODER:  I think we should all them all back in.

19         THE COURT:  Okay, you --

20         MR. SCHRODER:  That's all I'm saying.

21         THE COURT:  Okay.  I agree with that.

22         MR. SCHRODER:  So --

23         THE COURT:  Anybody else have anything else?  Okay.

24         MR. BUTLER:  I think in terms of adding them in, maybe

25    we should wait and see what kind of verdict comes back on Count

1  4.  Because there's no sense in adding them all in if the jury

2  only comes back one with or none.

3         MR. SCHRODER:  Definite -- different standard, Your

4  Honor.

5         THE COURT:  I will try to have them prepared each way

6  and then counsel can argue that to me.  Okay.  All right,

7  anything else?  Okay, let's get the exhibits together, and I'll

8  go get the final jury instructions to go to the jury.

9      (Court recessed at 10:46 a.m., until 1:52 p.m.)

10     (Jury not present)

11         THE CLERK:  We're back on the record, and this time

12  it's in the Colette matter.  We have a very brief question from

13  the jurors.  It's one I would normally just answer myself, but

14  because counsel were readily available, any opposition to

15  giving them the shotgun they want to look at, from the

16  government's perspective?

17         MR. SCHRODER:  No, Your Honor.

18         THE COURT:  Mr. Butler?

19         MR. BUTLER:  No, sir, Judge.

20         THE COURT:  Okay.  So I'll just -- they'll -- it'll

21  be -- it's given to them very briefly.  They apparently just

22  want to look at the serial number, and then returned to them.

23  And I will -- I'll sign the order right now, say -- the

24  question is, any -- okay.  Question is, can they look at it;

25  and my answer is yes.  And then if you'll -- right now it is

1  about 1:50.  And I'll sign it and then you can take this back

2  in and see that they get to see the 12-gauge with the handle

3  grip.

4      MR. SCHRODER:  The agents have it right out in the

5  hallway, Your Honor.

6      THE COURT:  Okay.  Very good.  Thank you.  All right.

7  (Court recessed at 1:52 p.m., until 2:16 p.m.)

8  (Jury not present)

9      THE CLERK:  All rise.  His Honor the Court, this United

10  States District Court is again in session.  Please be seated.

11      THE COURT:  All right.  We're back on the record in

12  *United States v. Colette*.  We've got a second question:  We

13  would like to see the shotgun shells again, Exhibit 27.  Can we

14  take them out of the bag and look at them closely, question

15  mark.  Mr. Butler?

16      MR. BUTLER:  Judge, I don't have any objection to that.

17  I think we should make sure we count them, though, just to --

18      THE COURT:  Okay.  All right.

19      MR. BUTLER:  You know, I mean --

20      THE COURT:  That makes sense to me.

21      MR. SCHRODER:  Yeah.  I'm not sure why they need them

22  out of the bag, but I guess it -- you know, it's evidence.

23      THE COURT:  I have --

24      MR. SCHRODER:  They --

25      THE COURT:  -- no idea.

1          MR. SCHRODER:  Right.  They can look at it, so -- no,

2     we don't have an objection.  Long as the gun's out of there.

3     It is out of there, right?

4          THE COURT:  Okay.  These are routine questions that --

5     usually they're entitled to look at any kind of -- any exhibit

6     they want.  Some people would have just let the -- either the

7     guns or the shells in with them the whole time.  We -- we've

8     chosen to keep them apart.  Only rule is that they can't have

9     the guns and the shells at the same time.

10          MR. SCHRODER:  Same time.

11          THE COURT:  I've already made that ruling, haven't I?

12     But in -- abundance of caution, I've asked you gentlemen back

13     for your input.  So I'll tell them yes, and then in a couple

14     minutes we're going to start our other hearing anyhow.

15          MR. BUTLER:  Okay.

16          THE COURT:  Okay, all right.  Thank you.  Let's see.

17     Today -- it's about 2:15.

18          THE CLERK:  Thank you (indiscernible).

19          THE COURT:  Now, who was going to do that?  Is that the

20     case agent, you're going to do that, the --

21          THE CLERK:  Yes, (indiscernible).

22          UNIDENTIFIED SPEAKER:  I've got it, Your Honor.

23          THE COURT:  Okay, just make sure that you get -- count

24     them beforehand and count them afterward.  Okay.

