1          JUROR NO. 6:  That's correct.

2          MR. COHEN:  Okay.  You just seemed to -- I'm sorry to

3   -- to (indiscernible) this, but it just seemed like you were

4   hesitating about the -- it was -- sounded like there was

5   something you read in the paper that was causing you to

6   hesitate about that particular issue.

7          JUROR NO. 6:  That's why I asked him (indiscernible -

8   away from microphone) explain whether you knew about it or of

9   it (indiscernible - away from microphone), so (indiscernible -

10  away from microphone) in the paper about it in connection with

11  drugs and arrests (indiscernible - away from microphone).

12         MR. COHEN:  Okay.  And what you read in the paper

13  about it in connection with arrests, do you have a specific

14  recollection of what it was you read?

15         JUROR NO. 6:  Just that there had been arrests and

16  (indiscernible - away from microphone).

17         MR. COHEN:  Okay.  And if you hear about Arctic Alarm

18  and Audio in this case, are you going to be able to put aside

19  what it was that you read before or any thoughts you had before

20  and approach the evidence here with an open mind?

21         JUROR NO. 6:  (Indiscernible - away from microphone.)

22         MR. COHEN:  I guess --

23         JUROR NO. 6:  Other than you can't (indiscernible -

24  away from microphone).

25         MR. COHEN:  Sure.  So, again, the fact that you can't

1  un-know it --

2            JUROR NO. 6:  (Indiscernible - away from microphone.)

3            MR. COHEN:  And do you think you can?

4            JUROR NO. 6:  Yes.

5            MR. COHEN:  Okay.  All right.  Thank you, Your Honor.

6            THE COURT:  All right.  We've been talking a little

7  bit about drugs, and I think we've been real straight with the

8  jury what the whole issue is here.  Anyone -- just because this

9  case involves drugs -- and remember the issue is whether or not

10  there should be forfeiture, that's your only issue -- can't be

11  fair?  Just the fact that drugs are involved think I can't be

12  fair in that case, or can you be a fair juror as I defined it

13  previously?  Remember, a fair juror is someone who can listen

14  to the evidence and decide whether or not the Government has

15  proved its case, regardless of what the subject is, be it drugs

16  or guns or anything else.  Anyone have any trouble with doing

17  that job?  I see no hands going up.  Yes, sir.

18            UNIDENTIFIED JUROR:  Which government are we talking

19  about here?

20            THE COURT:  Which what?

21            UNIDENTIFIED JUROR:  Which government?

22            THE COURT:  We're talking about the United States

23  government.

24            UNIDENTIFIED JUROR:  I mean, is this -- is this local

25  government or is this like --

1       THE COURT:  It's the United States federal

2  government.

3       UNIDENTIFIED JUROR:  All right.

4       THE COURT:  United States Government, but it's local

5  -- everything occurred here in Fairbanks as I understand it,

6  but the prosecution -- prosecutor is employed by the United

7  States federal government.  Any other questions?  What about

8  the fact we're talking about guns?  Does anyone have any view

9  about guns that they would be concerned about the issue of

10  forfeiture or anything of that nature?  Anyone have any

11  concerns at all that would say I don't want to get involved in

12  this?  I see no hands going up.

13       Remember, before -- what we're all talking about is

14  the Government has alleged that there's some money and some

15  guns that were related to drug transactions.  The defendant has

16  denied that.  You have to decide, after looking at the

17  instructions and listening to the facts, whether the Government

18  has proved it or not.  That's what the jury's supposed to do.

19  All of you willing to do that?  Okay.

20       Mr. Barkeley, any other questions about this?

21       MR. BARKELEY:  No, thank you, Your Honor.

22       THE COURT:  Mr. Cohen, any other questions?

23       MR. COHEN:  No, Your Honor.

24       THE COURT:  Okay.  Now we're going to take a minute

25  and let the attorneys look at the names and look at the faces,

1   okay?  So smile.  No, you don't have to smile.  Just so that

2   they can get a sense.  Yeah, give -- and counsel can -- then

3   we're going to stand in recess for a minute and let the -- and

4   we're going to start this process.

5           We're first going to pick twelve jurors and then

6   we're going to pick an alternate.  You can just put that

7   microphone up on the edge there.

8           UNIDENTIFIED JUROR:  (Indiscernible - away from

9   microphone.)

10          THE COURT:  Okay.  Or you can give it to her.  Okay.

11  So what we're going to do is we're going to pick the twelve

12  jurors, come back and announce the name of the twelve jurors,

13  and then we'll pick one alternate, and then whoever's not

14  selected -- the rest of you get to go.  We don't know who those

15  twelve jurors are going to be.  Right now, I'm allowing counsel

16  some time to kind of put faces with names, and once counsel are

17  satisfied they've done that, let me know, and we'll take a

18  recess.

19                          (Pause)

20  Isn't this exciting?

21                          (Pause)

22  All we're doing here is putting faces with names, counsel.

23  You'll have more time to make up your mind what you want to do

24  next.

25          MR. COHEN:  I understand, Your Honor.

1          THE COURT:  'Kay.

2                    (Pause)

3    Okay, counsel.  Can we excuse the panel and then go ahead and

4    take -- move to the next stage?

5          MR. COHEN:  Yes, Your Honor.

6          MR. BARKELEY:  Yes, Your Honor.

7          THE COURT:  Okay.  What we're going to do is we're

8    going to stand in recess for about ten or fifteen minutes, come

9    back, and then announce the name of the jury and maybe even

10   announce the name of the alternate.  We'll just see how that

11   works.  Okay.  So we'll stand in -- now you all go back to the

12   jury room and you don't come back until they come and get you,

13   okay?

14                    (Pause)

15       (Prospective jurors out at 12:23 p.m.)

16          THE COURT:  Okay.  The jury has left the room.  Mr.

17   Barkeley, anything you need from me before we go in recess?

18          MR. BARKELEY:  No, Your Honor.  Thank you.

19          THE COURT:  Mr. Cohen, anything you need?

20          MR. COHEN:  No, Your Honor.

21          THE COURT:  'Kay.  We'll stand -- and so my plan is

22   -- my understanding is you're going to just pick the twelve and

23   then we'll -- then we'll come back, we'll look at who the

24   twelve jurors are, and then we'll pick the alternate.  Is that

25   the way -- that's how you want to do it?

