Case Number: 05-96820

Filed in the Trial Courts
STATE OF ALASKA, FOURTH DISTRICT
NOV 25 2005
Clerk of the Trial Court
By _____

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _____Fairbanks_____

SEARCH WARRANT NO. 4FA-05-332 SW

### VRA CERTIFICATION

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

### AFFIDAVIT FOR SEARCH WARRANT

NOTE: Before completing this affidavit, read the following points which should be addressed in your statement of the facts. A search warrant may not be issued until probable cause for the search has been shown. You should explain:

1. Who was observed   (give names or other identifying information).

2. When did the observations take place (date, time, and sequence of events).

3. Who made the observations.

4. Why were the observations made. If, for example, the information came from an informant, the informant's reason for making the observations should be specified, and reasons for relying on the informant's information should be set out.

5. What was observed. Include a full description of events relevant to establish probable cause.

6. Where did the observations take place. Describe the location of the observers and the persons or objects observed. The description must be as specific as the circumstances will allow.

7. How were the observations made. For example, was an informant used, was there an undercover officer, was electronic surveillance involved, etc.

8. All other relevant information.

---

Being duly sworn, I state that I have reason to believe that:

[ ]  on the person of _____

[X]  on the premises known as: at 1008 23rd Ave Fairbanks, Alaska,

Case Number: <u>05-96820</u>

## AFFIDAVIT FOR SEARCH WARRANT            NO._____

there is now being concealed property, namely:

See Attachment A-Cocaine, any hand written documents with the letter "G".

which (see AS 12.35.020)

| [X] | 1. | is evidence of the particular crime(s) of _____ <u>MICS III   11.71.030(a)(1)</u> _____. |
|---|---|---|
| [ ] | 2. | tends to show that _____ committed the particular crime(s) of _____ <u>MICS III   11.71.030(a)(1)</u> _____. |
| [ ] | 3. | is stolen or embezzled property. |
| [ ] | 4. | was used as a means of committing a crime. |
| [ ] | 5. | is in the possession of a person who intends to use it as a means of committing a crime. |
| [ ] | 6. | is one of the above types of property and is in the possession of _____, to whom _____ delivered it to conceal it. |
| [ ] | 7. | is evidence of health and safety violations |

and the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

Your affiant has been an Alaska State Trooper since February 23, 2003   Your affiant is currently an investigator with the Alaska Bureau of Alcohol and Drug enforcement. Your Affiant has received training in drug identification, use, and effects at the Department of Public Safety Academy. Your affiant has completed DEA's 40 hour clandestine laboratory certification course. Your affiant has further completed an 80 hour DEA basic course. Your affiant has received approximately 256 hours of training through ABADE.

The primary responsibility of the Bureau of Alcohol and Drug Enforcement is to investigate illegal drug activities that take place in the State of Alaska, to include the sales and distribution of controlled substances in the Fairbanks area.

Case Number: <u>05-96820</u>

## AFFIDAVIT FOR SEARCH WARRANT     NO._____

JLC0-05-07 has purchased illegal narcotics under the direction of the ABADE unit approximately 8 times over the past 3 months. The information provided to the ABADE unit from JLC0-05-07 proved to be very accurate and was confirmed through controlled purchases of powder and crack cocaine.

On 11-8-05 JLC0-05-07 indicated that he/she could purchase cocaine from Eugene Johnson at 1008 23rd Ave, Fairbanks. JLC0-05-07 indicated that this is where he/she believes that Johnson lives with his girlfriend. On 11-8-05 Electronic Surveillance Warrant 4FA-05-315sw was obtained through the Fairbanks Courts

On 11-8-05 Agent Foran and Agt. Cohoon observed a person resembling Eugene Johnson pull into the driveway of 1315 23rd Ave driving a copper colored van, exit the van, and walk into the back yard of the property of 1315 23rd Ave. Approximately 2 minutes later the male exited the back yard, entered the van and drove away towards 1008 23rd Ave. Approximately 5 minutes later the copper van was observed parked in front of 1008 23rd Ave.

On 11/8/05 at approximately 1754 hours the same copper colored van was observed parked in front of the residence as JLC0-05-07 entered 1008 23rd Ave. While inside JLC0-05-07 purchased 44.4 grams of cocaine, or approximately 1.5 oz for $2000.00 in prerecorded buy funds. While inside the residence JLC0-05-07 observed approximately an additional 1.5 oz of cocaine which was placed back into a cereal box where Johnson was hiding his cocaine in the garage. JLC0-05-07 further observed a digital scale which was used to weight out the cocaine in the kitchen. Before leaving Eugene Johnson provided JLC0-05-07 a piece of paper with a letter "G", and his phone number on it.

