1  Q    Did you see a bear hide at -- at Arctic Alarm and Audio?

2           MR. BARKELEY:  Objection, beyond the scope, and we --

3           THE COURT:  Sustained.  Bear hide you said?

4           MR. COHEN:  It's -- wait, it's not the -- it's not

5  beyond the scope of what is questions were.

6           THE COURT:  A bear hide?

7           MR. COHEN:  We're -- when I ask the next question,

8  you're going to see --

9           THE COURT:  Okay, go ahead.

10          MR. COHEN:  -- you're going to see why.

11 BY MR. COHEN:

12 Q    Okay.  And did -- did you -- did Mr. Colette salt that

13 bear hide at the shop?

14 A    Yes, sir.

15          MR. COHEN:  Okay.

16          THE COURT:  Okay.  Redirect -- re -- recross.

17                    **RECROSS-EXAMINATION**

18 BY MR. BARKELEY:

19 Q    How many bear hides have you salted?

20 A    I have never gone hunting.

21 Q    Do you know how much salt it takes to salt a bear hide?

22 A    Couldn't tell you 'cause I've never been hunting.

23 Q    You know that it takes a lot more than a softball sized

24 packet of salt to do that, don't you?

25 A    No, I don't.

1       MR. BARKELEY:  Nothing further, Your Honor.

2       THE COURT:  All right.  Thank you, sir.  You're

3  excused, and I think we're pretty well wound up for the day.

4  So what we'll do -- ladies and gentlemen, we have four

5  witnesses tomorrow morning.  We have one scheduled right at

6  8:30 sharp, and we're trying to finish tomorrow.  That's why

7  we've been kind of pressing and going a little later.  I think

8  we will finish the evidence tomorrow and maybe even -- maybe

9  even go to the jury tomorrow, the way things are going if the

10  witnesses keep coming.  So we're right on schedule.

11       So what we're going to do is excuse you for the

12  evening and we're going to stay here and talk -- work on jury

13  instructions for a few minutes.  And if you could be here by

14  8:15 tomorrow, we've got -- we want to get -- get right at it.

15  So any problem with that?  So if you could -- thank you very

16  much for -- for everything you've done, you've been great.  You

17  just leave your notes there.  We'll stand at recess and see you

18  at 8:15 tomorrow.

19                 (Pause - side conversation)

20     (Jury out at 4:54 p.m.)

21       THE COURT:  Okay.  How we doing, counsel?

22       MR. COHEN:  We're good.  How are you?

23       THE COURT:  I'm fine.  Thank you.  So, you're right

24  on schedule, right, Mr. Cohen?  You had --

25       MR. COHEN:  Well, I -- I can't promise it's going to

1  be the end of the morning, Your Honor.

2           THE COURT:  Well, I don't know.

3           MR. COHEN:  I'm doing the best --

4           THE COURT:  No one can promise in this business, I

5  know that, but we're work -- we're doing well.

6           MR. COHEN:  You can see I'm pushing as hard as I can.

7           THE COURT:  You're doing well.  I'm not -- I have no

8  criticism whatsoever, but it sounds to me -- we know we have a

9  witness at 8:30, Mr. Johnson --

10          MR. COHEN:  That's correct.

11          THE COURT:  -- and then you have your expert.

12          MR. COHEN:  That's correct.

13          THE COURT:  And then you have the two officers.

14          MR. COHEN:  I have two officers.  I have -- I have

15  some short witnesses -- there was one witness here that I'm

16  having come back tomorrow.

17          THE COURT:  Okay.

18          MR. COHEN:  I have a couple other short witnesses

19  tomorrow.

20          THE COURT:  Well, that's fine.

21          MR. COHEN:  And, for example, I believe there were

22  two this afternoon that were -- or maybe it's one now 'cause we

23  had the other one there, so there's -- I have two short ones

24  that I know of tomorrow, perhaps three.

25          THE COURT:  Okay.  Fine.  We're right on schedule.

1    Mr. Barkeley?

2            MR. BARKELEY:  I have a rebuttal witness.

3        THE COURT:  Okay.  Well, that won't take you long.

4        MR. BARKELEY:  No.

5        THE COURT:  Okay.  So we're right --

6        MR. BARKELEY:  Five minutes.

7        THE COURT:  Five minutes.

8        MR. BARKELEY:  Well, five on direct.

9        THE COURT:  Yeah.  Okay.  So I may distribute the

10   jury instructions.

11           MR. COHEN:  Okay.  These are -- these are -- okay.

12   These are a different set than --

13           THE COURT:  These are a different set.  That's why I

14   wrote 9/5 on the top corner --

15           MR. COHEN:  All right, all right.

16           THE COURT:  -- so that you wouldn't confuse them.

17   Let's just take five minutes here and start going over these.

18   And if you turn right about the middle of the package, it says:

19           "The evidence has now been presented to you and

20           you've heard arguments from counsel."

21   If you can find that one, it's right in the middle.  It's --

22   well, just about in the middle, "The evidence has now been

23   presented to you."  Just about -- about in the middle --

24           MR. COHEN:  I'm sorry.

25           THE COURT:  -- says, "The evidence has now been

1    presented to you." It's about in the middle. You're -- you're

2    still too --

3         MR. COHEN: Okay. I'm looking.

4         THE COURT: You're heading in the right direction.

5         MR. COHEN: Is it after count one and count two and

6    count three?

7         THE COURT: No.

8         MR. COHEN: Oh, it's before.

9         THE COURT: It's before them. "The evidence has been

10   presented to you and" --

11        MR. COHEN: Oh, I see it. Okay. I have it, Your

12   Honor.

13        THE COURT: Okay. Now we turn the page.

14   "Jason Scott Colette has been convicted by a federal

15   jury of one count of violation 21 U.S.C. §841(a)(1),

16   possession of cocaine with intent to distribute, and

17   one count of violating 21 U.S.C. §841(a),

18   distribution of cocaine. He was acquitted by the

19   same jury of using or carrying guns which are the

20   subject of this forfeiture trial in connection with

21   the two drug counts of which he was convicted. We

22   have set forth herein the elements of each of the

23   counts" --

24        MR. COHEN: Your Honor, I'm sorry. I have a comment

25   on that, just very quickly.

