1    THE COURT: Mm-hmm (affirmative).
2    MR. COHEN: Yeah, I didn't have any problem with
3 that.
4                    (Pause)
5    MR. BARKELEY: Mm-hmm (affirmative). (Indiscernible
6 -- voice too low)
7    THE COURT: 'Kay. Next page.
8    MR. COHEN: I had no problem with that.
9    THE COURT: It's the Government's instruction.
10                   (Pause)
11   MR. BARKELEY: Well, you can see it's an all or
12 nothing instruction. I mean, it doesn't say some of the thirty
13 -- it's an all or nothing.
14   THE COURT: Okay. Next --
15   MR. COHEN: Well, that's -- that's -- sure, that's a
16 good point, so I do have a problem.
17   MR. BARKELEY: Okay. But I mean that was --
18   MR. COHEN: That's -- that's -- that's a fair point
19 by Mr. Barkeley. I do -- I do have a problem with
20 (indiscernible) because it should -- all of it should be
21 consistent. Some or all of the thirty-eight thousand, and I --
22 and I notice that the proposed verdict --
23   MR. BARKELEY: Correct. It's all or nothing.
24   MR. COHEN: -- forms were not consistent with that
25 other language that we just talked about, the some or all.

```
 1        THE COURT:  Well, we'll see.  We haven't got to them
 2   yet.
 3        MR. COHEN:  Right.  But the Court agreed with me
 4   earlier, so hopefully --
 5        THE COURT:  I know, but it doesn't mean I do now.
 6        MR. COHEN:  Yeah.
 7        THE COURT:  Okay.  Let's turn the page.
 8        MR. COHEN:  All right.
 9        THE COURT:  Now we're getting into the standard
10   stuff.
11        MR. BARKELEY:  Mm-hmm (affirmative).
12        THE COURT:  All this is standard.
13        MR. COHEN:  Right.  You know --
14        THE COURT:  Let's get to the verdict forms.
15        MR. COHEN:  Let me just -- let me just -- I guess
16   that we don't -- that I do object to that -- that instruction
17   that says what happens to any property that's declared
18   forfeited is exclusively a matter for the Court to decide.  I
19   think that entire instruction is superfluous and we should take
20   it out because --
21        THE COURT:  Okay.
22        MR. COHEN:  -- in light of the fact that we're also
23   giving the instruction the punishment provided by law is for
24   the Court to decide.
25        THE COURT:  That is kind of -- those both are -- kind
```

```
 1  of say the same thing.
 2          MR. BARKELEY:  It's in Criminal Rule 32.2, Your
 3  Honor.
 4          MR. COHEN:  I think it's superfluous and -- and --
 5  and I -- and now -- I've come full circle.  I do object to that
 6  instruction.
 7          THE COURT:  Okay.  Well, see how --
 8          MR. COHEN:  Yeah.
 9          THE COURT:  See why it's hard for me to keep up with
10  you?
11          MR. COHEN:  Right.
12          MR. BARKELEY:  Well, Your Honor, the Government --
13  you know, the language about any -- claims any other persons
14  have, that's to cover the fact that we have ancillary
15  proceedings in the law to take care of third-party claims.
16  This is -- this is --
17          MR. COHEN:  Well, that's not -- that's not their
18  concern.  They're just supposed to decide --
19          MR. BARKELEY:  That's right.
20          THE COURT:  But it seems like --
21          MR. BARKELEY:  They're to be told that, that that's
22  not their concern.
23          MR. COHEN:  Well, why -- there -- there's no way that
24  that would be their concern.  They're to decide based upon
25  (indiscernible - simultaneous speakers) --
```

