1  think, even seen surprise on the jurors' faces when following

2  the instruction that the Government has to prove everything by

3  a preponderance, there's a beyond a reasonable doubt

4  instruction, but I intend to cure that if I may --

5        THE COURT:  What are you talking about?

6        MR. BARKELEY:  I'm talking about --

7        THE COURT:  Did I make -- I mean, I can change it if

8  I made a mistake.

9        MR. BARKELEY:  No, I thought you intended to do it

10  because the point of it I thought during our previous

11  discussions was to charge the jury along with those elements as

12  it had been charged --

13        THE COURT:  Oh, yeah, I did intend to do that.

14        MR. BARKELEY:  Yeah, okay.  But --

15        THE COURT:  I -- I -- you're talking about the one I

16  just read the elements in the first trial?

17        MR. COHEN:  No, no.  I think what he's talking about

18  -- and I -- I hadn't noticed this, and I'm not sure if it was

19  there yesterday --

20        MR. BARKELEY:  It was.  I -- I said it yesterday,

21  too, but I just think --

22        THE COURT:  Just tell me where it is, I'll make the

23  change.

24        MR. BARKELEY:  Okay.  At page thirty-two, this

25  instruction, Your Honor, comes on the heels of page thirty-one

1    which tells them that the standard is a preponderance of the

2    evidence.

3         THE COURT:  Yeah.

4         MR. BARKELEY:  And then in thirty-two, I think a

5    reasonable juror could get confused by seeing the --

6         THE COURT:  Well, I'll just change it.

7         MR. COHEN:  Yeah.  I -- I think that's right.  I

8    think that the instruction is fine, it's just that the

9    Government has the burden of proving the two forfeit counts by

10   a preponderance of the evidence.

11        THE COURT:  Yeah.  But I'm looking at thirty-two and

12   it says "The Government has the burden of proving every element

13   of the charge" -- instead of saying beyond a reasonable doubt,

14   it should be preponderance of the evidence.

15        MR. COHEN:  Right.  So I think that that's -- that is

16   important.

17        MR. BARKELEY:  Well, but it's not -- it's not a

18   crime --

19        MR. COHEN:  It's import --

20        MR. BARKELEY:  -- and there is no charge.

21        THE COURT:  Well, wait a second.  What are we talking

22   about?  Tell me what what we're talking about.

23        MR. COHEN:  The Government has the burden of proving

24   the two forfeiture counts by a preponderance of the evidence,

25   that's all.

1    MR. BARKELEY: Your Honor, the Government's request

2  is that this instruction be stricken in its entirety because of

3  page thirty-one.  Page thirty-one specifically instructs the

4  jury of the same thing, the Government is to prove the elements

5  of those two counts, they're not criminal charges, they're

6  referred to as the forfeiture counts, six and seven, by a

7  preponderance.  This is obviously from a criminal case --

8    THE COURT: Right.

9    MR. BARKELEY: -- where -- where -- where the jury is

10  debating the defendant's guilt.

11    THE COURT: Okay.  So I just pull this instruction

12  out.

13    MR. BARKELEY: Yes.

14    MR. COHEN: Well, Your Honor, (indiscernible -

15  simultaneous speakers) --

16    MR. BARKELEY: There's no need for it.

17    MR. COHEN: Well, no.  The parts of it we need are

18  the Indictment is not evidence.  That's still --

19    THE COURT: That's true.

20    MR. COHEN: -- that's still true.  The defendant

21  pleaded not guilty to the charge, that's true.

22    THE COURT: That's true.

23    MR. COHEN: 'Kay.  Yeah, he's presumed to be innocent

24  and does not have to testify or present any evidence to prove

25  it.

1            THE COURT:  Okay.  That's true.

2            MR. COHEN:  Okay.  The only thing that's not true is

3  the last sentence.

4            MR. BARKELEY:  Well, then delete the last sentence

5  because the -- page thirty-one gives the burden.

6            THE COURT:  Okay.

7            MR. COHEN:  Yeah, I would -- I would either delete it

8  or -- or say that --

9            THE COURT:  I'll just delete the last sentence.

10           MR. COHEN:  Yeah.  That's fine.

11           THE COURT:  No problem.

12           MR. BARKELEY:  Thank you, Your Honor.

13           THE COURT:  I don't think -- think I need to

14  highlight it to them.  How many of them do you think paid

15  attention to that?

16           MR. COHEN:  I -- I don't know whether anybody noticed

17  it or not.  I noticed it and --

18           THE COURT:  It's at thirty-two.  I can read --

19           MR. BARKELEY:  So did I, but I think lawyers have a

20  heightened sensitivity to it.

21           THE COURT:  I know, but I can read it to them

22  tomorrow if you want.  I think it's probably not necessary.

