DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff(s), <br> v. <br> JASON SCOTT COLETTE, <br>     Defendant(s). | Case No. 4:05-CR-00042-01RRB <br><br> **MOTION FOR RETURN OF PROPERTY UNDER FED. R. CRIM. P. 41(e)** <br><br> Date: September 22, 2008 <br> Time: 9:00 a.m. |

I.

**STATEMENT OF FACTS**

Many non-evidentiary items which were seized from Mr. Colette at the time of his arrest remain in the possession of the government. These items constitute the subject matter of this motion and are as follows: (1) the title to Mr. Colette's 1991 Chevy pickup truck, (2) the title to Mr. Colette's 1976 motorhome, (3) a Sony video camera, (4) a JVC video camera, (5) a Sony Cybershot digital camera, (6) a Kodak Easyshare digital camera, (7) a Sony Playstation, (7) the game that was located inside the Sony Playstation, which is called "Socom," (8) chrome Oakley Penny sunglasses, (9) black Oakley Penny sunglasses, (10) a Sony walkman, (11) a snowmachine helmet, and (12) vented

1

goggles. Also seized were the title documents to at least four vehicles and other documents.

The above-mentioned list mainly consists of household items, which are unrelated to the charges against Mr. Colette and had no evidentiary value in his case. As a result, these items must be returned to Mr. Colette without further delay. In addition, the hunting rifle which the criminal forfeiture jury ordered returned to Mr. Colette has not yet been returned.

**ARGUMENT**

I.

**UNDER RULE 41(e) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, MR. COLETTE IS ENTITLED TO RETURN OF THE PROPERTY SEIZED FROM HIS RESIDENCE WHICH WAS, APPARENTLY, TURNED OVER TO THE GOVERNMENT.**

The statement of facts contains a list of items seized from Mr. Colette's residence. In a case where the government seeks forfeiture of items of a defendant's property, the government must prove, by a preponderance of the evidence, that the property sought to be forfeited either (a) constituted or was derived from the proceeds of the criminal violation; or (b) was intended to be used to facilitate the violation. United States v. Littlefield, 821 F.2d 1365 (9th Cir. 1987); United States v. Juluke, 426 F.3d 323, 326 (5th Cir. 2005).

In this case, as the listed property was completely irrelevant to the criminal proceedings against Mr. Colette, no such showing was ever attempted by the prosecution and neither criminal, nor administrative forfeiture was ever sought.

The items we are seeking to have returned consist of titles to property that has not been forfeited, multiple cameras that have no relevance to Mr. Colette's case, sunglasses, a Sony

playstation and game, a walkman, and snowgear. These items were never mentioned or used as evidence during Mr. Colette's criminal trial, forfeiture trial, or sentencing.

Pursuant to Rule 41 (e) of the Federal Rules of Criminal Procedure, because the government has not sought either administrative or criminal forfeiture of these items, they must be returned to Mr. Colette. See <u>United States v. US Currency</u>, 351 F.2d 1231 (9th Cir. 1988) (If property has been seized without forfeiture or criminal proceedings being filed, an aggrieved person may file a motion under Fed. R. Crim. P. 41(e) to recover the property).

### III.

### CONCLUSION

For the above stated reasons, the property listed in this motion must be ordered returned. If the government no longer has the property in its possession, the government must return funds to Mr. Colette equal to the fair market value of any destroyed property or property no longer existent.

Dated: July 25, 2008          Respectfully submitted,

                              /s/ David J. Cohen
                              300 Montgomery Street
                              Suite 660
                              San Francisco, CA 94104
                              (415) 398-3900
                              (415) 398-7500