DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 9410
Telephone: (415) 398-3900

Attorneys for Defendant **Jason Scott Colette**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> ) <br> JASON SCOTT COLETTE, ) <br> ) <br> Defendant(s). ) <br> ) <br> _____) | Case No. 4:05-CR-00042-01RRB <br><br> **MOTION FOR RETURN OF PROPERTY UNDER 18 U.S.C. SECTIONS 983(e)(1)(A) and 983(e)(1)(B)** <br><br> Date: September 22, 2008 <br> Time: 9:00 a.m. |

I.

**STATEMENT OF FACTS**

On November 28, 2005, state and federal authorities executed a search warrant at Jason Colette's residence, 1038 Lakeview Terrace, Fairbanks, Alaska and at Mr. Colette's business, Arctic Alarm and Audio located at 1915 South Cushman Street, Fairbanks, Alaska.

The authorities seized a brand new Sea-Doo 215A Jet-Ski Boat and a 2005 Karavan trailer from outside the residence. Though the warrant, which is attached as Exhibit A, only applied to Mr. Colette's home, the jet ski was unlawfully seized from the property of Mr. Colette's neighbors who had agreed to allow Mr. Colette to store his jet ski at their residence. Though the forfeiture papers incorrectly state that the Jet ski was worth $7,000.00, Mr. Colette has proof, which was submitted to the prosecution, that he had very recently purchased that jet ski for

1

$12,000.00. The government also seized $38,848.00 in United States Currency from a large gun safe in the master bedroom, and several firearms from various parts of the residence.

The jet ski was not included on the inventory list of items seized, and Mr. Colette was arrested at his place of business that day without knowledge that it had been taken from his neighbor's property.

While Mr. Colette was in custody, the prosecution mailed a notice of forfeiture of the $38,848.00 in U.S. currency to Mr. Colette's former attorney, William Satterburg. Mr. Satterburg, though he no longer represented Mr. Colette at the time he received that notice, was kind enough to forward the notice to Mr. Colette's new attorney, M.J. Haden. (The notice of forfeiture for the $38,848.00 in U.S. currency is attached as Exhibit B.) Upon receipt of that notice, Mr. Colette, through Ms. Haden, immediately filed a claim to challenge the forfeiture of those funds. (Proof of the claim filed by Ms. Haden is attached as Exhibit C.)

However, neither Mr. Colette, nor Ms. Haden ever received notice of forfeiture of the jet ski. We do not believe Mr. Satterburg received such notice either, though he was not the proper party to receive such notification regardless. Mr. Colette's current counsel, David J. Cohen, eventually received a notice of forfeiture related to the jet ski and trailer. (The notice of forfeiture for the jet ski and trailer is attached as Exhibit D.) Though the property had already been forfeited when Mr. Cohen received that notice, the prosecution claimed that they had sent the notice to Mr. Colette while he was in prison.

Again, Mr. Colette only received the notice related to the $38,848.00 in U.S. currency. The prosecution, in its attempt to demonstrate that Mr. Colette had received the notice of forfeiture for the jet ski and trailer, produced a certified mail receipt. (The certified mail receipt, or "green card," is attached as Exhibit E.) However, that receipt did not indicate what was sent to Mr. Colette or by whom. The entire official use portion which has a section where the sender indicates their address is entirely blank. More importantly, the section where a reference number may be written, which would correlate to a number that is also recorded on the document to be sent, was also left blank. The notice of forfeiture for the jet ski and trailer had a number recorded on it, which was 280-3. However, without that number being recorded on the certified mail receipt, there is no way to demonstrate that the receipt was for the notice of forfeiture related to the jet ski and trailer.

It is our belief, though we cannot be sure, as the receipt is not properly filled out, that the receipt accompanied the other notice of forfeiture related to the $38,848.00 in U.S. currency. Mr. Colette did eventually receive notice as to that currency while he was located in the Fairbanks jail, though it was originally sent to the wrong attorney. Mr. Colette subsequently turned over that notice of forfeiture for the $38,848.00 in U.S. currency to M.J. Haden, which resulted in the claim Ms. Haden filed on Mr. Colette's behalf. (See Exhibit C.)

