NELSON P. COHEN
United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:05-cr-042-RRB |
| | ) | |
| Plaintiff, | ) | **OPPOSITION TO MOTION FOR** |
| | ) | **RETURN OF PROPERTY UNDER** |
| v. | ) | **18 U.S.C. § 983** |
| | ) | |
| JASON SCOTT COLETTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and hereby files its opposition to defendant's Motion for Return of Property under 18 U.S.C. § 983 at docket 353. The Motion must be denied, because it lacks factual candor and legal merit.

The Motion seeks to set aside the now-completed administrative (DEA) forfeiture of a jet-ski and trailer under 18 U.S.C. § 983(e), which mandates such relief unless, in part, [Colette]...did not know or have reason to know of the seizure within sufficient time to file

a timely claim". See 18 U.S.C. § 983(e)(1)(B). In this case, the government asserts that Colette knew about the jet-ski/trailer seizure because notices saying that and telling Colette to file a claim before February 7, 2006 were mailed via certified mail to Colette's attorney Satterberg, Colette's former residence, and to Colette at the Fairbanks jail. See Exhibit 1. Satterberg's law office signed for one, the other was undeliverable because Colette was in jail, and one was delivered to the jail. Exhibit 1 at 2, 3. Both are legally sufficient for due process purposes, and Colette admits he got notice via Satterberg about another asset DEA was forfeiting, approximately $38,000 in cash. Colette denies having ever received the notice at the jail.

Under Dusenbery (see Motion at 8), the government need not prove actual notice receipt by Colette at the jail, if it can prove notice was sent to the jail. The government stands ready to call witnesses at an evidentiary hearing to prove that page 3 of Exhibit 1 was received at the jail and could only have contained the notice (of which page 4 of Exhibit 1 is an exact copy).

However, there is additional proof, which fairly raises the possibility that Colette has not been completely honest with the Court. See Exhibit 2. Colette himself, using his jail address below his name, corresponded directly with DEA counsel, in a letter mailed in March 2006 containing particulars found only in the notice mailed to him at the jail! Colette suggested that his obviously tardy claim was OK under some non-existent "stay", which DEA rejected and advised him that the deadline, as Colette knew, had been February 7, 2006.

Colette's Motion failed to mention any of this correspondence, since it proves he had

timely notice and actual knowledge of the seizure and the forfeiture proceedings. Anything he might say now about this correspondence is not credible. For this reason, on these pleadings alone, Colette should be ordered to show cause why his motion should not be denied without an evidentiary hearing. Unless he can demonstrate that these records are not genuine and denies that he so corresponded, federal resources are being wasted on a frivolous matter.

Respectfully submitted this 21st day of August, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/James Barkeley
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2008, a true and correct copy of the foregoing OPPOSITION TO MOTION FOR RETURN OF PROPERTY was served electronically on:

DAVID J. COHEN (Counsel for Defendant Jason Scott Colette)

s/James Barkeley