25          UNIDENTIFIED SPEAKER:  I got them.

1    THE COURT:  All right, the --

2    (Court recessed at 2:18 p.m., until 2:29 p.m.)

3    (Jury not present)

4    THE COURT:  We're going to bring the defendant up here

5 at -- when we're ready.  Didn't we say 2:15 or am I getting

6 my --

7    THE CLERK:  2:15.

8    MR. SCHRODER:  You did, Judge.

9    THE COURT:  Okay.

10    UNIDENTIFIED SPEAKER:  You want the defendant?

11    THE COURT:  Yes.  Yeah.  Please.

12    UNIDENTIFIED SPEAKER:  You didn't tell me, Your Honor.

13    THE COURT:  Oh, we didn't tell you, the one person that

14 we didn't tell.  I knew there was someone we didn't tell.  So

15 do counsel have the draft instructions before them, before

16 you --

17    MR. SCHRODER:  Yes, Your Honor.

18    THE COURT:  -- with regard to the forfeiture issue?

19 You both do.  I have extra copies here if you need them.

20    MR. BUTLER:  Okay.  Got them.  Thank you.

21    THE COURT:  Mr. Butler, have we provided you a

22 comfortable place to stay while you wait?

23    MR. BUTLER:  Yes, sir, thank you.

24    THE COURT:  Okay.  Good.  Where is it?

25    MR. BUTLER:  I'm in the jury room now.  I was in a

1   witness room --

2          THE COURT:  Oh, okay.

3          MR. BUTLER:  -- yesterday and the day before.

4          THE COURT:  The jury room for what, for the

5   magistrate --

6          MR. BUTLER:  The jury assembly room, I think is what it

7   is.

8          THE COURT:  Oh, the big one.

9          MR. BUTLER:  Yes, sir.

10         THE COURT:  Oh, okay.  All right.  We've got everyone

11  here, the defendant's here, we're back on the record and we're

12  going to discuss briefly the forfeiture instructions.  Do

13  counsel have them in front of you?

14         MR. BUTLER:  Yes, sir.

15         MR. SCHRODER:  Yes, Your Honor.

16         THE COURT:  The -- mine begin with the words, "Ladies

17  and gentlemen of the jury, in view of your verdict that the

18  defendant is guilty of Counts" -- and then we just have to fill

19  that in as we -- after we see what happens -- "you have one

20  more task," et cetera, then I read that.  "This addresses the

21  issue as to whether or not the cash should be forfeited."

22         MR. SCHRODER:  Your Honor, can I make one point just

23  before --

24         THE COURT:  Okay.

25         MR. SCHRODER:  -- we start, to make sure we're going

1    into this for all the right reasons.

2           THE COURT:  Uh-huh (affirmative).

3           MR. SCHRODER:  I mean, I prepared these and submitted

4    them kind of out of an abundance of caution.  But the

5    government is not requesting that the jury answer this issue.

6    The government --

7           THE COURT:  Okay.

8           MR. SCHRODER:  -- is perfectly happy to let the Court

9    deal with this.

10          THE COURT:  Which is what I usually do.

11          MR. SCHRODER:  Right.  But I -- but, I mean, I -- you

12   know, in reading through -- and there's a section when if a

13   party recommends jury determination that can happen.  I

14   prepared jury instructions for that purpose.

15          THE COURT:  Okay.

16          MR. SCHRODER:  And I just want to make sure that the

17   Court and Mr. Butler aren't thinking that the government is

18   requesting jury determination.  We're not.

19          THE COURT:  It certainly appears like you are, but --

20          MR. SCHRODER:  Well -- and I -- again, I apologize.

21          THE COURT:  Okay.

22          MR. SCHRODER:  I -- like I say, I was doing this

23   because I wanted to be --

24          THE COURT:  Okay.

25          MR. SCHRODER:  -- well prepared.

1          THE COURT:  Okay.  So, Mr. Butler, what do you think?

2          MR. BUTLER:  Let me have a discussion with my client,

3     please.