1          MR. COHEN:  Yes, Your Honor.

2          THE COURT:  Okay.  Just let me know -- let the Clerk

3    know when you're done.

4          THE CLERK:  All rise.  This Court stands in brief

5    recess.

6      (Recess at 12:25 p.m., until 12:38 p.m.)

7          THE CLERK:  All rise.  His Honor the Court, this

8    United States District Court is again in session.

9          THE COURT:  Okay.

10         THE CLERK:  Please be seated.

11         THE COURT:  Counsel have the twelve jurors?  Here's

12   the list of the twelve jurors.  We'll distribute that.  Do you

13   each have -- is there --

14         UNIDENTIFIED SPEAKER:  No, Your Honor.  There's only

15   one copy.

16         THE COURT:  Well, I can get my Clerk to make a copy.

17   If you want more time -- so those are the twelve jurors, right?

18   You've looked at that, Mr. Barkeley, and you understand that?

19         MR. BARKELEY:  I did, Your Honor, briefly.  I won't

20   be able to remember them, of course, but --

21         THE COURT:  I'll take that -- why don't I just go get

22   some copies so that they each have --

23         THE CLERK:  (Indiscernible - away from microphone.)

24         THE COURT:  How far do you have to run?

25         THE CLERK:  (Indiscernible - away from microphone.)

1          THE COURT:  Okay.

2          MR. BARKELEY:  Thank you, Madam Clerk.

3          THE COURT:  Okay.  So that will be the twelve jurors,

4   and then you can decide -- now you can think in mind what you

5   want to do with the alternate?  Do you want to strike number

6   whatever.

7          MR. COHEN:  I already know, Your Honor.

8          THE COURT:  Okay.  And Mr. Cohen, you were able to

9   see the twelve.  I know that we've taken that list from you

10  while we're making copies, but did you get a sense of who the

11  jury is in looking at it?

12         MR. COHEN:  Just an overwhelming sense, Your Honor --

13         THE COURT:  Okay.

14         MR. COHEN:  -- in the thirty seconds or fifteen

15  seconds I looked at it.

16                        (Pause)

17         THE COURT:  Well, let's go off the record.  You're

18  not going to need me.  She's going to bring back the paperwork,

19  you'll each look, and you'll see who the twelve jurors are

20  going to be, then you'll decide -- you can look and think who

21  do we want -- you each have one -- the alternate will be the

22  next in line after you've each exercised your perempt, right?

23         MR. COHEN:  That's correct, Your Honor.

24         THE COURT:  Okay.

25         MR. COHEN:  I think I'm with it -- are -- are we

1  still off the record?

2         THE COURT:  No, we're on the record now, but I'm

3  going to leave, and then we'll be off the record.  So do you

4  want to stay on the record.

5         MR. COHEN:  When we go off the record, I was just

6  going to say --

7         THE COURT:  Let's go off the record.  Now we're off

8  the record.

9     (Off record, at 12:40 p.m.)

10    (On record, at 12:43 p.m.)

11         MR. COHEN:  Yes, we don't have any challenge -- any

12  additional challenge.

13         THE COURT:  So you'll just take the next one to be

14  the alternate?

15         MR. COHEN:  We will take the next one.

16         THE COURT:  What about the Government?

17         MR. BARKELEY:  That is who it will be then, I guess,

18  (states name) --

19         THE COURT:  Well, are you going to strike it --

20  strike (states name)?

21         MR. BARKELEY:  No, Your Honor, but --

22         THE COURT:  You have one challenge and you have one

23  challenge.  Mr. Cohen has just indicated he's not going to

24  exercise his challenge, he's willing to stay with (states

25  name).  The question is, is the Government going to exercise

1  its challenge?

2       MR. BARKELEY:  Not as to (states name).

3       THE COURT:  So everyone understands that the

4  alternate is going to be (states name).

5       MR. BARKELEY:  Yes, Your Honor.

6       THE COURT:  All right?

7       MR. COHEN:  Right, Your Honor.

8       THE COURT:  Okay.  Are you happy now?

9       MR. COHEN:  I wasn't --

10       THE COURT:  Well, I don't know.  I can't read --

11       MR. COHEN:  I wasn't -- I wasn't unhappy before.

12       THE COURT:  Okay.  So we're going to have -- we're

13  going to read -- we're going to read twelve jurors, they're

14  going to come occupy the box, and then the thirteenth will be

15  (states name) and he will come occupy the box.  Then I'll

16  excuse the rest of the jurors, I'll read them one instruction,

17  we'll break for lunch, come back after lunch in about an hour

18  and fifteen minutes, and we'll closing arguments -- I mean

19  opening statements.  Okay?

20       MR. COHEN:  All right.

21       THE COURT:  Okay, Mr. Barkeley?

22       MR. BARKELEY:  Yes, Your Honor.  Would any of the

23  general instructions that you give to the jury -- in a criminal

24  case, be appropriate to remind this jury -- I'm just raising

25  the question.

1     THE COURT:  I'll read a few instructions.

2     MR. BARKELEY:  Okay.  Thank you.

3     THE COURT:  Swear them in.  And swear them in.  And

4  also -- I do have the -- my draft instructions for you to take

5  with you to lunch.  Better go get them.

6     THE CLERK:  Off record.

7     (Off record, at 12:45 p.m.)

8     (On record, at 12:46 p.m.)

9     (Prospective jurors present)

10     THE CLERK:  We're back on record.

11     THE COURT:  Just sit anywhere -- anywhere you're

12  comfortable, and we're going to announce -- once everybody is

13  seated, we're going to announce the name of the twelve jurors

14  and the name of the alternate, and the rest of you will be

15  excused.

16                    (Pause)

17     Any seat you want.  Just pick any seat that looks

18  good for you.

19                    (Pause)

20     You got a special seat?  Okay.  All right.  That's

21  the best one in the house.  Okay.

22                    (Pause)

23     Okay.  Madam Clerk, we have everybody back, is that

24  right?