JLC0-05-07 indicated after purchasing the cocaine that Johnson has been dealing illegal narcotics for approximately 4 or 5 years. During this time JLC0-05-07 has purchased up to 5 oz or 140 grams of cocaine from Johnson in one purchase. The estimated value for 1 gram of powder cocaine in the Fairbanks area is $120.00. JLC0-05-07 estimated that on a good week Johnson was probably pushing or selling approximately 1 kilo or 1000 grams of cocaine a week. JLC0-05-07 indicated that Johnson usually kept a larger amount of cocaine at another residence located at 1315 23rd Ave. When Johnson needed more cocaine to sell he would then trip and pick what he needed from his 1315 23rd residence and bring it to 1008 where he was selling out of. Eugene Johnson is listed in APSIN as living at 1315 23rd ave. Johnson further stated to Inv. Barnett via telephone approximately 1 week after JLC0-05-07 purchased cocaine from him that 1315 23rd Ave was his residence. JLC0-05-07 indicated that he/she believed that Johnson's father was also living at this residence.

Your affiant has received information through a local DEA agent that Johnson's significant other, Corrinne Peyralans has been purchasing Inositol Powder, a known cutting agent for cocaine.

_____     _____
Title                                                 Signature

Subscribed and sworn to or affirmed before me on _____, 19___, at _____,
Alaska

(SEAL)

_____
Judge/Magistrate

☐   Additional testimony relating to this affidavit was recorded on Tape # _____, begining log # _____, ending log # _____.

Case Number: <u>05-96820</u>

## AFFIDAVIT FOR SEARCH WARRANT        NO._____

The cocaine purchased from Johnson appeared to be from the corner of brick. Bricks of cocaine are usually stamped out in 1 Kilo, or 1000 gram weights.

Based on your affiants training and experience he knows that narcotics traffickers often utilize additional residences to conceal illegal narcotics, monies, and other evidence related to the distribution of illegal narcotics.

On 11/22/05 JLC0-05-07 indicated that Johnson was still selling cocaine from his residence and that that was Johnson's major source of income.

An APSIN check on Johnson indicated that he has automatic weapons and has stated in the past that he would shoot police officers. See attachment "B" Eugene Johnson APSIN criminal record print out.

Based on the above information your affiant is requesting that a NO KNOCK search warrant be issued for Johnson's residence located at ~~1315~~ 1008 23rd Ave., Fairbanks.

*Based on your affiants training & experience. people who deal in these quantities of illegal narcotics tend to keep their money and drugs in different places.*

__Investigator__  
Title

__[signature]__  
Signature

Subscribed and sworn to or affirmed before me on __Nov. 25, 2005__, at __Fairbanks__, Alaska

(SEAL)

__[signature]__  
Judge/Magistrate

☐ Additional testimony relating to this affidavit was recorded on Tape #_____, begining log #_____, ending log #_____.

ATTACHMENT 'A' - COCAINE

<u>Controlled Substances and Paraphernalia:</u> Cocaine, Cocaine derivatives, Cocaine cutting agents, adulterants or materials, Cocaine paraphernalia, including but not limited to pipes, spoons, straws, strainers, tooters, mirrors, razor blades, needles, vials, grinders, deering equipment, stash containers, or any other controlled substances.

<u>Controlled Substances Packaging Materials:</u> Items used for packaging controlled substances, including but not limited to scales, baggies, bags, glass or plastic vials, paper bindles, foil bindles and envelopes.

<u>Items Relating to Illegal Transactions:</u> Any written documents relating to illegal transactions involving a controlled substance, including but not limited to business records, account books, ledgers, notebooks, check registers, checks, cancelled checks, bank books, bank statements, safe deposit box keys, tax returns and other tax records, letters, records showing any controlled substance transactions, telephone records, address and telephone books, photographs showing use or distribution of any controlled substance, and any books pertaining to any controlled substance, its use or distribution.

<u>Items Showing Ownership, Possession or Control:</u> Any documents or items tending to show occupancy, ownership, possession or control, including but not limited to keys, utility receipts, mortgage or rent receipts, lease, rental or sales agreements or contracts, credit cards and credit card receipts, letters, other correspondence, bills, any documents or items pertaining to vehicle ownership or control, including but not limited to vehicle registrations, titles, bills of sale, or emission control inspections, telephone message recorders and tapes, cellular phones and pagers.

<u>Items Showing Identity:</u> Any documents or items showing identity, including but not limited to passports, hotel receipts, gasoline receipts, vehicle rental documents, and taxi receipts.

<u>Items Showing Counter Surveillance:</u> Any items depicting the use of equipment for counter surveillance, including but not limited to scanners, security video cameras, security video monitors, and security video recording equipment.

<u>Persons on the Premises to Be Searched:</u> Any person on the premises at the time of service of the search warrant, for purposes of checking for the possession, sale or distribution of controlled substances and further for the purpose of identification.

<u>Forfeitable Firearms:</u> Any firearm which is visible, carried during, or used in the furtherance of a violation of AS 11.71.

<u>Money:</u> United States currency or any and all monies, notes or other items of value used in or intended for use in or derived from trafficking in controlled substances.