1                    THE COURT:  Okay.

2                    MR. COHEN:  He was acquitted by the same jury of

3    using -- of two counts of using or carrying the guns which are

4    -- which are the subject -- I just want to say, in other words,

5    you have a violation of 21 U.S.C. Section 841(a)(1) and

6    841(a)(1) [sic].  I want to put in 924(c).

7                    THE COURT:  Where do you want to put that?

8                    MR. COHEN:  He was acquitted by the same jury of

9    using -- of using or carrying guns which are -- in connection

10   with the two drug counts -- he was acquitted by the same jury

11   of two -- of the two charges of violating 18 United States

12   Code, Section 924(c), comma, and then take out the word of

13   using or carrying guns which are the subject of this forfeiture

14   trial in connection with the two drug counts of which he was

15   convicted.

16                   THE COURT:  He was acquitted by the same jury of two

17   charges of -- now speak slowly.

18                   MR. COHEN:  Of two charges --

19                   THE COURT:  Why -- what's wrong with the language I

20   have?  It's pretty clear and straightforward.

21                   MR. COHEN:  It's -- there's nothing wrong with the

22   language, it's just that as to counts one and two, you talk

23   about what statute he was charged with and I just want to talk

24   about the statute he was charged with in counts three and four.

25                   THE COURT:  Okay.  So you just want me to find the

1    statute and put the statute in there.

2            MR. COHEN:  He was acquitted by the same jury of two

3    -- of two -- or of two counts of violating 18 U.S.C., Section

4    924(c), comma -- it's just -- it's just not that much -- big a

5    change of two counts --

6            MR. BARKELEY:  How about abusing or carrying the guns

7    in violation of 924(c)?

8            MR. COHEN:  Right.

9            MR. BARKELEY:  If that's what you want is the statute

10   in there.

11           MR. COHEN:  Right.

12           THE COURT:  Okay.  I'll just write in violation --

13           MR. BARKELEY:  Of 18 U.S. Code, Section 924(c).

14           THE COURT:  -- of 18 U.S.C. nine what?

15           MR. BARKELEY:  924(c).

16           THE COURT:  924(c).

17           MR. COHEN:  So he was acquitted by the same jury of

18   using or carrying the guns --

19           THE COURT:  In vio --

20           MR. COHEN:  The reason I had it the way I had it is

21   because -- because it later on says which are the subject of

22   this forfeiture trial.

23           THE COURT:  Right.

24           MR. COHEN:  That's why I wanted to put it before that

25   clause.  He was -- he was acquitted by the same jury --

1          MR. BARKELEY:  And just say which guns are the

2   subject.

3          MR. COHEN:  Okay, that's fine, that's fine.  Okay,

4   that's fine.

5          THE COURT:  In violation -- which guns are the

6   subject of this forfeiture trial.  Okay, very well.  We made

7   those changes.

8          MR. COHEN:  In connection with the two drug counts of

9   which he was convicted.

10          THE COURT:  What?

11          MR. COHEN:  Yes.  That's correct.  Yes.

12          THE COURT:  Okay.  Then just to make everyone happy,

13   I say:

14          "We have set forth herein the elements of each of the

15          aforesaid counts."

16   You see that?

17          MR. COHEN:  Right.

18          THE COURT:  You've asked for that.  I'm going to do

19   that for you.  That's -- that's several pages down the -- down

20   the road.

21          MR. COHEN:  Okay.

22          THE COURT:  "You must now determine whether the

23          Government has proven by a preponderance of the

24          evidence that certain property is forfeitable.

25          Forfeiture means that Mr. Colette is to be divested

1    or deprived of his ownership or interest in the

2    property.  If you find that the Government has proven

3    by a preponderance of the evidence both of the

4    following points, you must find the subject property

5    forfeitable.  If the Government has failed to prove

6    either of the two points is" -- "to any of the

7    subject, you must find that the property is not

8    subject to forfeiture.

9         "The first point that the Government must prove

10    is that there is a nexus or connection between count

11    one of the Indictment and the subject property."

12    You interrupt me if I'm wrong.  I think I'm right so far.

13         MR. BARKELEY:  You are.  I believe so, yes.

14         MR. COHEN:  The first point (indiscernible - coughing

15    in background) there is nexus between count one of the

16    Indictment and the subject property.

17         THE COURT:  Right.  "In order for you to determine

18    there is the required nexus, you must find that each

19    discrete piece of the subject property was" --

20         MR. COHEN:  No, I wouldn't say that each piece, I

21    would say that a discrete piece.

22         MR. BARKELEY:  I'm not sure if the problem there is

23    piece versus item.

24         MR. COHEN:  You must fine that a discrete piece of

25    the subject property was used or intended to be used in any

1  manner or part to commit or facilitate the possession of

2  cocaine with intent to distribute.

3          THE COURT:  You want the word "item" put in

4  parentheses after the word "piece"?

5          MR. COHEN:  I -- I don't know if I -- I guess -- I

6  guess -- I guess -- I guess the two points that we're talking

7  about here are -- are a little bit confusing, and I -- I think

8  what we need to get at is if there's a discrete piece of the

9  subject property -- I mean, that if there's a discrete piece of

10  the subject property and some portion of that discrete piece

11  was used to facilitate the transaction, then that discrete

12  piece is forfeitable, but not necessarily the whole property.

13          MR. BARKELEY:  I just -- I -- I -- I don't think

14  there's any support in the law for this whole analysis discrete

15  piece or --

16          THE COURT:  Well, you gave -- this was a -- who

17  provided me this instruction?

18          MR. BARKELEY:  Not me.

19          MR. COHEN:  I did, Your Honor, but it's not -- it

20  isn't --

21          MR. BARKELEY:  There -- there's -- there's --

22          MR. COHEN:  -- this isn't exactly the language that I

23  -- that I submitted.

24          MR. BARKELEY:  The Government stands by its

25  instruction on facilitation, Your Honor.