1        MR. BARKELEY:  The judge has to tell them that.
2        MR. COHEN:  -- forfeitable or not.
3        MR. BARKELEY:  Good.  Since that shouldn't be their
4   concern, then it sounds like you agree.
5        THE COURT:  I'm putting a big question mark by that
6   one, the one beginning "I further instruct you that what
7   happens to the property."  Okay, I'll think about that 'cause I
8   looked at that --
9        MR. COHEN:  Right.  It just seems like it's
10  gratuitous.
11       THE COURT:  -- 'cause I -- I do -- I do know that
12  it's a little more detailed than the traditional one about
13  punishment is not to be considered.
14       MR. COHEN:  Which I don't have any objection to.
15       THE COURT:  I understand.
16       MR. COHEN:  That's the one I think the Court
17  should --
18       MR. BARKELEY:  Your Honor, it's comparable.  If you
19  think of it as comparable to exactly what the Court tells the
20  jury about the punishment for the defendant, that's -- that's
21  the principle behind this.
22       THE COURT:  Right.
23       MR. BARKELEY:  They're not to think about what -- if
24  somebody doesn't like the fact that it goes into a coffer of
25  some federal fund to chase drug dealers, then maybe they'll

1  decide on forfeiture -- see, it's just attempting to focus on
2  what they're supposed to worry about and what they're not
3  supposed to worry about.
4        THE COURT:  So let's get to the verdict form --
5  forms.  Well, I have a defendant in a criminal case has a
6  constitutional right not to testify.  I'll -- if he testifies,
7  obviously, I'll pull that, you know --
8        MR. COHEN:  He's not testifying, Your Honor.
9        THE COURT:  He's not?
10       MR. COHEN:  No.
11       THE COURT:  Okay.  Well, then I'll leave that.  Okay.
12  Special verdict form.  Counts --
13       MR. COHEN:  Is that (indiscernible - simultaneous
14  speakers) --
15       MR. BARKELEY:  Your Honor, before --
16       MR. COHEN:  -- is that fourth -- oh, I forgot.
17       MR. BARKELEY:  Before we get there, the one after --
18  the one after the defendant presumed to be innocent and not
19  testify, the one after that, I'm just asking whether we need it
20  at all.  It looks to be strictly criminal, looks to be strictly
21  dealing with criminal offenses and a jury that's deciding the
22  defendant's fate on criminal counts only.
23       MR. COHEN:  Well, the Court already gave this
24  instruction at the beginning of the case as -- as one of the --
25       THE COURT:  Which one -- give me the first line of

1    the instruction.
2         MR. BARKELEY: "You are instructed that each count of
3    the Indictment charges a separate and distinct
4    offense."
5         MR. COHEN: Oh, oh, oh, oh. That -- that -- that
6    one.
7         MR. BARKELEY: "You must decide each count separately
8    and the law applicable to that count uninfluenced by
9    your decision as to any other count. You may acquit
10   or convict. The defendant's guilt or innocence
11   shouldn't affect your verdict."
12        THE COURT: Okay. So that one --
13        MR. BARKELEY: I just think it has nothing to do with
14   the forfeiture at this point.
15        MR. COHEN: Wait. I -- which --
16        THE COURT: "You are instructed that each count of
17   the Indictment charges a separate offense. You much
18   decide count separate on the" --
19   Yeah, that's kind of -- we're only dealing with forfeiture.
20        MR. COHEN: I'm not seeing that instruction in my
21   packet.
22        THE COURT: Yeah, it's there.
23        MR. COHEN: It's a standard -- I know it's in the
24   instructions, it's a standard instruction, but I --
25        THE COURT: But let me -- no, I want you to find it.