23           MR. COHEN:  I -- I think both sides are going to

24  argue preponderance of the evidence in their -- in their

25  closing.

1          THE COURT:  Sure.  It's the standard.

2          MR. COHEN:  Your Honor, the only other point I have

3   is, is that --

4          THE COURT:  So, should I just make the change on

5   thirty-two and not highlight it to the jury at all, just give

6   it to the packet and you people argue as you wish.

7          MR. COHEN:  That's fine.

8          MR. BARKELEY:  Yes, I believe so, Your Honor.  I

9   think it might unduly emphasize --

10          THE COURT:  I agree, I agree.

11          MR. COHEN:  That -- that's fine.

12          MR. BARKELEY:  -- you know, if you highlight it.

13          THE COURT:  I just want to make sure everybody's in

14   agreement.

15          MR. BARKELEY:  So, yeah, just take it out and we'll

16   only argue preponderance.

17          THE COURT:  Right, okay.

18          MR. COHEN:  That's fine.  The only other point I was

19   going to make, Your Honor, is that when the Court mentioned to

20   the jury, well, you know, we might keep -- bring you back here

21   on Saturday, I'm a little bit concerned because if I'm a juror

22   and --

23          THE COURT:  Well, they -- they do come -- that's --

24   that's not unusual.  They -- sometimes they deliberate --

25   sometimes they're actually put in -- what do you call it?

1     MR. BARKELEY:  Sequestration?

2     THE COURT:  Yeah, sometimes they're sequestered.

3     MR. COHEN:  I understand.  I'm saying that -- that my

4  request would be that the jury be given the opportunity --

5     THE COURT:  Oh, yeah, I'll give them that

6  opportunity.

7     MR. COHEN:  -- that the jury be told when they come

8  back tomorrow, listen, you guys have a choice of coming back on

9  Saturday if you want or coming back on Monday so they don't

10  feel like they have to --

11     THE COURT:  But they have to tell us -- yeah.

12     MR. COHEN:  -- so they don't feel -- just like --

13  just like they don't feel, you know, we better reach a verdict

14  by Friday afternoon or our weekend is shot.

15     THE COURT:  Okay.  Well, I don't know how they think,

16  but if you want, I can -- I can pose that to them in that

17  fashion.  I'll just tell them, you know, you can deliberate all

18  day today, you have the option of deliberating Saturday if you

19  choose, otherwise you can come back Monday morning.

20     MR. COHEN:  Yeah, that'll be great.  If you could

21  tell -- you could tell them that when they come in tomorrow.

22     THE COURT:  I'll just tell them that tomorrow

23  morning.

24     MR. COHEN:  Yeah, that's fine.

25     MR. BARKELEY:  Very well.

3-314

1          MR. COHEN:  That's fine.

2          THE COURT:  But I'll want to know what their decision

3  in that regard is by -- by early in the afternoon so people can

4  make arrangements.

5          UNIDENTIFIED SPEAKER:  Yeah, let us --

6          THE COURT:  I mean, if they're going to -- see,

7  that's the problem.  I don't -- I kind of thinking we ought to

8  just let it go, let them do what they wish.  You know, in state

9  court, they deliberate 'til mid -- they can deliberate all

10  night.

11          MR. COHEN:  Well, because the Court's already raised

12  it, that I -- I just don't -- I just feel like they're maybe

13  thinking, oh, God, we better reach a verdict or he's going to

14  make us come back Saturday.

15          THE COURT:  No.  If they don't reach a verdict on

16  Saturday, then they --

17          MR. COHEN:  Well, I'd like -- I'd like --

18          THE COURT:  Sometimes they never reach verdicts.

19          MR. COHEN:  I like the first option better, that we

20  tell them that in the morning and then ask them, you know, in

21  the afternoon -- you know, we say, look, you know, are you guys

22  -- if you guys do come back, do you prefer Saturday or Monday?

23  And just leave it like that.

24          THE COURT:  I can do that.

25          MR. COHEN:  And you don't -- don't -- if you guys are

1   going to come back, you know, just let us know --

2          THE COURT:  I'll just put it in there -- I'll just

3   let them make their decision, okay?  I'll do it very informally

4   tomorrow morning, if you remind me.  I probably will remember

5   it, but sometimes I forget.

6          MR. COHEN:  All right.

7          THE COURT:  Anything else?

8          MR. BARKELEY:  Not from the Government, Your Honor.

9   Thank you.

10         THE COURT:  So we need to see you gentlemen at ten to

11  nine tomorrow, ready to give your closing argument.

12         MR. BARKELEY:  Yes, Your Honor.

13         THE COURT:  So anything else?  I'm -- is there

14  anything else?