It should be noted that Mr. Cohen, during his closing remarks at Mr. Colette's forfeiture trial, alerted the court to the circumstances surrounding the jet ski and trailer.

Specifically, Mr. Cohen informed the court that he believed that the green card provided by the government was a green card for the $38,848.00, not the jet ski. (The relevant portion of the forfeiture trial transcript is attached as Exhibit F). (Forfeiture Trial Transcript Pg. 4-72, lines 3-15) After the prosecution requested a formal written motion on the issue and time to respond, Mr. Cohen, on the record, stated that he would raise this issue in a motion pursuant to 18 U.S.C. 983. (Forfeiture Trial Transcript Pg. 4-73, line 3 to Pg. 4-74, line 4)

The government has improperly forfeited and/or held Mr. Colette's personal property without proper notice or cause. The jet ski and trailer were not taken lawfully, as they were removed from property that was not covered by the warrant executed. Further, Mr. Colette never received notice that the jet ski and trailer were going to be forfeited. Mr. Colette and his former attorney, M.J. Haden, were diligent and timely in filing a claim with relation to the notice that they received for the U.S. currency. Mr. Colette did not and, under no circumstances, would have allowed such a valuable piece of property to be forfeited without filing a claim.

For these reasons, Mr. Colette respectfully requests that this Court, pursuant to California Penal Code Section 983(e), order that his jet ski and Karavan trailer be returned to his possession.

**ARGUMENT**

A motion filed under California Penal Code Section 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. California

4

Penal Code Section 983(e)(5). California Penal Code Section 983(e) states:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

California Penal Code Section 983(e)(1)(A)and(B)

### A.   **Mr. Colette's Motion is Timely Filed**.

A motion is properly filed under 983(e)(1) provided it is filed within 5 years of the final publication of notice of seizure of the property. California Penal Code Section 983(e)(3).

### B.   **Mr. Colette Never Received Notice of Forfeiture Regarding His Jet Ski and Karavan Trailer**.

The Ninth Circuit has held that a defendant is entitled to a hearing on his claim of inadequate notice of forfeiture. United States v. Clagett. 3 F.3d 1355 (9th Cir. 1993). Here, Mr. Colette's Jet-Ski and trailer, valued at more than $12,000, were taken from outside his residence, and he received no notice of their administrative forfeiture.

The government never sent Mr. Colette any notice that they intended to initiate forfeiture proceedings regarding the jet ski and trailer. The government now informs the Court that it did, in fact, send a "green card" to the Fairbanks Jail by certified mail. (See Exhibit E). However, the most pertinent quality of certified mail for the purposes of proving that something was

sent and received is the that the item being sent is assigned a number and that the receipt reflect that number in the item description. The receipt the government produced is blank. Clearly, something was sent to Mr. Colette. However, there is no way of identifying which object or document was sent. The notice of forfeiture for the jet ski and trailer had an identifying number located on the top-middle portion of the paper. Had that document been sent, the government could have written that number on the receipt, so that the signing party would have been clear on what they were receiving.

However, as Mr. Colette never received notice related to the jet ski and trailer, it is understandable that the receipt did not reflect the document's identifying number. It is of no importance whether the government negligently or intentionally disregarded the fact that the delivery to Mr. Colette was not properly executed or confirmed. Of consequence is the fact that the government had reasonable opportunity to do so, and yet failed to take the necessary steps.

In a declaration of forfeiture received by Mr. Colette on June 15, 2006, the jet ski and trailer were identified in the "asset description" section, indicating that these items, which had not been previously addressed, were forfeited. The declaration mistakenly stated, "Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property." It is our belief that the government, either intentionally or mistakenly, has attempted to make it appear as if the notice of seizure for the $38,848.00 in U.S. currency, which we believe was sent with the receipt produced by the government, was the notice for the jet ski and trailer.