4          THE COURT:  Okay.  Sure.  Let's go off the record.

5          THE CLERK:  Off record.

6      (Off record at 2:22 p.m.; on record at 2:23 p.m.)

7          MR. BUTLER:  -- before it makes that determination, if

8     the defendant wants to give the Court evidence on that issue.

9          THE COURT:  Well, the government indicated it was not

10    going to present evidence.  Trying to think what kind of

11    evidence.  This is very unusual.  I -- and I don't think in 14

12    or 15 years I've ever had the jury come back and address

13    forfeiture.  But I haven't had time to research it since these

14    instructions were given to me.  So we're breaking new ground.

15    Would you want to give evidence?

16         MR. BUTLER:  More likely than not, I think my client

17    would prefer to give some evidence to the Court, not

18    necessarily to the jury.  But let me speak with him.

19         THE COURT:  Well -- to the Court, now that's in the --

20         MR. BUTLER:  Well, if the Court's going to decide the

21    forfeiture issue, which I'm not -- I'm -- I don't think I'm

22    opposed to the Court making that decision.

23         THE COURT:  Well, if I decide the forfeiture issue, I

24    wouldn't do it until sentencing, if you wanted --

25         MR. BUTLER:  Okay.

1        THE COURT:  -- and I would take all kinds of testimony.

2   I mean --

3        MR. BUTLER:  All right.

4        THE COURT:  -- if you put me on notice that you want

5   to -- if you say, Judge, I'm agree -- I agree that you can

6   decide the issue of forfeiture, but I want to be able to submit

7   evidence on the issue before you make your decision, I would

8   say okay.

9        MR. BUTLER:  Okay.

10       THE COURT:  But you'd have to say those two things

11  first --

12       MR. BUTLER:  Right.

13       THE COURT:  -- unless the government objected.  But I

14  don't think the government would object.

15       MR. SCHRODER:  We wouldn't object to that.  But I --

16  the only point I'd make is I think you have to do a preliminary

17  order of forfeiture.

18       THE COURT:  I think you do a preliminary order of

19  forfeiture to -- and -- to permit holding of the --

20       MR. SCHRODER:  Right.

21       THE COURT:  -- items until a final order is entered,

22  and that can be -- would probably be done at sentencing, is my

23  guess.

24       MR. BUTLER:  Okay.  And I don't know that it's

25  necessary to even do a preliminary order, because I think while

1    the case is still going, and has -- there's no sentencing

2    yet -- it's not like the government's going to do anything with

3    the items.

4         THE COURT:  I'm not saying that it's necessary.  I'm

5    saying that appears to be the government's practice, because in

6    every case I get something called a preliminary order of

7    forfeiture.  I don't know why, maybe it's to protect

8    themselves.  I don't know -- do you know, Mr. Schroder, or

9    what --

10        MR. SCHRODER:  I mean, just --

11        THE COURT:  -- that's all --

12        MR. SCHRODER:  -- it just -- my understanding of that's

13   how the rule works.  Because you do a preliminary order and

14   that allows, as I understand it, third parties to make a claim

15   if they have it and all --

16        THE COURT:  Okay.

17        MR. SCHRODER:  -- but it allows that whole process to

18   take place.