25     THE CLERK:  I hope so.

1    THE COURT: Okay. All right. So, ladies and
2  gentlemen, we've now selected the jury. How do you like this
3  system? You've been here, what, four hours? It's been a
4  glorious time to be together. We've already -- we've picked a
5  jury, you know. In other courts that I've been involved in, it
6  takes two days to do this. Can you imagine that? We've done
7  it in four hours.

8         So -- and Madam Clerk, if you'll read the -- first
9  read the name of the twelve jurors and then we'll read the name
10 of the alternate.

11        THE CLERK: (States name.)

12        THE COURT: You just come forward when your name is
13 called and start with the first seat up front.

14    (Jurors seated)

15        THE COURT: Okay, so -- all right. I think everybody
16 knows where they go.

17    (Jurors seated)

18        THE COURT: Is that twelve?

19        THE CLERK: That's twelve.

20        THE COURT: Okay. Now let's pick the alternate.

21    (Alternate seated)

22        THE COURT: All right. Counsel, you see the group.
23 That's who you picked, right? Government? Mr. Barkeley, is
24 that --

25        MR. BARKELEY: Yes -- yes, Your Honor.

1       THE COURT:  Mr. Cohen?

2       MR. COHEN:  That's what I recall, Your Honor.

3       THE COURT:  Okay.  All right.  Looks like an awful

4  good group.  You look like a good group in the back, too, but

5  you get to go home.  I want to -- you don't have to go home.

6  You're entitled to stay with us forever, but have a great --

7  thank you all very much.  We'll look forward to seeing you

8  soon.  Have a great week.  And you notice the four or five of

9  you that I promised are walking out the door?  You see we're

10  working for you.

11       UNIDENTIFIED JUROR:  Thank you.

12       THE COURT:  All right.  Thank you.

13                         (Pause)

14    (Remaining prospective jurors excused)

15       THE COURT:  Okay.  Ladies and gentlemen, I'm going to

16  get right to it.  I've got to read you some instructions, then

17  we'll take a lunch break, okay?

18       You are the jury that's been selected in this matter,

19  twelve jurors and the alternate.  If for some reason it becomes

20  necessary, if someone gets ill or otherwise, they can be

21  excused, and the alternate simply will just become the juror.

22  That's why we do this.  Because it's only a three to four-day

23  trial, we felt that one alternate would be adequate, okay?

24  Everybody with me so far?

25       Before you take the juror's oath, I want to impress

1  upon you the seriousness and importance of being a member of

2  the jury.  Trial by jury is a fundamental right in the United

3  States of America.  It ensures that each case will be decided

4  by citizens who are fairly selected, who come to a case without

5  bias, and who will attempt to render a fair verdict upon the

6  evidence presented.

7       You took an oath before you were examined as to your

8  qualifications to be jurors.  Now you're called upon to take a

9  second oath.  By this oath, you will swear or affirm that you

10 will decide the case on the evidence presented according to the

11 law that I will give you.  When you take the oath, you accept

12 serious and important obligations.  The jury system depends on

13 the honesty and the integrity of individual jurors.  You affirm

14 that you are truly impartial in this case.  You affirm that

15 there is nothing to your knowledge that the parties or I should

16 know about your ability to sit as a juror in the case.

17      So, ladies and gentlemen, if you'll please stand, my

18 Clerk will administer the juror's oath.

19      THE CLERK:  If you could each raise your right hand,

20 please.

21   (Trial jury sworn)

22      THE CLERK:  Thank you.  You may be seated.

23      THE COURT:  All right.  You are now ready to serve as

24 jurors.  To assist you in your task, I am going to summarize

25 for you the way in which the trial will be conducted.  After

1    you've heard the evidence, I will briefly explain some of the

2    law that you will need to know.

3              The trial will proceed in the following manner:

4              First, the Government, through counsel, will make an

5    opening statement outlining what the Government expects to

6    prove.

7              Next, the defendant, through counsel, may make an

8    opening statement or may reserve it.  You are reminded that the

9    statements of counsel are not evidence, but are merely an

10   indication of what evidence counsel expect to be presented.

11   The Government will then present its evidence.

12             When the Government has concluded its case, the

13   defendant may present evidence, but is under no obligation to

14   do so.  If the defendant presents any evidence, the Government

15   may present rebuttal evidence.

16             After the evidence is presented, the parties will

17   have an opportunity to argue the case to you.  This will be

18   explained later.

19             After the arguments end, I will tell you about the

20   law that applies to the case, then you will meet together to

21   evaluate the evidence, apply the law to the evidence, and reach

22   a verdict if you are able.

23             I will rely on you to determine the facts.  This must

24   be done by relying solely upon the evidence presented in this

25   trial; you must not be governed by mere sentiment, conjecture,

1   sympathy, passion, prejudice, public opinion, or public

2   feeling, but must base your conclusions only upon a fair

3   consideration of the evidence.

4          That evidence may include the sworn testimony of

5   witnesses, exhibits submitted into the record, facts agreed to

6   by the attorneys, and facts judicially noted by the Court.  The

7   evidence should be considered and viewed by you in light of

8   your own observations and experiences in every day life, but

9   you may not consider any other source of information not

10  presented to you in this court.  Therefore, during the trial

11  you must avoid reading any newspaper articles about the case or

12  listening to or watching any news stories about the case.

13         It will be my duty to decide what law must be

14  applied.  In so doing, I will look to a number of sources, the

15  statutes of the United States, the decisions of the United

16  States Supreme Court and other learned courts, and the evidence

17  presented by the attorneys who will have appeared before you.

18  You must apply the law as I give it to you; you may not apply

19  the law as you think it is or should be or as somebody else may

20  have told you it is.

21         At no time during the course of the trial will it be

22  my intention by anything I say or do or by any questions that I

23  may ask, to suggest what you should find to be the facts on any

24  question submitted to you or that I believe or disbelieve any

25  witness.  If anything I do or say seems to so indicate, you

1    will disregard it and form your own opinion.  What the verdict

2    shall be is your sole and exclusive duty and responsibility.

3         There are rules of law that prevent some types of

4    information from being presented as evidence in a court of law.