1    THE COURT:  It's in here.  It's down the road.

2    MR. BARKELEY:  I saw it, but there's -- there's --
3 this is so confusing.  Essentially, I think what counsel is
4 trying to raise is an Eighth Amendment argument, which I can --

5    MR. COHEN:  No, no.  That's not -- that's not
6 correct.

7    MR. BARKELEY:  Okay.  The facilitating definition
8 says in any part or manner, so it covers any portion of the
9 property being used.  But what are we talking about here?
10 We're not talking about using the barrel or the trigger or some
11 discrete piece of a weapon --

12    MR. COHEN:  No, I don't think --

13    MR. BARKELEY:  -- nor are we using a piece of the
14 money.

15    MR. COHEN:  Well, I don't think -- oh, I don't think
16 it applies to the weapons.  I think it applies to the money.

17    THE COURT:  I don't -- that's -- well, that's down
18 the road.  I mean, that's several pages down ahead of us when
19 we get to that issue.

20    MR. COHEN:  All right.  I -- I'll -- just a second.

21    MR. BARKELEY:  Your Honor, I never saw these proposed
22 jury instructions that counsel filed.  I've not been served
23 with them.  I've --

24    MR. COHEN:  Wait, wait.  You --

25    MR. BARKELEY:  I checked the computer today.

1    MR. COHEN:  (Indiscernible - away from microphone).

2 They're there.  I talked --

3    THE COURT:  These were there.  This is a week old.

4    MR. COHEN:  This is document number 293.

5    MR. BARKELEY:  Do you give citations for this

6 discrete piece language?  I've never seen this anywhere.

7    THE COURT:  Okay.  I don't know about this discrete

8 piece language.

9    MR. COHEN:  No, I -- this was served on the

10 Government.  This is document 293 (indiscernible - away from

11 microphone) --

12    MR. BARKELEY:  Does it have authority -- case

13 authority in there?

14    MR. COHEN:  (Indiscernible - away from microphone)

15    THE CLERK:  Mr. Cohen, if you could get closer to a

16 microphone, please.  Thank you.

17    MR. COHEN:  Yes.  It's from July.

18    MR. BARKELEY:  Mr. Cohen, I'm just asking for

19 anything.  Give me a rule, give me a statute, give me a case

20 that talks about discrete piece.

21    MR. COHEN:  I cited authority -- I cited authority --

22 wait a second.

23    THE COURT:  Well, there's a dramatic difference in

24 terms of the authority.  The Government seems to think, and may

25 be right -- rightly so, that if the -- that if it is able to

1   prove that any portion of that money --

2          MR. COHEN:  Right.

3          THE COURT:  -- is in furtherance of the drug

4   conspiracy, et cetera, it's all forfeitable.  The defendant

5   seems to argue that can -- that that's not so.

6          MR. COHEN:  I did cite authority.  I -- looking at

7   the proposed instructions, it's on page three and four.  United

8   States v. Smith and United States v. Puche, P-U-C-H-E.  And I

9   don't think we're actually in disagreement about this.  Let me

10  show --

11         THE COURT:  Sure sounds like you are.

12         MR. COHEN:  Well, I don't -- maybe it sounds that

13  way.  I don't think that we are.  What I understand the law to

14  be is as follows.

15         THE COURT:  'Kay.

16         MR. COHEN:  Let's say you have a piece of -- you have

17  -- let's talk about land 'cause this is the way it comes up.

18  You have land.  So let's say that some portion of the land is

19  being used for drug production, okay?  Then what the law says

20  is, is that the entire land is forfeitable.

21         THE COURT:  Right.

22         MR. COHEN:  'Kay.  However, if the land is subjected

23  -- is subject to being divided into discrete pieces -- so let's

24  say there's five lots and now there's a portion of lot one

25  that's used for --

1        THE COURT:  Mm-hmm (affirmative).

2        MR. COHEN:  -- drug cultivation, then you can forfeit

3   the rest of lot one, but if the jury finds that lots two

4   through five were all clean, then you're clean.  Similarly --

5   and the Government has cited authority to this effect -- just

6   because there's funds there illicit co-mingled with funds that

7   are legal in an account, it doesn't mean that the entire

8   account can be forfeited.

9        How do we square all these authorities?  The ones

10  that say if a little bit of it is used for drugs, you can

11  forfeit the whole thing, with these cases that talk about

12  discrete pieces?  And I think the way we square it is as

13  follows:

14        If, for example, you've got property and you can

15  divide it up into lots, you can do it that way.  If you've got

16  a bank account and you can clearly trace five thousand dollars

17  that came into the bank account, then this five thousand

18  dollars came in for this purpose --

19        THE COURT:  What if you have a bag of cash in a safe?

20        MR. COHEN:  Well, it depends on whether you can trace

21  it or not.  So -- so I -- I think the Court is completely

22  correct -- I think the Court is correct in doing these

23  instructions as I suggested them, and I just think that there

24  is a -- there is a grammatical -- there is a grammatical issue

25  here as to what the Court put in there.  That's what I was --

1    no, I -- no, I -- I withdraw that.  I was -- that -- the Court

2    put it in the way I proposed it and I think it is correct -- I

3    think it is correct, so I shouldn't have started the whole

4    discussion.

5              THE COURT:  You started this whole mess.

6              MR. COHEN:  I shouldn't have started the whole

7    discussion.

8              THE COURT:  Okay.  Now Mr. Barkeley, your turn.

9              MR. COHEN:  But -- but I think -- I think the Court

10   is correct later on in the instruction saying that the jury can

11   find that either some or all the cash --

12             THE COURT:  I don't know if that's true.

13             MR. COHEN:  -- can be forfeited.

14             THE COURT:  I know that they can find either some or

15   all the guns.  I know that.

16             MR. COHEN:  I think it's some --

17             THE COURT:  But I'm not near as convinced on the

18   cash.

19             MR. COHEN:  Well, I think it's some or all the cash,

20   and the --

21             THE COURT:  I don't -- I -- I wish I could see some

22   authority on that position one way or the other.

23             MR. COHEN:  That --

24             THE COURT:  I see -- I just don't --

25             MR. COHEN:  I don't think the law is, is that if one

1    dollar was there as, you know, for a marijuana sale or purchase
2    and the rest of it was there legitimately, that the entire
3    thing is forfeitable.  That's not the law.  The law is, is that
4    if I can show that the -- that -- that the other -- the
5    balance, other than that one dollar was legitimately deposited
6    and I can show the difference, then the jury can forfeit some
7    and not the rest.  That's the law.  I just -- it's just not --
8    it's not (indiscernible).