1  Where are you?  What one are you reading so I can direct you?
2         MR. COHEN:  I -- I'm reading "On the day you reach
3  your verdict."
4         THE COURT:  Okay.  You've passed it.  Come back --
5         MR. BARKELEY:  It's two past the big one that you
6  objected to -- your last long instruction that you objected to
7  with the all or money nothing in it -- all or nothing money
8  theory in it.  It's two past that.  First is the presumption of
9  innocence and the defendant's lack of obligation to testify.
10         MR. COHEN:  All right.
11         MR. BARKELEY:  And then it's the next one.
12         THE COURT:  You know, I -- I realize now we're
13  keeping some people -- I hope you guys get double time.  Do
14  you?  If you don't, I'll put in a good word for you.
15         MR. COHEN:  All right.
16         UNIDENTIFIED SPEAKER:  We're good, Judge.
17         THE COURT:  All right.  I hate -- but we've got to
18  get this done and we're just about done.  You get double time,
19  right, or triple?  Okay.
20         MR. COHEN:  Why don't we just -- why don't we end
21  this one at the end of the second sentence and take the last
22  two sentences out?  Would that -- would that work?
23         MR. BARKELEY:  I guess.  I just -- there -- there are
24  no -- there are no offenses for the jury to deliberate about,
25  so --

Case 4:05-cr-00042-RRB    Document 346-53    Filed 07/25/2008    Page 8 of 17

2-356

```
 1          MR. COHEN:  Well, there's two counts that they're
 2   deciding on.
 3          THE COURT:  I think taking out the last two sentences
 4   is obviously appropriate.  First two sentences are kind of --
 5   doesn't matter either way.
 6          MR. BARKELEY:  Well, the intent is to get them to
 7   consider the counts separately which is a fair point --
 8          THE COURT:  Yeah.
 9          MR. BARKELEY:  -- you know.  Then I think it should
10   just say you're instructed that counts six and seven of the
11   Indictment charge separate and distinct forfeiture --
12          MR. COHEN:  Well --
13          MR. BARKELEY:  -- and you must decide each -- you
14   could just say you must decide each forfeiture count separately
15   on the evidence and the law applicable to that count.
16          THE COURT:  Yeah, but you're only perceive -- oh,
17   yeah, okay.  That's true.  That's -- you're instructed that
18   counts six and seven of the Indictment charge -- charges --
19   charge separate and distinct -- a separate and distinct
20   offense.  You must decide each count separately on the evidence
21   and the law.  Okay, that's -- that's true.  Okay, next?
22          MR. COHEN:  All right.  So -- so we're going to the
23   special verdict, right?
24          THE COURT:  I want to look at the verdict forms.
25          MR. COHEN:  That's the one that I've got problems
```

NoDak Rose Transcripts
721 North 19th Street
Bismarck, North Dakota 58501-4721
(701) 255-1054

1  with.

2         THE COURT: Number six?

3         MR. COHEN: Right.

4         THE COURT: Now I've noticed -- yeah. I did -- I
5  changed the language here. I put substantial manner in there.
6  I think that's a better way of saying it than the way --

7         MR. COHEN: Well, but -- but -- but what I'm saying
8  is -- is -- what I was arguing earlier and I think is correct
9  is that what they're trying -- what they're deciding for count
10 six is what it forfeitable.

11        THE COURT: Yeah.

12        MR. COHEN: And it wasn't forfeitable. So it's
13 talking about wasn't using any manner or part or whatever is
14 the only -- is take one of the instructions, highlighting it
15 again, a favorable Government instruction, and putting it in
16 the verdict form. That's prejudicial to us. It's their
17 verdict. It's yea or nay.

18        THE COURT: Huh.

19        MR. COHEN: Is it forfeitable or is it not, yes or
20 no.

21        THE COURT: I would think it would be just as
22 prejudicial to the Government 'cause it illustrates that in
23 order to forfeit it, they have to find the substantial manner
24 or part -- I mean, it illustrates what they have to do before
25 they forfeit.