15         MR. COHEN:  No, Your Honor.

16         MR. BARKELEY:  Standard practice, Your Honor, will be

17  that the -- the Clerk will have the exhibits available for

18  closing?

19         THE COURT:  I'm not quite sure I know what you mean

20  by that.

21         MR. COHEN:  I'm sorry, I didn't hear --

22         THE CLERK:  Well, they've already (indiscernible -

23  away from microphone).

24         MR. BARKELEY:  No, we've tendered the exhibits to the

25  court system, now they're gone.  Will they -- they will be

3-316

1    brought --

2            THE CLERK:  They've already --

3            THE COURT:  Where are they now?

4            THE CLERK:  They're right here on this cart.

5            MR. BARKELEY:  Oh, yeah, right there, yeah.  If

6    they'll -- they'll --

7            THE COURT:  Do you just want to lock it in the room

8    tonight and they'll stay right there?

9            MR. BARKELEY:  That'll be fine if it's --

10            THE COURT:  Is that all right, Carolyn?  Just let --

11            MS. BOLLMAN:  Let me see if we've got somebody who's

12    got a key.  Marshal Service should have a key.

13            THE COURT:  To this room?

14            MS. BOLLMAN:  Jury room.

15            THE COURT:  Oh, you want to lock them in the jury

16    room?

17            MS. BOLLMAN:  We have to.

18            THE COURT:  Okay.  So we're just going to take that

19    cart, roll it in the jury room, and lock it.  Okay.

20                    (Pause - side conversation)

21            THE COURT:  Here's nineteen -- modification of

22    nineteen.

23            MR. BARKELEY:  Thank you, Your Honor.  Simply

24    deleting the last sentence?

25            THE COURT:  No, that's -- that's where I told them

1  they're going to -- usually I say that you've heard the

2  arguments of counsel.  I'll leave my stuff right here, too.

3  Okay.  We're in recess, right?  How come everybody's just

4  sitting here?

5        MR. COHEN:  I believe so.  I wasn't -- I wasn't

6  following the last four or five sentences, but I hope it

7  wasn't --

8        THE COURT:  We just handed you a modified jury

9  instruction that I just read.  Do you have it?  That's what you

10  have in your hand.  I already read that.  That's how I read it.

11        MR. COHEN:  You already read this one.

12        THE COURT:  Yeah.  I just -- but the one in your

13  packet, the first sentence is different because typically I

14  don't read the instructions until after the argument.  In this

15  case, I read the instructions before the argument, so I made

16  that change.

17        MR. COHEN:  Oh, you made that one change.

18        THE COURT:  Yeah, that first sentence.  It said you

19  will hear the arguments tomorrow.

20        MR. COHEN:  All right.

21                    (Pause)

22        THE COURT:  Counsel, I'm done, and if you are,

23  everyone's just kind of sitting here.  What's the matter?

24        MR. BARKELEY:  Government's done, Your Honor.

25        THE COURT:  You don't want to leave or --

1          MR. COHEN:  Well, my -- well, my client -- my client

2    has a question and I'm trying to answer it.

3          THE COURT:  Okay.  Well, let's get the question

4    resolved.

5                         (Pause)

6          MR. COHEN:  I'm just -- my client is just concerned

7    that the jury was instructed that the verdict has to be

8    unanimous.  That is all twelve --

9          THE COURT:  That's true.

10         MR. COHEN:  -- actually agree, and I know that the

11   Court instructed the jury of that twice.  I'm just trying to

12   point out to him in the instructions where it was.

13         THE COURT:  Okay.  I -- it's the very -- it's the

14   very last sentence of --

15                 (Pause - side conversation)

16         THE COURT:  I'll give you the page number.

17         MR. COHEN:  Yeah, there's one that's on page --

18         THE COURT:  Page thirty-eight.

19         MR. COHEN:  -- thirty-six and then on thirty-eight.

20         THE COURT:  Is it twice?  I usually don't do it

21   twice.

22         MR. COHEN:  On thirty-six -- it's on thirty-eight and

23   also again on thirty-six.

24         THE COURT:  Wow, twice.

25         MR. COHEN:  Yeah.

1          THE COURT:  Usually -- it's -- usually it's only

2   once.

3                  (Pause - side conversation)

4          THE COURT:  No, that means every juror has to agree.

5          MR. BARKELEY:  Twelve to zero.

6          MR. COHEN:  It means every juror has to agree.  We

7   all agree on that.  I don't agree with Mr. Barkeley on much,

8   but I do on that.

9          MR. BARKELEY:  Thank you.

10         MR. COHEN:  Unanimous means all twelve.

11         THE DEFENDANT:  I'll have to take all three of yours

12   (indiscernible).

13         THE COURT:  It's just unusual I say it twice during

14   the jury instructions.  'Kay.  Thank you.  We'll see you

15   tomorrow morning.