The only logical conclusion in this case is that Mr. Colette never received notice with regards to the jet ski and trailer. Mr. Colette was very proactive in trying to get back the property that was taken from him. He filed a claim promptly after receiving the notice of forfeiture for the $38,848.00 of U.S. currency. It does not make sense that he would neglect to do the same for a jet ski and trailer worth over $12,000.00. Mr. Colette, for a long period, did not even realize that the jet ski and trailer had been seized, because they were not on any inventory list, and they had not been stored on his property at the time of the search. (The jet ski and trailer were unlawfully seized off of the residence of Mr. Colette's neighbor.)

Further, the mailing dates on the notices of forfeiture serve to reinforce the defense's theory. The notice of forfeiture for the $38,848.00 in U.S. currency was mailed out on December 29, 2005. (See Exhibit B.) The notice of forfeiture the government eventually provided to Mr. Cohen as purported proof that Mr. Colette had received notice relating to the jet ski and trailer states that it was mailed out on January 3, 2005. (See Exhibit D.) Mr. Colette, through Ms. Haden, filed his claim with regards to the $38,848.00 after January 3, 2005. Had Mr. Colette received both of the notices, as the government claims he did within five days of one another, Mr. Colette would have responded to both notices at the same time or within days of one another. Mr. Colette and Ms. Haden were obviously communicating and working on his forfeiture issues diligently. There is no reason to believe that Mr. Colette or Ms. Haden would have neglected to send a claim related to the jet ski and trailer had they received proper notice.

In forfeiture matters, it is well-settled that notice must be properly sent and must properly identify the assets subject to forfeiture. *Dusenbery v. United States* (2002) 534 U.S. 161. In *Dusenbery*, the Court held that if the government is able to produce evidence that notice was sent to the jail or prison where a defendant is being held, even without proof that the defendant actually received the notice, than the government has met its burden to provide notice. *Id.* However, if the government cannot provide proof that notice was sent to the proper jail or prison, the government must prove actual receipt by the defendant, and the defendant is entitled, pursuant to Section 983, to receive a hearing to determine whether the defendant ever received proper notice. *Id.*

In this case, the government fails to comply with the requirement, because the receipt did not identify what was sent or the property in any way. Thus, there is no way to verify that Mr. Colette ever received any documents relating to the jet ski and trailer. Mr. Colette does admit receipt of the notice for the $38,848.00 in U.S. currency. However, the government may not cure its failure to comply with the notice requirement by arguing that sending notice in relation to one item of Mr. Colette's property is the equivalent of sending proper notice on all of Mr. Colette's other unrelated and separate items.

Mr. Cohen raised these issues during his closing argument at Mr. Colette's criminal forfeiture trial. Specifically, Mr. Cohen stated:

> MR. COHEN: But it appears from this document, which I -- which I found, that M.J. received the notice of forfeiture for the thirty-eight thousand dollars and filed a response to it and that was why -- she

8

>filed the appropriate response and it was sent back for a civil judicial proceeding. And it's my view that the green card the government provided is a green card for the thirty-eight thousand dollars because the Jetski -- M.J. did not have notice of the Jetski, she had notice of the thirty-eight thousand, that's why in the certified delivery to the jail, that's what Mr. Colette gave to M.J., and that's what she filed claim on. If he had received the Jetski notice, he would have given that to M.J. and she would have filed a claim on that.
>THE COURT: So you're saying he didn't receive notice of the Jetski, bottom line.
>MR. COHEN: And I'm saying -- I'm saying that the green card they produced is -- is a green card for the thirty-eight thousand dollars and not for the Jetski.

Forfeiture Trial Transcript Pg. 4-72, lines 3-20

Because the government did not identify the property and failed to send notice to Mr. Colette, the rightful owner, there can be no doubt that the government has failed to meet the requirements of California Penal Code Section 983(e). Section 983(e) makes it quite clear that the remedy for such failure is that the declaration of forfeiture must be set aside.

Accordingly, pursuant to California Penal Code Section 983(e), Mr. Colette hereby moves to have this Court set aside the declaration of forfeiture of his jet ski and trailer. Further, Mr. Colette respectfully requests that the jet ski and trailer be returned to his possession.

Dated: August 7, 2008                Respectfully submitted,

                                     /s/ David J. Cohen
                                     300 Montgomery Street
                                     Suite 660
                                     San Francisco, CA 94104
                                     (415) 398-3900
                                     (415) 398-7500