19        THE COURT:  I see.  And you're looking at a rule --

20   you've got the rule open --

21        MR. SCHRODER:  32.2, Federal Criminal Rule 32.2.

22        THE COURT:  Okay, 32.2, he's looking at.

23        MR. SCHRODER:  So --

24        MR. BUTLER:  All right, well, if the preliminary order

25   of forfeiture will allow third parties then to --

```
1           THE COURT:  Make claims.

2           MR. BUTLER:  -- file claims, then I'm all for that

3  procedure.

4           THE COURT:  Okay.  Well, apparently -- do you have

5  the -- why -- do you have the rule -- why don't you let him see

6  the rule book?  I want to make sure everybody's fully informed

7  before we make any --

8           MR. SCHRODER:  Right.

9           THE COURT:  -- final decisions here.

10          THE COURT:  Let's go off the record.  Go off the record

11 while we're reading.

12          THE CLERK:  Off record.

13      (Off record at 2:25 p.m.; on record at 2:31 p.m.)

14      (Jury not present)

15          THE COURT:  Yes, back on the record.  Mr. Butler.

16          MR. BUTLER:  Judge, as to the issue of forfeiture --

17          THE COURT:  Okay.

18          MR. BUTLER:  -- there's -- it would -- there would only

19 be a need for a jury determination if there's a guilty verdict

20 and a party requests it, as I read the rule.

21          THE COURT:  You're right.

22          MR. BUTLER:  Strategically, I wouldn't want a jury that

23 returned a jury verdict to deal with forfeiture.

24          THE COURT:  Okay.

25          MR. BUTLER:  Now, my client is thinking about -- you
```

1  know, I think he's right now a little more engrossed and

2  concerned with what the jury questions are.

3            THE COURT:  Right.

4            MR. BUTLER:  But I think, I mean, strategically, I just

5  would not want a jury that returned a guilty verdict to be the

6  same jury that would determine the forfeiture.

7            THE COURT:  But your choice is, either the jury does it

8  or I do it.

9            MR. BUTLER:  Right.

10            THE COURT:  Okay.  So it's not going to be --

11            MR. BUTLER:  So --

12            THE COURT:  -- another jury on the issue --

13            MR. BUTLER:  No, no.  I mean not --

14            THE COURT:  Okay.

15            MR. BUTLER:  -- no, no.  I realize that.

16            THE COURT:  Okay.

17            MR. BUTLER:  I think I've had enough of juries for --

18  (indiscernible) had to stay out of a jury --

19            THE COURT:  Okay.

20            MR. BUTLER:  -- trial for --

21            THE COURT:  Okay.

22            MR. BUTLER:  -- after this.  But anyway, so I believe

23  that I would prefer to follow a procedure that would give, I

24  guess, family members -- because some of those firearms came

25  from my client's father.  So I would -- I think I would prefer

1   to follow a procedure that gives them an opportunity later to

2   make an application --

3           THE COURT:  Okay.

4           MR. BUTLER:  -- in an ancillary proceeding which could

5   be part of a sentencing or whatever the case may be.

6           THE COURT:  We'd probably wind it up during the

7   sentencing proceeding.  But what would happen, as I understand

8   it, is the jury will -- returns a verdict, whatever it is;

9   let's presume it's guilty for our purpose.  If it's not guilty,

10   then all this becomes academic.  Right?

11           MR. BUTLER:  I would say so.  I'm not sure --

12           THE COURT:  Okay.

13           MR. BUTLER:  -- the government agrees, but I would say

14   so.

15           THE COURT:  Well, if -- well, sure --

16           MR. SCHRODER:  Well, guilty on the drug counts.  I mean

17   that's what --

18           THE COURT:  Okay --

19           MR. SCHRODER:  -- that's actually --

20           THE COURT:  -- if he's found guilty on the drug

21   counts --

22           MR. SCHRODER:  -- trig -- the trigger, right.

23           THE COURT:  -- then we have to decide how to address

24   the issue of forfeiture.  Defendant has indicated he would

25   rather that be decided by the Court as opposed to the same jury

1    that has just convicted him on the drug counts.  That's fine.

2    And so what we could do is handle it in due course.  If --

3    presuming there's a guilty verdict, then at some point the

4    government would submit their request for a preliminary order

5    of forfeiture.  The defendant would see it -- I mean, counsel

6    would see it, you could respond to it, either ignore or

7    acquiesce in it or object to it.  Then the Court would enter

8    its order providing it finds a requisite nexus between the

9    property and the offense.  Some property, there might be that

10    nexus.  Other property, there might not be.  Then family

11    members, et cetera, who feel that they have an interest in the

12    property can submit their requests, and the Court would make a

13    final decision at sentencing.  That would be the procedure if

14    everyone agrees.  Does the government agree with that?

15            MR. SCHRODER:  Government does agree, although, Your

16    Honor, just -- I mean, just to make sure everything's on the

17    table, I think our intent at this point is not to seek criminal

18    forfeiture of all the weapons.

19            THE COURT:  Right.

20            MR. SCHRODER:  We've put evidence on on the machine

21    gun, the silencer, and three weapons --

22            THE COURT:  That would be my inclination based on the

23    case.