5    This is why objections may be made to certain questions of

6    counsel, answers of witnesses, or exhibits.

7         There will likely be bench conferences and legal

8    arguments outside of your presence to discuss these rules.

9    Basically, these rules are designed to do two things:

10        First, they try to keep you focused on important and

11   reliable evidence by keeping out interesting but not very

12   important and reliable information.

13        Second, the rules help you decide the case

14   objectively without being swayed by information that might

15   cause you to respond emotionally.

16        It is because the law protects what you hear that we

17   have such confidence in the impartiality and the integrity of

18   the jury.

19        You should not be influenced by the fact that

20   objections are made to questions or the presentation of

21   evidence, or that questions [sic] are made that I take certain

22   actions; nor should you be influenced by the number of

23   objections or requests that are made.  Objections or requests

24   are not evidence.  You should draw no conclusions about the

25   case from my response to objections or requests.

1        My ruling on these matters must be determined by the
2   law and will not reflect anything about the merits of the case
3   or my views of the evidence or the witness.  So please remember
4   that my rulings that exclude evidence or that bar questions are
5   designed to help you decide the case fairly.  Of course, if I
6   decide that certain evidence should be excluded, you must
7   disregard it.  You may not speculate as to why the evidence was
8   excluded or what it may have been.

9        The evidence you are to consider in deciding what the
10  facts are consist of:

11       Number one, the sworn testimony of any witness;

12       Two, the exhibits which are to be received into
13  evidence, and any facts to which the lawyers stipulate.

14       The following things are not evidence and you must
15  not consider them as evidence in deciding the facts of this
16  case:

17       Statements and arguments of attorneys, questions and
18  objections of the attorneys, testimony that I instruct you to
19  disregard, and anything you may see or hear when the court is
20  not in session, even if what you see or hear is done or said by
21  one of the parties or by one of the witnesses.

22       Some evidence is admitted for a limited purpose only.
23  When I instruct you that an item of evidence has been admitted
24  for a limited purpose, you must consider it only for that
25  limited purpose and for no other.

1        Evidence may be direct or circumstantial.  Direct

2   evidence is direct proof of a fact, such as testimony by a

3   witness about what the witness personally saw or heard or did.

4   Circumstantial evidence is indirect evidence; that is, it is

5   proof of one or more facts from which one can find another

6   fact.  Let me give you an example.

7        If, before you go to bed on a winter night, you look

8   out your window and see it snowing and you reach out the window

9   and feel it on your hand, you have personal knowledge that it

10  is snowing.  This is direct evidence.  But if when you go to

11  sleep the sky and ground are clear and you later awaken and the

12  ground is white and covered with snow, you conclude that it

13  snowed even though you did not see the snow fall.  This is

14  circumstantial evidence.

15       You are to consider both direct and circumstantial

16  evidence.  The law permits you to give equal weight to both,

17  but it is for you to decide how much weight to give to any

18  evidence.

19       In deciding the facts in this case, you may have to

20  decide which testimony to believe and which testimony not to

21  believe.  You may believe everything a witness says or part of

22  it or none of it.

23       In considering the testimony of any witness, you may

24  take into account the opportunity and ability of the witness to

25  see or hear or know the things testified to, the witness'

1    memory, the witness' manner while testifying, the witness'

2    interest in the outcome of the case and any bias or prejudice,

3    whether other evidence contradicted the witness' testimony, the

4    reasonableness of the witness' testimony in light of all the

5    evidence, and any other factors that bear on believability.

6            The weight of the evidence as to a fact does not

7    necessarily depend on the number of witnesses who testify.

8            You may hear testimony from persons who, because of

9    education or experience, are permitted to state opinions and

10   the reasons for their opinions.  Opinion testimony should be

11   judged just like any other testimony, you may accept it or

12   reject it, and give it as much weight as you think it deserves,

13   considering the witness' education and experience, the reasons

14   given for the opinion, and all of the evidence in the case.

15           If you wish, you may take notes to help you remember

16   what witnesses said.  If you do not take -- if you do take

17   notes, please keep them to yourself until you and your fellow

18   jurors go to the jury room to decide the case.  Do not let

19   note-taking distract you so that you do not hear other answers

20   by witnesses.  When you leave, your notes should be left in the

21   jury box.

22           Whether or not you take notes, you should rely on

23   your own memory of what was said.  Notes are only to assist

24   your memory.  You should not be overly influenced by the notes.

25   I will add that once the trial is over, the notes are just

1    destroyed unread.

2             I will now say a few words about your conduct as

3    jurors:

4             First, you are not to discuss this case with anyone,

5    including your fellow jurors, members of your family, people

6    involved in the trial or anyone else, nor are you allowed to

7    permit others to discuss the case with you.  If anyone

8    approaches you and tries to talk to you about the case, please

9    let me know about it immediately.  You must also avoid contact

10   with any of the persons who are participating in the trial.

11   This includes the parties, the lawyers, the witnesses, and any

12   persons that you see in close contact with these individuals.

13            Second, do not read any news stories or articles or

14   listen to any radio or television reports about the case or

15   about anyone who has anything to do with it.

16            Third, do not do any research, such as consulting

17   dictionaries, searching the Internet, or using other reference

18   materials, and do not make any investigation about the case on

19   your own or visit the scene where any of the events took place.

20            Fourth, if you need to communicate with me, simply

21   give a signed note to the bailiff to give to me.

22            Fifth, do not make up your mind about what the

23   verdict should be until after you have gone to the jury room to

24   decide the case and you and your fellow jurors have discussed

25   the evidence.

1-117

1        You are expected to evaluate the evidence

2   independently until you are told to deliberate as a group.

3   Keep an open mind until then.

4        Remember that you are to decide the case only on the

5   evidence presented here in court.

6        At the end of the trial, you will have to make your

7   decision based on what you recall of the evidence.  You will

8   not have a written transcript of the trial, although you may

9   ask that testimony be replayed if necessary.

10        How are we doing?  I want to read this.  I've already

11   read it to you once.  I'll read it to you again, okay?