9            The other -- on the other hand, if it turns out that
10   I can't show that and -- and -- you know, I can -- you know, I
11   -- there's no way to know which money was illegal and which
12   money was legal, then -- and they're convinced that some of it
13   was illegal, then they can forfeit the entire thing.  I agree
14   with that.

15           THE COURT:  Okay.

16           MR. COHEN:  So I think it's up to them to decide
17   whether I've -- you know, whether the Government has made that
18   showing or whether there's been phrasing appropriately.  I -- I
19   -- I don't know if it's going to be a big deal here 'cause I do
20   think it's an all or nothing argument.  I think the
21   Government's argument it's all or nothing.  Maybe they don't.
22   I don't know.

23           THE COURT:  I think that that's the Government's
24   argument.

25           MR. COHEN:  I think they're saying all or nothing.  I

1   don't think they're saying, you know, a portion of it.

2           THE COURT:  They're saying all or nothing.

3           MR. COHEN:  I think that's --

4           THE COURT:  Of the money, not of the guns.

5           MR. COHEN:  I think that's what they're saying.

6           THE COURT:  What?

7           MR. COHEN:  I think that's what they're saying.

8           THE COURT:  Well, isn't that the law?

9           MR. COHEN:  I don't -- no, no, no, no.  I don't think

10  that's necessarily the law, I'm just saying I don't think it's

11  going to come -- I don't think it's necessarily an issue

12  because I don't think that they're contend -- they -- I don't

13  think that they concede that even one dollar of the thirty-

14  eight thousand is legitimate.

15          THE COURT:  Right.

16          MR. COHEN:  I think their position is every dollar

17  there was related to drug distribution -- drug possession and

18  sales.

19          THE COURT:  'Kay.  All right, Mr. Barkeley.

20          MR. BARKELEY:  Thank you, Your Honor.  There is no

21  support for what counsel is saying.  I'm saying this with all

22  due respect.  I've been the asset forfeiture attorney in our

23  district for eight years now.  I've briefed this very issue

24  about whether a cash hoard can facilitate the possession of

25  drugs last week in a bench trial before Judge Singleton, and I

1  am representing to the Court and to counsel again, as I have
2  maintained steadfastly:

3      First of all, we need to eliminate this confusion,
4  which is obvious by your comments when you're talking about the
5  Government doesn't think anything but all the money is
6  connected to drug -- that's a proceeds argument.  The
7  Government is not proceeding on a proceeds theory, therefore,
8  it's irrelevant.  The co-mingling doesn't matter.  All that
9  matters is that the statute involved -- no one can dispute this
10 -- the statute says property in any manner or part, that means
11 one dollar or the entire portion of the money, can facilitate
12 the drug trafficking.

13     It is the Government's position that the entire cash
14 hoard -- it is not the law, it is com -- it is so not the law
15 to represent that the Government has to trace money into that
16 safe.  That is just absolutely wrong.  The Government doesn't
17 have to do it.  This isn't a proceeds case, that's the only
18 time that applies is proceeds, not facilitating property.
19 Tracing only becomes an issue for the proceeds of money
20 laundering, not for drug trafficking, so that is completely
21 irrelevant.

22     I was correct when I first objected to this discrete
23 piece line because I said it was Eighth Amendment analysis.
24 You then proceeded to prove my point, counsel, by citing cases
25 of real property where that was what those cases are about.

1  Smith is a case about the Eighth Amendment.  It says if you

2  have a dope grow and it's six acres, the Government can forfeit

3  the entire six acres as five -- if five of it was heavily

4  forested and was used to conceal the one acre where the grow

5  was, the entire property facilitated and should be forfeited.

6         On the other hand, some of the forfeiture, five of

7  the acres, can be remitted or mitigated, the Court has the

8  power to do that if it finds under the Eighth Amendment that it

9  would be an excessive fine under all the circumstances.  Either

10 that, or the Court, and in this case the jury, simply has to

11 find that five acres didn't facilitate and one acre did.

12         MR. COHEN:  That's what I'm saying.

13         MR. BARKELEY:  Okay.  And in this case, there is --

14 there is -- there is no law -- the law after Kaffa (ph) was

15 enacted in 2000 was changed deliberately in Criminal Rule 32.2.

16 This jury cannot be told -- they cannot decide the question of

17 how much money to forfeit.  That is not chargeable to the jury.

18 Only -- the only question for the jury is the question of a

19 nexus.  I'm citing Criminal Rule 32.2.  The jury does not

20 decide -- parcel this out, how much money is forfeitable, it's

21 all or nothing on a facilitation theory.

22         THE COURT:  Okay.  Let's go to the second paragraph.

23 The second point the Government must prove is that -- now you

24 can -- is that what?

25         MR. COHEN:  That -- I agree with that.

1          THE COURT:  No, I know, but I'm -- Mr. Barkeley

2     doesn't.

3          MR. BARKELEY:  No, I -- Your Honor, I believe that

4     the paragraphs that begin with the first point and the second

5     point are nothing but confusion, there isn't --

6          THE COURT:  Well, they are confu -- if we modify

7     them.

8          MR. BARKELEY:  They're unnecessary.  The facilitating

9     instruction cites the statute.  What's wrong with the statute?

10    The statute says in any manner or part.

11         THE COURT:  Okay.

12         MR. COHEN:  It depends on how the instruction is.

13         THE COURT:  Well, I may read -- I may make -- I'm

14    looking at -- I'm making changes as you're talking, and I could

15    do this:

16              "In order for you to determine the required nexus,

17              you must find that the subject property was used or

18              intended to be used in any manner or part to commit

19              or facilitate the possession of cocaine with intent

20              to distribute."

21    That's what the Government wants me to do.  But now I get to

22    the second point.  The Government must prove -- the second

23    point the Government must prove is what?  Is that the property

24    was used or intended to be used in any manner or part to commit

25    or facilitate the crime?

1      MR. COHEN:  That's correct.  That's correct.  And

2  perhaps if the Court does it that way, we're going to cover

3  what we're talking about.

4      THE COURT:  Well, I know, but if I strike the

5  language at least a discrete portion --

6      MR. COHEN:  Wait, wait.  In the second part or the

7  first part?