1    MR. COHEN: Well, a verdict form should be guilty or
2 not guilty, forfeitable or not forfeitable. There shouldn't be
3 any --
4    THE COURT: So how would you write it?
5    MR. COHEN: I would say --
6    MR. BARKELEY: Should the thirty-eight thousand be
7 (indiscernible) --
8    MR. COHEN: Well, I -- if the Court were to rule in
9 my favor --
10    THE COURT: Yes.
11    MR. COHEN: -- on any portion of it, I would say is
12 the -- is the thirty-eight thousand eight forty-eight or any
13 portion forfeitable, yes or no. If so, how much?
14    THE COURT: That means I have to rule for you on the
15 other issues.
16    MR. COHEN: No, you don't have to rule for me -- if
17 you rule against me on the issue of any portion, right?
18    THE COURT: Yeah.
19    MR. COHEN: Then I -- then I would suggest this --
20    THE COURT: Okay.
21    MR. COHEN: -- as long as my record is clear that
22 you're ruling against me, I would suggest this --
23    THE COURT: You're -- you're clear --
24    MR. COHEN: -- was the thirty-eight thousand -- or is
25 the thirty-eight thousand dollars -- thirty-eight eight forty-

1  eight in United States currency forfeitable -- or should the
2  thirty-eight thousand eight forty-eight in United States
3  currency be forfeited, yes or no?
4            THE COURT:  Mr. Barkeley, what do you think?
5            MR. BARKELEY:  Well, I'm against the one as it is
6  right now because, again, I just rely on the statute, and the
7  word substantial was not in the statute.  The Government has to
8  prove any manner or part, not any substantial manner or part.
9  The substantial language goes to the connection, not to the
10 manner or part.  The Government's view of that manner or part
11 language is that it's so broad that if a dollar out of the
12 thirty-nine thousand facilitated the drug transaction, the
13 entire amount of money is forfeitable, and that's what the
14 statute says.
15           MR. COHEN:  That's what -- that's what we're
16 disagreeing on.
17           MR. BARKELEY:  Any manner or part.
18           MR. COHEN:  The Court doesn't have to get into that
19 disagreement -- that particular disagreement.
20           MR. BARKELEY:  Which is why I agree with you that I
21 think it should be a -- you know, an up or down decision then.
22 Fine.
23           THE COURT:  Okay.  Should the thirty-eight thousand
24 eight forty-eight in United States currency be forfeited,
25 period.  Yes or no?

| | |
|---|---|
| 1 | MR. BARKELEY: Yes. |
| 2 | THE COURT: 'Kay. |
| 3 | MR. COHEN: Well, wait. Just so the record's clear, |
| 4 | that's -- that's if the Court ultimately dis -- |
| 5 | THE COURT: That's if I, after sleeping on it, don't |
| 6 | add your two -- little language -- |
| 7 | MR. COHEN: After sleeping on it and listening to all |
| 8 | the evidence and -- and -- |
| 9 | THE COURT: Right. |
| 10 | MR. COHEN: Yeah. |
| 11 | THE COURT: Well, we've got to get something down |
| 12 | here. |
| 13 | MR. COHEN: We do. |
| 14 | THE COURT: Okay. |
| 15 | MR. COHEN: All right. |
| 16 | THE COURT: Next one. |
| 17 | MR. COHEN: And similarly for the guns, should -- |
| 18 | should the Ingram Model 10A1, what -- however it's defined, be |
| 19 | forfeited, yes or no? |
| 20 | MR. BARKELEY: Yes, yes. No objection. |
| 21 | UNIDENTIFIED SPEAKER: (Indiscernible - away from |
| 22 | microphone) |
| 23 | MR. BARKELEY: Yeah, because we have to assume |
| 24 | they're going to follow the instructions in saying yes or no, |
| 25 | so all that other stuff is in the instructions. |