16         MR. BARKELEY:  Thank you, Your Honor.

17         THE CLERK:  This matter is now adjourned.  Court

18   stands in recess until 9:00 a.m. tomorrow.

19      (Recess at 4:54 p.m., until 5:00 p.m.)

20      (Jury not present)

21         THE COURT:  Typically -- are we on the record?

22         THE CLERK:  Yes, sir.  Court is reconvened.

23         THE COURT:  Typically, the exhibits are taken with

24   each party until the jury deliberates, but because the --

25   because of the way everything was done, you're asking us to

1  keep them for the night.  That's really unusual.  We can do it

2  on consent of the parties.  We'll put them in the jury room.

3  They'll be double locked in the jury room, but typically you

4  each take them home.

5          MR. BARKELEY:  Yes.

6          THE COURT:  And do you want us -- do you want to take

7  them home or do you want us to lock them in the jury room?

8          MR. COHEN:  We'd rather have you lock -- I'd rather

9  have you lock them in the jury room.

10          THE COURT:  Are you sure?  You can take them back to

11  your hotel tonight and watch them.

12          MR. COHEN:  Unless I can keep the guns.

13          THE COURT:  No.  So what do you think?  Does

14  everybody stipulate that we will just take these exhibits as

15  they are, roll it in the jury room, lock it in the jury room in

16  this very unusual circumstance?

17          MR. BARKELEY:  Yes, Your Honor.

18          MR. COHEN:  Yes, Your Honor.

19          THE COURT:  And the reason it's unusual is because

20  we've already got them together and then the jury went home.

21  So that makes it unusual.  We have two keys to this room so

22  it's double locked.  Be very secure.  Does that satisfy you?

23          MS. BOLLMAN:  Satisfies me as long as it's on the

24  record.

25          THE COURT:  It's on the record.  Everybody agrees

1    that the exhibits will be locked in the jury room overnight,

2    accessible to the parties first thing in the morning at nine

3    o'clock when they argue.

4            MS. BOLLMAN:  So it'll come back here to the

5    courtroom.

6            THE COURT:  Yes.

7            MS. BOLLMAN:  We'll have -- we'll have to find a

8    place for the jurors.  We can't have the jurors in there

9    without --

10           THE COURT:  Oh, yeah.  We'll -- hmm, when the jurors

11   come in the morning, don't they meet in the big room?

12           MS. BOLLMAN:  (Indiscernible - away from microphone)

13           THE COURT:  Okay.  Soon as they go in the big room,

14   we'll roll out the exhibits to the jury room, then we'll bring

15   them in.

16           MS. BOLLMAN:  Okay.

17           THE COURT:  Okay?

18           MR. BARKELEY:  Yes, Your Honor.  Thank you.  Thank

19   you, Madam Clerk.

20           THE COURT:  All right.  Thank you.

21           THE CLERK:  Court is recessed.

22       (Proceedings concluded at 5:01 p.m.)

23

24

25

**INDEX**

| | Direct | Cross | Redirect | Recross | Further Redirect |
|---|---|---|---|---|---|
| **WITNESSES FOR THE DEFENDANT:** | | | | | |
| Eugene Johnson | 3-10 | 3-40 | 3-57 | | |
| William Williams | 3-67 | 3-71 | | | |
| Ronald Wall | 3-73 | 3-91 | 3-98 | 3-104 | 3-107 |
| Eric Cohoon | 3-112 | 3-133 | 3-138 | 3-141 | |
| Jason Avila | 3-183 | | | | |
| Jason Pierce | 3-185 | 3-225 | 3-248 | 3-262 | |

| **EXHIBITS:** | | Marked | Received |
|---|---|---|---|
| **GOVERNMENT:** | | | |
| 33 | 2003 tax return | | 3-276 |
| 34 | 2004 tax return | | 3-276 |
| 35 | 2005 tax return | | 3-276 |
| **DEFENDANT:** | | | |
| DD | Checks from safe | 3-288 | 3-293 |
| EE | Cohoon grand jury testimony | 3-142 | |
| FF | Box of business records | 3-189 | |

| | Page |
|---|---|
| JURY INSTRUCTIONS | 3-293 |

1

**CERTIFICATE**

2

I certify that the foregoing is a correct transcript from the
electronic sound recording of the proceedings in the above-
entitled matter.

3

4

5

*D. Kathleen Stegmiller*                                   *October 17, 2007*
Signature of Approved Transcriber                              Date

6

7

D. KATHLEEN STEGMILLER
Typed or Printed Name

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**NoDak Rose Transcripts**
*721 North 19th Street*
*Bismarck, North Dakota  58501-4721*
*(701) 255-1054*