24            MR. SCHRODER:  -- and I think that's what -- that's

25    where -- what we're going to request forfeiture for.  And then

1    the remaining guns, there may be some administrative

2    procedures, but it wouldn't be through the criminal process.

3            THE COURT:  That's a concession.  So --

4            MR. SCHRODER:  Right.

5            THE COURT:  -- Mr. Butler?

6            MR. BUTLER:  That's fine.

7            MR. SCHRODER:  So --

8            THE COURT:  Do you agree with the procedure I've

9    outlined?

10            MR. BUTLER:  I do, Judge.

11            THE COURT:  Do you waive your right to have the jury

12    determine the issue of forfeiture?

13            MR. BUTLER:  Yes, Your Honor.

14            THE COURT:  And the government withdraws any request

15    for the jury to --

16            MR. SCHRODER:  Anything that might seem like a request,

17    we withdraw, Your Honor.

18            THE COURT:  Okay.  So we're going to just live with the

19    verdicts when they get back and we are not going to ask the

20    jury to consider anything further based on the agreement of

21    counsel.

22            MR. SCHRODER:  Right.

23            MR. BUTLER:  That's correct.

24            THE COURT:  Okay.

25            MR. SCHRODER:  Great.

1          THE COURT:  Thank you all very much.  We'll just sit --

2    now we just wait, right?

3          THE CLERK:  Off record.

4      (Court recessed at 2:35 p.m., until 3:31 p.m.)

5      (Jury not present)

6          THE COURT:  Back on the record.  Counsel, did you both

7    get copies of the last two notes from the jury?

8          MR. BUTLER:  Yes, sir.

9          THE COURT:  The most important note of which is the one

10   that says:  We, the jury, have reached unanimous verdicts on

11   all four counts.  I don't have to answer the one before that,

12   do I, because it came in within seconds.  I received the first

13   one and then the second one probably a minute later.  So

14   counsel agree that I don't have to respond to these notes?

15         MR. BUTLER:  Yes, sir.

16         THE COURT:  All right.  Let's bring the jury in, and

17   we'll take the verdict.

18     (Jury present at 3:32 p.m.)

19         THE COURT:  So Madam -- is that the foreperson carrying

20   the blue piece of paper?  Could you -- are you not the

21   foreperson?

22         UNIDENTIFIED JUROR:  No, they forgot the --

23         THE COURT:  Okay, he forgot the -- could you go ahead

24   and bring the verdicts?

25         UNIDENTIFIED JUROR:  (Indiscernible).

1    THE COURT:  All right.  Okay.  So let me address this

2    question of the foreman.  Sir, did you reach a -- did the jury

3    reach a verdict in this case?

4    JUROR NO. 5:  Yes, we have, Your Honor.

5    THE COURT:  Okay.  I'm going to go ahead and read the

6    verdicts into the record.  It's *United States of America v.*

7    *Jason Scott Colette*, verdict number 1.  We, the jury, duly

8    empaneled and sworn to try to above-entitled cause, do find the

9    defendant, Jason Scott Colette, guilty of possession with

10    intent to distribute cocaine, as charged in Count 1 of the

11    indictment.

12    Count 2:  We, the jury duly empaneled and sworn to try

13    the above-entitled cause, do find the defendant, Jason Scott

14    Colette, guilty of distribution of cocaine, as charged in Count

15    2 of the indictment.

16    Count 3:  We, the jury duly empaneled and sworn to try

17    the above-entitled cause, do find the defendant, Jason Colette,

18    not guilty of possession of a firearm in furtherance of drug

19    trafficking crime, as charged in Count 3 of the indictment.

20    Verdict number 4:  We, the jury duly empaneled and

21    sworn to try the above-entitled cause, do find the defendant,

22    Jason Scott Colette, not guilty of possession of a firearm in

23    furtherance of a drug trafficking crime, as charged in Count 4

24    of the indictment.

25    So, sir, was that -- did I accurately read that?

1          JUROR NO. 5:  Yes.

2          THE COURT:  All right.  What the -- my clerk is going

3    to ask each one of you if this is your true and correct

4    verdict, and you just have to say yes or no.  So, Madam Clerk,

5    if you'll do that.