12        We are about to take our first break during the

13   trial, and I want to remind you of the instructions I gave you

14   earlier.  Until the trial is over, you are not to discuss this

15   case with anyone, including your fellow jurors, members of your

16   family, people involved in the trial or anyone else, nor are

17   you allowed to permit others to discuss the case with you.

18        You know, I've had to try -- start cases over because

19   the jurors didn't follow this instruction?  That's why I'm

20   reading it again.  So easy to start talking whether you run

21   into someone in the hall and start talking with them, and then

22   you realize, oops, and then we have to start the whole trial

23   over.  We don't want to do that.  Okay?

24        If anyone approaches you and tries to talk to you

25   about the case, please let me know about it immediately.

1-118

1    Do not read or listen to any news reports of the

2  trial.  I don't see any newspaper people here, so there

3  probably won't be any, but who knows?  Okay?

4    Finally, you're reminded to keep an open mind until

5  all the evidence has been received, and you've heard the

6  arguments of counsel, the instructions of the Court, and view

7  of the fellow jurors.  Again, it says if you need to speak to

8  me about anything, simply give a signed note to the bailiff --

9  right now that would be just my -- either one of these Clerks

10  here.

11    I will not repeat these admonitions each time we

12  recess or adjourn, but you will be reminded of them on

13  occasion.

14    So that's where we are.  You've been selected on this

15  jury.  You've been sworn in.  I've read you the introductory

16  instructions.  Now we need to take a lunch break.  It's one

17  o'clock.  How about if we start at 2:15?  Gives you an hour and

18  fifteen minutes.  Can you go find something somewhere?  There's

19  not a rush at McDonald's, you know, everyone's already gone

20  back to work.  So good luck.  Any of you out of town -- from

21  out of town?  Well, that's Denali, I guess.  I mean, you've got

22  a car, right?  Okay.  So everyone's able to get someplace to

23  get something to eat.

24    Well, we'll see you -- now when you come back here,

25  you go back to the main -- the big room.  We'll bring you --

1  from now on, you don't come into the courtroom.  You go to the

2  -- you go to the big room and then there's a little room next

3  door that you'll see later, and that will be your room.  Any

4  other questions?  Yes, sir.

5          UNIDENTIFIED JUROR:  (Indiscernible - away from

6  microphone)

7          THE COURT:  We usually wind up about 4:30, but we

8  could go to -- you know, if we're right in the middle of a

9  witness and we're getting close to the end, we can go -- we

10  have the flexibility to go up to five.  Is that good enough for

11  you?  Yeah, okay.

12          Okay.  Well, we'll get the jury clerk to come get you

13  and we'll -- she's on her way, right?

14          THE CLERK:  (Indiscernible - away from microphone)

15          THE COURT:  Okay.  And she'll -- yes, sir.

16          UNIDENTIFIED JUROR:  (Indiscernible - away from

17  microphone)

18          THE COURT:  Yeah, we'll do -- what have you got

19  there, notes?  Oh, those are the notepads?  Those little tiny

20  things?  Okay.  All right.  Well, if you need more, we'll give

21  you more.  I'm used to big old notepads.  Yes, they'll take --

22  you can have (indiscernible), you can have whatever you want.

23          UNIDENTIFIED JUROR:  (Indiscernible - away from

24  microphone)

25          THE COURT:  That lady that's been bringing you back

1    and forth will take care of it.  Her name is Carolyn.

2                 UNIDENTIFIED JUROR:  Carolyn?

3                 THE COURT:  Yeah.  And she'll take -- she'll do

4    whatever you need in that regard.  In fact, she'll be coming in

5    here -- in through this door in a minute.  Any other questions?

6                 UNIDENTIFIED JUROR:  (Indiscernible - away from

7    microphone)

8                 THE COURT:  You always leave the notepads on your

9    chair and you don't take them with you until you go in to

10   deliberate at the end of the trial.  What happened to Carolyn?

11   Oh, she's on lunch.  Well, we've got to wait for an hour.  No,

12   here she is.  Okay.  So we'll stand in recess.  Some of them

13   might need proof of attendance.

14              Here she is.  Yeah, here she is.

15                       (Pause - side conversation)

16       (Jury out at 1:04 p.m.)

17              THE COURT:  Okay.  All right.  We already got --

18   we've got a mistake here.  Juror No. 1 should have been -- so

19   what happened?

20              THE CLERK:  They were misnumbered, Your Honor.

21              THE COURT:  It's misnumbered?

22              THE CLERK:  Yes.  (Indiscernible - away from

23   microphone)

24              THE COURT:  So what's the -- so what do we need to

25   do?  What happened.  I don't understand.  Do we have a juror on

1    here that was stricken?

2         THE CLERK:  (States name) should have been number

3    one.

4         MR. BARKELEY:  I -- I thought --

5         MR. COHEN:  (States name) was number one, wasn't he?

6         MR. BARKELEY:  Well, I thought -- I thought that you

7    intentionally -- that he was off because I didn't know what you

8    did with chair number two when it became empty.  I thought --

9         THE COURT:  Oh, that may have --

10        MR. BARKELEY:  -- perhaps you moved that person to

11   the back --

12        THE CLERK:  Right.

13        MR. BARKELEY:  -- and that's why he didn't come up,

14   even though he hadn't been struck by either side.

15        THE CLERK:  Right.

16        THE COURT:  So what's the deal?

17        MR. COHEN:  I thought (states name) was in there.

18   Wasn't (states name) there?

19        THE DEFENDANT:  No.

20        MR. BARKELEY:  No.

21        THE CLERK:  No.

22        MR. BARKELEY:  Well, there is an (states name), but

23   it's the -- number thirteen, alternate (states name).

24        THE COURT:  Yeah.

25        THE COURT:  So what -- what are we supposed to do

1  about this?  So are we supposed to grab --

2       MR. BARKELEY:  Well, the Government doesn't object to

3  it, Your Honor.  I mean, it happened, and I thought the Clerk

4  put the empty chair person at the end of the list, but --

5       THE COURT:  So the alternate should be juror number

6  one?

7       THE CLERK:  No, Your Honor.  (States name) is a

8  different (states name).

9       THE COURT:  Yeah.

10      THE CLERK:  Should have been --

11      THE COURT:  Where's he?

12      THE CLERK:  -- (states name) should have been number

13  one.