8      THE COURT:  In the second part.

9      MR. COHEN:  Well, no, then -- then I wouldn't agree

10  with it.  The Government --

11      MR. BARKELEY:  The Government's just preserving its

12  objection.  The Government had set out each piece of property

13  so there would be no confusion.  I think the language "each

14  discrete piece of property" -- the jury doesn't even know we're

15  talking about money and four guns.  That was simple.  This, to

16  me, is extremely confusing.  They're not even going to know

17  what a discrete piece of property is.  I don't understand it,

18  certainly, so --

19      MR. COHEN:  Well, it's not -- it's -- that isn't

20  confusing.

21      MR. BARKELEY:  Well, it's going to be --

22      MR. COHEN:  They have -- they have to prove by a

23  preponderance of the evidence that some portion of that that

24  could be identified was used to facilitate the drug

25  transaction.  That's what they have to prove.  Even according

1  to what Mr. Barkeley is saying, that's what he has to prove.

2       THE COURT:  So Mr. Barkeley, your position is that

3  the Government needs to -- must prove that the property was

4  used or intended to be used in any manner or part to commit --

5  to commit or to facilitate the crime.

6       MR. BARKELEY:  Yes.

7       THE COURT:  You have two theories.

8       MR. BARKELEY:  For purposes of -- of simplicity, we

9  don't even need commit.

10      THE COURT:  Well, that's what I'm trying to figure

11  out.  You use it throughout the whole instructions.  Should I

12  strike it every time?  I mean, it's fifteen times in here, and

13  for awhile I went through --

14      MR. BARKELEY:  No.  Striking it would --

15      THE COURT:  -- and I started striking it.

16      MR. BARKELEY:  No.  That's -- that's fine.  I'm not

17  against anything that -- that comes out of a statute or a rule.

18      THE COURT:  It says -- the statute says to commit or

19  facilitate, right?

20      MR. BARKELEY:  Yes.

21      THE COURT:  And you're okay with that lang -- is that

22  the language you want?

23      MR. BARKELEY:  Yes, yes.  It's out of the statute,

24  yes.

25      THE COURT:  Second point the Government must prove is

1    that the property was used or intended to be used in --

2          MR. COHEN:  To commit or to facilitate the commission

3    of --

4          THE COURT:  Well, is that -- the property was used or

5    intended to be used in any manner or part to commit or to

6    facilitate the crime of possession of cocaine with intent to

7    distribute.

8          MR. COHEN:  No, no, no.  To commit or to facilitate

9    the commission of.

10         THE COURT:  Okay.

11         MR. BARKELEY:  No, I think it's just the possession

12   of -- we don't even need the crime.  It's -- charges in count

13   one, it's obviously a crime and he was convicted of it.  It's

14   just to commit or facilitate the possession.  The act is

15   possession, not commission.  It's facilitating the possession.

16         MR. COHEN:  That -- it -- it's -- we're taking it out

17   of the statute, to facilitate the commission -- I'm sorry --

18         THE COURT:  To facilitate the crime, which is

19   possession of cocaine with intent to distribute.

20         MR. COHEN:  Yeah, to commit or to facilitate the

21   commission of count one, which is possession of cocaine with

22   intent to distribute.

23         THE COURT:  That's basically what I'm saying.

24         MR. COHEN:  That's what he said.  All right.  So

25   we're in agreement with the first point.  I'm in agreement with

1    that -- with what the Court did on the first point.

2        MR. BARKELEY:  I'm just preserving my record.

3    Anything saying discrete piece of property or discrete portion,

4    there's absolutely no support for that in the statute or the

5    rule.

6        THE COURT:  And I've already stricken those --

7    stricken them.

8        MR. COHEN:  Well, Your Honor, you didn't strike it

9    for the second point because I think you're correct -- it's

10   correctly there.  It's correctly there.  They have to show

11   that --

12       THE COURT:  Here's my piece of paper.  It's got a big

13   line through it.  That means it's stricken.

14       MR. COHEN:  Well, I'm asking the Court not to strike

15   it.

16       THE COURT:  I understand.

17       MR. COHEN:  I'm asking the Court not to strike 'cause

18   then -- what does it -- how does it read the way the Court has

19   it now?

20       THE COURT:  "The second point the Government must

21           prove is that the property was used or intended to be

22           used in any manner or part to commit or to facilitate

23           the crime of possession of cocaine with intent to

24           distribute as charged in count one of the

25           Indictment."

1    MR. COHEN:  Okay.  And -- and -- and what's the
2  difference between what the second point is and the first
3  point?

4    THE COURT:  Well, I've done the same thing with the
5  first point.

6    MR. COHEN:  Yeah, I don't think that there's -- I
7  think they're both the same, so I think it -- the first point
8  is correct the way the Court revised it.  I think the second
9  point is correct the way it's written without any revision.
10  And if the Court is going to strike that, then you're basically
11  saying the same thing twice, and we don't need to do that.

12    THE COURT:  Hmm.

13    MR. COHEN:  But the reason why I think that's
14  advantageous is so the jury can focus on the fact that there
15  has to be some discrete portion of that cash that --

16    THE COURT:  I just don't -- I wish you could provide
17  me some law that said that.

18    MR. COHEN:  I -- I provide --

19    THE COURT:  You provided me property and -- I'm
20  talking about cash.  Cash is unique.  It's a unique thing
21  that --

22    MR. COHEN:  The Government -- the Government is
23  saying that in some part -- in some manner or part it was used.
24  They have to -- they prove it by a preponderance of the
25  evidence that some part was used.  I'm saying a discrete

1  portion.

2      THE COURT:  Okay.  Let me -- let's move on.  I've got

3  this and I'll sleep on it tonight, but we've got to get --

4  instruction, count one of the Indictment reads, and I just

5  literally typed out count one of the Indictment because someone

6  asked me to, so that it's clear -- because we make reference to

7  it throughout.

8      MR. COHEN:  All right.  Wait a second.  So where are

9  we --

10     THE COURT:  Count one of the Indictment reads.

11     MR. BARKELEY:  No objection.

12     MR. COHEN:  All right.

13     THE COURT:  Then -- then the elements.  I pulled this

14  from the prior trial -- trial.  "The elements of the four

15  counts as set forth in the first trial are as follows," and

16  then we set forth the elements of count one, the elements of

17  count two, the elements of count three, the elements of count

18  four, and we have all the weapons we typed out.  I don't know

19  if you really want all the weapons, but that's the way it was

20  in the first trial.  So should -- with regard to count four,

21  should -- do you want all the weapons or just the ones that are

22  subject to this forfeiture?