1  THE COURT: Yeah, I like it, I like it, I like
2  simplicity.
3  MR. COHEN: It's a verdict form.
4  THE COURT: Should the Ingram Model 10A1, forty-five
5  machine gun and the silencer and suppressor be forfeited, yes
6  or no?
7  MR. COHEN: Is this (indiscernible)?
8  MR. BARKELEY: Yes.
9  MR. COHEN: Oh, this is the aught six.
10  THE COURT: And then we go to should the --
11  MR. BARKELEY: Remington Woodsmaster --
12  THE COURT: Be forfeited.
13  MR. BARKELEY: Yes.
14  THE COURT: Then we do the same with that remaining
15  one, right?
16  MR. BARKELEY: Yes. Mm-hmm (affirmative).
17  THE COURT: Okay. Counsel, if you could be here at
18  8:15 tomorrow morning, I'll try to have these drafted up for
19  you. Thank you all very much. Anything else you want to talk
20  about before we walk out of here?
21  MR. BARKELEY: Thank you, Your Honor.
22  THE COURT: We've got the first witness at 8:30
23  sharp.
24  MR. COHEN: I mean, if the Government is going to be
25  paying the Marshals double time, we should get the full hour

```
 1  until six o'clock, don't you think?
 2          THE COURT:  Well, I don't know.  Okay.
 3          MR. COHEN:  I mean, it's a tax credit.
 4          THE COURT:  Yeah.  All right.  Thank you all.
 5          MR. BARKELEY:  Thank you, Your Honor.
 6          THE CLERK:  This matter stands in recess until 8:15
 7  tomorrow.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

2-i

## INDEX

|  | Direct | Cross | Redirect | Recross | Further Redirect |
|---|---|---|---|---|---|
| **WITNESSES FOR THE PLAINTIFF:** | | | | | |
| Eugene Johnson (reading testimony) | 2-32 | 2-40 | | | |
| Eric Cohoon (reading testimony) | 2-97 | 2-126 | | | |
| Eric Cohoon | 2-143 | | | | |
| **WITNESSES FOR THE DEFENDANT:** | | | | | |
| David Dahl | 2-165 | 2-171 | 2-182 | | |
| Ryan Schultz | 2-184 | 2-189 | 2-193 | | |
| Lee Sumpter | 2-195 | 2-203 | | | |
| Steven Alt | 2-210 | 2-219 | | | |
| Michael Stark | 2-237 | 2-246 | 2-250 | 2-251 | |
| Joseph Castle | 2-254 | 2-258 | 2-263 | 2-164 | 2-269 |
| Guy Christopher Mannino | 2-271 | 2-280 | 2-286 | 2-289 | 2-290 |
| Kenji Badger | 2-293 | 2-298 | 2-302 | 2-308 | |

EXHIBITS:                                              Marked      Received

PLAINTIFF:

| | | Marked | Received |
|---|---|---|---|
| 20 | MAC-10 (previously admitted) | | 2-107 |
| 21 | Silencer (previously admitted | | 2-107 |

NoDak Rose Transcripts
721 North 19th Street
Bismarck, North Dakota 58502-1752
(701) 255-1054

```
 1                              INDEX

 2    EXHIBITS:                                  Marked      Received

 3    PLAINTIFF:

 4    22   Remington .30-06 (previously admitted)            2-110
 5    23   Mossberg 500A (previously admitted)              2-112
      24   Colt Sporter (previously admitted)               2-113
 6    28   ATF transfer form (previously admitted)          2-117
      29   ATF transfer form (previously admitted)          2-118
 7    30   Photograph                                        2-145
      31   Photograph                                        2-145
 8    32   Stipulation                     2-140/2-146       2-147

 9    DEFENDANT:

10
      A    Photograph                         2-170         2-171
11    B    Photograph                         2-170         2-171
      C    Photograph                         2-185         2-199
12    E    Photograph                         2-200         2-296
      F    Photograph                         2-200         2-296
13    H    Photograph                         2-200         2-296
      Q    Photograph                         2-200         2-296
14    S    Photograph                         2-212         2-214
      T    Photograph                         2-212
15    U    Photograph                         2-212         2-214
      V    Photograph                         2-212         2-214
16    W    Photograph                         2-212
      X    Photograph                         2-212
17    Y    Photograph                                       2-242
      Z    Photograph                                       2-242
18    AA   Photograph                                       2-242
      BB   Photograph                                       2-256
19    CC   Photograph                                       2-256

20

21

22

23

24

25
```

# CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_D. Kathleen Stegmiller_  
Signature of Approved Transcriber

_October 12, 2007_  
Date

D. KATHLEEN STEGMILLER  
Typed or Printed Name