6          THE CLERK:  Juror number 1, are these your true and

7    correct verdicts?

8          JUROR NO. 1:  Yes, ma'am.

9          THE CLERK:  Juror number 2, are these your true and

10   correct verdicts?

11         JUROR NO. 2:  Yes.

12         THE CLERK:  Juror number 3, are these your true and

13   correct verdicts?

14         JUROR NO. 3:  (No audible reply).

15         THE CLERK:  Juror number 4, are these your true and

16   correct verdicts?

17         JUROR NO. 4:  Yes.

18         THE CLERK:  Juror number 5, are these your true and

19   correct verdicts?

20         JUROR NO. 5:  Yes.

21         THE CLERK:  Juror number 7, are these your true and

22   correct verdicts?

23         JUROR NO. 7:  Yes.

24         THE CLERK:  Juror number 8, are these your true and

25   correct verdicts?

```
 1              JUROR NO. 8:  Yes.

 2              THE CLERK:  Juror number 9, are these your true and

 3    correct verdicts?

 4              JUROR NO. 9:  Yes.

 5              THE CLERK:  Juror number 10, are these your true and

 6    correct verdicts?

 7              JUROR NO. 10:  Yes.

 8              THE CLERK:  Juror number 11, are these your true and

 9    correct verdicts?

10              JUROR NO. 11:  Yes, ma'am.

11              THE CLERK:  Juror number 12, are these your true and

12    correct verdicts?

13              JUROR NO. 12:  Yes.

14              THE CLERK:  Juror number 13, are these your true and

15    correct verdicts?

16              JUROR NO. 13:  Yes.

17              THE CLERK:  So say you one, so say you all?

18              THE JURORS:  Yes.

19              THE COURT:  Counsel, anything I need to do before I

20    excuse the jury from the government's perspective?

21              MR. SCHRODER:  No, Your Honor.

22              THE COURT:  Defense perspective?

23              MR. BUTLER:  No, sir, no thank you.

24              THE COURT:  All right.  Ladies and gentlemen, thank you

25    very much for your efforts and for your energy during this time
```

1  period.  We appreciate your service.  You're now excused and

2  free people.  And have a great weekend.  The sun's out.

3  Hopefully it'll stay out for the weekend.  And if you have any

4  questions, I'll be around in a few minutes to answer questions

5  if you want.  Otherwise, you're free to go.  So thank you very

6  much.

7       (Jury not present)

8            THE COURT:  Okay.  Counsel, I have the verdict forms

9  here if you want to review those.  Schedule -- sentencing take

10  place October 20th at 1:30 in the afternoon here in Fairbanks.

11  Sentencing, October 20th, 2006, 1:30 in the afternoon, here in

12  Fairbanks.  The parties need to make sure that the exhibits are

13  all back, and we'll bring those back momentarily.  Order a

14  presentence report be prepared in preparation of the

15  sentencing.  And I think that takes care of everything.  The

16  probation officer have any questions about that?

17            MS. OSTANIK:  No, Your Honor.

18            THE COURT:  Government have any questions or any

19  issues?

20            MR. SCHRODER:  No, Your Honor.

21            THE COURT:  Mr. Butler, anything?

22            MR. BUTLER:  No, sir, Judge.

23            THE COURT:  Okay.  Well, I want to thank everybody very

24  much.  I think counsel did an excellent job.  I appreciate the

25  very professional manner in which counsel tried this matter.

1   So thank you all very much.

2           MR. BUTLER:  Thank you, Judge.

3           MR. SCHRODER:  Thank you, sir.

4           THE CLERK:  All rise.  This matter is now adjourned.

5   This court stands in recess, subject to call.

6           THE COURT:  Here are the verdict forms if anyone's a --

7   has any questions, as well as the questions.

8       (Proceedings concluded at 3:36 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                  CERTIFICATE

2    I certify that the foregoing is a correct transcript from the
     electronic sound recording of the proceedings in the above-
3    entitled matter.

4    _Teresa K Combs_____        _1/31/07_____

5    Teresa K. Combs, Transcriber            Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25