14      THE COURT:  Is he gone?

15      THE CLERK:  No.  Well, now he is.

16      THE COURT:  Well, why don't we go get him.

17      MR. COHEN:  I think we should -- I think we should --

18  we should (indiscernible) the jury the way we've chosen.

19      THE COURT:  I agree.  Let's go grab him.

20      MR. COHEN:  Let's go grab him.

21      THE CLERK:  Well, he was excused with the original --

22      MR. COHEN:  Well, they've got -- they've got his

23  phone number.

24      THE CLERK:  Okay.

25      THE COURT:  Well --

1    MR. BARKELEY:  All right.  So that would mean --

2    THE COURT:  I'm confused, so anyhow --

3    MR. BARKELEY:  That would mean that the other (states

4 name), interestingly --

5    MR. COHEN:  I didn't know there was -- there's two

6 (states name).

7    MR. BARKELEY:  The alternate is (states name).

8    MR. COHEN:  Right.

9    THE COURT:  So we've got two (states name).

10    MR. BARKELEY:  So if (states name) comes in, that

11 means (indiscernible - simultaneous speakers).

12    MR. COHEN:  I thought (states name) was there.  He's

13 right here.

14    THE CLERK:  Right.

15    MR. BARKELEY:  He is right there, but they didn't

16 (indiscernible).

17    THE CLERK:  We will make sure that they contact him.

18 Do you want to do this after lunch?

19    THE COURT:  I'd like to catch him before he leaves

20 the building, and I still don't understand exactly what the

21 problem --

22    THE CLERK:  (Indiscernible - simultaneous speakers)

23    THE COURT:  Well, let counsel discuss it.

24        (Pause - side conversation)

25    THE COURT:  Is there a juror on here that you don't

1  want?  Is that what I'm hearing?  What's the problem?

2          MR. COHEN:  What -- we were supposed to have (states

3  name) as number one and the last juror would have been (states

4  name), and now we have (states name), so that's all.

5          THE COURT:  I still -- so what's your proposal?

6          MR. COHEN:  That we get (states name) back and that

7  we tell (states name) to go home, and we keep (states name) as

8  the alternate.  We just -- the proposal is we just switch

9  (states name) for (states name).  That's the proposal.

10         MR. BARKELEY:  The Government would say that it wants

11 (states name).  I mean, she -- you didn't -- you didn't

12 challenge her in any event.

13         MR. COHEN:  But she wouldn't -- oh, you mean you have

14 her as the alternate?

15         MR. BARKELEY:  Yeah.

16         MR. COHEN:  Well, I would --

17         MR. BARKELEY:  I mean, she's already been retained

18 and we just keep her here.

19         MR. COHEN:  I would have challenged her as the

20 alternate, but --

21         THE COURT:  Well, we can go without an alternate if

22 you want.

23         MR. COHEN:  Do -- I mean, I thought -- do you really

24 want -- I mean, (indiscernible - voice too low).

25         MR. BARKELEY:  I just want to take them in the order

1  that we issued challenges for.  If you want to bring (states

2  name) back, no objection.  Just take the next person.  She's

3  already on the jury.

4      MR. COHEN:  Just take her and make her the alternate?

5      MR. BARKELEY:  Make her the alternate.  Is that all

6  right?

7      MR. COHEN:  I would rather go with -- I mean, wait a

8  second.  This isn't -- wait.  This isn't my mistake though.  I

9  didn't do this.

10     THE COURT:  Well, I'm not saying anybody did, I'm

11 just trying to get the solution.

12     MR. COHEN:  Well, we're both in agreement that

13 (states name) should come back if we can locate him.

14     THE COURT:  That's why I asked you to look at the

15 jury before I excused them, and everyone said they looked okay

16 to you.

17     MR. COHEN:  Well, because I -- I don't have all the

18 faces in memory -- and names memorized.  I -- they were sitting

19 there, I don't want to say anything that's going to make them

20 feel bad.  But I had looked at the -- I had looked at the list,

21 and I made a mistake.  I saw (states name) blank -- they had

22 (states name) at the top next to one, and I thought that was

23 the first one.  I made a mistake.

24     THE COURT:  Okay.  So what's --

25     MR. COHEN:  Because I knew that neither of us had

1   struck that person, so I thought (states name) was there and --

2           THE COURT:  So I can't remember who -- which one was

3   (states name).

4           MR. COHEN:  (States name) is a gentleman who was

5   sitting right over here.

6           THE COURT:  And he's gone?

7           MR. COHEN:  Yeah, he's got three kids and, you know,

8   he's --

9           THE COURT:  How do we know we're going to find him in

10  the next hour?  Well, they're out looking for him.  He's

11  probably at McDonald's.

12          MR. COHEN:  Well, I mean the question about the

13  alternate is a different question.  I mean --

14                  (Pause - side conversation)

15          THE CLERK:  She can only get a voice message.  She's

16  leaving him a message.  Okay.  And then she's going to

17  (indiscernible - voice too low).

18                  (Pause - side conversation)

19          THE CLERK:  She left a message on his home phone and

20  she's calling his work to tell him to come back.

21          THE COURT:  Okay.  His name is (states name)?  And he

22  will be juror number one, is that right?

23          THE CLERK:  Yes.

24          THE COURT:  And then the next jurors will go in

25  order.  The alternate will be the current juror number twelve.

1    Who is that?

2         MR. COHEN:  Well, that's what we have a dispute

3    about.  That -- the Government thinks the alternate should be

4    (states name), who is the current number twelve, and what I say

5    is that if I had realize this, I would have exercised a

6    peremptory challenge against (states name).

7         THE COURT:  'Kay.

8         MR. COHEN:  Because I chose not to exercise one for

9    the alternate because I saw (states name) was on the jury and I

10   had exercised all ten.

11        THE COURT:  Okay.  So you don't want (states name).

12        MR. COHEN:  Right.

13        THE COURT:  Well, we can just go with twelve jurors.

14   (States name) will be off.