23     MR. BARKELEY:  I would suggest just do the ones

24  subject to the forfeiture.  It's a lot of tedious serial

25  numbers for no reason.  They've already been told they've been

1   returned.

2          THE COURT:  Doesn't matter to me.  The --

3          MR. COHEN:  Well, I think -- I think they should be

4   -- they should be given the -- the entire -- that's what the

5   first jury was given and they're being told they were acquitted

6   -- he was acquitted, so I think it should be the whole thing.

7   And that was the way the Court read the Indictment at the

8   beginning of the trial as well.

9          THE COURT:  'Kay.  Okay.  Then, "The forfeiture

10  statute is not limited to property used or intended to be used

11  to actually carry out the offense, nor is it limited to

12  property that is integral and blah, blah, blah.  This is -- now

13  here's the Government's --

14         MR. COHEN:  Well, I don't -- I don't agree with that

15  first -- the first paragraph.  I think -- I agree with this

16  instruction starting with the second paragraph.

17         THE COURT:  'Kay.

18         MR. BARKELEY:  There is -- there is a typo, Your

19  Honor, no matter what the Court decides to do.  The statute is

20  just spelled statue at the very beginning of the first line.

21         MR. COHEN:  Right.

22         THE COURT:  Okay.

23         MR. COHEN:  I think that the first -- the first

24  paragraph, it's like -- it's like it's out of a treatise, it's

25  out of a law review article or whatever.

1        MR. BARKELEY:  It's based on the statute, and the

2  statute and the statute says --

3        MR. COHEN:  But the ques the question is, is -- what

4  this jury needs to decide is what is -- what is facilitating

5  property and what does facilitation mean.  And to be telling

6  them what the forfeiture statute is and is not I think is going

7  beyond what they need to know and is prejudicial to us.

8        MR. BARKELEY:  No.  The Government's position is that

9  because all the instructions deal with just two verbs, Your

10  Honor, commit or intended -- or sorry -- commit or facilitate

11  the commission of.  That we need the language in there about

12  commission.  What we're explaining basically in forfeiture law

13  is that the jury doesn't have to decide that the money was used

14  to commit a possession of cocaine offense, the money can be

15  intend -- can intended to facilitate the possession of it.

16  It's language from The History of Forfeiture, commit meaning

17  it's a --

18        MR. COHEN:  Oh, well, that's -- but that's what we --

19        MR. BARKELEY:  It's an instrumentality of the offense

20  and the jury --

21        MR. COHEN:  That's what we've already --

22        MR. BARKELEY:  -- can decide either one.

23        MR. COHEN:  That's what we've already instructed the

24  jury.  The Court has already said that in the first instruction

25  we talked about, to commit or to facilitate the commission of.

1    The Court has said that.  It's either to commit or to

2    facilitate the commission of.  Now let's get on to what is

3    facilitating the commission of mean?  But to go -- to go ahead

4    and say it's not limited to property, that's it's integral and

5    essential or indispensable to the offense, it covers all -- it

6    -- it -- I think it's prejudicial because it goes beyond what

7    this jury needs to hear.  And I don't -- I'm not sure whether

8    it's a correct statement of the law in any event, that it's not

9    limited to proper use -- or intended to be -- used to actually

10   carry out the offense.

11          I think what -- what this article or this treatise is

12   getting at is there's the second part which is not only

13   commission, but there's facilitation.  That's what it's getting

14   at, and by putting in all this additional language, it's starts

15   to make it sound as if it doesn't matter whether the property

16   has anything to do with -- with the commission or the

17   facilitation of the offense.

18          So why don't we just say it was either the commission

19   of the offense or the facilitation and explain what

20   facilitation is, which the Court goes on to do in the second

21   paragraph of this instruction and then in the next instruction.

22          THE COURT:  How about if we write:

23          "The forfeiture statute is not limited to property

24          used or intended to be used to actually carry out the

25          offense."

1    Strike the next half sentence.

2            "It also covers property that the defendant used or

3            intended to use in any manner or part to facilitate

4            the commission of the offense.  This is what is often

5            called facilitating property."

6    Then we define facilitating property.

7            MR. BARKELEY:  No objection to that.

8            MR. COHEN:  Well, that's better, that's for sure.

9            THE COURT:  Okay.  Then we have -- now Mr. Barkeley,

10   if you look at that paragraph, facilitating property, the very

11   last sentence --

12           MR. BARKELEY:  Yes, Your Honor.

13           THE COURT:  -- says:

14           "If a portion of the property is used in any way to

15           facilitate drug trafficking, then the entire property

16           is forfeitable."

17           MR. BARKELEY:  Yes.

18           THE COURT:  But there's no cite for that.

19           MR. BARKELEY:  The cite is 21 U.S. Code, Section

20   853 --

21           THE COURT:  But there's no -- okay.  So that's --

22           MR. COHEN:  No, but that's -- that's the other side

23   of what I was saying.

24           THE COURT:  I know that.  I've got -- that's why I've

25   got this highlighted and yours highlighted.  I'm looking for

1    one of you to give me authority for that statement.

2              MR. COHEN:  Well, it's --

3              MR. BARKELEY:  -- (a)(2).  I didn't finish my cite.

4    21 U.S. --

5              THE COURT:  Give it to me one more time.

6              MR. BARKELEY:  21 U.S. Code, Section 853(a)(2).  And

7    it's the language in it, Your Honor, that says facilitating

8    property is forfeitable if in any manner or part --

9              MR. COHEN:  (Indiscernible - away from microphone)

10              MR. BARKELEY:  -- it facilitates the crime.

11              MR. COHEN:  Yes, and we've said that over and over

12    again.

13              THE COURT:  Yeah, but I'm looking for a cite for this

14    exact --

15              MR. COHEN:  Nobody's -- nobody's disputing that.

16              THE COURT:  -- sentence.  I was hoping there would be

17    a little --

18              MR. BARKELEY:  Oh.

19              THE COURT:  The exact sentence reads:

20              "If a portion of the property is used in any way to

21              facilitate drug trafficking, then the entire property

22              is forfeitable."