15        MR. BARKELEY:  Your Honor, if it'll help move things

16   along, the Government has no objection to (states name) --

17   whatever you'd like to do, counsel.  So if you want to --

18        THE COURT:  Well, that's what we'll do.  We'll --

19   (states name), we'll excuse her --

20        MR. BARKELEY:  'Kay.

21        THE COURT:  -- we'll go with twelve jurors --

22        MR. COHEN:  Well, what the Government is saying is we

23   can -- we can leave (states name) as the alternate --

24        MR. BARKELEY:  Yes.

25        THE COURT:  No, (states name) will become juror

1  number twelve.

2           MR. COHEN:  No, there's a different -- right now --

3           THE CLERK:  She has him on the phone.  Do you want

4  him back?

5           THE COURT:  Yes, at 1:15.

6           THE CLERK:  Yes, at 1:15.

7           MR. BARKELEY:  And, of course, he missed the

8  instructions.

9           THE COURT:  I'll read them again.  I've read them

10  before.

11          THE CLERK:  Oh, you mean 2:15?

12          THE COURT:  2:15.

13          THE CLERK:  2:15.

14          THE COURT:  It's what I mean.  This isn't -- you

15  know, it's not that stressful.  We'll work it out.  We solved

16  the problem.  We're getting (states name) back, we're going to

17  -- (states name)'s going to be gone, the other (states name)

18  will be juror number twelve --

19          MR. COHEN:  The other (states name) will be -- what

20  we're saying is that if (states name)'s gone, then the other

21  (states name) who is currently the alternate should remain the

22  alternate.

23          THE COURT:  Well, you don't -- you want to go with

24  eleven jurors?

25          MR. COHEN:  There's going to be twelve.

1    THE CLERK:  Yeah, if we bring (states name) back

2  and --

3    MR. COHEN:  We're essentially going to be

4  switching --

5    THE COURT:  Gotcha.

6    MR. COHEN:  -- (states name) and -- (states name),

7  Roman Number one for (states name).

8    THE COURT:  (Indiscernible) itself.  (States name)

9  and she's not here.  Okay.  We're fine.  Who's going to do

10  that?

11    MR. COHEN:  You are, Your Honor.

12    THE COURT:  We'll have Carolyn explain it.  We've got

13  it solved.  We've solved the problem, right?

14    MR. BARKELEY:  Yes, Your Honor.  Yeah, absolutely.

15    THE COURT:  Okay.  Did you see that I got the

16  instructions -- it's very seldom we pass the instructions out

17  before the trial begins.  Give you something to do at the lunch

18  hour, which now is an hour and five minutes.  Okay.  We've

19  solved the problem, you see what's -- (states name) coming

20  back?

21    THE CLERK:  Yes, he is, Your Honor.

22    THE COURT:  And we need to tell (states name) that

23  she's excused.

24    THE CLERK:  Okay.

25    THE COURT:  Carolyn will do that.

1      THE CLERK:  Do you want to do that on the record or

2  off?

3      THE COURT:  I don't care.

4      THE CLERK:  Okay.

5      THE COURT:  The main thing is I want to bring --

6  here's what we're going to do.  We're going to tell (states

7  name), listen, there was a mistake, we'll bring him in, you're

8  chair number one, and I will read him the instructions that we

9  just read everybody else.  Then we'll bring the jurors in and

10  we'll have to tell them you're really juror number two and

11  they'll just be seated, and so it goes.  And then jury number

12  two is the lady I already told she could sit in the back row.

13  I thought that was nice that -- oh, no, wait.  One is over

14  here, isn't it?  Okay, so it won't affect her.

15      Well, I understand what's going on.  Does anybody

16  else?

17      MR. BARKELEY:  Yes.  Yes, sir, Your Honor.

18      THE COURT:  Mr. Cohen, do you understand.

19      MR. COHEN:  I do, Your Honor.

20      THE COURT:  Okay.  Have a great lunch.

21      MR. BARKELEY:  Your Honor?

22      THE COURT:  Yes?

23      MR. BARKELEY:  Did you expect us to begin closing as

24  soon as the instructions are read to the --

25      THE COURT:  Opening.

1          MR. BARKELEY:  I mean openings?

2          THE COURT:  Yep.

3          MR. BARKELEY:  Yes.

4          THE COURT:  I expect we're coming back with opening

5     statements.

6          MR. BARKELEY:  Yes, Your Honor.  If I might then, I

7     wanted to refer to some exhibits which are in evidence on the

8     Court's exhibit list from the trial in my opening.

9          THE COURT:  Very well.

10         MR. BARKELEY:  And so, counsel, if you want --

11         MR. COHEN:  These are the photographs.

12         MR. BARKELEY:  Yes, these are the photographs.

13         THE COURT:  Okay.  Have a great lunch.

14         MR. BARKELEY:  We'll work that out.

15         THE CLERK:  Your Honor --

16         THE COURT:  See, we solved the problem.

17         THE CLERK:  We did.  Just to clarify, (states name),

18    the alternate, is relieved.

19         THE COURT:  No.

20         THE CLERK:  (States name) is the alternate?

21         THE COURT:  (States name) is relieved.

22         THE CLERK:  Is relieved.  Okay.  Just clarifying.

23         THE COURT:  And you guys aren't even listening.  The

24    gentlemen aren't even listening.  We're going to excuse (states

25    name).

1          THE CLERK:  Okay.

2          THE COURT:  The other (states name) remains the

3   alternate --

4          THE CLERK:  Okay.

5          THE COURT:  -- and it's just because of a clerical

6   error we're going to tell (states name) and that will be

7   Carolyn's job.

8          THE CLERK:  Okay.

9          THE COURT:  Okay.

10          THE CLERK:  Thank you.  This matter is in recess

11   until 2:15.

12       (Recess at 1:16 p.m., until 2:28 p.m.)

13       (Jury not present)

14          THE CLERK:  All rise.  His Honor the Court, the

15   United States District Court is again in session.  Please be

16   seated.

17          THE COURT:  Well, did everybody have a nice lunch?

18          MR. COHEN:  Yes, Your Honor.

19          THE COURT:  Oh, good.  How's everyone doing?

20          MR. COHEN:  We're doing well, Your Honor.

21          THE COURT:  Okay.  We're going to bring (states name)

22   in, I'm going to read him the instructions that he missed, then

23   -- I haven't excused the other lady yet in case there's some

24   problem, then we'll let her go once we've got him seated and

25   where he's under control.  Then we'll just start.