23    And I thought, boy, that solves the problem, what's the

24    authority for that?  And there was no cite.

25              MR. COHEN:  That's because --

1          MR. BARKELEY:  Well, what problem does it solve?

2    What property are we saying is partial -- is partially

3    facilitating but not entirely?

4          THE COURT:  He's talk -- we're talking about the

5    money.

6          MR. BARKELEY:  The entire -- the entire amount of

7    money.  The Government's going to argue the entire amount of

8    money --

9          MR. COHEN:  That's what I'm --

10          MR. BARKELEY:  -- facilitated the drug trafficking.

11          MR. COHEN:  That's what I've been saying the whole

12    time.

13          THE COURT:  I understand.

14          MR. COHEN:  So if the Court is going to make the

15    revisions it already made to the first instruction, let's take

16    out this sentence.  That's the only fair way to do it.  Let the

17    Government make its argument.

18       (Indiscernible - simultaneous speakers)

19          MR. COHEN:  -- said any manner or part like fifteen

20    times.

21          THE COURT:  Okay.

22          MR. BARKELEY:  Yeah.  As long as I can make the

23    argument, then --

24          THE COURT:  Of course you can make the argument.  You

25    can -- argument is just wide open.

1    MR. BARKELEY: Right. Okay.

2    MR. COHEN: So we're taking out that sentence?

3    MR. BARKELEY: Yes, the last sentence.

4    THE COURT: That last sentence.

5    MR. BARKELEY: Last sentence is out.

6    MR. COHEN: All right.

7    THE COURT: Okay. Then we have facilitation occurred

8    -- this is just kind of another shot at what facilitation

9    means.

10    MR. COHEN: I agree with this instruction.

11    THE COURT: Well, this is probably 'cause it's yours,

12    although this language is in the Government's as well.

13    MR. COHEN: No, this is -- the Government cites all

14    this authority as well.

15    THE COURT: Oh, yeah, but the last paragraph is the

16    one that I modified a lot:

17    "The connection between the property and the offense

18    must be substantial. Substantial" --

19    MR. BARKELEY: What -- what -- I'm sorry, Your Honor.

20    THE COURT: "Substantial means significant and not

21    merely an accidental, incidental, or fortuitous

22    connection between the subject property and the

23    offense."

24    No one's given me any other definition of it.

25    MR. COHEN: We're not -- we're not objecting to that.

1    MR. BARKELEY:  Yeah, that's -- that's fine.

2    THE COURT:  I just wrote it.  I'm giving you a chance

3    to object.

4    MR. COHEN:  Well, Your Honor, you're the judge.  If

5    you wrote it, then -- then we should take it -- we should

6    accept it.

7    MR. BARKELEY:  It's fine, Your Honor.  I'm against

8    the second to the last sentence of the first paragraph.  But

9    there's no evidence in this record to support pooling or co-

10   mingling tainted or untainted funds in any account.

11   MR. COHEN:  And wait -- wait a second.

12   MR. BARKELEY:  This is irrelevant.  It's a money

13   laundering --

14   MR. COHEN:  This is -- this is -- this is --

15   MR. BARKELEY:  -- instruction.

16   MR. COHEN:  Hold on for a second.  This is a case

17   that the Government itself cited in its -- in its trial brief

18   and instructions, and -- and I cited it --

19   MR. BARKELEY:  We revise them all the time, counsel.

20   It's a -- it's a --

21   (Indiscernible - simultaneous speakers)

22   MR. COHEN:  -- Government does it, I'm just saying --

23   THE COURT:  Okay.  Wait, wait, wait.  I'm going to

24   leave the -- I'm going to do what I did.  I think I'm going to

25   leave that language in so Mr. Cohen can argue what he wants.

1    I'm going to put the last paragraph in so Mr. Barkeley can

2    argue what he wants.  You know, substantial I think -- at least

3    we've got some definition of what substantial is.  That's close

4    enough.  Okay.  Let's keep going.

5          MR. BARKELEY:  Okay.

6                        (Pause)

7    The language of "in any manner or part" again, Your Honor, is

8    missing from this --

9          MR. COHEN:  It says it right --

10         MR. BARKELEY:  Oh, I see it in the second sentence.

11         MR. COHEN:  It's right there.

12         MR. BARKELEY:  Yeah.  It's not in the first.

13         MR. COHEN:  It don't have to be in every sentence.  I

14   mean, if they don't -- if they don't understand it's in any

15   manner or part after these instructions, they're brain dead.

16         MR. BARKELEY:  I just hadn't finished reading,

17   counsel.  I'm sorry, I'm tired.

18                        (Pause)

19         THE COURT:  Okay.  So where are we now?  Let's all

20   look at the same page.  What's the one everybody's reading?

21         MR. BARKELEY:  With the thirty-eight thousand eight

22   hundred forty-eight in the first line.

23         THE COURT:  Okay.

24         MR. COHEN:  I'm sorry.  Where are we (indiscernible)?

25         THE COURT:  It reads:

1    "The Government alleges that thirty-eight thousand

2    eight forty eight [$38,848] in United States currency

3    and four firearms were used or intended to be used to

4    commit or to facilitate the commission of the crime

5    of possession of cocaine with intent to distribute it

6    as charged in count one of the Indictment.  Your task

7    is to determine whether the Government has

8    established by a preponderance of the evidence that

9    the thirty-eight thousand eight forty-eight in United

10    States currency and the four firearms were used or

11    intended to be used in any manner or part to commit

12    or to facilitate the commission of these offenses."

13    MR. COHEN:  I guess -- I guess this offense --

14    MR. BARKELEY:  Except we just -- this -- this offense

15    or that offense.

16    THE COURT:  Commit --

17    MR. COHEN:  That offense.

18    THE COURT:  That offense?

19    MR. BARKELEY:  Count one.

20    MR. COHEN:  Right.

21    THE COURT:  Okay.  Okay.  Here's where we get back --

22    as to each of the four guns and as to the (indiscernible) that

23    you must -- I think what I have to do is do some modifications.

24    As to each of the four guns --

25    MR. BARKELEY:  You must determine whether they are

NoDak Rose Transcripts
721 North 19th Street
Bismarck, North Dakota  58501-4721
(701) 255-1054

1  subject to forfeiture.