1           MR. COHEN:  Good.

2           THE COURT:  Counsel do have the draft jury

3  instructions, so that's good.  Anything else I need to think

4  about?

5           MR. COHEN:  Yes, Your Honor.  I think the Government

6  agrees with me, I hope, but I'm going to ask the Court to read

7  the Indictment to the jury before we begin the opening

8  statements --

9           THE COURT:  Is that --

10          MR. COHEN:  -- just so that they have a point of

11  reference.  In other words, counts one -- this is what the

12  Indictment --

13          THE COURT:  Wait.  You want me to read all -- the

14  whole thing?

15          MR. COHEN:  Well, it's not that long.

16          THE COURT:  I mean, counts two and six or six and

17  seven?

18          MR. COHEN:  Counts -- the whole thing.

19          THE COURT:  The ones that he's already been convicted

20  of, too?

21          MR. COHEN:  Yeah, and acquitted of.  And then -- and

22  read it and just say -- and he's already been convicted of one

23  and two --

24          THE COURT:  Okay.  I'll read the -- I'll tell them

25  this was the initial Indictment --

1      MR. COHEN:  Right.

2      THE COURT:  -- he was convicted of this, he was

3  acquitted of this --

4      MR. COHEN:  Right.

5      THE COURT:  Come on in.  We've got a juror here.

6  Come on in, sir.  How are you doing?

7      JUROR NO. 1:  Fine, thank you.

8      THE COURT:  Well, you're having an interesting day.

9  We made a mistake when we let you go.

10     JUROR NO. 1:  That's what I heard.

11     THE COURT:  You're juror number one.  So why don't

12  you see what the chair feels like.  Come on over here and grab

13  the microphone.  I don't even think you need to say anything.

14  Give him the microphone in case he protests or something.  So

15  you're (states name), right?

16     JUROR NO. 1:  I am one of them.

17     THE COURT:  You're (states name).

18     JUROR NO. 1:  I'm (states name).

19     THE COURT:  You see, we got -- we've got too many

20  (states name).  Okay.  And your seat is going to be the far

21  right.  Keep on going down.  And we just accidently let you --

22  and we just read something wrong, so you are on the jury,

23  you're juror number one, okay?

24     JUROR NO. 1:  Okay.

25     THE COURT:  And any problems?  Anything that

1   developed since the noon hour we should know about?

2           JUROR NO. 1:  Nothing.  I went home and had a turkey

3   sandwich --

4           THE COURT:  Was it good?

5           JUROR NO. 1:  -- and -- very good.

6           THE COURT:  Okay.  All right.  Okay.  But what

7   happened is after you left, I read some initial instructions to

8   the jury, so you're a little bit behind.  I'm going to read

9   them to you, all by yourself.

10           JUROR NO. 1:  That's fine.

11           THE COURT:  Okay?  And I've got to give you the

12   juror's oath, and once we do that, we'll bring everyone one,

13   and we're ready to start opening statements.  So here's what

14   you -- okay.  I basically told the group that they've been

15   selected as members of the jury, and then I begin reading.

16           Before you take the juror's oath, I want to impress

17   upon you the seriousness and importance of being a member of

18   the jury.  Trial by jury is a fundamental right in the United

19   States of America.  It ensures that each case will be decided

20   by citizens who are fairly selected, who come to a case without

21   bias, and who will attempt to render a fair verdict upon the

22   evidence presented.

23           You took an oath before you were examined as to your

24   qualifications to be jurors.  Now you're called upon to take a

25   second oath.  By this oath, you will swear or affirm that you

1  will decide the case on the evidence presented according to the

2  law that I will give you.  When you take the oath, you accept

3  serious and important obligations.  The jury system depends on

4  the honesty and the integrity of individual jurors.  You affirm

5  that you are truly impartial in this case.  You affirm that

6  there is nothing to your knowledge that the parties or I should

7  know about your ability to sit as a juror in the case.

8         So, sir, if you'll just stand, I'll have the Clerk

9  administer the juror's oath.

10        THE CLERK:  If you could raise your right hand, sir.

11    (Juror's oath given to Juror No. 1)

12        THE CLERK:  Thank you.  You may be seated.

13        THE COURT:  Sir, you are now ready to serve as a

14  juror.  To assist you in your task, I am going to summarize for

15  you the way in which the trial will be conducted.  After you've

16  heard the evidence, I will briefly explain some of the law that

17  you will need to know.

18        The trial will proceed in the following manner:

19        First, the Government, through counsel, will make an

20  opening statement outlining what the Government expects to

21  prove.

22        Next, the defendant, through counsel, may make an

23  opening statement or may reserve it.  You are reminded that the

24  statements of counsel are not evidence, but are merely an

25  indication of what evidence counsel expect to be presented.

1   The Government will then present its evidence.

2           When the Government has concluded its case, the

3   defendant may present evidence, but is under no obligation to

4   do so.  If the defendant presents any evidence, the Government

5   may present rebuttal evidence.  With me so far?

6           JUROR NO. 1:  (Indiscernible - away from microphone)

7           THE COURT:  Okay.  After the evidence is presented,

8   the parties will have an opportunity to argue the case to you.

9   This will be explained later.

10          After the arguments end, I will tell you about the

11  law that applies to the case, then you will meet together to

12  evaluate the evidence, apply the law to the evidence, and reach

13  a verdict if you are able.

14          I will rely on you to determine the facts.  This must

15  be done by relying solely upon the evidence presented in this

16  trial; you must not be governed by mere sentiment, conjecture,

17  sympathy, passion, prejudice, public opinion, or public

18  feeling, but must base your conclusions only upon a fair

19  consideration of the evidence.

20          That evidence may include the sworn testimony of

21  witnesses, exhibits submitted into the record, facts agreed to

22  by the attorneys, and facts judicially noted by the Court.  The

23  evidence should be considered and viewed by you in light of

24  your own observations and experiences in every day life, but

25  you may not consider any other source of information not