2          THE COURT:  -- it is permissible to find that one or
3  more guns are subject to forfeiture and one or more are not.

4          MR. BARKELEY:  Mm-hmm (affirmative).  Mm-hmm
5  (affirmative).

6          THE COURT:  It is also permissible to find that some
7  -- well, I don't know about that last sentence.

8          MR. BARKELEY:  Yeah.  I don't -- I don't think that's
9  correct.

10          MR. COHEN:  Well, I -- I think it is and I actually
11  think it helps the Government 'cause they -- they can sit there
12  and write down thirty-six thousand five hundred.

13          MR. BARKELEY:  Well, I just don't think --

14          MR. COHEN:  I -- I don't think the Government really
15  wants to argue all or nothing, 'cause they're --

16          MR. BARKELEY:  Well, yes, I do.  Yes, and that's all
17  we're arguing.  Yes, I do.  I want to argue it, and Your Honor,
18  I submit there is no evidence in this record, not at this
19  juncture, that some of the money is subject to forfeiture and
20  some of it's not.  It's either all or nothing.  There's no --
21  there's no co-mingling evidence yet.

22          MR. COHEN:  Well --

23          MR. BARKELEY:  As soon as somebody -- soon as
24  somebody takes that witness stand and says they put some
25  legitimate funds in that -- in that safe, then we've got a game

1  on.

2          MR. COHEN:  Nobody said that there was illegitimate

3  funds in that -- they put illegitimate funds in that safe.

4          MR. BARKELEY:  That's right, but no -- then why are

5  we having an instruction about some of the cash is subject to

6  forfeiture and some of it's not?

7          MR. COHEN:  I mean, there's no evidence -- there's

8  going to be no evidence in this trial that any -- not one

9  dollar was put in that safe for any reason.  That's not from

10  the Government's side or our side.  It's just circumstantial

11  evidence.

12          MR. BARKELEY:  So the jury just decides it on a whim

13  then with no testimony?  They just say, oh, ten thousand sounds

14  good?  There's no evidence to say anything about all or

15  nothing, is what I'm saying.  There's limited testimony about

16  thirty-eight thousand eight hundred forty-eight dollars and its

17  physical proximity to this other evidence, and the Government

18  is arguing all or nothing.

19          THE COURT:  Okay.  I'm ready to move on.

20          MR. COHEN:  Just -- we want the record to be clear

21  that we -- we'd like that sentence if you're going to take it

22  out.

23          THE COURT:  Yeah, I'll probably take it out, but I

24  want to make sure that you understand that if I rule against

25  you, you've made your record, okay?

1    MR. COHEN:  That's what I was just saying.

2    THE COURT:  Yeah.  'Cause I'm ruling for the

3 Government and I'm ruling for the defendant, I'm ruling against

4 the Government and I'm ruling against the defendant, and I

5 understand when I rule against either one of you, you don't

6 like it, and you want to reserve the record -- preserve the

7 record.  Okay.  But someone's got to make a decision.  We could

8 go until midnight --

9    MR. BARKELEY:  Yes.

10    THE COURT:  -- if our goal is to get you all to

11 agree, which we're -- we could go forever.

12    MR. BARKELEY:  And we're grateful for your help, Your

13 Honor.

14    THE COURT:  Okay.  Next page.

15    MR. BARKELEY:  Your Honor, just a typo.  Whatever you

16 decide to do with that other instruction, if you keep the word

17 discrete --

18    THE COURT:  Here's what I've got:

19    "As to each of the four guns, it is permissible to

20    find that one or more guns are subject to forfeiture

21    and one or more are not."

22 Period.  And that's all I have on that page.

23    MR. BARKELEY:  Okay.

24    THE COURT:  Next page.

25    MR. COHEN:  I mean, just to be clear on the record

1    that we were just talking about, I'm -- I'm saying that there's

2    going to be circumstantial evidence from each side on this

3    issue.  We think that we have circumstantial evidence that

4    shows that money was all legitimate --

5            THE COURT:  It may be.  We'll --

6            MR. COHEN:  -- or some -- or --

7            THE COURT:  -- just see -- as -- as the case

8    develops, you know, I -- I have to hear more testimony

9    tomorrow, I haven't heard your expert.  You know, who knows

10   what's going to -- I'm just -- we're working at this as things

11   stand now.

12           MR. BARKELEY:  Yes.  Your Honor, for five seconds,

13   the Government's closing is going to be you can prove every

14   dollar of that was legitimately earned and it doesn't matter

15   because legitimately earned money can facilitate.  That's the

16   whole point.  Legitimately earned money can facilitate.  So

17   even if you were able to prove every dollar came -- came out of

18   the business, we're saying but you don't take business money

19   and put it in the safe with the cocaine and the guns --

20           MR. COHEN:  Well, we're -- we're --

21           MR. BARKELEY:  -- and sell from that location without

22   facilitating the drug trafficking.  That's the argument.

23           MR. COHEN:  That's not what we're -- that's not what

24   we're talking about.  We're saying -- that's not what we're

25   talking about.  We're saying that the money was there for

1    business purposes.  It was -- it was facilitating the business,
2    it wasn't facilitating drugs.
3              THE COURT:  Okay, great.  I -- I --
4              MR. COHEN:  You're saying it was facilitating drugs,
5    we're saying there's circumstantial evidence that all of it was
6    facilitating the business, but at least there's a lot of
7    circumstantial evidence that some of it was -- some or most of
8    it was facilitating the business, and I think that the -- you
9    know, the jury right now could take a look at it and say, you
10   know, we have this evidence that there was an ounce sold or
11   whatever, maybe -- maybe some of the money there, you know,
12   came from an ounce, maybe the rest of it was from the business.
13   They're going to see a lot of money coming out of the business.
14   I think they should be -- this is a jury trial.  They should be
15   given the opportunity to make a determination, you know, of
16   whether there's a portion of that that -- that should be
17   forfeited.
18              And like I say, I don't think that -- I think there
19   is support if they can discretely -- find a discrete part or
20   settle on a discrete part that they can agree, you know, goes
21   one way or the other, but that's -- that's my record.
22   That's --
23              THE COURT:  Okay.  Let me put a big asterisk on that
24   and I'll sleep on that, too, okay?  Next page.
25              MR. COHEN:  I instruct you that?